Lisa T. Simpson
Daniel W. Robertson, Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
(212) 506-5000

Attorneys for Defendants Mark
Elliot Zuckerberg and Facebook, Inc.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

       Plaintiff,

  -against-           1:10-cv-00569-RJA

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.,

       Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**

  Defendants Mark Elliot Zuckerberg and Facebook, Inc. ("Facebook") respectfully submit this memorandum in support of their motion to dissolve the ex parte temporary restraining order (the "TRO") issued by the Supreme Court of the State of New York, County of Allegany, in this matter. Plaintiff has utterly failed to meet the procedural and substantive requirements for such drastic relief, and the order issued by the state court is similarly flawed and woefully inadequate. As this matter has been removed to federal court, Fed. R. Civ. P. 65 now governs the TRO, and this Court must dissolve the same in accordance with the requirements of the Federal Rules.

1

I.  **PROCEDURAL HISTORY**

On June 30, 2010, Plaintiff filed an Order to Show Cause, together with a Summons and Verified Complaint, commencing this action in New York state court, Allegany County, and naming as defendants Facebook and Mark Zuckerberg, individually. (Declaration of Lisa T. Simpson, dated July 9, 2010 ("Simpson Decl."), at ¶ 2; Exs. A, B). In his Complaint, Plaintiff alleges that, as a result of a two-page contract purportedly entered into more than seven years ago (and approximately nine months before the founding of Facebook), he is entitled to an 84% ownership stake in the Company. (Id. at Ex. A ¶¶ 4, 8). The Order to Show Cause set a return date of July 9, 2010, on which date Defendants were to appear and show cause as to why a "<u>permanent</u> injunction" should not issue restricting Facebook and Zuckerberg from "transacting business," and ordering an accounting of Facebook's business. (Id. at Ex. B ¶¶ 1-2). The legal support for Plaintiff's apparent belief that a "permanent injunction," or an order for an accounting, were proper subjects of preliminary relief was not stated. Plaintiff also requested that, pending the return date for the motion, the court issue a TRO as follows:

> The Defendant Mark Elliot Zuckerberg and/or the Defendant Facebook, Inc. or any of its subsidiaries, are hereby enjoined and restrained from transferring, selling, assigning any assets, stocks, bonds, owned, possessed and/or controlled by the Defendants including any monies of any defendant on deposit or account with any agent, a bank, or any other financial institution.

(Id. at Ex. B ¶ A).

In support of his request for the extraordinary remedy of injunctive relief, and particularly injunctive relief ex parte, Plaintiff Paul D. Ceglia filed only a scant affidavit, stating, in pertinent part, that "time is of the essence as I have not received any remuneration from the Defendants according to the contract," and that "[t]here is a possibility that assets could be transferred out of the protection of the Court." (Simpson Decl. at Ex. B, Affidavit ¶¶ 2-3). The Ceglia Affidavit

2

also incorporated the Complaint by reference; however, the Complaint contains absolutely no reference to irreparable harm or any other element necessary for issuance of a TRO or injunctive relief.  (Id. at Ex. A, ¶¶ 1-12).

On that same day, without notice to the Defendants, and despite the obvious deficiencies in Plaintiff's application, the court signed the Order to Show Cause, thus ordering Plaintiff's proposed TRO.[1]  (Simpson Decl. at Ex. B, Order to Show Cause p. 2).  The court's Order contained no other statements, findings of fact or conclusions of law, and included no justification for the ex parte order or any finding whatsoever of irreparable harm.

The court required that Plaintiff personally serve the Order on the Defendants by July 6.  Facebook was served with the Order and Verified Complaint on or about July 6, 2010; Zuckerberg was not timely served, but received a set of the papers on July 8, 2010.[2]  (Simpson Decl. at ¶ 5).

On July 9, 2010, Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 based on diversity jurisdiction.  (Simpson Decl. at ¶ 6).  Defendants bring this motion to dissolve the TRO put in place by the state court.

II.  **PLAINTIFF'S APPLICATION AND THE STATE COURT'S ORDER FAIL TO MEET THE REQUIREMENTS OF FRCP 65**

Once a case has been removed to federal court, it is settled that federal law, including the Federal Rules of Civil Procedure, controls the future course of proceedings, notwithstanding

---

[1] The court deleted the last clause of Plaintiff's proposed TRO, striking, "including any monies of any defendant on deposit or account with any agent, a bank, or any other financial institution."  (Simpson Decl. at Ex. A, Order to Show Cause ¶ A).

