UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL D. CEGLIA, | **AFFIDAVIT IN SUPPORT OF APPLICATION FOR EXPEDITED HEARING ON MOTION TO DISSOLVE TEMPORARY <u>RESTRAINING ORDER</u>** |
| Plaintiff, | |
| v. | |
| MARK ELLIOT ZUCKERBERG, Individually, and FACEBOOK, INC., | Civil Action No.: 1:10-cv-00569-RJA |
| Defendants. | |

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF ERIE      )

MICHAEL B. POWERS, being duly sworn, deposes and says:

1. I am a partner in the law firm of Phillips Lytle LLP, attorneys for defendants Mark Elliot Zuckerberg ("Mr. Zuckerberg ") and Facebook, Inc. ("Facebook") (collectively, "Defendants") in the above-captioned proceeding originally brought by plaintiff Paul D. Ceglia ("Plaintiff") in the New York State Supreme Court, Allegany County.

2. I submit this affidavit in support of Defendants' Application for Expedited Hearing on Defendants' Motion to Dissolve Temporary Restraining Order (Item 4) pursuant to Fed. R. Civ. P. 6(c) and Local Rule 7.1(d) ("Defendants' Motion to Dissolve the TRO").

3. There is good and sufficient reason for an expedited schedule for briefing and argument of Defendants' Motion to Dissolve the TRO.

4. On June 30, 2010, the New York State Supreme Court, Allegany County, granted an <u>ex parte</u> Temporary Restraining Order proposed by Plaintiff (the "TRO"). <u>See</u> Decl.

- 2 -

of Lisa T. Simpson in Supp. of Mot. to Dissolve TRO (Docket No. 6) (the "Simpson Decl."), at Ex. B.

5. The TRO states:

Ordered, that <u>pending the return date</u>:

The Defendant Mark Elliot Zuckerberg and/or Defendant Facebook, Inc. or any of its subsidiaries, are hereby enjoined and restrained from transferring, selling, assigning any assets, stocks, bonds, owned, possessed and/or controlled by the Defendants.

<u>See</u> TRO at p. 2 (emphasis added).

6. The return date for Plaintiff's motion for preliminary injunction was July 9, 2010. <u>Id.</u> at p. 1. Accordingly, by its terms and by operation of law, the TRO <u>expired</u> on July 9, 2010, the same day that Defendants removed this action to this Court.

7. The <u>ex parte</u> TRO, as drafted by Plaintiff, is also overly broad.

8. In addition, even if the TRO had not expired by its terms and by operation of law, the TRO is palpably insufficient, improper, defective, and does not comply with Fed. R. Civ. P. 65. <u>See</u> Simpson Decl.; Defendants' Motion to Dissolve the TRO; and Defendants' Memorandum of Law in Support of the Motion to Dissolve the TRO (Docket No. 5), and the Simpson Decl.

9. For example, Plaintiff has failed to identify specific facts showing any immediate and irreparable injury or loss[1], failed to certify any efforts made to notify Defendants before seeking <u>ex parte</u> relief, and did not post a bond or undertaking.

---

[1] Indeed, Plaintiff has even admitted, "I have not received any remuneration from Defendants…." TRO at p. 3.

- 3 -

10. Therefore, the TRO should be dissolved pursuant to Fed. R. Civ. P. 65(b)(4). <u>See</u> Simpson Decl.; Defendants' Motion to Dissolve the TRO; and Defendants' Memorandum of Law in Support of Motion to Dissolve TRO (Docket No. 5).

11. The interests of justice compel expedited action by the Court.

12. Accordingly, it is respectfully requested that the Court declare that the TRO has expired, or, in the alternative, grant Defendants' Application to Expedite the Motion to Dissolve the TRO and require an expedited briefing and argument schedule.

/s/ Michael B. Powers<br>Michael B. Powers

Sworn to before me this
15th day of July, 2010

/s/ Elizabeth A. Reinhardt
Notary Public

   ELIZABETH A. REINHARDT
Notary Public, State of New York
   Qualified in Erie County
Commission Expires January 31, 2014

Doc # 01-2384450.4