UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL D. CEGLIA,

                        Plaintiff,

                                        Civil Action No.: 1:10-cv-00569-RJA

vs.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.,

                        Defendants.
_____

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR EXPEDITED HEARING ON MOTION TO DECLARE TEMPORARY RESTRAINING ORDER DISSOLVED OR TO ORDER ITS IMMEDIATE DISSOLUTION

                Pursuant to Fed. R. Civ. P. 6(c) and Local Rule 7.1(d), defendants Mark Elliot Zuckerberg[1] and Facebook, Inc. (collectively, "Defendants") submit this Memorandum of Law in support of Defendants' Application for Expedited Hearing on Defendants' Motion to Dissolve Temporary Restraining Order dated July 9, 2010 (Item 4)[2] ("Defendants' Motion to Dissolve the TRO").

---

[1] To reiterate the assertion made in Defendants' opening memorandum, defendant Zuckerberg is not bound by this TRO because plaintiff never effected proper service upon him as required by the Order to Show Cause. Instead, Zuckerberg was improperly served on July 9, after the date set in the Order and on the day defendant Facebook filed its motion to dissolve the TRO. Hence, Zuckerberg only joins in the motion to the limited extent that the court finds him bound by the TRO, which under settled principles of New York law, he is not. And, again, Zuckerberg expressly reserves all available defenses to Plaintiff's action, including all defenses under Fed. R. Civ. P. 12(b).

[2] "Item" refers to the items in this Court's docket.

**INTRODUCTION**

Defendants' application should be granted because the Temporary Restraining Order entered by the New York State Supreme Court, Allegany County ("State Court"), on June 30, 2010[3] ("TRO"), has expired. Specifically, the ex parte TRO granted by the State Court stated clearly and unequivocally that it would remain in effect only "pending the return date" of July 9, 2010. (Item 6 Ex. B). Accordingly, on July 9, 2010, the TRO expired. See TRO Item 6 Ex. B at pp. 1-2. Since the TRO no longer exists, in an abundance of caution; Defendants request that this Court immediately declare its dissolution so Defendants are not forced to operate under fear of contempt.

In addition, even if the TRO had not already expired, the TRO was granted in violation of nearly every applicable state and federal standard and should be immediately dissolved, as set forth in Defendant's Motion to Dissolve Temporary Restraining Order, dated July 9, 2010 (which is expressly incorporated into this application). There is simply no justification for the State Court TRO to have been issued in the first instance, let alone remain in place without regard to the obvious lack of the safeguards that exist to protect against such improvidently granted ex parte TROs. For example, after waiting seven years to bring this action, Plaintiff made no showing whatsoever of irreparable harm. To the contrary, plaintiff admitted he is seeking only monetary damages ("I have not received any remuneration"). (See TRO at p. 3.) Nor did plaintiff offer anything to show that the equities tilt in his favor or make any showing sufficient to satisfy the requirement of likely success on the merits.

---

[3] See Decl. of Lisa T. Simpson in Supp. of Mot. to Dissolve the TRO (Item 6) (the "Simpson Decl."), at Ex. B.

Accordingly, the TRO itself, applicable law and the interests of justice compel, on an expedited basis, a declaration of the expiration of the TRO, or that it be dissolved immediately.

**ARGUMENT**

**POINT I**

**THE TRO HAS EXPIRED**

"[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 435, 437 (1974) Granny Goose, 415 U.S. at 437.  It is further settled that ex parte TRO's issued by state courts:

> remain[] in force after removal no longer than it would have remained in effect under State law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal. (Emphasis added).

Granny Goose, 415 U.S. at 439-40.

Thus, the duration of a state court TRO in an action removed to federal court is limited to "the **shorter of** either the period defined by state law, as measured from the date of issuance, or the period established by Rule 65(b) measured from the date of removal…." In re Ultracashmere House, Ltd., 534 F. Supp. 542, 544 (S.D.N.Y. 1982) citing Granny Goose, 415 U.S. at 439-40 (emphasis added); Carrabus v. Schneider, 111 F. Supp. 2d 204, 210-11 (E.D.N.Y. 2000).

Here, the State Court, while erroneously granting plaintiff's ex parte request for the TRO, at least expressly limited its duration to July 9, 2010.  Specifically, the State Court ordered that defendants were temporarily restrained from certain activities "pending the return

3

date" of July 9, 2010.  See TRO at p. 2.

