UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
PAUL D. CEGLIA,

                  Plaintiffs,

  -vs-                                       NOTICE OF MOTION
                                               No. 10-CV-00569-RJA

MARK ELLIOT ZUCKERBERG
and FACEBOOK, INC.,

                  Defendants.
-------------------------------------------------------------

| | |
|---|---|
| **MOTION BY:** | Plaintiff PAUL D. CEGLIA, by his attorneys, CONNORS & VILARDO, LLP. |
| **DATE, TIME, AND PLACE OF MOTION:** | At a date and time to be determined by the Court before the Hon. Richard J. Arcara, 68 Court Street, Part II, 6th Floor, Buffalo, New York<br><br>**Oral argument is requested.** |
| **SUPPORTING PAPERS:** | Affidavit of Terrence M. Connors, Esq., with exhibits; memorandum of law; and all prior papers and proceedings in this action. |
| **RELIEF REQUESTED:** | An Order of this Court remanding this matter back to state court or, in the alternative, granting plaintiff jurisdictional discovery and, if necessary, a hearing on jurisdiction. |
| **GROUNDS FOR RELIEF REQUESTED:** | 28 U.S.C. § 1447 and the cases and authority cited in the accompanying memorandum of law. |

DATED:    Buffalo, New York
               August 9, 2010

                                                           /s/Terrence M. Connors
                                                         Terrence M. Connors, Esq.
                                                         CONNORS & VILARDO, LLP
                                                         Attorneys for Plaintiff
                                                         1000 Liberty Building
                                                         424 Main Street
                                                         Buffalo, New York  14202
                                                         (716) 852-5533
                                                         tmc@connors-vilardo.com

TO: Lisa T. Simpson, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
Attorneys for Defendants
51 West 52nd Street
New York, New York  10019
212-506-5000
lsimpson@orrick.com

Michael B. Powers, Esq.
Sean C. McPhee, Esq.
PHILLIPS LYTLE LLP
Local Counsel for Defendants
3400 HSBC Center
Buffalo, New York  14203
716-847-8400
mpowers@phillipslytle.com
smcphee@phillipslytle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
PAUL D. CEGLIA,

                        Plaintiffs,

-vs-

MARK ELLIOT ZUCKERBERG
and FACEBOOK, INC.,

                        Defendants.
---------------------------------------------------------------

**AFFIDAVIT OF SERVICE**
No. 10-CV-00569-RJA

STATE OF NEW YORK  )
COUNTY OF ERIE      ) SS:
CITY OF BUFFALO    )

        TERRENCE M. CONNORS, ESQ., being duly sworn, deposes and says that he caused a copy of his Affidavit with exhibits as well as Plaintiff's Memorandum of Law to be filed with the Clerk of the United States District Court for the Western District of New York using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case: Lisa T. Simpson, Michael B. Powers, and Sean C. McPhee.

                                             /s/Terrence M. Connors
                                             Terrence M. Connors, Esq.
                                             CONNORS & VILARDO, LLP
                                             Attorneys for Plaintiff
                                             1000 Liberty Building
                                             424 Main Street
                                             Buffalo, New York  14202
                                             (716) 852-5533
                                             tmc@connors-vilardo.com

Sworn to before me this
9th day of August, 2010.

_____
        Notary Public

AMY C. MARTOCHE
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 3, 20 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
PAUL D. CEGLIA,

                    Plaintiffs,                    AFFIDAVIT
-vs-                                                              Docket No. 10-CV-569-RJA

MARK ELLIOT ZUCKERBERG
and FACEBOOK, INC.,

                      Defendants.
-------------------------------------------------------
STATE OF NEW YORK    )
COUNTY OF ERIE        ) SS.:
CITY OF BUFFALO      )

        **TERRENCE M. CONNORS, ESQ.** being duly sworn, deposes and says that:

        1. I am an attorney at law admitted to practice before this Court and a partner in the law firm, CONNORS & VILARDO, LLP, attorneys for Plaintiff, PAUL D. CEGLIA, (hereinafter "Plaintiff"). As such, I am familiar with the pleadings and proceedings in this matter.

        2. I make this affidavit in support of Plaintiff's motion to remand this action to New York state supreme court.

        3. As explained in the accompanying memorandum of law, the motion to remand is based upon the concern that this Court lacks subject matter jurisdiction because of a lack of diversity. At issue is Defendant Zuckerberg's domicile.

        4. The issue of Mr. Zuckerberg's domicile was addressed in prior litigation. See *ConnectU LLC v. Zuckerberg, et. al*, 482 F. Supp. 2d 3 (D. Mass 2007). In that litigation, ConnectU LLC alleged a number of state law causes of action against Mark Elliot Zuckerberg and Facebook, Inc. ("Facebook"). *Exhibit E*

(U.S. District Court, District Court of Massachusetts (Boston), Civil Docket for Case #: 1:04-cv-11923-DPW), Docket Item 1.

