# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| Plaintiffs, | |
| v. | |
| MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC., | |
| Defendants. | |
| MARK ZUCKERBERG, and THEFACEBOOK, INC., | |
| Counterclaimants, | |
| v. | |
| CONNECTU LLC, | |
| Counterdefendant, | |
| and | |
| CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA, | |
| Additional Counterdefendants. | |

**FACEBOOK DEFENDANTS' MOTION TO DISMISS**

## I.    MOTION TO COMPEL

For the reasons set forth in the accompanying Memorandum, Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook, Inc. ("The Facebook Defendants")[1] hereby move to dismiss this case under Rule 12(b)(1), or, in the alternative, to dismiss Plaintiff's non-copyright claims under Rule 17(a).

Specifically, the Facebook Defendants seeks dismissal on the ground that Plaintiff ConnectU LLC ("ConnectU") has no standing to assert any of its claims in this action, and therefore, the Court lacks jurisdiction over them.  Alternatively, the Facebook Defendants move the Court to dismiss ConnectU's non-copyright claims because ConnectU is not the real party in interest for such claims, and allowance to cure this defect would be improper.

## II.    REQUEST FOR ORAL ARGUMENT

Due to their belief that oral argument may assist the Court, and their wish to be heard on the issues presented in this Motion and the accompanying Memorandum, the Facebook Defendants hereby request oral argument pursuant to Local Rule 7.1(d).

## III.    PROPOSED ORDER

Two proposed Orders are submitted with this Motion, one for each alternative.

## IV.    CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2).

Counsel for the Facebook Defendants certifies that pursuant to Local Rule 7.1(a)(2) they met and conferred with counsel for ConnectU and Defendant Eduardo Saverin regarding this motion.  On October 12, 2005, Robert D. Nagel and Joshua H. Walker (on behalf of the Facebook Defendants) held a teleconference with Troy E. Grabow and John F. Hornick (on behalf of ConnectU) to discuss the issues addressed in this Motion and the accompanying Memorandum.  During this teleconference, ConnectU stated that, while it did not agree with the

-1-

Facebook Defendants' position (except that diversity jurisdiction did not exist), it would offer to

add as a plaintiff any person which the Facebook Defendants determined was a real party.

However, ConnectU refused to consider dismissing the action or any of its claims.

The Facebook Defendants responded that it would consider the offer, but stated that such

addition of parties at this late date would cure neither subject matter jurisdiction nor real party

defects, nor would it cure the prejudice to defendants caused by Plaintiff's decision to bring this

action while knowing it was not the real party in interest.  Following review, the Facebook

Defendants determined that the offer was inadequate for the above reasons and, in part, due to

the fact that it facially required defendants to resolve Plaintiff's inconsistent positions as to the

identity and existence (or non-existence) of Harvard Connection.  For this reason, the parties

were unable to reach agreement.

Separately, Joshua H. Walker held a teleconference with Robert B. Hawk (on behalf of

Eduardo Saverin), also on October 12, 2005.  Defendant Saverin agreed that the Motion was

warranted.

///

///

///

///

---

[1] Defendant Eduardo Saverin is represented by separate counsel in this matter.

Dated:  October 14, 2005.

Respectfully submitted,

/s/ Monte M.F. Cooper /s/

G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Robert D. Nagel*
Joshua H. Walker*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
jwalker@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:     (617) 526-9600
Facsimile:     (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

ATTORNEYS FOR MARK ZUCKERBERG,
DUSTIN MOSKOVITZ, ANDREW
MCCOLLUM, CHRISTOPHER HUGHES, and
THEFACEBOOK, INC.

* Admitted *Pro Hac Vice*

DOCSSV1:429519.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>       Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>       Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>       Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>       Additional Counterdefendants. | |

## [PROPOSED] ORDER GRANTING THEFACEBOOK DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) DUE TO LACK OF SUBJECT MATTER JURISDICTION

Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher

Hughes, and TheFacebook, Inc. have moved to dismiss this case under Federal Rule of Civil

Procedure 12(b)(1) due to lack of subject matter jurisdiction (the "Facebook Defendants'

Motion").

-1-

For the reasons fully set forth in the pleadings, including such motion,

IT IS HEREBY ORDERED:

The Facebook Defendants' Motion is GRANTED and this case is DISMISSED without prejudice to any party.


IT IS SO ORDERED

Dated: _____, 2005

_____
Hon. Douglas P. Woodlock

DOCSSV1:429985.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>      Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>      Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>      Additional Counterdefendants. | |

### [PROPOSED] ORDER GRANTING THE FACEBOOK DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S NON-COPYRIGHT CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 17(a) ON GROUNDS THAT PLAINTIFF IS NOT THE REAL PARTY IN INTEREST

Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher

Hughes, and TheFacebook, Inc. have moved to dismiss Plaintiff's non-copyright claims under

Federal Rule of Civil Procedure 17(a) on the grounds that Plaintiff is not a real party in interest

for such claims and that cure would be improper (the "Facebook Defendants' Motion").

