UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

PAUL D. CEGLIA,

Plaintiff,

-vs-

MARK ELLIOT ZUCKERBERG
and FACEBOOK, INC.

Defendants.

---------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Docket No. 10-CV-569-RJA

CONNORS & VILARDO, LLP
Attorneys for Plaintiff
1000 Liberty Building
424 Main Street
Buffalo, New York 14202
716-852-5533

Terrence M. Connors, Esq.
Lawrence J. Vilardo, Esq.
    Of Counsel

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

    I.    This Court Lacks Subject Matter Jurisdiction and Remand is
          Required. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

    II.   If Zuckerberg Raises An Issue of Fact as to His Current Domicile,
          Jurisdictional Discovery and a Hearing Are Necessary. . . . . . . . . . . .  9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

## TABLE OF AUTHORITIES

Page

*Acridge v. Evangelical Lutheran Good Samaritan Soc.*,
    334 F.3d 444 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Anwar v. Fairfield Greenwich, Ltd.*, No. 09 Civ. 0118,
    2009 WL 1181278 (S.D.N.Y. May 1, 2009) . . . . . . . . . . . . . . . . . . . . . . 10

*APWU v. Potter*, 343 F.3d 619 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Audi Performance & Racing, LLC v. Kasberger*, 273
    F. Supp. 2d 1220 (M.D. Ala. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bank of India v. Subramanian*, No. 06 Civ. 2026,
    2007 WL 1424668 (S.D.N.Y. May 15, 2007) . . . . . . . . . . . . . . . . . . . . . . 9

*Best Van Lines, Inc., v. Walker*, 490 F.3d 239 (2d Cir. 2007) . . . . . . . . . . . . . . 9

*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) . . . . . . . . . . . . . 5

*Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152 (2d Cir. 1996) . . . . . . . . . . . . . . 9

*City of New York v. Permanent Mission of India to the
    United Nations*, 446 F.3d 365 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 9

*Compania Naviera S.A. v. Perushahaan Pertambangan Minyak
    Dan Gas Bumi Negara*, 428 F. Supp. 1035 (S.D.N.Y. 1977) . . . . . . . . . . . 5

*ConnectU LLC v. Zuckerberg*, 482 F. Supp. 2d 3 (D.Mass. 2007) . . . . . . . . . . . 3, 4

*Ecology & Environment, Inc. v. Automated Compliance Systems, Inc.*,
    No. 00-CV-0887E(F), 2001 WL 1117160 (W.D.N.Y. Sept. 4, 2001). . . . . . . . 6

*Fein v. Chrysler Corp.*, No. CV-98-4113, 1998 WL 34032284
    (E.D.N.Y. Sept. 29, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Francke v. Martin*, No. 93 Civ. 1348, 1994 WL 132293
    (S.D.N.Y. Apr. 14, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gliatta v. Stein*, No. 03-CV-0214S, 2004 WL 1171714
    (W.D.N.Y. May 23, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES, CONTINUED

Page

*Gribler v. Weisblat*, No. 07 Civ. 11436, 2008 WL 563469
    (S.D.N.Y. Feb. 25, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Gutierrez v. Fox*, 141 F.3d 425 (2d Cir. 1998)  . . . . . . . . . . . . . . . . . . .  6

*Herrick Co. v. SCS Communications, Inc.,* 251 F.3d 315 (2d Cir. 2001)  . . . . . . . . .  7

*Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d
    1349 (M.D. Fla. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238 (2d Cir. 1984) . . . . . . . . . . . . .  7

*Kleiner v. Blum*, No. 03 Civ. 3846, 2003 WL 22241210
    (S.D.N.Y. Sept. 30, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Linardos v. Fortuna,* 157 F.3d 945 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . .  7

*McNutt v. General Motors Acceptance Corp. of Ind., Inc.,*
    298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Nat'l Artists Mgmt. Co., v. Weaving,* 769 F. Supp. 1224 (S.D.N.Y. 1991) . . . . . . .  8

*NYC Street Tree Consortium, Inc., v. Eber-Schmid,* No. 07-CV-0348,
    2009 WL 398726 (S.D.N.Y. Feb. 18, 2009) . . . . . . . . . . . . . . . . . . . . . . . .  6, 7

