UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

Plaintiff,

-vs-

MARK ELLIOT ZUCKERBERG
and FACEBOOK, INC.

Defendants.

---

# REPLY MEMORANDUM OF LAW

### Docket No. 10-CV-569-RJA

CONNORS & VILARDO, LLP
Attorneys for Plaintiff
1000 Liberty Building
424 Main Street
Buffalo, New York 14202
716-852-5533

Terrence M. Connors, Esq.
Lawrence J. Vilardo, Esq.
    Of Counsel

## INTRODUCTION

Defendants' response tells this Court that Mark Zuckerberg now has "put down his roots" in California. But as proof of those "roots," defendants provide this Court with an expired lease on an apartment that Zuckerberg does not own and a set of exhibits that demonstrate transience, not a change to a new domicile with an intention to make it a permanent abode.

Reading defendants' inflammatory, adjective laden response, it is easy to forget that Zuckerberg bears the burden of proof by clear and convincing evidence; that he is the one who forum shopped his way out of New York State Supreme Court; that when it suited his litigation strategy to prove he was domiciled in New York a few years ago, he succeeded using some of the same hallmarks of New York domicile he now dismisses as irrelevant; and that the law presumes domicile to continue unless proven otherwise.

Quite simply, Zuckerberg has failed to rebut the presumption of continuing domicile in New York. On the contrary, his submission proves that since 2007, when a federal court agreed with him that he was a New York domiciliary in September 2004, he has maintained the ability to assert domicile in both California or New York, depending on the whim of his current litigation strategy. Indeed, the cumulative evidence before this Court establishes that Zuckerberg is as transient now as he was in 2004, 2006, and 2007, so that his claim that at some point he has relocated his domicile from New York to California has not been proven by clear and convincing evidence, as is his burden and his alone. If anything, he has proven his "roots" in New York were never uprooted.

In federal court, subject matter jurisdiction is not self-conferred – especially in

cases like this one grounded entirely in issues of state law where all doubts are resolved in favor of remand and against removal. Under these circumstances and on this record, remand is required.

In the alternative, if this Court construes Zuckerberg's submission as somehow raising some issue as to domicile, jurisdictional discovery is necessary.

## I. ZUCKERBERG HAS FAILED TO MEET HIS BURDEN OF PROVING BY CLEAR AND CONVINCING EVIDENCE THAT HE CHANGED HIS DOMICILE.

Plaintiff's motion provided this Court with a description of the double-barreled presumption Zuckerberg must overcome: 1) the strict presumption against removal and in favor of remand; and 2) the presumption of continuing domicile.

Defendants' response completely ignores the first presumption. See generally Zuckerberg's Responding Memorandum of Law ("Responding Mem."). Instead, defendants provide this Court with a multi-page description of how Facebook has grown since 2004 – the time when a 2007 judicial decision agreed with Zuckerberg that the state of his domicile was New York. Apparently, defendants are trying to suggest that because Facebook has grown, Zuckerberg changed his domicile.[1] See id. at 3-8.

Putting that illogical non-sequitur aside, the circumstances of Zuckerberg's

---

[1] This description also discusses Facebook's "venture capital funding," see Responding Mem. at 5-6 – in an apparent effort to support the assertion that plaintiff's claim in this lawsuit is "absurd" and "preposterous." Notably, the factual description does not ever assert that Zuckerberg did not sign the document at issue, nor does it deny that plaintiff paid Zuckerberg $1000 for the interest in Facebook described in the document.

That Zuckerberg may have gotten more money from "venture capital funding" after taking plaintiff's $1000 does not preclude plaintiff's claim, any more than transient residence and an expired apartment lease in California precludes continuing domicile in New York.

-2-

residence and domicile have not changed in a manner sufficient to rebut the presumption of continuing domicile in New York.  There is no question that, for purposes of this motion, the burden is on Zuckerberg to prove by clear and convincing evidence that he changed his domicile.  *See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); Zuckerberg's Responding Memorandum of Law ("Responding Mem.") at 9 (conceding that *Palazzo* places the burden of proof by clear and convincing evidence on the party alleging a new domicile).  He tries to meet that burden by showing he resides in California, but that is where he lived in 2004 and 2006.  In other words, proof that he lives in an apartment in California and works at Facebook represents no change from September 2004, when he was domiciled in New York as a matter of law.  Now, as then, he lives in an apartment he does not own while working at Facebook.  *Compare* Responding Exhibits A-B (proof that Zuckerberg lives in an apartment in California and works at Facebook) *with ConnectU*, 482 F. Supp. 2d at 28-29 (describing Zuckerberg's residence in California and work at Facebook during the pertinent period in 2004).

