UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

PAUL D. CEGLIA,

                Plaintiff,

                                                      DECISION AND ORDER
       v.                                             10-CV-569A

MARK ELLIOTT ZUCKERBERG, *individually and*
FACEBOOK, INC.,

                Defendants.

─────────────────────────────────

## **INTRODUCTION**

Plaintiff Paul Ceglia commenced this action in New York State Supreme Court asserting a breach of contract claim against defendants Mark Elliot Zuckerberg and Facebook, Inc. ("Facebook"). Defendants removed to federal court based upon diversity jurisdiction. Plaintiff moves to remand claiming that diversity is lacking because he and defendant Zuckerberg are both domiciled in New York. Zuckerberg opposes the motion and claims that his domicile is California. For the reasons stated, the Court finds that diversity jurisdiction exists because Zuckerberg is domiciled in California. Accordingly, the motion to remand is denied.

## **BACKGROUND**

In this action, plaintiff claims that, pursuant to the terms of a 2003 contract between Zuckerberg and himself, he (plaintiff) owns an eighty-four percent interest in defendant Facebook. Facebook is a social media company that was founded by

Zuckerberg in 2004.  It has since grown into a highly successful company employing over 1,600 employees with more than 500 million active users.  Zuckerberg is the founder, Chairman and CEO of Facebook, a Delaware corporation with its principal place of business in Palo Alto, California.

At issue in this motion is defendant Zuckerberg's domicile.  Zuckerberg's domicile was also the subject of a prior unrelated federal proceeding.  See ConnectU LLC v. Zuckerberg, et. al, 482 F. Supp. 2d 3 (D. Mass. 2007), rev'd, 552 F.3d 82 (2008).  In that case, Zuckerberg asserted New York domicile as of September 2004, the date on which that case had been filed.  At the time, Zuckerberg had just completed his sophomore year at Harvard University, had spent the summer of 2004 in California, and had decided to take a temporary leave of absence from Harvard.  Zuckerberg represented to the ConnectU court that, despite his temporary residency in California, he intended to return to New York after graduating from Harvard.  Based upon those representations, the court determined that Zuckerberg's domicile as of September 2, 2004, was New York.  Id. at 10.

As it turns out, Zuckerberg never did return to Harvard or to New York.  Instead, he remained in California where he continues to live today.  Zuckerberg explains that certain events occurred in the fall of 2004 that caused him to alter his original plans and remain in California permanently.  From 2004 to the present, Facebook grew from a small startup internet company with only a handful of employees to an international social media company with a global presence.  Zuckerberg is the Chairman and CEO of the company and runs its day-to-day operations.  He rents an apartment in Palo Alto,

California, that is within walking distance to Facebook headquarters. Zuckerberg has provided a sworn affidavit stating that he intends to live in California indefinitely.

According to plaintiff, Zuckerberg's actual domicile remains New York where his parents still reside. Plaintiff claims that Zuckerberg has failed to demonstrate his intent to remain in California indefinitely and, as such, the law presumes that his prior New York domicile remains. Alternatively, plaintiff argues that jurisdictional discovery and a hearing are necessary to ascertain Zuckerberg's true domicile.

## DISCUSSION

Plaintiff seeks remand asserting a lack of diversity jurisdiction. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." Id. If Zuckerberg is a citizen of New York, as plaintiff contends, then diversity would be lacking because both the plaintiff and one of the defendants would be from the same state.

A person's citizenship for purposes of diversity is based upon his domicile. Domicile is "the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)(quoting 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3612 (2d ed.1984)). A person can have multiple residences, but only one domicile. Rosario v. I.N.S., 962 F.2d 220, 224

(2d Cir. 1992)("One may have more than one residence in different parts of this country or the world, but a person may have only one domicile."). Domicile is determined as of the date the complaint is filed. LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001).

A person's domicile, once established, is presumed to continue absent evidence that it has been changed. Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998). To effect a change in domicile, two elements are required: (1) residence in a new domicile; and (2) the intention to remain there indefinitely. Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). A person asserting a change in domicile bears the burden of proving it by clear and convincing evidence. Id.

As of September 2004, Zuckerberg's domicile was New York.[1] The issue, then, is whether Zuckerberg changed his domicile to California before June 30, 2010–the date that this action was filed. Zuckerberg bears the burden of proving his change in domicile by clear and convincing evidence. Courts consider the following objective indicators to ascertain domiciliary intent:

> current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration [and] payment of taxes.

