UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------- X
PAUL D. CEGLIA, an individual,            :
           Plaintiff,                    :  CIVIL ACTION NO. 10-569(RJA)

  -against-                              :

MARK ELLIOTT ZUCKERBERG, an               :  **DECLARATION OF CHRISTOPHER ("KIP") P. HALL IN OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR EXPEDITED DISCOVERY**
individual, and FACEBOOK, INC., formerly
known as TheFaceBook, Inc., a Delaware    :
corporation,
                                          :
           Defendants.
                                          :
------------------------------------- X

      Christopher P. Hall, an attorney duly admitted to practice before the courts of the State of New York in good standing, hereby affirms as follows:

      1.    I am a member of DLA Piper LLP (US), counsel for Plaintiff, Paul D. Ceglia. I am a member in good standing of the bar of the State of New York and of the United States District Court for the Western District of New York, and I am licensed to practice law before all courts in the State of New York. I make this Declaration based on personal knowledge.

      2.    This Declaration is submitted in opposition to Defendants' Motion for Expedited Discovery (the "Motion"), filed June 2, 2011, and in support of Plaintiff's Cross-Motion for Expedited Discovery.

      3.    On June 6, 2011, Dennis Vacco, co-counsel for Plaintiff, and I called Orin Snyder, counsel for Defendants, to engage in a meet and confer pursuant to Local Civil Rules 16 and 26. Later that day, we participated in a call with Mr. Snyder in which I

represented that Plaintiff was not opposed to expedited discovery and proposed that the next steps in the litigation should be an agreement on a mutual expedited discovery protocol including: (1) the mutual and expedited production by Plaintiff of the documents requested by Defendants and the documents that Plaintiff requires from Defendants; and (2) the protocol for, and examination of, the original version of the Agreement referenced in, and appended to, the First Amended Complaint in this matter.

4. Mr. Snyder stated that he could not assess Plaintiff's request for a mutual exchange of discovery without first seeing a list of the discovery Plaintiff seeks.

5. I responded the next day, June 7, 2011, by emailing Mr. Snyder a letter (attached as Ex A) requesting the expedited production and exchange of the following:

   a. The original signed version of any purported agreements between Mr. Zuckerberg, on the one hand, and Paul Ceglia or StreetFax, on the other, and the native version(s).

   b. All copies and drafts of agreements between Mr. Zuckerberg, on the one hand, and Paul Ceglia or StreetFax, on the other, including copies in electronic or hard copy form and the native version(s) of those copies.

   c. Access to, and images of, Mr. Zuckerberg's Harvard University e-mail account and all previous copies, downloads or images of all such email accounts.

   d. Access to, and images of, any e-mail accounts or other electronic media to which Mr. Zuckerberg linked his Harvard University e-mail account and/or to which Mark Zuckerberg forwarded emails from his Harvard University e-mail account, and all previous copies, downloads or images of all such email accounts and electronic media.

   e. All reports available from Harvard University with respect to the history of Mr. Zuckerberg's Harvard University email account.

   f. Defendants' consent to access to, and obtaining of: (a) the mirror images of electronic memory devices in the possession of Parmat and Associates as set forth in Exhibit A of the Order for Discovery

of Computer Memory Devices entered into by the Court in the ConnectU, Inc. litigation and for which Zuckerberg or Facebook is identified as the original custodian; and (b) any other hard drives, backups, computers and other electronic media used by Mr. Zuckerberg between September 1, 2002 and December 31, 2004 and copies, downloads or images thereof.

g. Samples of Mr. Zuckerberg's signatures and handwriting from 2002 – 2004, and today.

6. Based upon information from Plaintiff's experts, I also said to Mr. Snyder on June 6, 2011 that Plaintiff believes that the next step should be agreement on arrangements for the "destructive testing" of the original version of the Agreement referenced in, and appended to, the First Amended Complaint and any agreement between Messrs. Ceglia and Zuckerberg in Mr. Zuckerberg's possession. Mr. Snyder stated that he did not believe destructive testing would be required. Accordingly, in my June 7, 2011 letter I also asked Mr. Snyder to explain why destructive testing would not be necessary.

7. On June 10, 2011, Mr. Snyder wrote, among other things (*see* Ex. B) that Plaintiffs were not willing to consider any mutual expedited exchange of discovery and that destructive testing was not necessary to confirm the veracity of the Facebook Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of June, 2011.

