UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------ X
PAUL D. CEGLIA, an individual,                :
                                              :   CIVIL ACTION NO. 10-569(RJA)
          Plaintiff,                          :
                                              :   **DECLARATION OF JOHN H. EVANS IN**
     -against-                                :   **SUPPORT OF PLAINTIFF'S**
                                              :   **OPPOSITION TO DEFENDANTS'**
MARK ELLIOTT ZUCKERBERG, an                   :   **MOTION FOR EXPEDITED**
individual, and FACEBOOK, INC., formerly      :   **DISCOVERY AND IN SUPPORT OF**
known as TheFaceBook, Inc., a Delaware        :   **PLAINTIFF'S CROSS-MOTION FOR**
corporation,                                  :   **MUTUAL EXPEDITED DISCOVERY**
                                              :
          Defendants.                         :
                                              :
------------------------------------ X

I, JOHN H. EVANS, declare and state as follows:

1.  I respectfully submit this declaration in support of Plaintiff's Opposition to Defendants' Motion for Expedited Discovery and Plaintiff's Cross-Motion for Mutual Expedited Discovery.

2.  I have personal knowledge of the matters set forth in this Declaration.

3.  I am a Managing Consultant in Project Leadership Associates' ("PLA") Legal Solutions practice group and am based in Chicago, Illinois. PLA provides a broad range of business and technology solutions that address enterprise wide strategy, operations, applications and infrastructure challenges. PLA's Legal Solutions practice group provides digital forensic and electronic discovery services to a broad range of clients. I have worked for PLA since June of 2007. As a Managing Consultant for PLA, my duties include working on client engagements which include, among other things, data collection, evidence preservation, ensuring evidence chain-of-custody, and forensic analysis of collected data.

1

4. I have extensive knowledge of the inner workings of computer hardware, operating systems, file systems, software, and internet technologies. I am well versed in the identification, collection, preservation, processing, analysis, and presentation of computer-related evidence as well as the design, administration, and support of information systems. I have conducted over 100 investigations concerning trade secrets, intellectual property, fraud, employment, and misuse involving digital evidence. I received a B.A. in Computer Science from Wittenberg University, and also have received over 140 hours of instructor-led training regarding computer forensics. A true and accurate copy of my curriculum vitae setting forth additional qualifications, education and credentials is attached hereto as Exhibit A.

5. PLA was asked to take custody of electronic data storage devices Mr. Ceglia had identified as being in his possession, and to store such devices in PLA's evidence lockup in Chicago, Illinois. I was asked to perform forensic analysis of electronic versions of documents containing email communications between Mr. Ceglia and Mark Zuckerberg contained on Mr. Ceglia's electronic data storage devices. I also was asked to identify a protocol for the forensic analysis of each party's electronic data and hardware by the other party.

6. PLA took custody from Mr. Ceglia or his counsel, and has in its possession, the original versions of the hardware listed below. This hardware has been stored in PLA's evidence lockup at PLA's facility in Chicago, Illinois since PLA's collection of the hardware.

    a.    169 floppy disks;

    b.    1075 CDs; and

c. one laptop computer, including the hard drive associated with that laptop.

PLA also has in its possession an image of a second hard drive. PLA has created forensic images of all floppy disks and hard drives in its custody.

7. Software used to manage an email account is commonly referred to as an email client. Examples of email client software include Microsoft Outlook, Apple Mail, Mozilla Thunderbird and Pegasus. Basic functionality of email clients include composing, sending, receiving, printing and saving of individual email messages. In addition to email client software, another means of managing an email account is through the use of web-based email applications commonly referred to as webmail. Some websites such as MSN Hotmail, Gmail, and Yahoo Mail are dedicated to providing email services. Basic functionality of webmail include composing, sending, receiving and printing of individual messages. Unlike email clients such as Microsoft Outlook, most webmail services, including MSN Hotmail, do not provide for the saving of individual messages. A common means to save the contents of an MSN Hotmail webmail message, is to copy the message text into a text editing software program, such as Microsoft Word.

8. One of the floppy disks in PLA's custody, as collected and imaged from Mr. Ceglia, contains three Microsoft Word documents containing what I understand to be email communications between Mr. Ceglia and Mr. Zuckerberg relating to the issues in this case.

9. One document on the floppy disk is named "Mark harvard emails up to dec.doc". The embedded metadata contained in this document reflects that the "Create Date" of this document is December 30, 2003 and "Last Revision Date" is December 30, 2003.

3

10. Another document on the same floppy disk is named "mark feb emails.doc". The embedded metadata contained in this document reflects that the "Create Date" of this document is February 14, 2004 and "Last Revision Date" is February 14, 2004.

11. Another document on the same floppy disk is named "Mark emails july04.doc". The embedded metadata contained in this document reflects that the "Create Date" of this document is July 23, 2004 and "Last Revision Date" is July 23, 2004.

