UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------- X
PAUL D. CEGLIA, an individual,                :

      Plaintiff,                                            :    CIVIL ACTION NO. 10-569(RJA)

  -against-                                                  :    **[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY AND GRANTING PLAINTIFF'S CROSS-MOTION FOR MUTUAL EXPEDITED DISCOVERY**

MARK ELLIOTT ZUCKERBERG, an individual, and FACEBOOK, INC., formerly known as TheFaceBook, Inc., a Delaware corporation,

      Defendants.                                      :

                                     :
------------------------------------- X

On June 30, 2011, at ____, Defendants' Motion for Expedited Discovery and Plaintiff's Cross-Motion for Mutual Expedited Discovery came before the above-captioned court, the Honorable J. Leslie Foschio, United States Magistrate Judge, presiding. After fully considering the motions of the parties, the written submissions in support of and opposing the motions, including the memoranda of law and declarations and affidavits filed therewith, and the oral arguments of counsel, and for good cause appearing therefor, the Court hereby enters the following orders:

IT IS HEREBY ORDERED THAT Defendants' Motion for Expedited Discovery is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Mutual Expedited Discovery is GRANTED as follows:

1. All parties shall produce by no later than July 8, 2011, a certification under penalty of perjury by an electronic discovery specialist inventorying all computers of any

type, hard drives, floppy discs, CD's, DVD's, thumb drives, flash drives, pen drives and all other mediums on which are stored electronically stored information relevant to the claims and defenses in this case that have been submitted to the electronic discovery specialist and which have been forensically preserved;

    2.    All parties shall produce by no later than July 15, 2011, all documents, including electronically stored information in native and TIFF or PDF format, supporting their respective claims and defenses, which shall include but is not limited to:

    a.    All documents constituting, reflecting or referring to agreements between Paul Ceglia and Mark Zuckerberg;

    b.    All documents constituting, reflecting or referring to communications between Paul Ceglia and Mark Zuckerberg, which communications, include, but are not limited to, email messages, text messages, instant messages, letters, memoranda, telephone conversations and in person meetings;

    c.    All documents, including communications as defined above, created, dated or received before July 30, 2004 referring, reflecting or related to The FaceBook, thefacebook.com, FaceBook, facebook.com, The PageBook, thepagebook.com, or any other online service or website that is similar to a live functioning yearbook, including the funding for or of any such projects;

    d.    All documents constituting, reflecting or referring to payments made to Mark Zuckerberg by or on behalf of Paul Ceglia, including, but not limited to, cancelled checks, deposit receipts or account statements; and

    e.    No less than 30 handwriting samples from Paul Ceglia and Mark Zuckerberg, written between January 1, 2003 and July 31, 2004.

WEST\223711092.1

The documents described above shall include those documents held by or in the custody of Project Leadership Associates and Parmat and Associates. Any documents withheld on the claim of privilege or work product shall be listed on a privilege log produced no later than July 15, 2011.

4. The parties shall meet and confer over a protective order to cover discovery in this action. A report on the parties' meet and confer efforts shall be submitted to the Court no later than July 15, 2011. If an agreement on a protective order is reached, a proposed order thereon shall be submitted with the aforementioned report. If no agreement is reached by July 15, 2011, the parties shall submit their respective proposed protective orders for the Court's consideration.

3. The parties shall meet and confer to establish a protocol for the destructive testing of the original of the Work for Hire Agreement that is attached as an exhibit to the First Amended Complaint. A report on the parties' meet and confer efforts shall be submitted to the Court no later than July 15, 2011. If an agreement on a protocol is reached, a proposed order thereon shall be submitted with the aforementioned report. If no agreement is reached by July 15, 2011, the parties shall submit their respective proposed orders for the Court's consideration.

IT IS SO ORDERED.

_____
HONORABLE J. LESLIE FOSCHIO
UNITED STATES MAGISTRATE JUDGE