UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
PAUL D. CEGLIA,                                               :
:
               Plaintiff,                    :
:
    v.                                                     :   Civil Action No. 1:10-cv-00569-RJA
:
MARK ELLIOT ZUCKERBERG and          :
FACEBOOK, INC.,                                         :
:
               Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A CONTINUANCE**


Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000


June 29, 2011

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A CONTINUANCE**

After close of business on June 29, Plaintiff Paul Ceglia filed a "motion for a continuance" seeking a three-week postponement of the hearing scheduled for June 30, claiming that his new lawyer — and any additional lawyers he may decide to hire in the future — need additional time "to become acclimated with the case and prepare for the hearing." Motion at 2.

In its June 2 order setting the hearing, this Court specifically stated that "No adjournments shall be permitted except upon showing of good cause." (Doc. No. 56.)  Ceglia's motion ignores this requirement.  He does not even claim that his request is supported by good cause, let alone demonstrate it.  The motions calendared for hearing tomorrow are fully briefed; counsel for both sides have traveled great distances to participate and are now present in Buffalo; and there is absolutely no reason to postpone this long-scheduled hearing solely because Ceglia's revolving door of lawyers has spun yet again.

**BACKGROUND**

Ceglia filed his complaint on June 30, 2010 — one year ago.  At that time, Ceglia was represented by Paul A. Argentieri.  Mr. Argentieri signed the original verified state court pleading that was subsequently removed to this Court.  Since that time, Mr. Argentieri has served as Ceglia's lead counsel — and, according to this Court's docket, Mr. Argentieri remains lead counsel today.  Mr. Argentieri has appeared in court at all conferences in this case.  In fact, Mr. Argentieri is Ceglia's long-time counsel and has represented him in some of his other legal matters, including recent proceedings brought by the New York Attorney General's Office.

Soon after Ceglia filed his complaint, he added Terrence M. Connors, of Connors & Vilardo LLP, to his team of lawyers.  Mr. Connors then withdrew from the case, and the law

1

firms DLA Piper and Lippes Mathias entered appearances in April of 2011. Mr. Argentieri continued to serve as lead counsel.

Late yesterday, DLA Piper and Lippes Mathias abruptly withdrew from the case. Although the lawyers did not provide reasons for their withdrawal, Dennis Vacco, in comments to reporters, addressed his efforts to get to the bottom of whether his client was fabricating documents. *See* Alison Frankel, *Will DLA Face Sanctions in Facebook Case?* (June 29, 2011) (available at http://newsandinsight.thomsonreuters.com/Legal/News/2011/06_-_June/Will_DLA_face_sanctions_in_Facebook_case_/).

At the same time DLA Piper and Lippes Mathias withdrew, Jeffrey A. Lake of Jeffrey A. Lake A.P.C. appeared as co-counsel for Ceglia. Mr. Argentieri continues to serve as lead counsel.

## ARGUMENT

Ceglia has made no effort to demonstrate good cause and his motion should be summarily denied. The eleventh-hour substitution of counsel to support Mr. Argentieri does not entitle Ceglia to disregard deadlines, postpone hearings and further delay resolution of this fraudulent case.

First, the withdrawal of DLA Piper and Lippes Mathias, and the addition of Jeffrey Lake, do not warrant adjourning the hearing. Ceglia's lead counsel Mr. Argentieri is fully capable of representing Ceglia. Moreover, the contested issues are straightforward and few. Because Ceglia does not object to the Court granting Defendants the expedited discovery they have requested, the contested issues are limited to whether there should be a "mutual" exchange of information and the proper protocol for the agreed-upon expedited discovery. There is simply no reason to grant a last-minute postponement based on the latest reshuffling of Ceglia's legal team.

Second, postponing the hearing will prejudice Defendants by further delaying this case. Defendants filed their motion for expedited discovery on June 2, and that same day this Court scheduled the motion for a hearing on June 30. Defendants' outside counsel have traveled from New York and Washington, D.C. to be present for the hearing, and Defendants' inside counsel has traveled from California. In fact, Defendants understand that Mr. Lake is traveling to Buffalo and will be present and able to attend the hearing on June 30. Postponing the hearing will effectively deny the Defendants the expedited relief they requested on June 2.

## CONCLUSION

For all these reasons, Ceglia's motion lacks good cause and should be denied.


Dated:      New York, New York
            June 29, 2011

                                                    Respectfully submitted,

                                                    /s/ Orin Snyder
Thomas H. Dupree, Jr.                               Orin Snyder
GIBSON, DUNN & CRUTCHER LLP                         Alexander H. Southwell
1050 Connecticut Avenue, NW                         GIBSON, DUNN & CRUTCHER LLP
Washington, DC 20036                                200 Park Avenue, 47th Floor
(202) 955-8500                                      New York, NY 10166-0193
                                                    (212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*

3