UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

        Plaintiff,

v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

        Defendants.

**ORDER**

Civil Action No. 1:10-cv-00569-RJA

---

THIS MATTER having come before the Court on Defendants' Motion for Expedited Discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) and Plaintiff's Cross-Motion for Mutual Expedited Discovery; and the Court having fully considered the briefs, papers, and oral argument pertaining to this matter, and for good cause shown:

IT IS HEREBY ORDERED that Defendants' Motion for Expedited Discovery is GRANTED and Plaintiff's Cross-Motion for Mutual Expedited Discovery is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that Plaintiff's production of and Defendants' examination of hard-copy documents and electronic assets shall be conducted pursuant to the Hard-Copy Document Inspection Protocol and Electronic Asset Inspection Protocol attached hereto and so ordered by this Court; and it is further

ORDERED that Plaintiff shall produce on or before July 15, 2011, the following hard-copy documents: (1) all original signed versions of the purported contract attached to the Amended Complaint; (2) all copies of the purported contract in hard-copy form, created on or before June 30, 2010; and (3) all copies of the purported emails described in the Amended Complaint in hard-copy form (collectively, the "Hard-Copy Documents"); and it is further

ORDERED that on or before July 15, 2011, in a sworn declaration Plaintiff shall identify all computers and electronic media in his possession, custody, or control, including without limitation the electronic assets listed in paragraph 6 of the Declaration of John H. Evans, dated June 17, 2011, and certify that all such computers and electronic media are being produced for inspection to Defendants and that such computers and electronic media contain all communications Plaintiff claims to have had with Defendants;

ORDERED that Plaintiff shall produce on or before July 15, 2011, the following electronic assets: (1) the native electronic version of the purported contract attached to the Amended Complaint and all electronic copies of the purported contract including the forms described in paragraph 8 of the Declaration of Paul D. Ceglia, dated June 12, 2011; (2) the original, native electronic files consisting of or containing the purported emails described in the Amended Complaint and all electronic copies of the purported emails; and (3) all computers and electronic media in Plaintiff's possession, custody, or control, including but not limited to the electronic assets listed in paragraph 6 of the Declaration of John H. Evans, dated June 17, 2011, and all assets certified to by Plaintiff pursuant to the Court's June 30, 2011 Order (collectively, the "Electronic Assets"); and it is further

ORDERED that Plaintiff may not remove the original signed version of the purported contract attached to the Amended Complaint or the electronic assets listed in paragraph 6 of the Declaration of John H. Evans, dated June 17, 2011, from their present location until produced to Defendants for examination; and it is further

ORDERED that five (5) days subsequent to Plaintiff's production of the Electronic Assets and his sworn declaration, Defendant shall produce all emails in their original, native and hard-

copy form between Defendant Zuckerberg and Plaintiff and/or other persons associated with StreetFax that were captured from Zuckerberg's Harvard email account; and it is further

ORDERED that on July 15, 2011, Defendant Zuckerberg shall provide a sworn declaration certifying his good-faith efforts to locate as many handwriting samples as possible, but no more than thirty (30), specifically, up to but no more than ten (10) samples of handwriting, ten (10) samples of initials, and ten (10) samples of signatures, written between January 1, 2003 and July 31, 2004; shall produce copies of those handwriting samples to Plaintiff, no later than ten (10) business days thereafter, along with an indication of whether the originals of those samples are available; and the parties will thereafter arrange for the inspection of those originals; and it is further

ORDERED that all discovery produced pursuant to this Order shall be produced subject to a Protective Order to be agreed to by the parties; if the parties do not reach agreement on a Protective Order prior to the respective production deadlines set forth in this Order, then the productions shall be made on the respective deadlines for attorneys' and retained experts' eyes only, until a Protective Order is subsequently agreed upon by the parties; and it is further

ORDERED that by August 15, 2011, Defendants shall complete the examination of the Hard-Copy Documents and Electronic Assets, and by September 9, 2011, Defendants shall provide to the Court and Plaintiff all reports documenting the findings of that examination.

SO ORDERED this 1st day of July 2011.

_____
HONORABLE LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

3