UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------ x

PAUL D. CEGLIA,

            Plaintiff,

v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

           Defendants.

------------------------------------ x

**ELECTRONIC ASSET INSPECTION PROTOCOL**

Civil Action No. 1:10-cv-00569-RJA

WHEREAS, on June 30, 2011, the Court ordered Plaintiff to produce by July 15, 2011 the following electronic assets: (1) the native electronic version of the purported contract attached to the Amended Complaint and all electronic copies of the purported contract including the forms described in paragraph 8 of the Declaration of Paul D. Ceglia dated June 12, 2011; (2) the original, native electronic files consisting of or containing the purported emails described in the Amended Complaint and all electronic copies of the purported emails; and (3) all computers and electronic media in Plaintiff's possession, custody, or control, including but not limited to the electronic assets listed in paragraph 6 of the Declaration of John H. Evans dated June 17, 2011 and all assets certified to by Plaintiff pursuant to the Court's June 30, 2011 Order (collectively, the "Electronic Assets");

WHEREAS, the computer forensics and electronic discovery firm Stroz Friedberg, LLC ("Stroz Friedberg"), has been retained by Defendants to conduct a forensic examination of the Electronic Assets;

IT IS HEREBY ORDERED that the following protocol shall apply to Plaintiff's production and Defendants' examination of the Electronic Assets:

1. Plaintiff shall identify and provide to Stroz Friedberg access to the original Electronic Assets on or before July 15, 2011.

2. Stroz Friedberg shall create forensically-sound copies of the Electronic Assets and shall maintain that information in a secure facility at Stroz Friedberg's offices at 32 Avenue of the Americas, New York, New York. Stroz Friedberg shall not disclose or permit any such disclosure of that information to anyone, including the parties, their attorneys or agents, directly or indirectly, to this litigation, except as provided for in this Order. Each employee or agent of Stroz Friedberg involved with the search and analysis covered by this Order shall individually sign an acknowledgement of this Order, thereby agreeing to be bound. Defendants' counsel shall receive a copy of each of these acknowledgements and provide promptly copies thereof to Plaintiff's counsel and a copy of which shall also be provided to the Court. As a party to this Order, Stroz Friedberg specifically acknowledges and agrees to be bound by the terms and conditions of the Order, for the protection of confidential documents and information during the course of this litigation.

3. Stroz Friedberg will be permitted to search and analyze any and all data or information on the Electronic Assets, including data fragments, log files and other artifacts, that it deems forensically relevant to the issues in this case. Any analysis of such Electronic Assets will be conducted using stand-alone non-networked computers at Stroz Friedberg's office. Stroz Friedberg will examine the materials located by such searches in order to identify only documents, data, fragments, and artifacts that reasonably appear to be related to authenticity of the purported contract attached to the Amended Complaint and the purported emails described in the Amended Complaint. The relevant data shall be saved and stored by Stroz Friedberg in a separate form, and shall be deemed the "Presumed Relevant Materials." The methodology of such searches shall be governed by this Order and the professional judgment of Stroz Friedberg in searching for the Presumed Relevant Materials. Stroz Friedberg shall keep a detailed log of what files were searched, the methodology used, and when they were searched (the "Search Log"). Other than as specified in this Order, the

parties shall have no control over the search process. The parties and their counsel shall not have the right to be present, and shall not be present, during such searches.

4. Prior to disclosing any files or artifacts from the Electronic Assets to Defendants, Stroz Friedberg will identify and provide such files and artifacts to Plaintiff's counsel, so that counsel may conduct a privilege review of this data.

5. Within five (5) days, or such other period that the Court may permit, of receiving the files and artifacts from Stroz Friedberg, Plaintiff shall produce to Stroz Friedberg and Defendants, a privilege log which complies fully with the requirements of the United States District Court for the Western District of New York, identifying those documents within the files and artifacts that Plaintiff maintains are subject to claims of privilege.

6. Stroz Friedberg shall then produce to counsel for Defendants all presumptively relevant documents not designated as privileged by Plaintiff.

7. Upon termination of this litigation and all appeals, Stroz Friedberg shall erase and scrub the memory devices containing any code, fragments, artifacts, or other data retained by Stroz Friedberg and certify to Plaintiff's counsel that any code, fragments, artifacts, and/or other data have been irretrievably deleted therefrom, and delete and destroy all work materials associated with Plaintiff's Electronic Assets.

SO ORDERED this 1st day of July 2011.

_____
HONORABLE LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE