UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

----------------------------------- x
PAUL D. CEGLIA,

              Plaintiff,

v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

              Defendants.
----------------------------------- x

**JOINT STIPULATED
PROTECTIVE ORDER**

Civil Action No. 1:10-cv-00569-RJA

IT IS HEREBY STIPULATED AND AGREED by the parties, through their respective counsel, that the following Protective Order is necessary to protect the documents and information which may be produced and disclosed pursuant to the Court's Order concerning Expedited Discovery in the above-captioned action. Therefore, pursuant to Federal Rule of Civil Procedure 26(c), good cause having been shown, the following Protective Order (the "Order") is hereby entered in this action, and;

IT IS HEREBY ORDERED THAT:

1.     <u>Scope</u>. This Order shall govern all documents, materials, and information produced or disclosed by the parties pursuant to the Court's Order, dated July 1, 2011, granting Defendants' Motion for Expedited Discovery and Granting in Part and Denying in Part Plaintiff's Cross-Motion for Mutual Expedited Discovery. (Doc. No. 83.)

2.     <u>Definition of Protected Material</u>. As used in this Order, "Confidential Information" shall refer to all documents, materials, and information that one party (the "designating party") properly designates as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and provides to another party (the "receiving party"), pursuant to this Order.

3. <u>Criteria for Designation</u>. The designating party may designate documents, materials, or information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the party believes in good faith that the documents, materials, or information contain confidential information that is not publicly available (such as proprietary or confidential business, technical, sales, marketing, financial, commercial, private, or sensitive information, or information that is otherwise reasonably designable as confidential).

4. <u>Manner of Designation</u>. The designating party shall designate Confidential Information by placing the notation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of such document, material, or information or in such other appropriate manner.

5. <u>Objection to Confidential Designation</u>. If any receiving party objects to the designation of any documents, materials, or information as Confidential Information, the parties shall confer to attempt to resolve the dispute. If such attempt is unsuccessful, and the dispute remains unresolved, the parties shall submit the dispute to the Court. All documents, materials, and information designated as Confidential Information shall be treated as such pursuant to the terms of this Order until further order of the Court.

6. <u>Non-Disclosure of Confidential Information</u>. Any documents, materials, or information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following authorized persons, except as provided by this Order or as authorized by further Order of this Court:

A. Any receiving party's counsel of record and such counsel's support staff, legal staff, legal assistants, and clerical personnel, provided that one representative of each party's counsel of record shall execute Exhibit A on behalf of his/her firm and its agents;

B. Any expert witness or consultant (collectively, "Expert") retained by a receiving party in connection with this action, provided that the requirements of Paragraph 7 have been complied with;

C. Any non-party support services including, but not limited to, outside copying services, court reporting services, computer services, and litigation support services as may be reasonably necessary in connection with the conduct of this action;

D. In-house counsel for Defendant Facebook, provided such in-house counsel have responsibility for this matter; and

E. The Court and its personnel.

7. <u>Disclosure to Experts</u>. A receiving party may not disclose Confidential Information designated by a designating party to any of its Experts, pursuant to ¶ 6(B) above, except as authorized by this Order. Specifically, prior to disclosing any Confidential Information to any of its Experts, a receiving party shall first obtain the agreement of that Expert to be bound by the terms of this Order by signing Exhibit A. Any such signatures required by this paragraph may be in electronic form.

8. <u>Subpoenas</u>. If any individual or entity not a party to this matter serves a civil subpoena or requests discovery calling for any Confidential Information covered by this Order on a party to this matter, the party receiving such subpoena or request shall promptly notify the party which designated the Confidential Information and shall not produce the Confidential

Information until the designating party has had reasonable time (at least ten (10) business days) to object or take other appropriate steps. Nothing in this Order shall restrict the parties from complying with a valid Court order or formal governmental request.

9. <u>Inadvertent Disclosure of Confidential Information</u>. Inadvertent failure to identify documents, materials or information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the designating party to appropriately mark the documents, materials, or information in accordance with this Order. The receiving party shall have no liability, under this Order or otherwise, for any disclosure of documents, materials, or information bearing a confidentiality legend occurring before the receiving party was placed on notice of the designating party's claims of confidentiality.

10. <u>Duty to Return Confidential Information</u>. Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, each party shall return to the designating party all Confidential Information received from the designating party, and shall destroy in whatever form stored or reproduced all work product that contains or refers to Confidential Information. Counsel of record for any party properly receiving Confidential Information shall provide written certification of compliance with this provision to counsel for the designating party within ninety (90) days after the entry of a final non-appealable judgment or order concluding this action or the complete settlement of all claims asserted against all parties. Counsel of record may retain one set of all papers filed with the Court including any Confidential Information.

11. <u>Sealing</u>. No filings shall be filed under seal unless approved by the Court on good cause shown.

12. <u>Jurisdiction</u>. This Court shall retain jurisdiction indefinitely with respect to the enforcement of this Order, the resolution of any dispute regarding the improper use of Confidential Information, the modification of the terms of this Order, or the entry of further orders regarding Confidential Information.

**STIPULATED AND AGREED TO:**

Jeffrey A. Lake / by permission /s/
_____
Jeffrey A. Lake
JEFFREY A. LAKE A.P.C.
835 5th Avenue
Suite 200A
San Diego, California 92101
(619) 795-6460

Paul A. Argentieri
188 Main Street
Hornell, NY 14843
(607) 324-3232

*Attorneys for Plaintiff Paul D. Ceglia*

_____
Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*

APPROVED AND SO ORDERED this 13th day of July 2011:

_____
HONORABLE LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------- x
PAUL D. CEGLIA,

    Plaintiff,

v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

    Defendants.
------------------------------------- x

**EXHIBIT A TO PROTECTIVE ORDER**

Civil Action No. 1:10-cv-00569-RJA

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

1. I have read the Protective Order in the above captioned case, attached hereto, and agree to be bound by the terms of the Protective Order.

2. I certify that I will only use the documents, materials, and information designated by the opposing party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that are given to me for purposes of this lawsuit.

3. I certify that I will not disclose or discuss information that I learn from documents, materials, or information designated by the opposing party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" with anyone other than the persons described in the Protective Order.

4. I will return on request all documents, materials, and information designated by the opposing party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," copies thereof, and notes that I have prepared relating thereto, to counsel of record for the party with whom I am associated.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Western District of New York with respect to enforcement of this Protective Order.

6. I understand that any disclosure or use of documents, materials, or information designated by the opposing party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Date: _____  Signature: _____

                Printed Name: _____