UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL D. CEGLIA,

               Plaintiff,

     v.                     Civil Action No. 1:10-cv-00569-RJA

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT ZUCKERBERG'S COMPLIANCE WITH THE COURT'S ORDER OF <u>JULY 1, 2011</u>

Plaintiff Paul D. Ceglia respectfully submits this Memorandum of Law pursuant to Fed. R. Civ. P. Rule 37 and in support of his Motion to Compel Defendant Zuckerberg's Compliance with the Court's Order of July 1, 2011 ("Order," Doc. No. 83).   In pertinent part, the Order directed that:

". . . five (5) days subsequent to Plaintiff's production of the Electronic Assets and his sworn declaration, Defendant shall produce all emails in their original, native and hard-copy form between Defendant Zuckerberg and Plaintiff and/or other persons associated with StreetFax that were captured from Zuckerberg's Harvard email account."  (Order at 2-3.)

The Order further directed that:

". . . on July 15, 2011, Defendant Zuckerberg shall provide a sworn declaration certifying his good-faith efforts to locate as many handwriting samples as possible, but no more than thirty (30), specifically, up to but no more than ten (10) samples of handwriting, ten

(10) samples of initials, and ten (10) samples of signatures, written between January 1,

2003 and July 31, 2004 . . . ."  (Order at 3.)

## Statement of Facts

On July 14, 2011, Plaintiff's counsel Jeffrey A. Lake filed a Declaration pursuant

to and in compliance with the Order.  (*See* Doc. No. 87, attached hereto as Exhibit A.)  On July

15, 2011, and following the production of electronic assets as directed by the Court, Plaintiff

Paul D. Ceglia filed a Declaration pursuant to and in compliance with the Order.  (*See* Doc. No.

88, attached hereto as Exhibit B.)

Defendant Mark Zuckerberg failed to file a certificate on or before July 15, 2011

certifying his good-faith efforts to locate handwriting samples.  On July 20, 2011—the deadline

set by the Order for Defendant Zuckerberg's production of emails—and notwithstanding

Plaintiff's compliance with the Court's Order, Defendant Zuckerberg's counsel sent a letter to

Plaintiff's counsel stating that Defendant would not comply with the Court's Order.  (*See* Letter

from Alexander Southwell dated July 20, 2011; and Declaration of Jeffrey A. Lake Pursuant to

Local Rule 7(d)(4), attached hereto as Exhibits C and D, respectively.)

On July 21, 2011, Plaintiff's counsel sent an email to Defendant's counsel Alexander

Southwell inquiring when Plaintiff could expect Defendant's compliance and production.  On

July 21, 2011, Mr. Southwell sent a reply email referring Plaintiff's counsel's attention to the

letter sent by Mr. Southwell on July 20, 2011 in which, through counsel, Defendant stated his

refusal to comply with the Court's Order.  (*See* Declaration of Nathan Shaman Made Pursuant to

Local Rule 7(d)(4), attached hereto as Exhibit E.)

Defendant's failure to comply with the Court's Order has continued to the time of filing

this Motion.  To date, Defendant Zuckerberg has neither produced the emails ordered to be

produced to Plaintiff, nor has he provided a sworn declaration certifying his good-faith efforts to locate the handwriting samples as directed by the Order.

## Argument

The Court's Order provides in pertinent part that Plaintiff comply with the relevant portions thereof by July 15, 2011.  (*See* Order at 1-2.)  Plaintiff has certified to the Court that he has met his obligations pursuant to the July 15, 2011 deadline set forth in the Court's Order. (*See* Exhibit A.)  The Court's Order provided that Defendant Zuckerberg was to file his certification of his good-faith efforts by July 15, 2011 and produce the relevant emails to Plaintiff five days after Plaintiff's production and certification.  (Order at 2-3.)  Plaintiff's production and certification was effected by July 15, 2011.  (*See* Exhibits A and B)  Pursuant to the Order, Defendant's email production deadline was five days later, on July 20, 2011. Defendant did not certify his good-faith efforts on or before July 15, 2011.  Furthermore, Defendant did not produce the emails described in the Court's Order on or before July 20, 2011. Defendant's failure to produce has continued up to and including the time of filing of this Motion.  It is now past time for Defendant to meet his discovery obligations and comply with the Court's Order.

