# Exhibit "C"

```
┌─────────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────┘
```

```
                              TIME  : 07/20/2011 18:24
                              NAME  : GDC NY MAILROOM
                              FAX   : 2123514035
                              TEL   :
                              SER.# : BROJ0J207154
```

```
DATE,TIME            07/20  18:22
FAX NO./NAME         91619795647830993#00011#
DURATION             00:01:27
PAGE(S)              03
RESULT               OK
MODE                 STANDARD
```

**GIBSON, DUNN & CRUTCHER LLP**
A Registered Limited Liability Partnership
Including Professional Corporations
200 Park Avenue, 47th Floor
New York, New York 10166-0193

TELEPHONE: 212.351.4000
FACSIMILE: 212.351.4035

## FACSIMILE TRANSMISSION INFORMATION

July 20, 2011

| TO: | Mr./Ms.: | Jeffrey A. Lake, Esq. |
| | Company: | Jeffrey A. Lake A.P.C. |
| | City, State: | |
| | Facsimile No.: | 1-619-795-6478 |
| | Main Telephone: | |

FROM:  Alexander H. Southwell          Room:   NY-47064     Direct Dial:   +1 212.351.3981

Our File Number:  30993-00011     Fax:  +1 212.351.6281     Email:  ASouthwell@gibsondunn.com

TOTAL NUMBER OF PAGES, INCLUDING COVER LETTER:     1
☞ **If you do not receive all the pages transmitted, please contact the facsimile operator immediately at telephone number 212.351.4050.**

Fax Operator:    **Alexander H. Southwell**

The written message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the facsimile message.

**SPECIAL INSTRUCTIONS/MESSAGE:**

Re: Ceglia v. Zuckerberg and Facebook, Inc.
No. 1:10-cv-569 (RJA)

Your email box rejected my email with this letter as it is full so I am faxing it.

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Alexander H. Southwell
Direct: +1 212.351.3981
Fax: +1 212.351.6281
ASouthwell@gibsondunn.com

Client: 30993-00011

July 20, 2011

VIA ELECTRONIC MAIL

Jeffrey A. Lake, Esq.
Jeffrey A. Lake A.P.C.
835 5th Avenue, Suite 200A
San Diego, California 92101

Re:    Ceglia v. Zuckerberg and Facebook, Inc., No. 1:10-cv-569 (RJA)

Dear Mr. Lake:

Further to our correspondence via email on July 15, 2011 and our recent discussions, I write
to draw your attention to several issues that persist regarding the Electronic Asset Inspection.
These unresolved issues mean that Plaintiff remains in non-compliance with the Order
entered by Judge Foschio on July 1, 2011. (Doc. No. 83.) As you are aware – because it was
discussed before Judge Foschio and embodied in the Order – Plaintiff's compliance with the
Electronic Asset Inspection Protocol and provision of the accompanying sworn declaration
pursuant to the Order are preconditions for production of the emails between Defendant
Zuckerberg and Plaintiff and/or other persons associated with StreetFax that were captured
from Zuckerberg's Harvard email account. Accordingly, pursuant to the Order, although we
have those emails ready for production, we will not proceed with that production until such
time as Plaintiff is in compliance with the Order.

As we have discussed, the Order provides that in addition to the computers and other
electronic media being produced, all electronic versions of the purported contract and the
electronic files consisting of or containing the purported emails be produced. Specifically,
the Order at page 2 provides that:

"Plaintiff shall produce on or before July 15, 2011, the following electronic assets: (1) the
native electronic version of the purported contract attached to the Amended Complaint and
all electronic copies of the purported contract including the forms described in paragraph 8 of
the Declaration of Paul D. Ceglia, dated June 12, 2011; (2) the original, native electronic
files consisting of or containing the purported emails described in the Amended Complaint
and all electronic copies of the purported emails; and (3) all computers and electronic media
in Plaintiff's possession, custody, or control, including but not limited to the electronic assets
listed in paragraph 6 of the Declaration of John H. Evans, dated June 17, 2011, and all assets
certified to by Plaintiff pursuant to the Court's June 30, 2011 Order...."

# GIBSON DUNN

Jeffrey A. Lake, Esq.
July 20, 2011
Page 2

In our recent discussions on this issue, you acknowledged that Plaintiff has not provided the information called for in the Order and that your computer forensics expert is working to remedy this. As we have noted, compliance with the Order requires the production of the following: (1) the native electronic version of the purported contract, (2) all electronic copies of the purported contract, (3) the forms described in your client's June 12th declaration, (4) the original, native electronic files consisting of or containing the purported emails, and (5) all electronic copies of the purported emails. This includes all electronic copies in the possession of Plaintiff's experts – such as Messrs. Osborn and Aginsky – and attorneys. Alternatively, to the extent these items are on the electronic assets already produced, you may identify where they are. And if any of these items do not presently exist, you must provide a clear statement of non-existence of the item and explanation of the reasons the item does not presently exist.

Moreover, I was surprised when you advised me that your client has not been involved and likely would not be involved with ensuring production of this information called for by the Order, as he obviously is the best source of knowledge on these topics. That fact – coupled with our understanding that your client is currently living in Ireland and your production yesterday of an additional computer – raises serious concerns about the veracity of your client's declaration dated July 15, 2011 and Plaintiff's compliance with the Order's requirement for a sworn declaration related to his compliance with the Electronic Assets inspection.

We expect full compliance with these aspects of the Order by 5:00 p.m. on Monday, July 25, 2011. Once the Court-ordered preconditions are met, Defendants will produce the emails in the manner outlined in the Order. Defendants reserve the right to seek sanctions and other relief as a result of Plaintiff's ongoing non-compliance with the Court's Order.

Very truly yours,

Alexander H. Southwell

101118405.2