UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------ x
PAUL D. CEGLIA,

            Plaintiff,

v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

           Defendants.
------------------------------------ x

Civil Action No. 1:10-cv-00569-RJA

**DECLARATION OF
DR. ALBERT LYTER III**

I, Albert H. Lyter, Ph.D, am competent to testify to the matters set forth herein and make this declaration of my own personal knowledge and belief.

1. I respectfully submit this declaration in support of Defendants' Cross-Motion to Compel and For Other Relief and in Opposition to Plaintiff's Motion to Compel, dated August 4, 2011.

2. For my qualifications and résumé, I respectfully refer to Exhibit A of the Declaration I submitted in support of Defendants' Motion for Expedited Discovery, dated June 1, 2011.

3. I participated in Defendants' examination of the Hard-Copy Documents on Tuesday, July 19, 2011. At that examination, Plaintiff produced two documents: the purported Work for Hire Agreement between Paul Ceglia and Mark Zuckerberg (the "Purported Contract") and a six-page document entitled "StreetFax Back-End Technical Specification" (the "Specs").

4. It is my practice when conducting an examination to extract physical samples of ink, toner, and paper, which I then bring to my laboratory for further analysis.

5. I understand that counsel for all parties agreed that Defendants' experts could initially take a limited number of samples from each area of ink on the documents, specifically:

    a. 10 samples from each signature on page 2 of the Purported Contract.

    b. 2 samples from each set of initials on page 1 of the Purported Contract.

   c. 10 samples from the interlineation on page 1 of the Purported Contract.

   d. 10 samples from each signature on page 6 of the Specs.

   e. 2 samples from each set of initials on page 4 of the Specs.

   f. 10 samples from the interlineation on page 4 of the Specs.

6. I, along with the Defendants' other ink expert, Mr. Gerald LaPorte, took no more samples than the numbers specified above.

7. On July 24, 2011, I traveled to Chicago, Illinois in order to observe Plaintiff's testing on July 25, 2011, and with the expectation that I would take additional sampling at the conclusion of Plaintiff's sampling.

8. On July 25, 2011, I accompanied Defendants' counsel to the offices of Edelson McGuire LLC, in Chicago, Illinois, where I observed Plaintiff's experts, Larry Stewart and Erich Speckin, conduct their examinations of the document.

9. I observed Plaintiff's experts take samples.

10. Based on my observation and professional judgment, at the conclusion of Plaintiff's sampling of the document, numerous samples remained available to be extracted and analyzed from the various ink portions of the Purported Contract, specifically:

   a. There are currently at least 30 additional samples available from the interlineation on page 1 of the Purported Contract.

   b. There are currently at least 4 additional samples available from the purported "MZ" initials on page 1 of the Purported Contract.

   c. There are currently at least 8 additional samples available from the purported "PC" initials on page 1 of the Purported Contract.

   d. There are currently at least 30 additional samples available from the purported Ceglia signature on page 2 of the Purported Contract.

   e. There are currently at least 25 additional samples available from the purported Zuckerberg signature on page 2 of the Purported Contract.

11. Based on my observation and professional judgment, at the conclusion of Plaintiff's sampling of the document, numerous samples remained available to be extracted and analyzed from the various ink portions of the Specs, namely:

    a. There are currently at least 40 samples available from the interlineation on page 4 of the Specs.

    b. There are currently at least 4 samples available from the purported "MZ" initials on page 4 of the Specs.

    c. There are currently at least 8 samples available from the purported "PC" initials on page 4 of the Specs.

    d. There are currently at least 30 samples available from the purported Ceglia signature on page 6 of the Specs.

    e. There are currently at least 30 samples available from the purported Zuckerberg signature on page 6 of the Specs.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th date of August 2011, in _Raleigh, NC_ .

                                              Albert H. Lyter III, Ph.D., D-ABC