UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                Plaintiff,

v.

MARK ELLIOT ZUCKERBERG,
FACEBOOK, INC.,

                Defendants.

**DECISION**
**and**
**ORDER**

**10-CV-569A(F)**

APPEARANCES:        PAUL A. ARGENTIERI, ESQ.
                           Attorney for Plaintiff
                           188 Main Street
                           Hornell, New York   14843

                           LAKE, APC
                           Attorneys for Plaintiff
                           JEFFREY A. LAKE,
                           NATHAN A. SHAMAN, of Counsel
                           855 5th Avenue, Suite 200A
                           San Diego, California   92101

                           GIBSON, DUNN & CRUTCHER, LLP
                           Attorneys for Defendants
                           ALEXANDER H. SOUTHWELL,
                           ORIN S. SNYDER,
                           THOMAS A. DUPREE, JR., of Counsel
                           200 Park Avenue, 47th Floor
                           New York, New York   10166-0193

                           HARRIS, BEACH, LLP
                           Attorneys for Defendants
                           TERRANCE P. FLYNN, of Counsel
                           Larkin at Exchange
                           726 Exchange Street, Suite 1000
                           Buffalo, New York   14210

**Attorney-Client Privilege**.

      Defendants contend that Plaintiff's assertion of Privilege Log Item Nos. 1-4 as

within the attorney-client privilege should be rejected. As this is a diversity action, the

court is required to apply New York privilege to this question pursuant to Fed.R.Evid. 501; however, as federal and New York caselaw construing N.Y.C.P.L.R. 4503 (New York's statutory formulation of the privilege) are essentially similar, *see In re Pfohl Bros. Landfill Litig.*, 175 F.R.D. 12, 21 (W.D.N.Y. 1997) (citing caselaw), the court applies federal caselaw in this circuit. As relevant, the privilege requires that only confidential communications with an attorney for the purpose of seeking legal advice or services are within its scope. *See United States v. Int'l Bhd. of Teamsters*, 111 F.3d 210, 214 (2d Cir. 1997). The burden is on the party asserting the privilege to demonstrate the requirements for the privilege have been satisfied. *Id.*

**Privilege Log Item No. 1 ("Item 1")**. Item 1 is an email from Plaintiff. The addressee is not stated, however, the Plaintiff asserts the addressee was Plaintiff's attorney, Jim Kole. The email refers to a StreetFax contract, the contract at issue in this case. Because the email merely transmits another document - the contract - to an attorney, it neither seeks confidential legal advice nor constitutes a confidential communication relating to such advice. Plaintiff has failed to establish otherwise. Accordingly, Item 1 is not within the attorney-client privilege.

**Privilege Log Item No. 2 ("Item 2")**. Item 2 purports to be a copy of a one-page document described by the Privilege Log as page 1 of a contract between Plaintiff and Mark Zuckerberg. As there is no indicated in either Item 1 or Item 2 that the document (Item 2) was submitted on a confidential basis to an attorney from whom Plaintiff was seeking advice or legal services such as reviewing or drafting the contract, Plaintiff has failed to establish the requisites for assertion of the privilege as to this document.

**Privilege Log Item Nos. 3 and 4 ("Item 3" "Item 4")**. Item 3 purports to be a

March 3, 2004 email from Plaintiff to Mr. Kole advising Plaintiff will send page two of a contract. Item 4 purports to be a copy of page 3 of the StreetFax contract signed by Plaintiff and Mark Zuckerberg dated April 28, 2003. Neither document indicates the email or contract are evidence that confidential legal advice or services are being requested. Specifically, the contract, already signed by Zuckerberg, by definition cannot be considered as a confidential communication nor does Plaintiff demonstrate, as is Plaintiff's burden, that by sending both pages of the executed contract, Plaintiff sought legal advice or assistance from Mr. Kole regarding the completed transaction. Thus, neither Item 3 or 4 are within the privilege.

