UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PAUL D. CEGLIA, :
:
              Plaintiff, :
:
    v. : Civil Action No. 1:10-cv-00569-RJA
:
MARK ELLIOT ZUCKERBERG and :
FACEBOOK, INC., :
:
             Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## CROSS-MOTION TO COMPEL AND FOR OTHER RELIEF

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

August 15, 2011

**TABLE OF CONTENTS**

**Page**

REPLY ............................................................................................................................. 1

ARGUMENT .................................................................................................................... 2

    I.     CEGLIA HAS CONCEALED AND APPARENTLY DESTROYED CRITICAL EVIDENCE. ................................................................................ 2

    II.    THE COURT SHOULD GRANT DEFENDANTS' MOTION TO COMPEL. ..................................................................................................... 4

          A.     Electronic Documents ................................................................... 4

          B.     Ceglia's Certification .................................................................... 5

          C.     Rule 11 Certifications of Counsel ................................................ 6

          D.     Ink Sampling .................................................................................. 6

          E.     This Court Should Award Defendants Their Reasonable Attorneys' Fees And Other Relief. .............................................. 7

    III.   CEGLIA'S REMAINING ARGUMENTS ARE MERITLESS. ............................ 8

CONCLUSION ............................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) ............................................................................................................. 3

*Davis v. Speechworks Int'l, Inc.*,
    2005 WL 1206894 (W.D.N.Y. May 20, 2005) ................................................................. 3

*Jones v. J.C. Penney's Dep't Stores, Inc.*,
    228 F.R.D. 190 (May 31, 2005) ........................................................................................ 7

*Southern New England Tel. Co. v. Global NAPs Inc.*,
    624 F.3d 123 (2d Cir. 2010) .............................................................................................. 3

### Rules

Fed. R. Civ. P. 37(b) ....................................................................................................................... 3

Local Rule 7(d)(1) .......................................................................................................................... 8

### Other Authorities

John Anderson, "Ceglia, Facebook claimant from Wellsville, in Ireland to avoid
    Zuckerberg investigators," Wellsville Daily Reporter, Aug. 10, 2011 ..................... 6

**REPLY**

The court-ordered forensic testing has uncovered the authentic contract between Mark Zuckerberg and StreetFax that Ceglia attempted to conceal. This smoking-gun evidence confirms what Defendants have said all along: the purported contract attached to the complaint is an outright fabrication. The authentic contract — which mentions only StreetFax and has nothing to do with Facebook — was found embedded in the electronic data from 2004 on Ceglia's computer. *See* Aug. 15 Southwell Decl., Ex. A. This Court has now rejected Ceglia's desperate effort to suppress the authentic contract by overruling his baseless confidentiality designations. Ceglia has no explanation for his fraud on the Court and does not even attempt to explain how his manufactured case can continue in the face of the authentic contract.

The forensic analysis also revealed that Ceglia has been willfully concealing six USB or other removable storage devices containing highly relevant documents such as "Zuckerberg Contract page1.tif" and a folder entitled "Facebook Files." Ceglia now claims — incredibly and outrageously — that he is "unable to locate these devices." Opp. 11. It is very likely that Ceglia used these removable devices to manipulate and store documents, including the purported "Facebook contract," in the belief that this evidence would not be discovered — or that the devices could easily be discarded if necessary, as Ceglia has now apparently done. This is the digital equivalent of throwing critical evidence into Lake Erie. Ceglia's willful and bad-faith spoliation warrants severe sanctions, up to and including dismissal.

At a minimum, this Court should compel Ceglia's compliance with the Court's July 1, 2011 order granting expedited discovery, as Ceglia has refused to produce electronic documents covered by the Order, submitted an indisputably inaccurate certification, and obstructed Defendants' efforts to conduct ink sampling.

1

Defendants' experts continue to review and examine the hard-copy documents Ceglia produced, including the purported contract itself. The experts have already identified numerous irregularities and other indicia of fraud in this document and Defendants anticipate that they will report these findings shortly.[1] If the Court permits this case to continue notwithstanding the discovery of the authentic contract, the other evidence of fraud, and Ceglia's calculated and willful disposal of critical evidence, Defendants intend to move to dismiss after they submit their report to the Court documenting the now-overwhelming evidence of Ceglia's fraud, spoliation and subterfuge.

