UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PAUL D. CEGLIA,  :
:
             Plaintiff,  :    Civil Action No. 1:10-cv-00569-RJA
:
   v.  :    **DECLARATION OF**
:    **ALEXANDER H. SOUTHWELL**
MARK ELLIOT ZUCKERBERG and  :
FACEBOOK, INC.,  :
:
             Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    I, ALEXANDER H. SOUTHWELL, hereby declare under penalty of perjury that the following is true and correct:

    1.    I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), counsel of record for Mark Elliot Zuckerberg and Facebook, Inc. ("Facebook") in the above-captioned matter. I make this declaration, based on personal knowledge, in support of Defendants' Reply in Support of Defendants' Cross-Motion to Compel Compliance with the July 1 Order, dated August 15, 2011.

    2.    In the Declaration of Jeffrey A. Lake, dated August 10, 2011, Mr. Lake attested that he and I "did not have a conversation [] concerning the residence of Paul Ceglia." Mr. Lake also denied telling me that "Paul Ceglia did not participate in the production of the Electronic Assets." Declaration of Jeffrey A. Lake (Doc. No 106-1), ¶ 18.

    3.    By way of additional background, following law school at New York University School of Law, I served as a law clerk to the Honorable Naomi Reice Buchwald of the United States District Court for the Southern District of New York. From 2001 through 2007, I served as an Assistant United States Attorney in the United States Attorney's Office for the Southern

1

District of New York. Currently, in addition to being a partner at Gibson Dunn, I am an Adjunct Professor of Law at Fordham University School of Law, where I teach a seminar on cybercrimes, covering computer misuse crimes, intellectual property offenses, computer evidence at trial, data breach and privacy issues and information security, among other areas. I fully appreciate the gravity of making a sworn statement under penalty of perjury.

4. I was surprised and disappointed by Mr. Lake's sworn statements described above. At best, these statements are the result of a lapse of memory. At worst, they are knowingly false.

5. To be clear, on July 19, 2011, I had an in-person conversation with Mr. Lake at the offices of Harris Beach LLC in Buffalo, New York regarding Plaintiff's failure to produce the specific electronic documents required to be produced by the Court's Order, dated July 1, 2011 (the "Order") (Doc. No. 83) and the Court's Electronic Asset Inspection Protocol, dated July 1, 2011 (the "Electronic Asset Protocol") (Doc. No. 85). In response to my inquiry about his client's ongoing failure to identify and produce the electronic documents required to be produced by the Order, Mr. Lake informed me that Plaintiff's computer forensics consultants, along with an attorney from Edelson McGuire LLC, were working to identify these electronic documents, and that they would provide those documents to Defendants. I asked Mr. Lake why he did not simply ask Mr. Ceglia for the locations of the electronic documents required to be produced. Mr. Lake responded that Mr. Ceglia was not involved with producing the Electronic Assets, adding that Mr. Ceglia was currently in Ireland. I made a mental note of these statements by Mr. Lake because I was surprised at his striking admission.

6. As I noted in my August 4, 2011 declaration, Stroz Friedberg produced to counsel for Defendants all Presumed Relevant Material not designated as privileged by Plaintiff. The

Presumed Relevant Material included evidence of at least six removable media devices that Plaintiff did not produce for inspection, some of which appear to have been used subsequent to the filing of the complaint in this case. The names and serial numbers of the six undisclosed removal media devices are:

    A.    Gigaware USB Device, 20051942520C8D20CDB2&O

    B.    Maxtor 3200 USB Device, 604010193447&0

    C.    SanDisk Cruzer Micro USB Device, 200524439016A86122A2&O

    D.    USB 2.0 USB Flash Drive USB Device, 76562f5793a65e&o

    E.    Ut165 USB2 FlashStorage USB Device, 00000000000069&0

    F.    Kingston DataTraveler 2.0 USB Device, 5B8407000A4B&O

    7.    In its review of the evidence of the undisclosed removable media devices, Stroz Friedberg located references to several files that appear to be relevant to this litigation, including two files that are named "Zuckerberg Contract page1.tif" and "Zuckerberg Contract page2.tif" in a folder labeled "Facebook Files." Plaintiff did not produce these files for inspection. These are the same type of TIFF image file as "Scan0001.tif" and "Scan0002.tif," the electronic images of an agreement regarding StreetFax between Plaintiff and Mr. Zuckerberg, dated April 28, 2003, true and correct copies of which are attached hereto as Exhibit A. *See* Declaration of Alexander H. Southwell (Doc. No. 97), ¶ 42A.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of August, 2011 at New York, New York.

_____
Alexander H. Southwell