[2] Defendant Mark Zuckerberg is not bound by the TRO at this time since he was not served timely in accordance with the Order.  See Leadsinger, Inc. v. Cole, 2006 WL 2266312, at *11 (S.D.N.Y. Aug. 4, 2006) ("[T]he failure to serve [a state court] order to show cause in the manner directed is fatal to the enforcement of that order.") (citing Sorli v. Coveney, 51 N.Y.2d 713, 714 (N.Y. 1980) ("Inasmuch as petitioner failed to follow the provisions for service specified in the order to show cause, the petition must be dismissed.")).  Zuckerberg nevertheless joins in this motion to the extent that the Court deems him in any way bound by the TRO and similarly opposes any efforts by Plaintiff to obtain injunctive relief in this matter.

state court orders issued prior to removal.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda County, 415 U.S. 423, 437 (1974); Swain v. Brookdale Sr. Living, 2009 WL 3162143, at *4 (W.D.N.Y. Sept. 27, 2009).  If a state court issues a temporary restraining order that is in violation of the Federal Rules, it is the District Court's responsibility to dissolve it.  See Rabbi Jacob Joseph School v. Province of Mendoza, 342 F. Supp. 2d 124, 127 (E.D.N.Y. 2004) (citing Granny Goose and dissolving TRO issued by state court that failed to meet requirements of FRCP 65).

Here, both Plaintiff's application and the state court's order violate numerous provisions of FRCP 65.  Consequently, the TRO must be dissolved.

### A. Plaintiff's Application Fails to Satisfy the Requirements of FRCP 65(b)(1)(A)

FRCP 65(b)(1) states two requirements that must be met if a court is to issue an ex parte TRO ("The court may issue a temporary restraining order without written or oral notice to the adverse party only if....") (emphasis added).  The first requirement, FRCP 65(b)(10(A), demands that "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).

Predictably, considering that Plaintiff filed this action over seven years after the date of the alleged contract he now seeks to enforce, Plaintiff's Complaint and Affidavit fail to "clearly show," or even allege, the threat of any immediate and irreparable injury.  Plaintiff's Affidavit simply states that "time is of the essence, as I have not received any remuneration from Defendants…."  Plaintiff's allegations on the key issue of irreparable harm thus do not even rise to the level of conclusory.  Instead, they are visibly absent.  This, standing alone, constitutes grounds to dissolve the TRO.

### B. Plaintiff's Application Fails to Satisfy the Requirements of FRCP 65(b)(1)(B)

The second requirement, FRCP 65(b)(1)(B), which must be met before an ex parte order may issue, requires that Plaintiff's attorney "certify in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff's attorney submitted no affidavit. Nor did he identify any reason why an ex parte action was necessary. He also did not make any effort to provide Facebook or Zuckerberg with notice of the proposed TRO – which Defendants most certainly would have opposed. The explanation for this is simple – reasons for lack of notice do not exist. This, too, is an independent ground to dissolve the TRO as violative of Rule 65.

### C. The Court's Order Lacks Important Elements Mandated by FRCP 65

FRCP 65(b)(2) and 65(d) lay out the required contents of a TRO. To comply with FRCP 65 a TRO must:

1. describe the injury to plaintiff and state why it is irreparable (FRCP 65(b)(2));

2. state why the TRO was issued without notice (FRCP 65(b)(2));

3. state the reasons why the TRO issued (FRCP 65(d)(1)(A));

4. state the terms of the TRO specifically (FRCP 65(d)(1)(B));

5. describe in reasonable detail – without referring to the complaint or other documents – the acts retrained (FRCP 65(d)(1)(C)); and

6. provide for Plaintiff to give security in an amount proper to pay the costs and damages associated with an improvidently granted injunction (FRCP 65(c)).

The court's Order meets none of these requirements. In violation of requirements 1 and 3 above, the court makes no attempt to describe the injury or state how it is irreparable. It similarly fails to state the reasons why the TRO issued. In violation of requirement 2 above, the

court makes no statement whatsoever about why it was necessary to issue the TRO without notice to Facebook and Zuckerberg.  In violation of requirement 6, the court did not require that Plaintiff post a bond, nor did it consider what the necessary amount of such a bond would be to compensate Facebook for its damages.  Finally, in violation of requirements 4 and 5, the court makes no effort to state the terms of the TRO specifically or to describe in reasonable detail the "acts restrained."  Instead, the Order purports to restrain the "assets, stocks, and bonds" controlled by Defendants.  "Assets," in particular, is exceptionally broad.  Although the state court attempted to exclude some assets by deleting the last line of Plaintiff's proposed language, it made no effort to explain which assets are included in the Order and which are not, leaving the Order truly vague.  The single sentence constituting the Order certainly does not "state its terms specifically," or "describe in reasonable detail…the acts restrained or required," as mandated by Rule 65(d)(1)(B) and (C), respectively (emphasis added).

For all of the above reasons, the TRO is deficient under the Federal Rules of Civil Procedure, and must be dissolved.  See Rabbi Jacob, 342 F. Supp. 2d at 127; Austin v. Altman, 332 F.2d 273, 275 (2d Cir. 1964) ("We take this opportunity to emphasize that a district court should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders.")