It is important to note that the State Court did not order that the TRO remain in effect pending resolution of plaintiff's motion for a permanent or preliminary injunction.  Nor did the State Court order that the TRO remain in effect pending appearances on Plaintiff's motion.  In fact, the State Court did not order that the TRO would remain in effect after July 9, 2010 under any circumstances.

Rather, in keeping with the policy New York Courts have made clear, that the life of temporary restraining orders is short, and that TROs "should only last for a brief period of time…."  (Honeywell, Inc. v. Technical Bldg. Serv., Inc., 103 A.D. 2d 433, 435 n. (3d Dep't 1984)), the State Court granted the TRO on June 30, 2010 with a duration of 9 days – i.e. until July 9, 2010.  See TRO at p. 2.  On July 9, 2010, defendants removed this action to Federal Court (after plaintiff did not agree to defendants' request for more time to address the ex parte Order).  See Item 1.  Plaintiff has not sought to extend the life of the TRO.  Accordingly, under New York State law, as set forth by the State Court here, the TRO expired on July 9, 2010.  Similarly, under the Federal Rules, the TRO expired on July 9, 2010 as that date reflects a shorter period than one expiring on July 23, 2010, fourteen days after defendants filed their Notice of Removal.  See Granny Goose Foods; Ultracashmere House, Ltd.; Carrubus.

## POINT II

### ALTERNATIVELY, THE COURT SHOULD GRANT DEFENDANTS' APPLICATION AND IMMEDIATELY DISSOLVE THE TRO

Even if the TRO had not expired by its own terms or by operation of law, it should be immediately dissolved, particularly given the State Court's failure to impose an

4

undertaking to compensate defendants for any damages caused by the imposition of this improper ex parte TRO.

As set forth in Defendants' original memorandum of law requesting the dissolution of the TRO, not a single requirement for an ex parte TRO under federal law (or state law for that matter) was met by the Plaintiff's application or the Court's Order:

- Plaintiff, bringing this action 7 years after the breach of the contract in question, made no showing of immediate harm.

- Plaintiff also made no showing of irreparable harm. To the contrary, plaintiff admitted his claim is for purely monetary relief. In his own words "I have not received any remuneration from the Defendants." See TRO at p. 3.

- He made no showing of likely success on the merits, nor can he given that his claim for breach is brought after the expiration of the 6-year statute of limitations.

- On the equities, plaintiff's decision to wait 7 years to seek an ex parte TRO claiming 84% ownership of Facebook is hardly deserving of equitable relief.

- The Court's Order failed to require a security, mandatory under the federal rules to protect against improvidently granted TROs.

- The Court's Order did not set forth why it must issue ex parte.

- The Court's Order did not state the irreparable harm to Plaintiff absent a TRO.

- The Court's Order did not state the terms of the TRO or describe in reasonable detail the acts restrained.

See FRCP 65; Defendants' Motion to Dissolve TRO.

Due to the obvious inadequacies of the TRO set forth here and in Defendants' original moving papers, and the fact that this TRO was entered ex parte without regard to any of the safeguards applied by the federal and state courts, Defendants ask that the TRO be immediately dissolved if not deemed dissolved on its face.

**CONCLUSION**

For the foregoing reasons, the Court should decide these issues on an expedited basis declaring the TRO to have expired by its terms and/or by operation of law, or, alternatively, order its immediate dissolution.

**DATED:**   Buffalo, New York
July 15, 2010

PHILLIPS LYTLE LLP

By: /s/ Michael B. Powers
   Michael B. Powers
   Sean C. McPhee
*Attorneys for Defendants*
3400 HSBC Center
Buffalo, New York  14203-2887
(716) 847-8400
mpowers@phillipslytle.com
smcphee@phillipslytle.com

-and-

ORRICK, HERRINGTON & SUTCLIFFE LLP
Lisa T. Simpson
*Attorneys for Defendants*
51 West 52nd Street
New York, NY 10019
(212) 506-5000
lsimpson@orrick.com

TO:   Paul A. Argentieri, Esq.
   *Attorneys for Plaintiff*
   188 Main Street
   Hornell, NY 14843
   (607) 324-3232

Doc # 01-2384452.1