5. On October 14, 2005, nearly a year after the lawsuit was filed, Mr. Zuckerberg made a motion to dismiss that suit for lack of subject matter jurisdiction. In particular, Mr. Zuckerberg argued that he was a domiciliary of New York State, and thus that diversity jurisdiction did not exist. *Exhibit A* (Defendant Facebook's Motion to Dismiss); *see also Exhibit E*, Docket Items 94, 100.

6. Although at all times relevant to that litigation Mr. Zuckerberg had been residing in California, he argued that he lacked sufficient intent to remain in that state and that his domicile remained in New York, the place of his birth. *Exhibit A; Exhibit B* (Transcript of Motion Hearing) at 14-20, 36, 53-63, 66-68, 135, I-170, I-172, I-211- I-215.

7. The Honorable Douglas P. Woodlock of the District of Massachusetts considered the questions surrounding Mr. Zuckerberg's domicile significant enough to refer the dismissal motion to a Magistrate Judge to conduct discovery and explore evidence pertinent to the issue of subject matter jurisdiction. *See Exhibit E*, Docket Item 172.

8. That discovery included the production of documents, a June 8, 2006 deposition of Mr. Zuckerberg, as well as a full day evidentiary hearing on the issue on June 22, 2006. That evidentiary hearing consisted almost entirely of Mr. Zuckerberg's oral testimony, including over four hours of cross-examination, on the issue of his domicile. *See ConnectU LLC v. Zuckerberg,* 482 F. Supp. 2d 3, 32 (D. Mass. 2007); *ConnectU LLC v. Zuckerberg,* 522 F.3d 82, 87 (1st Cir. 2008).

9. Throughout discovery, Mr. Zuckerberg argued that he had been a New York domiciliary since birth, and that there was a presumption that his domicile in New York continued. *See Exhibit B* at I-170, I-172, I-211, I-215.

10. Mr. Zuckerberg was successful in convincing the court he remained a New York domiciliary, consequently establishing a lack of diversity jurisdiction and the absence of federal court subject matter jurisdiction. *See ConnectU LLC v. Zuckerberg*, 482 F. Supp. 2d at 11-12; *Exhibit E*, Docket Item 230. The First Circuit's subsequent decision reversed the District Court on other grounds and its decision did not disturb the District Court's finding that Mr. Zuckerberg was a domiciliary of New York.

11. In this litigation, Mr. Zuckerberg now alleges he is a domiciliary of California. *See* Defendant's Notice of Removal ¶ 5.

12. It is anticipated that Mr. Zuckerberg will provide documents to Plaintiff this afternoon that suggest he is a resident of California, *see Exhibit C* (letter offering these items), but residence does not equal domicile.

13. Inspection of the public record reveals that Mr. Zuckerberg has maintained indicia of New York domicile, including some he relied upon in the prior litigation to prove New York domicile. *See Exhibit D* (proof of a current, valid New York driver's license and proof of active voter registration in Dobbs Ferry, New York).

14. These indicia include a valid New York driver's license and valid New York voter registration. *Compare ConnectU LLC v. Zuckerberg*, 482 F. Supp. 2d at 30-31, *with Exhibit D*.

15. Federal law is clear that, for purposes of diversity jurisdiction and subject matter jurisdiction, there is a presumption that domicile continues.

16. The party asserting diversity jurisdiction bears the burden of proof to establish by clear and convincing evidence that domicile has changed.

17. Given the mere assertion of jurisdiction proffered by defendant, the facts from the public record, and the presumption of continuing domicile defendant must rebut to prove this Court possesses subject matter jurisdiction, Defendant Zuckerberg has not met his burden and remand is required. The items Defendant Zuckerberg will be providing to Plaintiff this afternoon for inspection suggest that Zuckerberg resides, at least in part, in California, but these items are not dispositive of domicile and do not end the inquiry.

18. In the alternative, in the event that Defendant Zuckerberg can provide evidence to meet his burden and rebut the presumption that his domicile remains in New York, the facts and law summarized in the accompanying memorandum of law demonstrate that jurisdictional discovery is necessary to resolve the issue of Defendant Zuckerberg's domicile.

/s/Terrence M. Connors
Terrence M. Connors, Esq.
CONNORS & VILARDO, LLP
Attorneys for Plaintiff
1000 Liberty Building
424 Main Street
Buffalo, New York  14202
(716) 852-5533
tmc@connors-vilardo.com

Sworn to before me this
9th day of August, 2010

_____
Notary Public

AMY C. MARTOCHE
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 3, 20 11