For the reasons fully set forth in the pleadings, including such motion,

IT IS HEREBY ORDERED:

The Facebook Defendants' Motion is GRANTED and the following state law claims of

Plaintiff are dismissed, without prejudice:

1. Breach of Contract;

2. Misappropriation of Trade Secrets;

3. Breach of Fiduciary Duty;

4. Unjust Enrichment;

5. Unfair Business Practices;

6. Intentional Interference with Prospective Business Advantage;

7. Breach of Duty of Good Faith and Fair Dealing; and

8. Fraud.


IT IS SO ORDERED

Dated: _____, 2005

_____
Hon. Douglas P. Woodlock

DOCSSV1:429986.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONNECTU LLC,<br><br>           Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>           Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>           Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>           Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>           Additional Counterdefendants. |  |

**DECLARATION OF MONTE M.F. COOPER IN SUPPORT OF THE FACEBOOK DEFENDANTS' MOTION TO DISMISS**

I, Monte M.F. Cooper declare as follows:

1.      I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel

for Defendants Mark Zuckerberg, Dustin Moskovitz, Andrew McCollum, Christopher Hughes,

and TheFacebook, Inc. (collectively, the "Facebook Defendants"). I make this Declaration in

support of the Facebook Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) due to lack

of subject matter jurisdiction, or, in the alternative to dismiss Plaintiff's non-copyright claims

under Fed. R. Civ. P.17(a) on grounds that Plaintiff is not the real party in interest. I am an

active member in good standing of the California State Bar, and I am admitted to appear *pro hac*

*vice* before this court. I have personal knowledge of the facts stated therein and if called as a

witness, could and would competently testify thereto.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Delaware

Certificate of Incorporation of TheFacebook, Inc. dated July 29, 2004, bates labeled TFB000058-

TFB000061.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the Delaware

Certificate of Formation of ConnectU, LLC (as a limited liability company), dated April 6, 2004,

obtained via a public search.

4.      Attached hereto as **Exhibit 3** are true and correct copies of written assignments

from Joseph Jackson and Victor Gao to ConnectU LLC regarding source code related to the

Harvard Connection website, dated August 4, 2004, bates labeled C011336-37. **[FILED**

**UNDER SEAL WITH THE CLERK OF THE COURT].**

5.      Attached hereto as **Exhibit 4** is a true and correct copy of Defendant and

Counterclaimant TheFacebook, Inc.'s First Set of Interrogatories to ConnectU LLC (Nos. 1-17),

dated July 11, 2005.

6.     Attached hereto as **Exhibit 5** is a true and correct copy of the Amended Notice of Deposition of Plaintiff and Counterdefendant ConnectU LLC pursuant to Fed.R.Civ. P. 30(b)(6), dated July 27, 2005.

7.     Attached hereto as **Exhibit 6** is a true and correct copy of the ConnectU LLC Operating Agreement executed on August 5, 2005 but dated as of April 6, 2004. **[FILED UNDER SEAL WITH THE CLERK OF THE COURT].**

8.     Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiff and Counterclaim Defendant ConnectU LLC's Responses to Defendant and Counterclaim Plaintiff TheFacebook, Inc.'s First Set of Interrogatories (Nos. 1-17), dated August 22, 2005. **[FILED UNDER SEAL WITH THE CLERK OF THE COURT].**

9.     Attached hereto as **Exhibit 8** is a true and correct copy of the certified condensed transcript of ConnectU LLC 30(b)(6) deposition, dated August 9, 2005, confidential in part. **[FILED UNDER SEAL WITH THE CLERK OF THE COURT].**

10.     Attached hereto as **Exhibit 9** is a true and correct copy of a draft ConnectU LLC Operating Agreement, which does not include § 13.5 "Member Intellectual Property". **[FILED UNDER SEAL WITH THE CLERK OF THE COURT].**

11.     Attached hereto as **Exhibit 10** is a true and correct copy of a letter from Monte M.F. Cooper to John F. Hornick, dated August 22, 2005.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  This Declaration is executed on this 14th day of October 2005, at Menlo Park, California.

/s/ Monte M.F. Cooper /s/
Monte M.F. Cooper

# EXHIBIT 1

# *Delaware*

PAGE   1

### *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "THEFACEBOOK, INC.", FILED IN THIS OFFICE ON THE TWENTY-NINTH DAY OF JULY, A.D. 2004, AT 11:34 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.



3835815   8100

040555647

*Harriet Smith Windsor*

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 3266744

DATE: 07-30-04

TFB000058

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 12:07 PM 07/29/2004*
*FILED 11:34 AM 07/29/2004*
*SRV 040555647 - 3835815 FILE*

# CERTIFICATE OF INCORPORATION

## OF

## THEFACEBOOK, INC.

### ARTICLE I

The name of the corporation is TheFacebook, Inc. (the "Corporation").

### ARTICLE II

The address of the Corporation's registered office in the State of Delaware is 2711 Centerville Road, Suite 400, Wilmington, County of New Castle, 19808.  The name of its registered agent at such address is Corporation Service Company.

### ARTICLE III

The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

### ARTICLE IV

The aggregate number of shares which the Corporation shall have authority to issue is 10,000,000 shares of capital stock all of which shall be designated "Common Stock" and have a par value of $0.0001 per share.

### ARTICLE V

In furtherance of and not in limitation of the powers conferred by the laws of the State of Delaware, the Board of Directors of the Corporation is expressly authorized to make, amend or repeal Bylaws of the Corporation.

### ARTICLE VI

The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors.  Elections of directors need not be by written ballot unless otherwise provided in the Bylaws of the Corporation.

### ARTICLE VII

(A)     To the fullest extent permitted by the Delaware General Corporation Law, as the same exists or as may hereafter be amended, a director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director.

0088916.04

TFB000059

(B)     The Corporation shall indemnify to the fullest extent permitted by law any person made or threatened to be made a party to an action or proceeding, whether criminal, civil, administrative or investigative, by reason of the fact that he, his testator or intestate is or was a director or officer of the Corporation or any predecessor of the Corporation, or serves or served at any other enterprise as a director or officer at the request of the Corporation or any predecessor to the Corporation.