*Palazzo ex rel Delmage v. Corio*, 232 F.3d 38 (2d Cir. 2000)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 9

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459 (2d Cir. 1998) . . . . . . . . . . . . . .  6

*Reynolds v. Wohl*, 332 F. Supp. 2d 653 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . .  8

*Rhinehart v. CSX Transp., Inc.,* No. 10-CV- 0086A, 2010
    WL 2388859 (W.D.N.Y. June 9, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502
    (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) . . . . . . . . . . . .  5

## TABLE OF AUTHORITIES, CONTINUED

Page

*Ski Train Fire in Karprun, Austria on Nov. 11, 2000,*
    257 F. Supp. 2d 717 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Sligh v. Doe*, 596 F.2d 1169 (4th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*South Point, Inc., v. Krawczyk*, No. 07-CV-576A, 2008
    WL 434590 (W.D.N.Y. Feb. 14, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*United Food & Commercial Works Union, Local 919 v.*
    *CenterMark Props. Meriden Square, Inc.,*
    30 F.3d 298 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Williams v. Beemiller, Inc.*, No. 05-CV-836, 2009 WL 1812819
    (W.D.N.Y. June 25, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Willis v. Westin Hotel Co.*, 651 F. Supp. 598 (S.D.N.Y. 1986) . . . . . . . . . . . . . . .  8

## STATUTES

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

## PRELIMINARY STATEMENT

On July 8, 2010, the defendants removed this matter from New York state court to federal court. In their notice of removal, the defendants asserted that "complete diversity of citizenship under 28 U.S.C. § 1332 existed between the Plaintiff and Defendants at the time Plaintiff filed the Complaint, and has existed at all times from that date until the filing of this Notice of Removal." The notice also chided the complaint for alleging that defendant Zuckerberg resides in New York, and the notice asserted that Zuckerberg "was at the time of the commencement of this action, and still is, a domiciliary and citizen of California."

In prior federal litigation that also involved the disputed origins of Facebook, Zuckerberg took the opposite position in arguing that a federal court could not exercise subject matter jurisdiction over him. In that case, the district court conducted an evidentiary hearing following depositions and documentary discovery, and in the hearing Zuckerberg presented a mountain of evidence that he was, in fact, a New York domiciliary with the same citizenship as the plaintiffs who were claiming he stole the idea and code for Facebook from them. Even though he had already moved to California, where he now apparently resides, Zuckerberg asserted that he was still a New York resident without any fixed intention to remain domiciled at any address other than Dobbs Ferry, New York. The district court accepted Zuckerberg's representations and proof and found in his favor that he was a New York domiciliary.

Federal law is clear that for purposes of measuring subject matter jurisdiction and citizenship, a person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. Here, Zuckerberg will not be able to rebut the proof that he is a New York domiciliary because some of the hallmarks of domicile that he relied upon to convince the district court he was a New York domiciliary in the prior case remain in place. In other words, if he was a New York domiciliary after he moved to California in 2004, then he is presumptively still a New York domiciliary today.

Defendant's mere notice of removal is insufficient to rebut that presumption. Consequently, this Court lacks subject matter jurisdiction because defendant Zuckerberg remains a New York domiciliary and his citizenship is not diverse from plaintiff's. Even if Zuckerberg can establish current residence in California, residence does not equal domicile, as Zuckerberg himself argued four years ago and as he asserted in the notice of removal in this case. Zuckerberg never took steps to change some of the hallmarks of domicile and citizenship he used offensively in prior litigation, and those same hallmarks compel the same conclusion the district court reached in 2007: he is a domiciliary of New York. As a result, remand is required because this Court does not possess subject matter jurisdiction.

In the event that Zuckerberg presents proof of California residence that calls into question his current domicile, at the very least plaintiff is entitled to discovery and, if necessary, a hearing, on the issue of Zuckerberg's citizenship and domicile.