The documents submitted by defendants show that Zuckerberg's residence is a rented apartment with a one-year lease that expired on February 28, 2010.  *See* Responding Exhibit A at 1.  Apparently, since the lease expired he has been living there by virtue of a month-to-month tenancy.  The lease had expired both when this matter was commenced and on the date it was removed.  It also appears that Zuckerberg does not own the appliances in the apartment, because the lease indicates that the landlord furnished the rental unit with a stove, oven, microwave, refrigerator, wine refrigerator, disposal, washer, and dryer.  *See id.* (page 3 of 5).  Far from a residence

where one has "put down his roots," the current Zuckerberg apartment is just another transient, temporary stop similar to the string of apartments described in the *ConnectU* litigation. *Cf.* 482 F. Supp. 2d at 28-31 (describing several rented apartments with short-term residence, including a one-year lease in a rental for which a "minimal amount of furniture was purchased").

The fact that a party claiming a changed domicile does not own his residence in the state of claimed domicile, nor any real property in that state, is proof that courts can consider in determining whether he has changed his domicile. *See, e.g., Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60, 83 (S.D.N.Y. 1999) (citing and quoting collected cases and listing those factors among those courts can consider in evaluating domicile). Courts use a "totality of the evidence" approach and no single factor is conclusive. *See id.* In that regard, courts can consider "the nature of the residence" in which the party resides. *Id.* A rented apartment with a month-to-month lease is temporary by its very nature.

In addition, Zuckerberg does not consistently use his apartment as his home address on important documents. On the contrary, he uses at least five different addresses in the manner that most of us use one.[2] While the full address of the apartment he claims as his residence and domicile is redacted from Zuckerberg's proof,

---

[2] It is not possible to determine on this record whether he uses more than five addresses. Zuckerberg's redactions exceed those called for by Federal Rule of Civil Procedure 5.2(a) and the Local Rules. Addresses in his exhibits are redacted down to their zip codes and five different zip codes appear on his exhibits, which suggests a minimum of five addresses, and possibly more if he uses more than one address within any one of the five zip codes.

Whether the redacted information reveals five addresses or more than five, the use of so many different zip codes raises factual questions about why he uses so many different addresses.

the zip code where the property is located is 94306.  *See* Responding Exhibit A (the lease).  On his pay stub, Zuckerberg's listed zip code is at a different (also redacted) location with a 94032 zip code.  *See* Responding Exhibit B.  His utility bill for the 94306 property is mailed to another redacted address with a 94302 zip code.  *See* Responding Exhibit C.  His 2008 state and federal tax returns, filed when the lease on his apartment had not yet expired (October 2009), use a 94302 zip code, not the 94306 apartment zip code.  *See* Responding Exhibits F and G.  His car is titled to still another redacted address, in still another different zip code, this time 94301, *see* Responding Exhibit D, while his vehicle registration uses a 94302 address, *see* Responding Exhibit E.  His current California Driver's License, issued on April 6, 2010 (after his apartment lease expired), lists still another address and sets forth a fifth zip code as part of its redacted address: 94304.  *See* Responding Exhibit J.  This zip code -- and <u>not</u> his apartment's -- also appears on his credit card statement, bank statement, and cell phone bill, *see* Responding Exhibits L, M, N, while his Morgan Stanley statement sets forth a redacted address with a 94302 zip code, *see* Responding Exhibit O.  His voter registration also does not use his apartment address, and instead uses the 94301 zip code.  *See* Responding Exhibit H.  At least one of these many addresses apparently is a post office box.  *See* Zuckerberg Declaration ¶ 7.

This dizzying array of zip codes is gleaned from the handful of exhibits Zuckerberg provided to try to meet his burden of proving by clear and convincing evidence that he changed his domicile to California with an intention to make it his exclusive state of citizenship.  Even though the zip codes are all in California, they

suggest transient and temporary living arrangements, not an established "home" or "roots."