---

[1] Zuckerberg does not dispute this, nor can he. Having successfully persuaded a different federal district court that his domicile as of September 2004 was New York, Zuckerberg would be judicially estopped from denying otherwise now. See ConnectU, 482 F.Supp. at 12 ("[W]here a party has adopted one position, secured a favorable decision, and then taken a contradictory position in search of legal advantage, the doctrine of judicial estoppel may be invoked.") (quotations omitted).

See Connolly v. Spielman, 999 F. Supp. 270, 272-73 (N.D.N.Y. 1998)(citing 13B Charles Alan Wright, et al., Federal Practice and Procedure § 3612, (2d ed. 1984)).  No single factor is conclusive and the determination is made based upon the totality of the circumstances.

Those objective indicators support Zuckerberg's claim of California domicile.  He currently resides in California and has done so continuously since the summer of 2004.  He has no other residences.  He does not own real property in New York, California or elsewhere.  In 2007, he purchased and registered a vehicle in California.  He does not own or lease any other vehicles.  Zuckerberg has paid California resident income taxes since 2004.  He lists his California residence on his federal income tax returns.  He has not filed taxes in any state other than California since 2004.  Since at least 2007, he has been registered to vote in California and has voted in California.  He possess a valid California driver's license issued in 2006.  His bank and brokerage accounts list his California residence and his investment advisors are located in California.  Zuckerberg receives his mail at a California post office box and at his Facebook office.  Most significantly, however, he is the owner, founder and CEO of a multi-billion dollar corporation[2]  with over 1,600 employees and a principal place of business within walking distance to his current residence in Palo Alto, California.  Together, these facts overwhelmingly show that as of June 2010, Zuckerberg had changed his domicile to California and intends to remain there indefinitely.

---

[2] See David Carr, Online, A Nation of Serfs, N.Y. Times, Feb. 14, 2011, section B (citing "reports in The New York Times and elsewhere that Facebook is now valued at $50 billion").

Plaintiff cites what he perceives as a "dizzying array of zip codes" used by Zuckerberg to support his claim that Zuckerberg has no fixed roots in California. That Zuckerberg may use different addresses for different purposes provides no support for plaintiff's position where, as here, each zip code begins with a Northern California ("94") prefix.

Plaintiff also claims that Zuckerberg's assertion of California domicile is not credible in light of his prior claim of New York domicile. The fact that Zuckerberg was domiciled in New York in September 2004 does not preclude a finding of California domicile as of June 2010. In 2004, Zuckerberg was a 20-year old college student from New York who had decided to spend the summer of his sophomore year in California. Although he had originally intended to return to Harvard at the end of that summer, events occurred causing him to alter that plan. By August 2004, Facebook experienced significant growth and a $500,000 investment. At that point, Zuckerberg decided to take a temporary leave of absence from Harvard. Even then, however, he ultimately intended to return to Harvard to obtain his undergraduate degree. Over the next year, Facebook grew rapidly and by 2005, it had received $12.7 million in funding and had over 5 million users. That growth continued. In 2006, it had grown to 12 million users and had raised $27.5 million. Zuckerberg claims that at some point in 2006, he decided not to return to Harvard or to New York. Instead, he decided to remain in California to run Facebook. By 2007, Facebook had grown to over 50 million users. As of 2010, when this lawsuit was filed, Facebook had over 500 million active users and employed over 1,600 people. It is simply incomprehensible to believe that Zuckerberg intends to

abandon his life, friends and daily management of his multi-billion dollar company to return to New York and live near his parents.

Although the law presumes that a prior domicile will continue until a change has occurred, there is ample evidence of Zuckerberg's change in domicile. The evidence of this change is so overwhelming that this Court finds a hearing on the issue to be unnecessary. See Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)(noting that district courts have "considerable procedural leeway" to resolve a subject matter jurisdiction challenge via a hearing, jurisdictional discovery, or based solely on affidavits).

## **CONCLUSION**

For the reasons stated, plaintiff's motion to remand is denied. Plaintiff shall file an amended complaint within 14 days of this Order or advise the Court of his intent not to do so.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 28, 2011