                                        DLA PIPER LLP (US)

                                        By: /s/ Christopher ("Kip") P. Hall
                                                1251 Avenue of the Americas
                                                New York, New York 10020
                                                (212) 335-4500
                                                kip.hall@dlapiper.com
                                                *Attorneys for Plaintiff*

# EXHIBIT A
# TO DECLARATION OF
# CHRISTOPHER ("KIP") P. HALL



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Christopher P. (Kip) Hall
kip.hall@dlapiper.com
T  212.335.4705
F  917.778.8705

June 7, 2011
*VIA E-MAIL OSNYDER@GIBSONDUNN.COM*

Orin Snyder, Esq.
Gibson, Dunn & Crutcher
200 Park Avenue
New York, NY 10166-0193

Re:   Ceglia v. Zuckerberg et al.
      Civil Action No. 10-569(RJA)
      **Meet & Confer Requirements and Proposal**

Dear Orin:

This letter follows our call yesterday, in which plaintiff proposed that both sides avoid unnecessary motion practice and agree on a protocol for mutual expedited discovery. This letter specifically responds to your request for an identification of the documents plaintiff seeks from defendants:

1.   The original signed version of any purported agreements between Mr. Zuckerberg, on the one hand, and Paul Ceglia or StreetFax, on the other, and soft copies, including the native version(s).

2.   All copies and drafts of agreements between Mr. Zuckerberg, on the one hand, and Paul Ceglia or StreetFax, on the other, including copies in electronic or hard copy form and the native version(s) of those copies.

3.   Access to, and images of, Mr. Zuckerberg's Harvard University e-mail account and all previous copies, downloads or images of all such email accounts.

4.   Access to, and images of, any e-mail accounts or other electronic media to which Mr. Zuckerberg linked his Harvard University e-mail account and/or to which Mark Zuckerberg forwarded emails from his Harvard University e-mail account, and all previous copies, downloads or images of all such email accounts and electronic media.

5.   All reports available from Harvard University with respect to the history of Mr. Zuckerberg's Harvard University email account.

6.   Defendants' consent to access to and obtaining of: (a) the mirror images of electronic memory devices in the possession of Parmat and Associates as set forth in Exhibit A of the Order for Discovery of Computer Memory Devices entered into by the Court in the ConnectU, Inc. litigation and for which Zuckerberg or Facebook is identified as the original custodian; and



Orin Snyder, Esq.
June 7, 2011
Page Two

(b) any other hard drives, backups, computers and other electronic media used by Mr. Zuckerberg between September 1, 2002 and December 31, 2004 and copies, downloads or images thereof.

7.   Samples of Mr. Zuckerberg's signatures and handwriting from 2002 – 2004, and today.

This list is not meant to be exhaustive and plaintiff reserves all rights to seek any other relevant documents, and plaintiff of course would extend the same courtesy. We would appreciate defendants' response at their earliest convenience.

As we also discussed, a protocol will have to be established for the examination of documents. Please provide defendants' proposed terms.

Please provide defendants' position on whether any destructive testing will be required.

Finally, should you agree to our proposal, we suggest that we incorporate the schedule for the mutual exchange of documents and information into the Rule 26(f) report.

Very truly yours,

DLA Piper LLP (US)

Christopher P. (Kip) Hall
Partner

# EXHIBIT B
# TO DECLARATION OF
# CHRISTOPHER ("KIP") P. HALL

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: 212.351.2400
Fax: 212.351.6335
OSnyder@gibsondunn.com

Client: T 30993-00011

June 10, 2011

VIA E-MAIL

Christopher P. (Kip) Hall, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104

Re: Ceglia v. Zuckerberg and Facebook, Inc., No. 1:10-cv-569 (RJA)

Dear Mr. Hall:

We write in response to your letter, dated June 7, 2011, in which you suggest that Defendants "agree on a protocol for mutually expedited discovery" in this litigation. Your letter identifies seven non-exclusive categories of electronic and hard-copy documents that you seek from Defendants, states that a protocol must be established for the examination of documents, and demands Defendants' position regarding the necessity for "destructive testing."