12. In nearly all cases I have been involved in, the parties were highly concerned about maintaining the integrity of electronic hardware which contained potentially relevant data while having the ability to perform forensic testing and analyses of this hardware. In these circumstances, it is not necessary for each party to seize control of the other party's hardware, as I understand Defendants have requested in this action. Doing so risks the disclosure of attorney-client privileged communications as well as other privileged materials on the hardware, including private or personal information that is outside of the scope of discovery.

13. The protocol set forth below has been used in numerous cases I have been involved in and I conclude that this is the protocol that should be used in this case. Based on my review of the Order for Discovery of Computer Memory Devices entered into by the United Stated District Court, District of Massachusetts in that matter captioned CONNECTU, Inc. v. Facebook, Inc., et al., Civ. A. No. 2007-10593-DPW, Facebook and Mr. Zuckerberg agreed to a similar protocol in that action.

    a. The parties agree to and the Court enters a Protective Order governing the production of documents in this case, including electronic documents.

b. The parties agree on an independent forensic electronic discovery consultant (the "Independent Consultant").

c. The Independent Consultant agrees to be bound by the Protective Order.

d. Upon signing the acknowledgement of the Protective Order, the Independent Consultant may create two forensic images of the Plaintiff and Defendants' electronic data at issue in this case. The parties' counsel and/or experts retained by them may be present during the making of the forensic images, provided that no information of one party's is displayed to the other party's counsel or experts during the forensic imaging.

e. One forensic image of both the Plaintiff and Defendants' electronic data shall be maintained by the Independent Consultant in the Independent Consultant's evidence lockup. The Independent Consultant shall provide the other forensic image of Plaintiff's electronic data to Plaintiff's counsel, and the Independent Consultant shall provide the other forensic image of Defendants' electronic data to Defendants' counsel. The Court shall enter an Order identifying the specific electronic data that is to be imaged by the Independent Consultant.

f. The parties would authorize access to any email accounts or other sources of electronic data that are not in their possession for collection by the Independent Consultant.

g. The parties also would provide the Independent Consultant with all hardware in the parties' possession to be maintained by the Independent Consultant in its evidence lockup.

h. By allowing the Independent Consultant to create forensic images and take custody of such electronic data and hardware, the parties do not waive the attorney-client privilege or any other privilege in this matter. The images shall be made at the location selected by each party for their respective electronic data and the imaging of such data may be supervised by both parties counsel and/or electronic data consultants.

i. All communications between the Independent Consultant and a party shall take place in presence of the other party's counsel.

j. The parties will meet and confer as to the work that the Independent Consultant is to carry out for each party with respect to the forensic images of the other party's electronic data and the other party's hardware, and the Court would enter an Order setting forth the work that the Independent Consultant is to perform for each party. Prior to providing a party with the results of its work, the results shall be provided to the party's counsel whose electronic data and hardware was being reviewed for purposes of identifying privileged material and material irrelevant to this case. Such information would be removed prior to its production to the other party.

14. I have reviewed the Declaration of Michael F. McGowan In Support of Defendants' Motion for Expedited Discovery. I agree with Mr. McGowan's statements set forth in paragraphs 9-15 of his declaration. The protocol set forth in Mr. McGowan's declaration, however, does not sufficiently protect the parties' privileges and data that are irrelevant to this matter. The protocol set forth above, on the other hand, fully protects both parties with respect to the maintenance of the integrity of the electronic data and hardware at issue as well as the protection from disclosure of privileged information and data that is irrelevant to this matter.

15. An Independent Consultant can conduct the analysis set forth in Mr. McGowan's declaration while sufficiently protecting the parties' privileges and the data that are irrelevant to the matter.

16. I declare under the penalty of perjury that the foregoing is true and correct. Executed in Chicago, Illinois on June 17, 2011.

_____
John H. Evans

# EXHIBIT A
# TO DECLARATION OF
# JOHN H. EVANS

# John H. Evans, Managing Consultant, Project Leadership Associates
120 S LaSalle St, Suite 1200
Chicago, IL 60603
Phone: 312-441-0077
Fax:   312-441-0088
Email: jevans@projectleadership.net

## SUMMARY

Mr. Evans is an experienced digital forensic investigation professional with extensive knowledge of the inner workings of computer hardware, operating systems, file systems, software and Internet technologies. Mr. Evans is versed in the identification, collection, preservation, processing, analysis and presentation of computer-related evidence as well as design, administration and support of information systems. Prior to joining Project Leadership Associates, Mr. Evans was employed by the Illinois Office of the Executive Inspector General where he established the office's digital forensic investigation capabilities.

## PROFESSIONAL EXPERIENCE

- Conducted over 100 investigations concerning trade secrets, intellectual property, fraud, employment and misuse involving digital evidence.
- Provided forensically sound acquisition and analysis of various types of digital media including hard drives, PDAs, flash drives, CDs, DVDs, diskettes, etc.
- Utilized digital forensic tools for identification and recovery of previously deleted data, artifacts and trace data.
- Obtained and analyzed email communications and Internet activity.
- Conducted large-scale electronic discovery projects encompassing initial consultation, identification, defensible collection and processing of electronically store information.
- Trained and offered investigation support related to digital forensics to legal and investigative staff.
- Developed standard policies and procedures based on best practices for proper digital forensic procedures.
- Testified in court as an expert witness.