The Court's Order as it pertains to setting Defendant Zuckerberg's production deadlines is clear and unambiguous.  Simply put, Defendant's unequivocal statement that he will not comply with the Order can only be deemed willful.  (*See* Exhibit.)  "Non-compliance may be deemed willful 'when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.'"  *Brissett v. Manhattan and Bronx Surface Operating Auth.*, 2011 WL 1930686, at *3 (E.D.N.Y. 2011) (citations omitted); *see also Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002).

Further, such willful violations of court orders are highly disfavored.  "'A party who flouts such orders does so at his peril.'"  *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) (citation omitted).  It is undisputed that Defendant's failure to comply with the Court's Order is admitted and volitional as well as willful and ongoing.  (*See* Exhibit C.)  While Defendant's actions may certainly be considered sanctionable under long-established decisional authority, Plaintiff seeks only Defendant's compliance with the Court's Order.

Defendant's stated reasons for his abject non-compliance with the Order strain credulity. Defendant claims that some "precondition" has not been met, and that this "precondition" somehow operates to excuse his compliance.[1]  (*See* Exhibit C.)  That said, nowhere in the Court's Order is there any mention of a precondition that operates to excuse Defendant of <u>his</u> respective duty to comply with the Court's Order.  Moreover, nowhere in the Court's Order is there any language predicating Defendant's production and certification obligations on Defendant's satisfaction with Plaintiff's production.  Certainly, during the hours-long hearings before this Court, no compliance-excusing preconditions were sought or requested by any party hereto.  Given the tenor of this litigation to date, it is not surprising that Defendant is unhappy with Plaintiff's production and certification made in compliance with the Order.  However, Defendant is free to file for whatever relief to which he believes his may be entitled.

Defendant is not free to violate a court order.  It is well established that compliance with a court order is not optional.  "All litigants . . . have an obligation to comply with court orders . . . and failure to comply may result in sanctions, including dismissal with prejudice.'"  *Banton v. Schuck*, 2010 WL 547403, at *2 (W.D.N.Y. 2010) (citing *Agiwal v. Mid Island Mortgage Corp.*,

---

[1] Defendant also threatens Plaintiff with a motion for sanctions if Defendant's "precondition" is not met.  (*See* Exhibit C.)

555 F.3d 298, 302 (2d Cir. 2009)).  "A party is obliged by law to comply with an order of the court unless and until it is stayed or reversed."  *Ginter Logistics Service Co., Ltd. v. ACH Freight Forwarding, Inc.*, 2010 WL 4455402, at *2 (S.D.N.Y. 2010).  Whatever procedural options may otherwise be available to Defendant, it is clear that such options do not include a unilateral and intentional refusal to comply with the Court's Order.  A party's "unilateral attempt to control the flow of mandated discovery only serve[s] to obstruct the litigation," *Quadrozzi v. City of New York*, 127 F.R.D. 63, 76 (S.D.N.Y. 1989), nor can it excuse a party's failure to obey an order of the Court. *Id.*

Defendant Zuckerberg remains bound by the Court's July 1, 2011 Order, and the Court should enforce his compliance with its terms.  Defendant's willing refusal to comply with the obligations imposed on him by the Court's Order can only be characterized as an obstructive delay tactic.  Such tactics are especially egregious, where, as in this case, it is Defendant who insisted on expedited discovery, and such tactics should neither be rewarded nor ignored by the Court.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's instant motion and order Defendant Mark Zuckerberg to comply forthwith with the July 1, 2011 Order, together with such other and further relief as the Court deems appropriate.

**Dated: July 25, 2011**

                                                          Respectfully submitted,

s/Jeffrey A. Lake                                         s/ Paul Argentieri
Attorney for Plaintiff                                    Attorney for Plaintiff
835 Fifth Avenue, Suite 200A                              188 Main Street
San Diego, CA 92101                                       Hornell, NY 14843
(619) 795-6460                                            (323) 919-4513
jlake@lakeapc.com                                         paul.argentieri@gmail.com