**<u>Confidentiality Designation of Other Items Listed on Plaintiff's Privilege Log</u>**.

Defendant contends that none of Plaintiff's designations of 120 items in Plaintiff's privilege log as confidential under the Joint Stipulated Protective Order ("the Order") (Doc. No. 86), and, as such, should be nullified by the court. Under the Order, entered pursuant to Fed.R.Civ.P. 26(c), Order at 1, the parties were permitted to designate as confidential any "documents, materials, or information the designating" party "believes in good faith" contains information "that is not publically available (such as proprietary or confidential business, technical, sales marketing, financial, commercial, private, or sensitive information, or information that is otherwise reasonably designable as confidential)." Order ¶ 3. Disputes as to the validity of such designations are to be submitted to the court for resolution. Order ¶ 5.

Whether to enforce a protective order is "'committed to the sound discretion of the trial court.'" *S.E.C. v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001) (quoting *In*

re *"Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 147 and citing authorities). A protective order entered pursuant to Fed.R.Civ.P. 26(c) may be entered only for good cause that the protection sought is necessary to protect information entitled to such protection against disclosure outside the purposes of the relevant litigation such as the types of information listed in Fed.R.Civ.P. 26(c). *See Kamyr AB v. Kamyr, Inc.*, 1992 WL 317529, *4 (N.D.N.Y. Oct. 30, 1992). The propriety of such designation depends on the nature of the issues in a particular case as where the claims entail, *inter alia*, "an in-depth investigation of the defendant's business structure, operations, and policies." *Brookdale Univ. Hosp. and Med. Ctr., Inc. v. Health Insurance Plan of Greater New York,* 2008 WL 4541014, *2 (E.D.N.Y. Oct. 27, 2008). Good cause for including a document within the scope of a protective order entered pursuant to Rule 26(c) "exists 'when a party shows that disclosure will result in a clearly defined specific and serious injury.'" *In re September 11 Litigation*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (quoting *In re Terrorist Attacks on September 22, 2001,* 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006)).

Although, in the instant case, the court found good cause for entry of the Order, as the parties are aware, the court made no review of or determination prior to entry that any of the 120 documents subsequently designated as confidential ostensibly based on Plaintiff's good faith belief that each was entitled to such designation, was, in the court's view, confidential for purposes of the Order. Where a party challenges inclusion of information in a protective order courts consider several factors in deciding whether a party's designation should be set aside based on improvidence in granting the order, the existence of an extraordinary circumstance, or compelling need. *Martindell v. Int'l Tel. & Tel. Corp*. 594 F.2d 291, 296 (2d Cir. 1979). This requirement,

however, applies only if a party has reasonably relied on the designations of confidentiality in the protective order. *In re September 11 Litigation*, 262 F.R.D. at 277 (citing *TheStreet.com*, 273 F.3d at 229). In determining whether a party has reasonably relied on such designation, courts consider the scope of the protective order, the language of the order, the extent of the court's inquiry before entry of the order and the "nature of the reliance on the order." *Id.* at 277 (quoting *In re EPDM Antitrust Litig.*, 255 F.R.D. 308, 318 (D.Conn. 2009)). As the court made no prior determination of whether any of the challenged items were properly designated as confidential, the court need not address whether the Order was improvidently granted or whether Defendants have demonstrated a compelling need for full disclosure.

Here, the Order requires that the designation of confidentiality be based on a good faith belief that the designated material contains confidential information that is not publically available "such as proprietary or confidential business, technical, sales, marketing, financial, commercial, private, or sensitive information, or information that is otherwise reasonably designable as confidential." Order ¶ 3. The court has reviewed all of the 120 items asserted by Plaintiff as confidential under the Privilege Log including Items 1-4 asserted as subject to the attorney-client privilege. The court finds that some qualify as information as to which Plaintiff could have entertained a reasonable belief constituting confidential information within the scope of the Order, while others do not.

First, Items 1-4 related to a signed agreement between Plaintiff and Defendant Zuckerberg for software development and in connection with a StreetFax product. As the document was allegedly executed by Zuckerberg, Plaintiff could not entertain a

5

reasonable belief that it was a confidential private document, particularly in light of the fact that a copy of the executed agreement was attached by Plaintiff to the Complaint in this action. The emails to Mr. Kole do not reveal any technical, personal or sensitive information. Moreover, given that the court has not reviewed and approved such designation, Plaintiff could not reasonably have relied on the confidential designation he now asserts in these documents. For these reasons, Plaintiff also lacks any good faith reasonable belief as to the confidential nature of Items 5 - 11, unsigned versions of the same agreement.