## ARGUMENT

**I.    CEGLIA HAS CONCEALED AND APPARENTLY DESTROYED CRITICAL EVIDENCE.**

This Court ordered Ceglia to produce "all computers and electronic media in [his] possession, custody or control." July 1 Order at 2. Stroz Friedberg's forensic analysis determined that Ceglia has recently used six USB or other removable storage devices in connection with his computers — devices that Ceglia failed to produce and whose very existence he concealed from Defendants and the Court. The forensic analysis revealed that these storage devices contain, among other things, image files entitled "Zuckerberg Contract page1.tif" and "Zuckerberg Contract page2.tif" in a folder labeled "Facebook Files." *See* Aug. 15 Southwell Decl. ¶ 7. Ceglia apparently did not realize that when a storage device of this type is attached to a computer, it leaves a digital fingerprint. Had this Court not permitted Defendants to image Ceglia's computers, his machinations would never have been detected.

---

[1]    At the upcoming oral argument on August 17, 2011, Defendants expect to ask the Court to modify the July 1 Order to permit Defendants to submit all reports documenting the findings of their examination within 30 days from Ceglia's compliance with the July 1 Order.

2

Ceglia's purpose in using these devices is clear: he thought he could conceal damning evidence by using removable devices and keeping it off the computers he knew would be inspected. Rather than comply with the law and produce the devices, Ceglia has apparently destroyed them (or is continuing to conceal them). His lawyer now claims that Ceglia conducted a "diligent search and inquiry" for the devices, Lake Decl. ¶ 17, but could not locate any of them.[2]

This is a clear-cut case of willful spoliation of evidence. Federal Rule of Civil Procedure 37(b) empowers this Court to impose sanctions, up to and including "dismissing the action or proceeding in whole or in part" where, as here, a plaintiff has defied a discovery order. Even absent violation of a court order, a district court may invoke its inherent power to impose sanctions for bad-faith litigation misconduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010) ("the record fully supported the district court's determination that the defendants acted willfully and in bad faith," where the "forensic reports allowed the district court to conclude that the deletion of documents from [the] computer [of one of the defendants' employees] was intentional rather than merely negligent"); *Davis v. Speechworks International, Inc.*, 2005 WL 1206894, at *3 (W.D.N.Y. May 20, 2005) (Foschio, J.) ("Dismissal is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party.").

---

[2] Defendants' cross-motion noted that several of the devices may have been used as recently as July 12, 2011. While Defendants' experts have thus far been unable to pinpoint the exact date on which Ceglia last used the devices — i.e., whether it was on July 12 or prior to that time — they have determined that at least some of the devices were connected to Ceglia's computers subsequent to the filing of the complaint in this action. *See* Aug. 15 Southwell Decl. ¶ 6.

3

The evidence in this case leaves no doubt that Ceglia is at fault for the loss or destruction of the six storage devices. His conduct was both willful and in bad faith. It is not remotely plausible that Ceglia happened to misplace all six devices. His version of events is particularly unlikely given his retention of hundreds of floppy disks and CDs dating back to the early 2000s on which he claimed to have stored his purported email exchanges with Zuckerberg. The fact that Ceglia did not even disclose the existence of the storage devices — a point this Court has already recognized — is further proof of knowing concealment and bad faith. *See* Aug. 12 Order at 7 (noting the presence of "mass storage devices that were attached to Plaintiff's computers which were not disclosed to Defendants' expert").

The prejudice to Defendants from Ceglia's knowing, bad faith actions is obvious and incalculable. The titles of the documents and folder that have now apparently been lost forever — "Zuckerberg Contract" and "Facebook Files" — demonstrate that they would have constituted critical evidence in this lawsuit, and would likely have further established Ceglia's fraud. Ceglia's extreme bad faith, coupled with the substantial prejudice to Defendants, warrants imposition of severe sanctions.

## II.     THE COURT SHOULD GRANT DEFENDANTS' MOTION TO COMPEL.

### A.     Electronic Documents

Defendants moved the Court to direct Ceglia to produce the native electronic version of the purported contract; all electronic copies of the purported contact; the electronic forms described in Ceglia's June 12th declaration; the original, native electronic files consisting of or containing the purported emails; and all electronic copies of the purported emails.