## III.   PLAINTIFF IS NOT ENTITLED TO ANY FORM OF INJUNCTIVE RELIEF

It is clear even from the sparse filings in the state court that Plaintiff is not entitled to any preliminary injunctive relief in this case.  While Defendants reserve their rights to brief in full their opposition to any attempt by Plaintiff to move for preliminary or permanent injunctive relief in this Court, Defendants take this opportunity to highlight here the obvious deficiencies that preclude Plaintiff from obtaining such relief.  It is well-settled that injunctive relief "is an extraordinary and drastic remedy which should not be routinely granted." Med. Society of New

York v. Toia, 560 F.2d 535, 538 (2d Cir.1977); see also Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 33 (2d Cir.1991); Blast v. Fischer, 2007 WL 2815754, at *2 (W.D.N.Y. Sept. 20, 2007).  In order to obtain a temporary restraining order or a preliminary injunction, the movant must demonstrate:

> (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.

Citigroup Global Markets, Inc. v. VCG Special Opp. Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010); S.E.C. v. Watermark Fin. Serv., 2008 WL 2120779, at *1 (W.D.N.Y. May 16, 2008); Simon v. Foley, 2007 WL 4191836, at *3 (W.D.N.Y. Nov. 21, 2007).  "Perhaps the single most important prerequisite…is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered."  Bell & Howell: Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir.1983) (citations omitted); Parry v. Haendiges, 458 F. Supp 2d 90, 94 (W.D.N.Y. 2006).  The claimed irreparable harm must be "actual and imminent," not "remote [or] speculative," or merely a possibility.  Forest City Daly Hous., Inc. v. Town of N. Hempstead, 175 F.3d 144, 153 (2d Cir. 1999); Parry, 458 F. Supp 2d at 95.

  Plaintiff has not, and cannot, establish any of the prerequisites for the drastic relief he seeks.  First, it is impossible for Plaintiff to establish irreparable harm, which is the "sine qua non for the granting of injunctive relief."  Tabbaa v. Chertoff, 2005 WL 3531828, at *5 (W.D.N.Y. Dec. 22, 2005) (citing Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981)).  Plaintiff has waited over seven years to come forward and assert his purported rights under the alleged contract.  The allegation that any immediate harm will come to Plaintiff during the pendency of this action, after Plaintiff was content to sit on his alleged rights for almost a decade, is baseless.  Facebook is a service corporation with over 1,000 employees and hundreds

7

of millions of users who rely on it to be available to them every day. There is no threat that any assets Plaintiff seeks will be hidden away while this litigation proceeds or that Plaintiff will be harmed by Facebook's continued operation. In fact, the relief Plaintiff seeks in his Order to Show Cause – that Facebook stop "transacting business" – will cause vast damage to Plaintiff if he is successful in any way in this action.

Second, and along the same lines, Plaintiff cannot show that any equitable relief he seeks tips the balance of hardships decidedly in his favor. If Facebook is restrained from conducting its daily business or utilizing its assets, Facebook will undoubtedly suffer irreparable harm. As noted, any benefit to Plaintiff in the issuance of injunctive relief, on the other hand, is negligible and likely non-existent.

In addition, by seeking a "permanent injunction" and "accounting," Plaintiff is looking to alter, rather than maintain, the status quo, and also is seeking, through a preliminary procedure, virtually all the relief he hopes to obtain. Injunctions of this nature, "mandatory injunctions," will issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from denial of preliminary relief." D.D. ex rel V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006); Lexington Management Corp. v. Lexington Capital Partners, 10 F.Supp.2d 271 (S.D.N.Y. 1998); see also Tabbaa, 2005 WL 3531828 at *5. This is a standard that Plaintiff here certainly cannot satisfy.

Finally, Plaintiff cannot demonstrate a likelihood of success on the merits. As a threshold and dispositive matter, and even apart from the outlandishness of Plaintiff's claim that he has for the past six years (since the founding of Facebook) sat silent on his purported 84% ownership in the Company, Plaintiff's claims are based on a breach of contract alleged to have occurred in 2003, and are therefore almost certainly barred by the applicable statute of limitations, and the

doctrines of laches, estoppel, and waiver.  While Facebook certainly intends to assert other defenses on the merits, Plaintiff cannot show likelihood of success on the merits on these threshold issues alone.

## **CONCLUSION**

Based on the foregoing, Defendants Facebook, Inc. and Mark Elliot Zuckerberg respectfully request that the Court dissolve the ex parte temporary restraining order at the earliest possible time, as it deems appropriate.

Dated:   July 9, 2010
         New York, New York

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Lisa T. Simpson_____
         Lisa T. Simpson
         Daniel W. Robertson, Jr.

51 West 52nd Street
New York, New York  10019
(212) 506-5000

Attorneys for Defendants Mark Elliot Zuckerberg and Facebook, Inc.