(C)     Neither any amendment nor repeal of this Article VII, nor the adoption of any provision of the Corporation's Certificate of Incorporation inconsistent with this Article VII, shall eliminate or reduce the effect of this Article VII in respect of any matter occurring, or any action or proceeding accruing or arising or that, but for this Article VII, would accrue or arise, prior to such amendment, repeal or adoption of an inconsistent provision.

## ARTICLE VIII

The name and mailing address of the incorporator are as follows:

> Mark Zuckerberg
> 819 La Jennifer Way
> Palo Alto, CA 94036

0088916.04                              -2-

TFB000060

Executed this 26th day of July, 2004.

_____
Mark Zuckerberg, Incorporator

TFB000061

# EXHIBIT 2

State of Delaware
Secretary of State
Division of Corporations
Delivered 05:15 PM 04/06/2004
FILED 04:10 PM 04/06/2004
SRV 040253305 - 3786819 FILE

## CERTIFICATE OF FORMATION
### OF
## LIMITED LIABILITY COMPANY

FIRST.   The name of the limited liability company is CONNECTU, LLC

SECOND.   The address of its registered office in the State of Delaware is 2711 Centerville Road, Suite 400 in the City of Wilmington.   The name of its Registered Agent at such address is THE COMPANY CORPORATION.

IN WITNESS WHEREOF, the undersigned have executed this Certificate of Formation of CONNECTU, LLC this 6th day of April 2004.

NAME: _Angela Hart_
Angela Norton
Authorized Person

06/22/05   WED 08:35   [TX/RX NO 7415]

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |
| MARK ZUCKERBERG, and THEFACEBOOK, INC.,<br><br>      Counterclaimants,<br><br>v.<br><br>CONNECTU LLC,<br><br>      Counterdefendant,<br><br>and<br><br>CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIVYA NARENDRA,<br><br>      Additional Counterdefendants. | |

### DEFENDANT AND COUNTERCLAIMANT THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO CONNECTU LLC (NOS. 1 - 17)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant and Counterclaimant TheFacebook, Inc. hereby propounds the following interrogatories to be answered, under oath, by an officer or agent of Plaintiff and Counterdefendant ConnectU LLC to the following interrogatories within thirty (30) days after service of these interrogatories, as required by Federal Rule of Civil Procedure 33.

These interrogatories are to be deemed continuing interrogatories, requiring prompt supplemental answers whenever the conditions of Federal Rule of Civil Procedure 26(e) are satisfied.

## DEFINITIONS

A.     "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

B.     The terms "Person" and "Persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.     "Refer To" and "Relate To" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

D.     As used herein, the term "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001

THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO CONNECTU LLC
DOCSSV1:413205.3

of the Federal Rules of Evidence and all materials that constitute "Documents" within the

broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document"

includes, without limitation, printed matter, electronic mail, materials stored on computer hard

drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other

information stored magnetically, optically or electronically.

     E.    "Complaint" means the Complaint and any Amended Complaint by ConnectU

LLC in this action.

     F.    "Communication" as used herein means any contact, oral or documentary, formal

or informal, at any place or under any circumstances whatsoever whereby information of any

nature is transmitted or transferred, including, without limitation, any note, memorandum or

other record thereof, or a single person seeing or hearing any information by any means.

     G.    "Infringe" or any variant thereof, including but not limited to "Infringing" and

"Infringement," refers to any infringement whether direct, indirect, by equivalents, contributory,

or by inducement.

     H.    "Code" or "Software" refers to any computer source code, computer object code,

or functionalities of computer software, including, without limitation, any code required for a

website to function.

     I.    "Product," "Device," "Technology" and "System" to the extent any such term

may describe any software product, refers to each and every version of such software product.

     J.    "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant" means plaintiff

ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns,

agents, servants, employees, investigators, attorneys, and all other persons and entities representing it acting on its behalf, or purporting to act on its behalf. It is acknowledged that the issue of whether HarvardConnection is a predecessor in interest to ConnectU may be disputed. To the extent that an interrogatory requests information on "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant," you must respond with specific information relating to ConnectU LLC first and all Persons listed above other than HarvardConnection. To the extent that you contend that any requested information Relates To HarvardConnection directly (e.g., a contention that a trade secret belonged to HarvardConnection) you must <u>separately</u> detail your response vis-à-vis HarvardConnection.

K.    "HarvardConnection" means a project to develop a website for Harvard University Students and alumni which made use of the term "HarvardConnection," and any individual, group, or association conducting or proposing work to develop such website.

L.    "TheFacebook" means, without limitation, TheFacebook, Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, and all persons acting or purporting to act on its behalf.

M.    "Defendants" means Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook.

## <u>INSTRUCTIONS</u>

1.    In responding to the following interrogatories, you are required to furnish such information as is available to you or within your control, including but not limited to information

in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorneys, or any other person or persons acting on your behalf and not merely information personally known by the individual responding to the interrogatories.

2.    If you cannot answer the interrogatories in full, answer them to the extent you can do so. If you cannot answer each interrogatory in full, specify the portion of any interrogatory to which you are unable fully to respond, state the facts upon which you base your contention that you are unable fully to respond to such portion, and state any knowledge, information, or belief you have concerning such portion.

3.    If in response to any of the interrogatories you respond by referring to documents containing the requested information, either provide those documents categorized by the interrogatory(ies) to which they respond or identify the Bates numbers of the documents to which you refer in your response.

4.    You must respond to all interrogatories with precision and specificity. If any individual interrogatory includes the term "precision and specificity" it is used for additional emphasis only and shall not be understood to mean that this requirement is limited to such interrogatory or group of interrogatories.