2

## FACTS

In 2004, defendant Zuckerberg and Facebook were parties in a lawsuit in federal district court in Massachusetts. *See ConnectU LLC v. Zuckerberg*, 482 F. Supp. 2d 3 (D. Mass. 2007), *rev'd on other grounds*, 522 F.3d 82 (1st Cir. 2008). The suit, originally premised on diversity jurisdiction, was brought by Tyler Winklevoss, Cameron Winklevoss, and Divya Narendra, three Harvard undergraduates who alleged that they hired Zuckerberg to help them code and complete their budding social network (originally called "HarvardConnection," but later re-named "ConnectU"). *See ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 86 (1st Cir. 2008). The plaintiffs alleged that instead of performing the work for which he had been hired, Zuckerberg stole the source code and other elements of the network's business plan and applied it to Facebook. *See id.*

Approximately one year after the suit was filed, Zuckerberg argued that the district court could not exercise subject matter jurisdiction over him because he and the plaintiffs were New York domiciliaries. *Id.* at 86-87. The district court allowed intensive jurisdictional discovery, including written discovery and depositions on the jurisdictional issues and Zuckerberg's domicile. The court then conducted a full-day evidentiary hearing of the jurisdictional issues. *Id.* at 87. That hearing consisted almost exclusively of Zuckerberg's testimony as to his domicile, and included four hours of cross examination. *Exhibit B* to Connors Aff.[1] In depositions

---

[1] Hereinafter all references to Exhibits are to the Exhibits attached to the accompanying affidavit of Terrence M. Connors.

and documents, as well as at the evidentiary hearing, Zuckerberg set about proving

that despite living away from his parent's house since his sixteenth birthday, he

nevertheless still was domiciled in New York. *Exhibit B* at 129.  Moreover, he made

a number of statements suggesting that even though he had moved to California, he

intended to remain a New York domiciliary in the future.  Those statements are

summarized below:

- He stated that he had *no intention* to remain in California at the time of his testimony. *See Exhibit B* at 66.

- He maintained his New York voter registration and New York driver's license. *Exhibit B* at 135, I-170, I-211, I-214.

- He traveled to the East Coast often, both to develop business interests as well as to visit his parents. *Exhibit B* at 67.

- He used and would continue to use his parent's address as a place to receive important papers, documents and bank statements, given the transient nature of his life in California. *See Exhibit B* at 18, 102, 106, I-172, I-177, I-200.

- He regarded to his parent's address as "home," a place he could always return to. *See Exhibit B* at 17, 18, 36, 102.

- He had not purchased a dwelling in California, and instead was living in a series of houses and apartments that included short-term leases. *Exhibit B* at 14-17, 18-20, 53-63.

The district court in Massachusetts accepted Zuckerberg's representations and

evidence and found him to be a New York domiciliary.  *See ConnectU*, 522 F.3d at

87.

4

In the time since that judicial finding some of these factors remain in place. Although Zuckerberg apparently continues to reside in California, it does not appear he has purchased a residence. His New York driver's license is still valid. His New York voter registration status is "active." It is unclear the extent to which he continues to travel to New York and conduct business in New York.

ARGUMENT

I.   <u>This Court Lacks Subject Matter Jurisdiction and Remand is Required.</u>

28 U.S.C. § 1441(a) provides that a defendant or defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* Here, defendants claim that this Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* Notice of Removal ¶¶ 6, 7.

Because the federal courts are courts of limited jurisdiction and removal is a purely statutory right that limits states' judicial powers, the removal provisions are to be strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941), *superseded by statue on other grounds as recognized in Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 692 (2003); *Gribler v. Weisblat,* No. 07 Civ. 11436, 2008 WL 563469, at *1 (S.D.N.Y. Feb. 25, 2008); *Compania Naviera S.A. v. Perushahaan Pertambangan Minyak Dan Gas Bumi Negara,* 428 F. Supp. 1035, 1037 (S.D.N.Y. 1977).

5

All factual and legal questions must be resolved in favor of the plaintiff's choice of state court. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). "Because the federal courts are of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal." *Williams v. Beemiller, Inc.*, No. 05-CV-836, 2009 WL 1812819, at *4 (W.D.N.Y. June 25, 2009). "Where there are doubts as to whether the statutory requirements have been met, they should be resolved against the moving defendants and the case should be remanded." *Ecology & Environment, Inc. v. Automated Compliance Systems, Inc.*, No. 00-CV-0887E(F), 2001 WL 1117160, at *4 (W.D.N.Y. Sept. 4, 2001). And the burden is upon the removing party to show that the requirements for removal were met. *South Point, Inc., v. Krawczyk*, No. 07-CV-576A, 2008 WL 434590, at *3 (W.D.N.Y. Feb. 14, 2008).