What is more, Zuckerberg's self-selected proof also shows that he continues to use a cell phone with a New York area code. See Responding Exhibit N (cell phone bill).  And, notwithstanding Zuckerberg's insistence that he is no longer registered to vote or licensed to drive in New York, the official records of the State of New York disagree with his assertion.  See Moving Exhibit D (showing "active" voter registration status and a valid, active New York state driver's license).  Indeed, New York law charges Zuckerberg with the duty to notify the state Department of Motor Vehicles ("DMV") when he no longer resides at his Dobbs Ferry, New York address.  See N.Y. Vehicle & Traffic L. § 505(5).  When a holder of a New York driver's license surrenders his New York license to obtain a license in another state, the New York DMV delivers that information to the state board of elections, to inform the board that a registered voter no longer resides in New York.  See N.Y. Vehicle & Traffic L. § 505(6). Zuckerberg's failure to surrender his driver's license to the New York DMV or notify it of his change in address means that, as far as New York state is concerned, Zuckerberg continues to reside in New York and is licensed to drive and registered to vote from his New York address.

The remainder of Zuckerberg's documents also are unavailing and fail to provide clear and convincing evidence of a new domicile.  Filing and paying California taxes in 2008 (he has not paid 2009 taxes), voting once in the 2008 presidential election in California, and owning a car in California, all suggest that perhaps he resided in California in 2008 and perhaps even at present, but it does not prove that he changed

his domicile to California. The hallmarks of his continuing New York domicile (driver's license, voter registration, cell phone area code), as well as the expired apartment lease and five different zip codes he uses for his addresses, suggest that nothing has changed and that he never put down new roots in California.

Zuckerberg's declaration does not change the analysis or help him meet his burden. It is well established that a federal court should not rely on self-serving declarations in determining where a party is domiciled for the purposes of diversity jurisdiction. See *Shcherbakovskiy v. Seitz*, 2010 WL 1063566, at *3 (S.D.N.Y. March 23, 2010); *Bank of India v. Subramanian*, 2007 WL 1424668, at *4 (S.D.N.Y. May 15, 2007). Indeed, subjective statements of affiliation with a particular state cannot suffice for a finding of state citizenship if such statements are belied by objective indicia to the contrary. See *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986); *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

Here, the objective indicia favored by the courts suggest that while he may reside in California, he has not changed his domicile from New York. Zuckerberg rents his residence month to month. He does not own a home or real property in California. He has provided no evidence that he belongs to California clubs, churches, or social organizations. Cf. *Hodge v. Sun Qu Hong*, 2006 WL 2669467, at *2 (W.D.N.Y. Sept. 15, 2006) (noting that the place where one belongs to clubs and churches can be an indicator of domicile); *Jedrejcic*, 190 F.R.D. at 83 (noting that membership in social organizations is one of the objective criteria indicative of domicile). He still is registered to vote and licensed to drive in New York. Thus, other than his self-serving declaration

of intent, nothing meaningful has changed since 2004 – a time when he insisted he still was domiciled in New York.

Zuckerberg swears he decided to remain permanently in California at some point prior to 2006, see Zuckerberg Declaration ¶ 32, but his actions speak louder than his words. One who has uprooted from one place to lay down roots in another does not live a transient existence, hopping from apartment to apartment, living month to month on an expired lease, using five different zip codes for personal mail. When it suited Zuckerberg's litigation strategy to argue that the presumption of continuing domicile proved his domicile in New York, he distanced himself from the proof his opponents used to try to prove California domicile: his residence in a California apartment, his California employment, and his ownership of a car in California. Zuckerberg argued that such evidence was insufficient to overcome the presumption of his continued New York domicile. Zuckerberg won. Today, Zuckerberg embraces that same proof as clear and convincing evidence that he has changed his domicile to California. His proof falls woefully short, evidences transience and, at most, raises more questions than answers.

## II. IF THIS COURT GENEROUSLY CONSTRUES ZUCKERBERG'S SHOWING, JURISDICTIONAL DISCOVERY IS NECESSARY.

The case law, including the cases cited by Zuckerberg, recognize that courts have "broad discretion" to order jurisdictional discovery and that courts should consider "compelling such discovery where 'jurisdictional facts are placed in dispute. . . .'" *Gudavadze v. Kay*, 556 F. Supp. 2d 299, 308-09 (S.D.N.Y. 2008) (cited and discussed

in Zuckerberg's Responding Mem. at 16).