As you know, on June 2, 2011, we filed a Motion for Expedited Discovery seeking (a) immediate production of the original signed version of the purported contract attached to Plaintiff's Amended Complaint, the native electronic version of that document, and all copies of the purported contract in electronic or hard-copy form; (b) immediate production of the purported emails described in the Amended Complaint in their original, native electronic form, as well as all copies of the purported emails in electronic or hard-copy form; and (c) immediate seizure, and the opportunity to inspect, every computer in Plaintiff's possession, custody, or control, including the computers at his parents' house.

In the Motion and supporting papers, we submitted overwhelming evidence that your client, Paul Ceglia, is perpetrating a very serious fraud on the Court. This evidence consists of sworn testimony from eight different declarants — including Mark Zuckerberg and several world-renowned experts in document authentication — as well as extensive documentation of your client's known criminal history. This evidence establishes that the purported contract is a forgery, the purported emails are fabrications, and this entire lawsuit is a fraud.

As we explained during our June 6th telephone call, there is no legitimate basis or need for reciprocal or "mutually expedited discovery." Your client has filed with the Court a fraudulent contract — a document that one of the nation's top authenticators has concluded is an "amateurish forgery." Your client has described in the Amended Complaint numerous fabricated emails — emails that do not exist in Mr. Zuckerberg's Harvard account. Your client is a recidivist criminal who has, among other numerous fraudulent activities, falsified

GIBSON DUNN

Christopher P. (Kip) Hall, Esq.
June 10, 2011
Page 2

government documents to rip off innocent victims. Simply put, there is abundant good cause to support our request for expedited, phased discovery to test the authenticity of the core documents on which Paul Ceglia rests his claims. There is absolutely no basis — let alone the "good cause" required under Federal Rule of Civil Procedure 26(d)(1) — for you to obtain expedited discovery from Defendants.

During our June 6th call, you stated that you "have been told" (by some unspecified person) that testing of the original purported contract will be "destructive." That is incorrect. As Gus Lesnevich and Dr. Albert Lyter explain in their sworn Declarations, examination of the original purported contract "would be non-destructive and would at no time jeopardize the integrity of the document." Lesnevich Decl., ¶ 18; *see also* Lyter Decl., ¶ 8 ("The examination process will not affect the legibility or integrity of the document."). Messrs. Lesnevich and Lyter are widely respected as leaders in their respective fields. Your bald assertion that testing will be "destructive" is simply wrong. Moreover, Mr. Brownlie has publicly stated that your law firm "spent weeks conducting due diligence on [t]his case, included forensic analyses" of the purported contract and emails. Ki Mae Heussner, *New York Man Says Emails Prove Facebook Ownership Stake*, ABC NEWS, Apr. 13, 2011 (emphasis added). We presume you did not conduct forensic analysis that threatened "destruction" of the original purported contract before we had an opportunity to examine it.

Finally, as you know, our Motion seeks documents in addition to the original signed version of the purported contract. We seek the native electronic version of the purported contract — a computer file that Mr. Brownlie has publicly described as examined by "an outside expert ... to verify when it was first created." Geoffrey A. Fowler and Scott Morrison, *Fight over Facebook Origins Escalates*, WALL ST. J., Apr. 13, 2011, at B1. We also seek production of the purported emails in their original, native electronic form and all copies in electronic and hard-copy form, as well as the opportunity to inspect Plaintiff's computers. Of course, there is no risk that an examination of any of those electronic documents or computers would be "destructive" in any way.

In short, we reject your proposal to conduct any "exchange" of documents or information. Given the seriousness of your client's misconduct, we are surprised that you even consider resisting our requested relief. Indeed, if you still stand by the pleading you signed, you should be eager to provide us with the computers and documents we seek. Your apparent unwillingness to freely provide those only furthers our already grave concern that there was no good-faith basis for filing the Amended Complaint in the first place.

GIBSON DUNN

**GIBSON DUNN**

Christopher P. (Kip) Hall, Esq.
June 10, 2011
Page 3

Very truly yours,

*[signature]*

Orin Snyder

cc: Robert Brownlie, Esq., DLA Piper LLP (US)
    Jerry Trippitelli, Esq., DLA Piper LLP (US)
    Carrie Parikh, Esq., DLA Piper LLP (US)
    Dennis Vacco, Esq., Lippes Mathias Wexler Friedman LLP
    Kevin Cross, Esq., Lippes Mathias Wexler Friedman LLP
    Richard Scherer, Esq., Lippes Mathias Wexler Friedman LLP