## DIGITAL FORENSIC TRAINING, EDUCATION AND CERTIFICATIONS

- Over 140 hours of instructor-lead training:
    - Guidance Software Encase Introduction to Computer Forensics, 32 hours
    - Guidance Software Encase Intermediate Analysis and Reporting, 32 hours
    - AccessData Bootcamp (Intermediate), 24 hours
    - AccessData Windows Forensics (Advanced), 24 hours
    - Paraben Corp PDA Seizure and Analysis, 16 hours
    - National White Collar Crime Center Secure Techniques for Onsite Preview, 16 hours
- BA in Computer Science, Wittenberg University
- Certified E-Discovery Specialist (CEDS), Association of Certified E-Discovery Specialists (ACEDS)

# DIGITAL FORENSIC EXPERT TESTIMONY, AFFIDAVITS, DECLARATIONS AND DEPOSITIONS

- Case No. 05-CH-605
  Circuit Court of the Nineteenth Judicial Circuit, McHenry County, IL
  Emerson Network Power, et al. v Michael R. Cosley, et al.
- Case No. 05-L-9164
  Circuit Court of Cook County, IL, County Department, Law Division
  Catmet Company, Inc, et al v Michael Melnick, et al.
- Case No 07-CV-06881
  United States District Court for the Northern District of Illinois Eastern Division
  Group One Trading, LP v. DeLuca et al.
- Case No 07-CH-03780
  Circuit Court Of Cook County, IL, County Department, Chancery Division
  Robert Bosch Tool Corp. v. Sanchez, et al.
- Case No. 33 155 Y 00049 07
  American Arbitration Association
  Quixtar v Merritt et al.
- Case No. 08-CH-34714
  Circuit Court of Cook County, IL, County Department, Law Division
  Ticor Title Insurance Company v. RNB Title, LLC, et al.
- Case No. 08-CV-1831
  Circuit Court of Waukesha County, WI
  Milwaukee Electric Tool Corporation v. Michael Bykowski, and Robert Bosch Tool Corporation
- Case No. 51 116 M 00276 08
  American Arbitration Association
  Rho Trading Securities v John Keazirian
- Case No. 08-L-005749
  Circuit Court of Cook County, IL, County Department, Law Division
  Iqbal Hussain v. Astellas Pharma US, Inc.
- Case No. 08-CV-00409
  District Court of Montgomery County, MD
  Beyond Systems, Inc. v. Kraft Foods, Inc. et al.
- Case No. 09-CV-014011
  Circuit Court of Milwaukee County, WI
  ASI Technologies, Inc. v. Paul Stellberg and Power Shed, LLC
- Case No. 10-CH-1627
  Circuit Court Of Cook County, IL, County Department, Chancery Division
  Cargowise, Inc. v. Kurt Corman, et al.
- Case No. 80351-422
  District Court Of Kaufman County, TX, 422nd Judicial District
  Voltaix, LLC. v. Metaloid Precursors, Inc., et al.
- Case No. 11-CV-2983
  United States District Court for the Northern District of Illinois Eastern Division
  Mobile Mark, Inc. v.Daniel Pakosz, et al.

## DIGITAL FORENSIC PUBLICATIONS
- Mitigating Risk with Digital Forensics and EDD, International Legal Technology Association's November 2008 Peer to Peer

## DIGITAL FORENSIC PRESENTATIONS
- Computer Forensics 101, 102 and 103. Provided to law firms and corporate counsel for CLE credit.

## TECHNICAL EXPERTISE
Over 16 years experience as an IT professional. Highly experienced in multiple facets of information technology and systems including the following:
- Forensic software: Guidance Software EnCase, Access Data Ultimate Tool Kit, Paraben Device Seizure, Email Examiner, Network Email Examiner, Chat Examiner, Helix, Nuix, Netanaysis, ProDiscover
- Network O/S: Windows Server 2003, Windows 2000 Advanced Server; Windows NT; Novell Netware; UNIX and Linux
- Desktop O/S: Windows Vista, XP, 2000, NT 4.0 Workstation, ME, 9x, 3.x; OS/2; Linux; and Mac OS
- Hardware: x86 workstations and servers; RIM Blackberry and Palm-based handhelds, smart phones, Sun Netra; HP3000, Mac, SAN/NAS, routers, switches, hubs, and printers
- Protocols: TCP/IP, VPN, Frame Relay, PPP, DHCP, IPX/SPX, NetBIOS, SMB and NFS
- Database: Microsoft SQL, HP Image and SQL, Oracle
- Other software: Remedy, Office, Visio, Project, Exchange, Notes, Groupwise, IIS, SMS, Checkpoint firewall and VPN, Veritas, CommVault, Norton Ghost and AV, Panda AV, PC-Cillin, SPSS and Sniffer.