Items 12 - 38 represent copies of electronic communications among Plaintiff, Defendant Zuckerberg and several persons involved in development of the StreetFax website product. These items represent communications addressed to a variety of personal and technical matters arising as the parties attempted to develop the StreetFax software and website called for by their contract. As such, Plaintiff could have held a good faith belief they constituted personal and technical as well as some proprietary information covered by the Order, and Plaintiff's confidentiality designation for these items is therefore sustained.

Items 39 - 45 are printouts of computer generated test results relating to development activities associated with the StreetFax contract. As such they reasonably qualify as confidential technical material under the Order.

Item 46 is a partially retrieved copy of page 2 of the StreetFax contract which appears to be signed by Defendant Zuckerberg. For the reasons stated as for Items 1-4, it is not confidential.

Items 47-75 represent metadata of overwritten deleted files reflected in Items

Nos. 12-13, 15-17, 18-20, 21-22, 24-27, 29-34, 37-39, and includes Items 74-75 metadata of two unrecoverable files. Metadata is a term used by a computer to record descriptive information about a electronically created or stored document such as the identity of the person who created the document, the dates of its creation, dates of modifications to the document and the like information not ordinarily revealed by the human readable form of the document. The subject metadata "documents" are associated with those the court has determined to be fairly designated as confidential, *i.e.*, technical or personal information. However, as the metadata by definition does not reveal the substance of the document to which they are related, designating them as confidential is not based on a good-faith belief in the confidential nature of the information to which they relate, *e.g.*, the author of the document or the date of its creation. Accordingly, Plaintiff's designation of Item Nos. 45, 47-75 as confidential under the Order is rejected.

Item Nos. 76-91 are, according to Plaintiff's Privilege Log, link files related to "potential relevant documents" on removable media. Link files are understood to be special computer files which provide 'shortcuts' to enable easier access to computer files located elsewhere in a computer or computer system. As such, a link file does not carry or convey the stored information to which it connects. Accordingly, they do not constitute confidential personal, technical or proprietary information. As such, Plaintiff's designation lacks a good faith basis on the confidential nature of these items.

Items 92-112 are stated to be Registries to USB, or Universal Serial Bus, mass storage devices that were attached to Plaintiff's computers which were not disclosed to Defendants' expert. A Registry, as it related to a Microsoft Windows-based system,

constitutes a database containing information about the nature of the hardware connected to the computer and any installed software.  The Registry also provides instructions and other information required to operate the Windows software.  As such, these items do not reveal confidential information and Plaintiff's confidential designation is therefore rejected.

Item 113 is a EnCase® Forensic software product used to investigate, collect and analyze digital data and preserves these outcomes in a forensically useful format.  As such, this item in itself represents no confidential information unless used to reveal other digital information which is confidential.  Thus, to the extent the items pertain to other items found to be confidential, their designation as confidential is also rejected.

Items 114 and 115 are System Event Logs which contain information about different kinds of activity in a Windows-based computer system such as user logging in and out, connecting USB - Universal Serial Bus - devices to the system and other similar activities.  As such, the court fails to see how such items may reveal confidential information and the court therefore rejects Plaintiff's designation.

Items 116 - 119 refer to metadata for System Restore Points which are computer generated backups of Registries for the system.  As such, no confidential information is likely created or revealed, and these items therefore are not properly designated as confidential.

Item 120 refers to Forensic Artifacts, which are fragments of data from a partially overwritten computer file likely located by the EnCase® Forensic tool.  Thus, to the extent the fragment file is from one entitled to be treated as confidential, it is also a

confidential document; if not, it is not confidential.[1]

## CONCLUSION

Based on the foregoing, Defendants' cross-motion (Doc. No. 95) to reject Plaintiff's assertion of attorney-client privilege in Items 104 and to de-designate the 120 items listed by Plaintiff in the Privilege Log as confidential under the Order is GRANTED in part, and DENIED in part. Plaintiff shall produce Items 1-4 to Defendants by 10:00 a.m., August 17, 2011.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2011
      Buffalo, New York

---

[1] In the absence of any assistance by the parties, the court was aided in its understanding of the technical terms by Patrick J. Healy, the court's Information Technology Manager.