Ceglia claims that he has already produced all the electronic documents he was able to locate. He further argues that he is under no obligation to identify where the documents might be found within the collection of computers and electronic media he made available to Stroz

4

Friedberg, or even to reveal which documents could not be located. Opp. 11. Ceglia is wrong on all fronts. First, he has *not* produced all electronic documents within his possession, custody or control, and in light of his established pattern of concealment and deceit, he has no standing to be taken at his word. Among other things, Ceglia has not produced the electronic copies of the purported contract that are in the possession of his attorneys or his experts John Paul Osborn and Valery Aginsky. Nor has he produced copies of the purported contract in his webmail account. With regard to the latter, Ceglia does not object to Defendants' request that the Court direct him to consent to the acquisition and inspection of his webmail accounts by Stroz Friedberg pursuant to the Electronic Assets Inspection Protocol, so this Court should issue the requested order.

Ceglia also wrongly insists that he has no obligation to identify the files containing the documents he claims to have already produced. He argues that the Order only requires him to "identify all computers and electronic media in his possession." Opp. 9. But the language he is quoting is from the *certification* requirement. The relevant language concerning his *production* and *identification* obligations appears in the Electronic Assets Inspection Protocol, which was entered as an order by this Court and is clear: it requires Ceglia to "provide" and "identify" all "electronic assets" — the latter term defined to include specific files and documents, not just hardware and software. *See* Protocol at 1 (defining "electronic assets" to include three categories of materials). This is a common-sense requirement: absent identification, there is no way to tell whether Ceglia has fully complied with his discovery obligations. Notably, Ceglia's counsel does not dispute that he had previously agreed with Defendants' counsel that this was a correct reading of the Order. *See* Aug. 4 Southwell Decl. ¶¶ 18-19.

**B.   Ceglia's Certification**

Defendants demonstrated that Ceglia's certification was false in several key respects. It misrepresented that all the electronic assets had been produced, and failed to disclose the

5

existence of a subsequently-produced computer or the removable storage devices. Ceglia does not seriously dispute any of these points, and he should be directed to file a detailed and fully accurate certification.

Ceglia does not deny that he had no involvement in identifying and collecting documents for production. Indeed, he has publicly confirmed that he has now moved to Ireland. *See* John Anderson, "Ceglia, Facebook claimant from Wellsville, in Ireland to avoid Zuckerberg investigators," Wellsville Daily Reporter, Aug. 10, 2011, *available at* www.eveningtribune.com/features/x919522444/Ceglia-Facebook-claimant-from-Wellsville-in-Ireland-to-avoid-Zuckerberg-investigators.

### C.     Rule 11 Certifications of Counsel

Ceglia does not oppose Defendants' request that his current counsel, who did not sign the First Amended Complaint, be directed to certify that they are pursuing this lawsuit in good faith and on the basis of a reasonable factual investigation into their client's claims.

### D.     Ink Sampling

Defendants' ink expert Dr. Albert Lyter III has submitted an additional declaration explaining Defendants' need for the additional ink sampling. Specifically, Dr. Lyter explains that given Defendants' experts preliminary observations, they need a limited number of additional samples from the ink of the purported contract in order to conduct extremely sensitive and precise chemical testing. *See* Aug. 15 Lyter Decl. ¶ 9. This testing may be able to determine whether the ink in the purported contract dates from 2003. *Id*.

Ceglia argues that additional sampling of the ink on the purported contract "will result in the destruction of the evidentiary value" of the document. Opp. 12. There is absolutely no basis for this fatuous claim, as Dr. Lyter makes clear. *See* Aug. 4 Lyter Decl. ¶ 10; Aug. 15 Lyter Decl. ¶ 12. If the Court has any concerns on this front, it may wish to examine for itself the significant amounts of ink that remain available for sampling, which is apparent even to the untrained eye. *See* Aug. 15 Lyter Decl., Exs. A and B. Even if additional sampling would "compromise the physical integrity" of the document, *see* Stewart Decl. at ¶¶ 5-7 — which it plainly would not — that would not hamper Ceglia's presentation of evidence in the slightest. Prior to any sampling, the parties made high-resolution color copies of the version of the purported contract presented to Defendants, so the pre-sampling appearance of this documents is forever preserved. *See* Aug. 15 Lyter Decl. ¶ 3.[3]

### E. This Court Should Award Defendants Their Reasonable Attorneys' Fees And Other Relief.

The Court should award Defendants their reasonable attorneys' fees in light of Ceglia's obstruction of discovery, concealment of evidence, and outright defiance of his discovery obligations. *See Jones v. J.C. Penney's Dep't Stores, Inc.*, 228 F.R.D. 190, 195-96 (May 31, 2005) (Foschio, J.) ("the court may impose reasonable expenses, including attorneys' fees, caused by the party's failure to obey the court's discovery orders").