5.    In identifying an incident, occurrence, or event, state with respect to each such incident, occurrence or event:

        i.     its date and time;

        ii.    the place or places where it occurred;

        iii.   the identity of each person present during, or participating in , the incident, occurrence or event;

THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO CONNECTU LLC
DOCSSV1.413205.3

    iv.    the substantial facts of the incident, occurrence, or event.

6.    In identifying a natural person, state as to such person, the following information:

    i.    his/her name;

    ii.    his/her present or last known residence or business address; and

    iii.    whether there is or has ever been an employer-employee relationship, or a principal-agent relationship between such person and ConnectU and, if so, the nature of the relationship and the dates during which it existed.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify with precision and specificity all facts in support of Your contention that any HarvardConnection Code or ConnectU Code is infringed.

### INTERROGATORY NO. 2:

Identify with precision and specificity each and every alleged trade secret ConnectU contends was misappropriated by Defendants.

### INTERROGATORY NO. 3:

Identify with precision and specificity all facts in support of Your contention that any trade secret was misappropriated, including but not limited to a description of the precise manner in which each alleged trade secret was allegedly misappropriated.

### INTERROGATORY NO. 4:

For each alleged trade secret ConnectU contends that Defendants misappropriated, identify all ConnectU's products that incorporate each such alleged trade secret, including but not limited to the Product version number, website release date, and any other first public disclosure.

### INTERROGATORY NO. 5:

Identify all measures taken by ConnectU and HarvardConnection to preserve the confidentiality of the alleged trade secrets it contends Defendants misappropriated, as well as all known breaches of confidentiality by any Person other than Defendants, including, without limitation, any disclosure to any third party by Cameron Winklevoss, Tyler Winklevoss, Divya Narendra, or other agents of ConnectU or HarvardConnection.

**INTERROGATORY NO. 6:**

Identify all facts in support of Your contentions: (i) that HarvardConnection had a for-profit or related commercial purpose (specifying the date for which each given fact supports the existence of a for-profit purpose); and (ii) that any such for-profit purpose of HarvardConnection was communicated to any of the Defendants (specifying the date of the Communication), including, without limitation, any Communication of any business plan or related document to Mark Zuckerberg.

**INTERROGATORY NO. 7:**

Identify all facts in support of Your contention that HarvardConnection is a predecessor in interest to ConnectU.

**INTERROGATORY NO. 8:**

Identify all facts in support of Your contention that ConnectU LLC owns the alleged trade secrets or copyrighted material it contends Defendants misappropriated or infringed.

**INTERROGATORY NO. 9:**

Identify all facts in support of ConnectU's contention that Mark Zuckerberg had a duty to maintain the alleged secrecy of the alleged trade secrets ConnectU contends Mark Zuckerberg misappropriated.

**INTERROGATORY NO. 10:**

Identify all facts in support of ConnectU's contentions that each of its alleged trade secrets allegedly misappropriated by Defendants were not in the public domain at the time of any alleged misappropriation by Defendants, as well as all facts which may potentially support the argument that any alleged trade secret was or is in the public domain.

**INTERROGATORY NO. 11:**

Identify all facts in support of ConnectU's contention that it suffered damages or other injury as a result of alleged wrongdoing in its Complaint, as well as all individuals with knowledge of such facts and documents supporting such contention.

**INTERROGATORY NO. 12:**

Describe the circumstances of each disclosure by ConnectU to a third party of any ConnectU trade secret that ConnectU contends Defendants misappropriated, including, but not limited to, describing the date of each such disclosure, the identities of the third parties and individuals involved, all individuals with knowledge of such facts, and all documents relating to each disclosure.

**INTERROGATORY NO. 13:**

Identify all facts in support of ConnectU's contention that Defendants put alleged trade secrets or copyrighted material to use, including but not limited to all individuals with knowledge of such facts and documents supporting the contention.

## INTERROGATORY NO. 14:

Identify every public domain source, including but not limited to competitors' datasheets and website publications, textbooks, and trade show materials, that discloses or encompasses any of the alleged ConnectU trade secrets or alleged copyrighted material ConnectU contends Defendants misappropriated.

## INTERROGATORY NO. 15:

Identify the U.S. state of which each of Cameron Winklevoss and Tyler Winklevoss is a citizen, respectively.

## INTERROGATORY NO. 16:

Specify all instances in which Mark Zuckerberg was offered or given compensation for the work he completed or was to complete on HarvardConnection, including, without limitation (i) any direct monetary compensation, and (ii) any present or future interest in either HarvardConnection, ConnectU, or a related entity or project. Include the exact date, amount, and nature of any offer or payment, as well as the specific Communication through which any offer or payment was made.

## INTERROGATORY NO. 17:

Specify the exact number of hours that were originally represented to Zuckerberg as the total number required to complete or otherwise make fully functional the HarvardConnection website, as well as the (i) precise number of hours and (ii) the number of calendar days that you contend Zuckerberg agreed to work on the HarvardConnection website.

Dated: July 11, 2005

ORRICK, HERRINGTON & SUTCLIFFE LLP

Joshua H. Walker
Attorneys for Defendant and Counterclaimant
THEFACEBOOK, INC.

THEFACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO CONNECTU LLC
DOCSSV1:413205.3

## CERTIFICATE OF SERVICE

I, Marilyn Ortiz, hereby certify that on July 11, 2005, a true and correct copy of

the foregoing **DEFENDANT AND COUNTERCLAIMANT THEFACEBOOK, INC.'S**

**FIRST SET OF INTERROGATORIES TO CONNECTU LLC (NOS. 1 - 17)** was served by

the indicated means to the persons at the addresses listed:

| | | |
|---|---|---|
| Robert B. Hawk, Esq. | ☐ | Via First Class Mail |
| Bhanu K. Sadasivan, Esq. | ☐ | Via Hand Delivery |
| Heller Ehrman, LLP | ☒ | Via Federal Express |
| 275 Middlefield Road | ☒ | Via Facsimile |
| Menlo Park, CA 94025 | | |
| **Counsel for Eduardo Saverin** | | |
| | | |
| John F. Hornick | ☐ | Via First Class Mail |
| Troy E. Grabow | ☐ | Via Hand Delivery |
| Finnegan, Henderson, Farabow, Garrett & | ☒ | Via Federal Express |
| Dunner, LLP | ☒ | Via Facsimile |
| 901 New York Avenue N.W. | | |
| Washington, DC 20001 | | |
| **Counsel for ConnectU** | | |
| | | |
| Johnathan M. Gelchinsky | ☐ | Via First Class Mail |
| Margaret A. Esquenet | ☐ | Via Hand Delivery |
| Finnegan, Henderson, Farabow, Garrett & | ☒ | Via Federal Express |
| Dunner, LLP | ☒ | Via Facsimile |
| 1300 I Street N.W. | | |
| Washington, DC 20005-3315 | | |
| **Counsel for ConnectU** | | |
| | | |
| Lawrence R. Robins | ☐ | Via First Class Mail |
| Finnegan, Henderson, Farabow, Garrett & | ☐ | Via Hand Delivery |
| Dunner, LLP | ☒ | Via Federal Express |
| 55 Cambridge Parkway | ☒ | Via Facsimile |
| Cambridge, MA 02142 | | |
| **Counsel for ConnectU** | | |

MARILYN ORTIZ

-1-
CERTIFICATE OF SERVICE

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, | CIVIL ACTION NO. 1:04-CV-11923 |
|            Plaintiffs, | (DPW) |
| v. | |
| MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC., | |
|            Defendants. | |
| MARK ZUCKERBERG, and THEFACEBOOK, INC., | |
|            Counterclaimants, | |
| v. | |
| CONNECTU LLC, | |
|            Counterdefendant, | |
| and | |
| CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA, | |
|            Additional Counterdefendants. | |

**AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

     PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Defendant and Counterclaimant TheFacebook, Inc. ("TheFacebook") will take the

deposition by oral examination of Plaintiff and Counterdefendant ConnectU LLC ("ConnectU"),

which deposition will now commence on August 9, 2005, at the offices of Proskauer Rose LLP,

One International Place, 22nd Floor, Boston, MA 02110, or at such other time and place as

mutually agreed by counsel. The deposition will continue from day to day until completed. The

testimony of the deponent(s) will be recorded by video, as well as stenographic means including

the instant visual display of testimony. The deposition will be taken before an officer authorized

by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ConnectU is

obligated to designate a person(s) to testify on its behalf concerning each of the matters set forth

in the Amended Attachment A hereto. ConnectU previously designated Cameron Winklevoss

for this deposition.

Dated:  July 27, 2005.

Respectfully submitted,

/s/
_____
G. Hopkins Guy, III*
I. Neel Chatterjee*
Monte M.F. Cooper*
Joshua H. Walker*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401
hopguy@orrick.com
nchatterjee@orrick.com
mcooper@orrick.com
ddaybell@orrick.com

Steve M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE, LLP
One International Plaza, 14th Floor
Boston, MA 02110-2600
Telephone:    (617) 526-9600
Facsimile:    (617) 526-9899
sbauer@proskauer.com
joczek@proskauer.com

ATTORNEYS FOR MARK ZUCKERBERG,
DUSTIN MOSKOVITZ, ANDREW
MCCOLLUM, CHRISTOPHER HUGHES, and
THEFACEBOOK, INC.

* Admitted Pro Hac Vice

DOCSSV1:417815.1

## AMENDED ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

A.     "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

B.     The terms "Person" and "Persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his, or her agents, attorneys, employees, employers, officers, directors, or others acting on or purporting to act on behalf of said person, entity, or party.

C.     "Refer To" and "Relate To" as used herein mean pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering or otherwise concerning in any manner whatsoever the subject matter of the inquiry.

D.     As used herein, the term "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" or "photographs" within the broadest meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "Documents" within the broadest meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document"

includes, without limitation, printed matter, electronic mail, materials stored on computer hard drives, diskettes, tapes, any other computer media, recorded voice mail messages and any other information stored magnetically, optically or electronically.

E.   "Amended Complaint" means the First Amended Complaint by ConnectU LLC.

F.   "Communication" as used herein means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, any note, memorandum or other record thereof, or a single person seeing or hearing any information by any means.

G.   "Infringe" or any variant thereof, including but not limited to "Infringing" and "Infringement," refers to any infringement whether direct, indirect, by equivalents, contributory, or by inducement.

H.   "Code" or "Software" refers to any computer source code, computer object code, or functionalities of computer software, including, without limitation, any code required for a web site to function.

I.   "Product," "Device," "Technology" and "System" to the extent any such term may describe any software product, refers to each and every version of such software product.

J.   "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant" means plaintiff ConnectU LLC and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it acting on its behalf, or purporting to act on its behalf. It is acknowledged that the issue of whether HarvardConnection is a predecessor in interest to ConnectU may be disputed.