In addition to the strong presumption against removal and in favor of remand, there is a second presumption that applies here: whenever a person relocates to another state there is a presumption of continuing domicile -- i.e., a presumption that a party's domicile remains the same until it is superceded by a new domicile. *See Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (a party's domicile is "presumed to continue" until it is superceded by a new domicile); *NYC Street Tree Consortium, Inc., v. Eber-Schmid*, No. 07-CV-0348, 2009 WL 398726, at *3 (S.D.N.Y. Feb. 18, 2009); *see also Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003); *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003); *Jones v. Law Firm*

6

*of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). In order to effectuate a change in domicile, a party must have taken up residence in a new domicile and possess an intention to remain there indefinitely. *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 323 (2d Cir. 2001); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). Consequently, even when domicile appears to have been obtained in another place, the party seeking to establish the change in domicile must present positive and satisfactory proof that the domiciliary has moved with the intention of remaining in the new place and of abandoning the former domicile. *See, e.g.*, *NYC Street Tree Consortium*, 2009 WL 398726, at *3; *Kleiner v. Blum*, No. 03 Civ. 3946, 2003 WL 22241210, at *1 (S.D.N.Y. Sept. 30, 2003).

It also is well established that if diversity jurisdiction is challenged, the burden shifts to the removing party to support factual assertions with competent proof. *McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936); *United Food & Commercial Works Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *Rhinehart v. CSX Transp., Inc.*, No. 10-CV- 0086A, 2010 WL 2388859, at *3-4 (W.D.N.Y. June 9, 2010). Consequently, Zuckerberg bears the burden of establishing diversity jurisdiction. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *In re Ski Train Fire in Karprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 725 n.9 (S.D.N.Y. 2003); *Gliatta v. Stein*, No. 03-CV-0214S, 2004 WL 1171714, at *2 (W.D.N.Y. May 23, 2004). And Zuckerberg must do so by *clear and convincing*

7

evidence. *See Palazzo ex rel Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243 (2d Cir. 1984); *Kleiner v. Blum*, No. 03 Civ. 3846, 2003 WL 22241210, at *1 (S.D.N.Y. Sept. 30, 2003).

Zuckerberg relied on the presumption of continuous domicile throughout the course of the ConnectU litigation when he argued that he remained domiciled in New York.  Exhibit B at I-211, I-213.  Some of the factors he relied upon are factors that compel the same conclusion here: Mr. Zuckerberg's initial domicile and the presumption it continues until it has been rebutted by clear and convincing evidence; Mr. Zuckerberg's valid New York State drivers license; Mr. Zuckerberg's valid New York voter registration status; Mr. Zuckerberg's failure to purchase property in California; Mr. Zuckerberg's trips to New York state.  *See, e.g., Nat'l Artists Mgmt. Co., v. Weaving,* 769 F. Supp. 1224 (S.D.N.Y. 1991) (the determination of domicile considers factors such as voting, taxes, property, bank account, places of business or employment, location of physician); *see also Reynolds v. Wohl,* 332 F. Supp. 2d 653, 658-59 (S.D.N.Y. 2004) (the court considers whether the resident owns or rents his dwelling and where he keeps his personal belongings); *Francke v. Martin,* No. 93 Civ. 1348, 1994 WL 132293, at *2 (S.D.N.Y. Apr. 14, 1994) (among the factors considered in determining a party's domicile are residence, investment and bank account and community ties); *Willis v. Westin Hotel Co.,* 651 F. Supp. 598, 604 (S.D.N.Y. 1986) (a temporary abode in a new locale is inadequate to show a change in domicile).