Zuckerberg's use of multiple zip codes and addresses while living in a rental unit under an expired lease with a month-to-month tenancy; his current, active, unexpired New York driver's license and voter registration; his phone number with a New York area code; his lack of property ownership in California; and the absence of any evidence of social ties in California, all demonstrate that he has not changed his domicile to California from New York. Indeed, with respect to his domicile, not much of anything has changed since 2004.

If this Court generously construes Zuckerberg's submission as some evidence of a clear and convincing demonstration of abandonment of New York domicile and acquisition of California domicile, at the very least discovery is necessary to examine the supporting evidence more closely and to resolve Zuckerberg's ongoing transience. Indeed, the use of so many zip codes on personal documents alone raises several questions that bear on subject matter jurisdiction and domicile, including, among other things: why Zuckerberg uses so many different addresses when listing his home address; why his residence is not more fixed and permanent; and why he seems to have moved so often and so frequently from rental to rental.

In addition, the breach of his duty to notify the State of New York of his change of residence raises questions about, among other things: whether he really has changed his residence; and what efforts he has undertaken, if any, to surrender his New York driver's license and cancel or inactivate his New York voter registration; and if he has not undertaken any such efforts, why.

These, of course, are not all the questions that are prompted by Zuckerberg's

living arrangements and submissions. Here, even defendants' cherry-picked proof of residence raises more questions than answers, and the appropriate place to explore the answers to those questions is in discovery, not self-serving affidavits.

## CONCLUSION

Defendants' litigation strategy has changed, but Mark Zuckerberg's transient residence in California has not. He is living month to month under an expired lease in a rented apartment with rented appliances. Indicia of New York domicile, including his New York driver's license, New York voter registration, and New York area code, remain in place. And a close inspection of the documents he submitted reveals that when he is expected to set forth his home address in some context other than shopping for his preferred lawsuit forum, he uses numerous zip codes and does not treat his apartment as his home address.

This Court should grant plaintiff's motion and remand this matter for lack of subject matter jurisdiction, because defendants have failed to prove a change of domicile.

In the event this Court generously construes the defendants' evidence and disregards the substantial proof of ongoing transience, jurisdictional discovery is necessary before this Court can conclude that it possesses subject matter jurisdiction.

DATED:  Buffalo, New York
        September 13, 2010

                                            /s/ Terrence M. Connors
                                        Terrence M. Connors, Esq.
                                        Lawrence J. Vilardo, Esq.
                                        James W. Grable, Jr., Esq.
                                        CONNORS & VILARDO, LLP
                                        Attorneys for Plaintiff
                                        1000 Liberty Building
                                        424 Main Street
                                        Buffalo, New York 14202
                                        716-852-5533
                                        tmc@connors-vilardo.com
                                        ljv@connors-vilardo.com
                                        jwg@connors-vilardo.com

                                        Paul A. Argentieri, Esq.
                                        188 Main Street
                                        Hornell, New York   14843
                                        607-324-3232

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                Plaintiffs,

-vs-

MARK ELLIOT ZUCKERBERG
and FACEBOOK, INC.,

                Defendants.

**AFFIDAVIT OF SERVICE**
No. 10-CV-00569-RJA

---

STATE OF NEW YORK  )
COUNTY OF ERIE       ) SS:
CITY OF BUFFALO     )

      TERRENCE M. CONNORS, ESQ., being duly sworn, deposes and says that he caused a copy of his Reply Memorandum of Law to be filed with the Clerk of the United States District Court for the Western District of New York using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case: Thomas H. Dupree, Jr.; Terrance P. Flynn; and Lisa T. Simpson; and via U.S. mail to the following:

    1.    Orin Snyder
          Alexander H. Southwell
          Gibson, Dunn & Crutcher LLP
          200 Park Avenue, 47th Floor
          New York, NY 10166-0193

                                            _/s/ Terrence M. Connors_
                                            Terrence M. Connors, Esq.
                                            CONNORS & VILARDO, LLP
                                            Attorneys for Plaintiff
                                            1000 Liberty Building
                                            424 Main Street
                                            Buffalo, New York 14202
                                            (716) 852-5533
                                            tmc@connors-vilardo.com

Sworn to before me this
13th day of September, 2010.

_/s/ Lawlor F. Quinlan III_
Notary Public

LAWLOR F. QUINLAN, III
No. 02QU6195806
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Nov. 3, 2012