An award of attorneys' fees is also warranted given Ceglia's frivolous motion to compel. The lead argument in Ceglia's motion was that Zuckerberg had failed to submit the declaration concerning handwriting samples and should be compelled to do so. Even after Defendants

---

[3]  Defendants also seek additional ink sampling of the other hard-copy document, which Ceglia has improperly designated as "confidential." *See* Aug. 15 Lyter Decl. ¶ 8.

7

pointed out to Ceglia's counsel that Zuckerberg had submitted the declaration, and that Mr. Lake had simply overlooked the email, Mr. Lake refused to withdraw the motion, failed to advise the Court that he had filed a brief filled with false statements, and forced Defendants to file a brief in opposition.  Indeed, Mr. Lake now admits that he "discovered" on July 26 that he had in fact received the declaration, *see* Lake Decl. ¶ 4 — yet he waited <u>more than two weeks</u> before notifying the Court or withdrawing his request, thus forcing Defendants to litigate the issue.  His purported "withdrawal," set forth in a footnote, Opp. 1 n.1, is too little, too late.  Defendants should be awarded the fees they incurred in unnecessarily having to brief this meritless issue.[4]

### III. CEGLIA'S REMAINING ARGUMENTS ARE MERITLESS.

Ceglia's claim that Defendants violated the protective order should be summarily rejected.  There was nothing in the redacted version of Defendants' papers that disclosed the substance of the documents that Ceglia improperly and abusively designated as confidential.  Rather, Defendants' papers stated that certain unidentified documents *confirmed* Defendants' longstanding public position that Ceglia fabricated the purported contract and that this lawsuit is a fraud.[5]

---

[4] Ceglia also failed to meet-and-confer.  Although he claims that he filed affidavits as required by the Local Rules, *see* Opp. 8, his affidavits are plainly deficient as they do not provide the information mandated by Local Rule 7(d)(1).

[5] Ceglia notes that Defendants filed a Notice of Cross-Motion that mentioned the "authentic contract."  Opp. 2.  But as explained in the August 5 Declaration of Alexander H. Southwell, this notice was inadvertently filed late on the evening of August 4, and the moment counsel became aware of the issue, he called the ECF Help Desk to have the notice removed.  The next morning, Defendants' co-counsel Terrance P. Flynn called the Help Desk again, as well as the Clerk's Office.  The Clerk placed a full temporary hold on the notice at the earliest possible time, and it was promptly removed and replaced with the correct, redacted version.  *See* Aug. 5 Southwell Decl. ¶¶ 2-5.

In any event, this Court has already rejected the confidentiality designations in question — those concerning the authentic contract and Ceglia's use of the removable storage devices — on the ground that Ceglia lacked a reasonable, good-faith belief that they legitimately contained confidential material.  *See* Aug. 12 Order at 5-6, 7-8.  Because this Court has now held that the documents do not contain material properly designated as "confidential," Ceglia cannot maintain an argument that Defendants violated the protective order by purportedly revealing their content.

Finally, Ceglia argues that this action should be stayed for purposes of mediation.  Opp. 14.  There is absolutely no need for a stay, and Ceglia is wrong to claim that this Court has "previously ordered" mediation.  *Id*. at 13.  Mediation would be pointless in any event because the only acceptable resolution to Defendants is an immediate dismissal of this lawsuit with prejudice.

## CONCLUSION

This Court should grant Defendants' cross-motion to compel, deny Ceglia's motion to compel, and award Defendants all other relief, including attorneys' fees, to which they may be entitled.

Dated:        New York, New York
              August 15, 2011

                                                    Respectfully submitted,

                                                    /s/ Orin Snyder
Thomas H. Dupree, Jr.                               Orin Snyder
GIBSON, DUNN & CRUTCHER LLP                         Alexander H. Southwell
1050 Connecticut Avenue, NW                         GIBSON, DUNN & CRUTCHER LLP
Washington, DC 20036                                200 Park Avenue, 47th Floor
(202) 955-8500                                      New York, NY 10166-0193
                                                    (212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*