AMENDED ATTACHMENT A

To the extent that a deposition topic relates to information on "ConnectU," "You," "Your," "Plaintiff," or "Counterdefendant," you must respond with specific information relating to ConnectU LLC first and all Persons listed above other than HarvardConnection.  To the extent that you contend that any requested information Relates To HarvardConnection directly (e.g., a contention that a trade secret belonged to HarvardConnection) you must separately detail your response *vis-à-vis* HarvardConnection.

K.     "Counterdefendants" means ConnectU LLC, Cameron Winklevoss, Tyler Winklevoss, and Divya Narendra.

L.     "HarvardConnection" means a project to develop a web site for Harvard University Students and alumni which made use of the term "HarvardConnection," and any individual, group, or association conducting or proposing work to develop such web site.

M.     "TheFacebook" means, without limitation, TheFacebook, Inc., its past and present parents, subsidiaries, affiliates, predecessors, divisions, officers, directors, trustees, employees, staff members, agents, counsel, representatives, consultants, and all persons acting or purporting to act on its behalf.

N.     "Information" (as in "confidential business information") includes procedures.

O.     "Defendants" means Mark Zuckerberg, Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, Christopher Hughes, and TheFacebook.

P.     The time period covered by the below topics, unless otherwise specified, is any time period encompassing the greatest number and scope of information called for or identified in these requests.

## DEPOSITION TOPICS

1.     The circumstances and terms of the alleged agreement involving Mark Zuckerberg referenced in Paragraph 17 of the Amended Complaint.

2.     Confidential information and/or trade secrets allegedly entrusted to Mark Zuckerberg, including the confidential information referenced in Paragraph 16 of the Amended Complaint.

3.     Alleged use by Mark Zuckerberg or any other Defendant of the source code for the HarvardConnection website.

4.     Alleged use by Mark Zuckerberg or any other Defendant of Plaintiff's alleged confidential business information.

5.     The conception, design, and development of the HarvardConnection web site and the ConnectU web site.

6.     The alleged role of Eduardo Saverin, Dustin Moskovitz, Andrew McCollum, and Christopher Hughes in the acts alleged in the Amended Complaint..

7.     Of the Code produced by TheFacebook in the file entitled "december.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

8.     Of the Code produced by TheFacebook in the file entitled "october.zip," all Code you contend Infringes HarvardConnection Code, ConnectU Code, or any other matter.

9.     Of any Code subsequently produced by TheFacebook (i.e., subsequent to the production of the files labeled "december.zip" and "october.zip") prior to August 9, 2005, all Code You contend Infringes HarvardConnection Code, ConnectU Code, or any other matter. You shall identify each such individual file or aggregation of code by name and date of production, in addition to the specific Code you contend is Infringing.  To the extent You claim

You are not prepared to address this topic with specificity on August 9, 2005, TheFacebook reserves the right to depose You on Topic 9 at a future deposition.

    10.    Your alleged ownership of all intellectual property (including, without limitation, all rights, title, and interest relating to trade secrets, copyrighted material, or other intangible property) referenced in the Amended Complaint, and any alleged transfer of any rights to You by HarvardConnection or any of the other Counterdefendants.

DOCSSV1:417844.3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNECTU LLC, <br><br>       Plaintiffs, <br><br> v. <br><br> MARK ZUCKERBERG, EDUARDO SAVERIN, DUSTIN MOSKOVITZ, ANDREW MCCOLLUM, CHRISTOPHER HUGHES, and THEFACEBOOK, INC., <br><br>       Defendants. <br><br> MARK ZUCKERBERG, and THEFACEBOOK, INC., <br><br>       Counterclaimants, <br><br> v. <br><br> CONNECTU LLC, <br><br>       Counterdefendant, <br><br> and <br><br> CAMERON WINKLEVOSS, TYLER WINKLEVOSS, and DIUVYA NARENDRA, <br><br>       Additional Counterdefendants. | CIVIL ACTION NO. 1:04-CV-11923 (DPW) |

## DECLARATION OF SERVICE VIA FACSIMILE AND FEDERAL EXPRESS

I am more than eighteen years old and not a party to this action. My place of employment and business address is 1000 Marsh Road, Menlo Park, CA 94025.

On July 27, 2005, I delivered to the below listed individuals the following documents:

1. **AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTERDEFENDANT CONNECTU LLC PURSUANT TO FED. R. CIV. P. 30(b)(6)**

DECLARATION OF SERVICE VIA FACSIMILE AND U.S. MAIL

DOCSSV1:418176.1
16069-4 A3D

| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on July 27, 2005. |
| ☐ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on July 27, 2005. |
| ☐ | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**John F. Hornick, Esq,**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
1300 I Street, N.W.
Washington, D.C. 20005
Telephone: (202) 408-4000
**Facsimile: (202) 408-4400**

**Lawrence R. Robins, Esq.**
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
**Facsimile: (617) 452-1666**

## ATTORNEYS FOR PLAINTIFF CONNECTU

**Robert B. Hawk, Esq.**
**Bhanu K. Sadasivan, Esq.**
Heller Ehrman, LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7000
**Facsimile: (650) 324-0638**

**Daniel K. Hampton, Esq.**
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
**Facsimile: (617) 523-6850**

## ATTORNEYS FOR DEFENDANT EDUARDO SAVERIN

Executed on July 27, 2005, at Menlo Park, California.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Amy Dalton

DECLARATION OF SERVICE VIA FACSIMILE AND U.S. MAIL

DOCSSV1:418176.1
16069-4 A3D

# EXHIBIT 10



**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

Monte M.F. Cooper
(650) 614-7375
mcooper@orrick.com

August 22, 2005

*VIA FACSIMILE AND MAIL*

John F. Hornick, Esq.
Troy Grabow, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:     *ConnectU, LLC v. Zuckerberg, et. al..,*
        Civil Action No. 1:04-cv-11923 (DPW)