8

In sum, although the notice of removal asserts that Zuckerberg "is a domiciliary and citizen of California," *(See* Defendant Zuckerberg's Notice of Removal ¶ 5) the facts suggest otherwise. Zuckerberg cannot claim domicile in one place to suit his legal interests in one case and then simply change his mind -- and his domicile-- to a different place to suit his legal interests in another. Evidence from the public record demonstrates that Zuckerberg did not take the necessary steps to change his domicile. His failure to take those steps deprives this Court of subject matter jurisdiction and necessitates remand.

II.   <u>If Zuckerberg Raises An Issue of Fact as to His Current Domicile, Jurisdictional Discovery and a Hearing Are Necessary.</u>

Whether a person has manifested his intent to change domicile is a question of fact. *See Palazzo*, 232 F.3d 38 at 42-43; *Katz*, 737 F.2d at 244; *Bank of India v. Subramanian*, No. 06 Civ. 2026, 2007 WL 1424668, at *3 (S.D.N.Y. May 15, 2007); *see also Sligh v. Doe*, 596 F.2d 1169, 1170-71 (4th Cir. 1979). But this is so only when jurisdictional facts are placed in dispute with competent evidence.

If that showing is made, district courts are given considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, including authorizing discovery on the issues of personal and subject matter jurisdiction. *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003); *see also Best Van Lines, Inc., v. Walker*, 490 F.3d 239, 245 (2d Cir. 2007); *City of New York v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 368 (2d Cir. 2006). Consequently, when a plaintiff moves to remand an action to state court after a defendant has removed

9

it to federal court, a district court may authorize discovery on the issue of subject matter jurisdiction. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996); *Anwar v. Fairfield Greenwich, Ltd.*, No. 09 Civ. 0118, 2009 WL 1181278, at \*2 (S.D.N.Y. May 1, 2009); *Fein v. Chrysler Corp.*, No. CV-98-4113, 1998 WL 34032284, at \*9-10 (E.D.N.Y. Sept. 29, 1998) (noting that the cases "indicate a preference, even a requirement, for jurisdictional discovery" in connection with a motion to remand).

As a matter of law, Zuckerberg's domicile remains in New York until he proves otherwise. In the event he submits competent evidence of a new domicile and raises a question of fact in this regard, plaintiff is entitled to discovery and a hearing on the issue of Zuckerberg's current domicile.[2]

---

[2]Four days ago, defendant Zuckerberg's counsel offered to provide plaintiff with evidence of California domicile. Plaintiff has accepted that invitation, and it is anticipated that Zuckerberg will provide some evidence of his current California residence.

Residence, however, does not equal domicile. And some of the evidence to which Zuckerberg pointed in the offer of proof (e.g., renting an apartment in California) was evidence that Zuckerberg's opponents used unsuccessfully to show California domicile in the prior case. While the evidence that Zuckerberg will send is pertinent to the issue of residence and possibly domicile as well, plaintiff's acceptance of Zuckerberg's invitation to review this evidence should not be construed as a waiver of plaintiff's right to discovery and a hearing to explore additional evidence of New York domicile. After all, Zuckerberg bears the burden of showing he has changed his domicile.

## CONCLUSION

Subject matter jurisdiction is a threshold inquiry in every federal case, because the federal courts are courts of limited jurisdiction. Defendant Zuckerberg used subject matter jurisdiction as a shield in prior litigation, and did so by presenting evidence of his New York domicile. That proof is at least in part unchanged, and it appears that he has not taken the steps necessary to rebut the presumption that his domicile remains in New York. This Court should not permit him to flip-flop his domicile as his litigation needs dictate and thus to vest this Court with subject matter jurisdiction it does not possess.

This Court should remand this matter to state court, or, in the alternative, permit discovery and a hearing on Zuckerberg's domicile if he raises a factual issue with competent evidence as to his current domicile.

DATED: Buffalo, New York
   August 9, 2010

/s/Terrence M. Connors
Terrence M. Connors, Esq.
Lawrence J. Vilardo, Esq.
James W. Grable, Jr., Esq.
CONNORS & VILARDO, LLP
Attorneys for Plaintiff
1000 Liberty Building
424 Main Street
Buffalo, New York 14202
716-852-5533
tmc@connors-vilardo.com
ljv@connors-vilardo.com
jwg@connors-vilardo.com

Paul A. Argentieri, Esq.
188 Main Street
Hornell, New York    14843
607-324-3232