Dear John:

        This letter summarizes my understanding of the meet-and-confer the parties held today regarding their outstanding discovery disputes:

        Based on your comments, sometime today ConnectU will be serving the Defendants with a Specification of Trade Secrets, as outlined in my letter of August 20, 2005, and prior discussions with you held on July 13, 14, 18, and 26, 2005. You indicated that this Specification will provide the identification of all trade secrets that ConnectU alleges the Defendants have misappropriated. I also understand that the list will include sufficient specificity to "describe the subject matter of the trade secret[s] with sufficient particularity to separate it from matters of general knowledge in the trade . . . and to permit the defendant to ascertain at least the boundaries within which the secret[s] lie[]." *Computer Economics, Inc. v. Gartner Group, Inc.,* 50 F. Supp. 2d. 980, 984 (S.D. Cal. 1999). As I noted, Defendants are prepared to proceed with discovery, provided that the Specification meets this threshold degree of clarity required by the law. We therefore look forward to receipt of this document.

        You confirmed that there is no written assignment of Intellectual Property rights from Sanjay Mavinkurve to ConnectU and that all other such assignments have been produced. I note that this admission contradicts the testimony provided by ConnectU at the August 9, 2005 Rule 30(b)(6) deposition that "there was a written agreement somewhere" and ConnectU "produced it." *See* Rule 30(b)(6) Dep. of ConnectU, at 294:17-20.

DOCSSV1:422073.1



**ORRICK**

John F. Hornick, Esq.
Troy Grabow, Esq.
August 22, 2005
Page 2

Defendants are preparing a joint letter outlining various problems associated with that earlier Rule 30(b)(6) testimony of ConnectU, and are proposing that Mr. Winklevoss (or an adequately prepared witness) be made available at a later date for supplemental testimony. You indicated that you would review such a letter, but felt that the prior Rule 30(b)(6) deposition was adequate.

Furthermore, you stated that ConnectU will produce all documents in ConnectU's possession, custody, or control which are responsive to Defendants' Document Request Nos. 2, 4, and 6 within one week of today.

You further stated that Joshua Walker's letter of August 21, 2005 adequately apprised ConnectU of the Facebook Defendants' positions with respect to existing interrogatory responses. With respect to those interrogatory responses that Mr. Walker indicated the Facebook Defendants will be supplementing voluntarily despite the existence of the Motion for Protective Order, the Facebook Defendants agreed to do so within two weeks (*i.e.*, by September 6, 2005). With respect to Interrogatory No. 16, ConnectU refuses to clarify its meaning of "monetary value," and hence the Facebook Defendants will not be supplementing that Response.

With respect to prior document requests, including those set forth in your letter of July 28, 2005, the Facebook Defendants continue to search for relevant information generated both prior to and after May 21, 2004. However, as I noted above, the Facebook Defendants also have now cross-moved for a protective order that demands that before any further discovery occurs, ConnectU must, in fact, identify its trade secrets with specificity. *See L-3 Communications Corporation et al. v. Reveal Imaging Technologies, Inc. et al.*, No. 035810BLS, 2004 WL 2915743, *13 (Mass. Super. Dec. 2, 2004) and *Microwave Research Corporation v. Sanders Associates, Inc.*, 110 F.R.D. 669, 673 (D. Mass. 1986).

Regrettably, you nonetheless indicated that ConnectU does not believe it is required to provide such specificity, and hence will again be moving to compel further production. This appears to be a concession that the trade secret specification will not meet the demands of the case law that you yourself now have reviewed. I further understand that you believe this issue should have been raised in May, rather than during the meet-and-confer sessions held in July. The Facebook Defendants disagree. TheFacebook (and other Defendants) provided documents in the spirit of compromise. However, Plaintiff's continual efforts to oppress and engage in an improper fishing expedition to harass required us to seek Court intervention. Despite our efforts to come to a reasonable solution, Plaintiff remains inflexible.



**ORRICK**

John F. Hornick, Esq.
Troy Grabow, Esq.
August 22, 2005
Page 3

   We have tried to advance discovery through voluntary production while protecting the Defendants' rights. More to the point, the trade secret disclosure issue was raised through the Facebook Defendants' written objections to the discovery requests that identified May 21, 2004 as the relevant cut-off date in the absence of particularization. Your real dissatisfaction appears to be with the law that demands that ConnectU specify any allegedly misappropriated trade secrets – a fact which only underscores the weakness of ConnectU's claims.

   The Facebook Defendants continue to be willing to produce relevant information actually tailored to the claims at issue. To date, it is only because ConnectU has been unable to articulate exactly what the Facebook Defendants misappropriated, and why the generic "ideas" mentioned in various discussions and at the Rule 30(b)(6) deposition should be deemed a trade secrets under Massachusetts law at all, that discovery has been impaired. This is solely a product of ConnectU's own deficient allegations, not any lack of good faith by the Defendants.

   In any event, we look forward to the receipt of ConnectU's specification of allegedly misappropriated trade secrets. Many of the parties' mutual concerns discussed today will be allayed if ConnectU produces the level of specificity and clarity of information that the law of trade secrets demands.

                    Very truly yours,

                    Monte Cooper / by KMM

                    Monte M.F. Cooper

08/22/2005 17:21 FAX   Case 1:04-cv-11923-DPW   Document 95-3   Filed 10/14/05   Page 5 of 8   ☑001

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                2149
RECIPIENT ADDRESS       4793#16069#4#16175236850
DESTINATION ID
ST. TIME                08/22 17:20
TIME USE                00'55
PAGES SENT              4
RESULT                  OK
```



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025
TEL 650-614-7400
FAX 650-614-7401
WWW.ORRICK.COM

## FAX TRANSMISSION

DATE   8/15/05

NO. OF PAGES
(INCLUDING COVER SHEET)   4

FROM

| name | tel |
|---|---|
| Monte Cooper | (650) 614-7375 |

TO

| name | company/firm | tel | fax |
|---|---|---|---|
| Troy E. Grabow, Esq.<br>John F. Hornick, Esq. | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | (202) 408-4000 | (202) 408-4400 |
| Robert B. Hawk, Esq. | HELLER EHRMAN, LLP | (650) 324-7000 | (650) 324-0638 |
| Steve M. Bauer, Esq.<br>Jeremy Oczek, Esq. | PROSKAUER ROSE, LLP | (617) 526-9600 | (617) 526-9899 |
| Daniel K. Hampton | HOLLAND & KNIGHT, LLP | (617) 573-5886 | (617) 523-6850 ✓ |

RE   *ConnectU LLC v. Zuckerberg et al.*

MESSAGE

Please see attached correspondence dated August 22, 2005.

```
********************
***   TX REPORT   ***
********************


TRANSMISSION OK

TX/RX NO              2148
RECIPIENT ADDRESS     4793#16069#4#16175269899
DESTINATION ID
ST. TIME              08/22 17:18
TIME USE              01'17
PAGES SENT           4
RESULT               OK
```



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025
TEL 650-614-7400
FAX 650-614-7401
WWW.ORRICK.COM

**FAX TRANSMISSION**

DATE   8/15/05

NO. OF PAGES
(INCLUDING COVER SHEET)          4

FROM

| name | tel |
|---|---|
| Monte Cooper | (650) 614-7375 |

TO

| name | company/firm | tel | fax |
|---|---|---|---|
| Troy E. Grabow, Esq.<br>John F. Hornick, Esq. | FINNEGAN, HENDERSON,<br>FARABOW, GARRETT &<br>DUNNER, LLP | (202) 408-4000 | (202) 408-4400 |
| Robert B. Hawk, Esq. | HELLER EHRMAN, LLP | (650) 324-7000 | (650) 324-0638 |
| Steve M. Bauer, Esq.<br>Jeremy Oczek, Esq. | PROSKAUER ROSE, LLP | (617) 526-9600 | (617) 526-9899 |
| Daniel K. Hampton | HOLLAND & KNIGHT, LLP | (617) 573-5886 | (617) 523-6850 |

RE   *ConnectU LLC v. Zuckerberg et al.*

MESSAGE

Please see attached correspondence dated August 22, 2005.

```
***********************
***    TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              2147
RECIPIENT ADDRESS    4793#16069#4#3240638
DESTINATION ID
ST. TIME             08/22 17:15
TIME USE             02'01
PAGES SENT           4
RESULT               OK
```



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025
TEL 650-614-7400
FAX 650-614-7401
WWW.ORRICK.COM

## FAX TRANSMISSION

DATE   8/15/05

NO. OF PAGES
(INCLUDING COVER SHEET)         4

FROM

| name | tel |
| --- | --- |
| Monte Cooper | (650) 614-7375 |

TO

| name | company/firm | tel | fax |
| --- | --- | --- | --- |
| Troy E. Grabow, Esq. John F. Hornick, Esq. | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | (202) 408-4000 | (202) 408-4400 |
| Robert B. Hawk, Esq. | HELLER EHRMAN, LLP | (650) 324-7000 | (650) 324-0638 ✓ |
| Steve M. Bauer, Esq. Jeremy Oczek, Esq. | PROSKAUER ROSE, LLP | (617) 526-9600 | (617) 526-9399 |
| Daniel K. Hampton | HOLLAND & KNIGHT, LLP | (617) 573-5886 | (617) 523-6850 |

RE      *ConnectU LLC v. Zuckerberg et al.*

MESSAGE

Please see attached correspondence dated August 22, 2005.

```
********************
***   TX REPORT   ***
********************


TRANSMISSION OK

TX/RX NO              2146
RECIPIENT ADDRESS     4793#16069#4#12024084400
DESTINATION ID
ST. TIME              08/22 17:11
TIME USE             02'47
PAGES SENT
RESULT                OK
```



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025
TEL 650-614-7400
FAX 650-614-7401
WWW.ORRICK.COM

**FAX TRANSMISSION**

DATE   8/15/05

FROM

| name | tel |
|------|-----|
| Monte Cooper | (650) 614-7375 |

NO. OF PAGES
(INCLUDING COVER SHEET)    4

TO

| name | company/firm | tel | fax |
|------|-------------|-----|-----|
| Troy E. Grabow, Esq. John F. Hornick, Esq. | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | (202) 408-4000 | (202) 408-4400 |
| Robert B. Hawk, Esq. | HELLER EHRMAN, LLP | (650) 324-7000 | (650) 324-0638 |
| Steve M. Bauer, Esq. Jeremy Oczek, Esq. | PROSKAUER ROSE, LLP | (617) 526-9600 | (617) 526-9899 |
| Daniel K. Hampton | HOLLAND & KNIGHT, LLP | (617) 573-5886 | (617) 523-6850 |

RE   *ConnectU LLC v. Zuckerberg et al.*

MESSAGE

Please see attached correspondence dated August 22, 2005.