UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
PAUL D. CEGLIA, :
:
          Plaintiff, :
: **ORDER**
   v. :
: Civil Action No. 1:10-cv-00569-
MARK ELLIOT ZUCKERBERG and : RJA-LGF
FACEBOOK, INC., :
:
          Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     WHEREAS, on August 17, 2011, this matter having come before the Court on Plaintiff's Motion to Compel and Defendants' Cross-Motion to Compel Plaintiff's Compliance with this Court's July 1, 2011 Order under Federal Rule of Civil Procedure 37;

     WHEREAS the Court has fully considered the briefs, papers, and oral argument pertaining to this matter:

     IT IS HEREBY ORDERED that Plaintiff's Motion to Compel is DENIED and that Defendants' Cross-Motion to Compel is GRANTED IN PART and DENIED IN PART; and it is further ordered that:

     1.     On or before August 29, 2011, Plaintiff shall provide a supplemental sworn declaration ("Supplemental Declaration") in accordance with 28 U.S.C. § 1746.

     2.     In the Supplemental Declaration, Plaintiff shall identify, by name and location, each of the following files, computers, and electronic media: (A) the electronic copies or images of the purported contract attached to any complaint in this action; (B) all electronic versions or purported versions of any contract by and among Defendant Zuckerberg, Plaintiff and/or other persons associated with StreetFax ("Contract"), including the electronic copies or images of any

Contract in the possession, custody, or control of Plaintiff's attorneys, experts, or other agents; (C) all electronic versions of any emails or purported emails by and among Defendant Zuckerberg, Plaintiff and/or other persons associated with StreetFax ("Emails"); (D) the forms described in paragraph 8 of the Declaration of Paul D. Ceglia, dated June 12, 2011 (Doc. No. 65); (E) the removable storage devices described in paragraph 6 of the Declaration of Alexander H. Southwell, dated August 15, 2011 (Doc. No. 111); (F) all computers and electronic media in Plaintiff's possession, custody, or control, excluding Plaintiff's attorneys and experts' computers, since June 30, 2010; and (G) all computers and electronic media no longer in Plaintiff's possession, custody, or control that contain or contained information relevant to any Contract, any Emails, or this action. Plaintiff shall organize this identification by categories (A)-(G). The Supplemental Declaration shall include those computers and electronic media produced to date. For each item identified in categories (A)-(G) that is no longer in Plaintiff's possession, custody, or control, Plaintiff shall describe in detail his good-faith efforts to conduct a diligent search for that item. For each item identified in categories (A)-(G) that is no longer in Plaintiff's possession, custody, or control, Plaintiff shall provide a detailed account of the non-existence, loss, or destruction of each such item, including the approximate date on which each item was lost, destroyed, or otherwise disposed of.

     3. On or before August 29, 2011, Plaintiff shall produce all files, computers, or electronic media identified in the Supplemental Declaration, except for the items identified that are no longer in Plaintiff's possession, custody, or control. All files shall be produced in their native format. Plaintiff's production and Defendants' examination shall be conducted pursuant to the Electronic Asset Inspection Protocol, dated July 1, 2011 (Doc. No. 85) ("Electronic Asset Inspection Protocol"), except that (A) Plaintiff's experts shall produce directly to Defendants all

electronic copies or images of any Contract in their possession, custody, or control, and (B) Plaintiff shall produce directly to Defendants all electronic copies or images of any Contract in the possession, custody, or control of Plaintiff's attorneys or other agents. Plaintiff shall not be required to produce again any computers or electronic media produced to date.

4.  In the Supplemental Declaration, Plaintiff shall also certify that all files, computers, or electronic media identified in the Supplemental Declaration to be produced have, in fact, been produced to Defendants pursuant to this Order.

5.  In the Supplemental Declaration, Plaintiff shall also identify all email accounts accessible through web-based interfaces that Plaintiff has used since 2003, including but not limited to his gmail.com, msn.com, tmail.com, and adelphia.net accounts. Plaintiff shall consent to the acquisition and inspection by Stroz Friedberg of the contents of all such accounts. On or before August 29, 2011, Plaintiff shall provide such consent on a form or forms to be provided by Stroz Friedberg. Plaintiff shall at the same time provide to Stroz Friedberg a password for, and facilitate access by Stroz Friedberg to, each identified account. The production and inspection of the contents of all such accounts shall be conducted pursuant to the Electronic Asset Inspection Protocol.

6.  On or before August 29, 2011, Plaintiff shall produce the Hard-Copy Documents, as defined in this Court's July 1, 2011 Order, at the offices of Harris Beach PLLC in Buffalo, New York. Plaintiff shall permit Defendants' experts to conduct the ink sampling described in paragraph 8 of the Declaration of Dr. Albert Lyter III, dated August 15, 2011. Plaintiff's production and Defendants' inspection of the Hard-Copy Documents shall be governed by the Hard-Copy Document Inspection Protocol, dated July 1, 2011 (Doc. No. 84).

7. Five (5) days after Stroz Friedberg's production to Defendants of all non-privileged relevant material pursuant to this Order and the Electronic Asset Inspection Protocol, Defendants shall produce to Plaintiff all emails between Defendant Zuckerberg and Plaintiff and/or other persons associated with StreetFax that were captured from Zuckerberg's Harvard email account. All emails shall be produced in native format.

8. Defendants are authorized to issue a subpoena under Federal Rule of Civil Procedure 45 on Sidley Austin LLP.

9. Defendants shall complete their examination and provide to the Court and Plaintiff reports documenting the findings of that examination thirty (30) days from Plaintiff's compliance with this Order.

10. On reconsideration requested by Plaintiff, the Court upholds its Decision and Order, filed August 12, 2011 (Doc. No. 107), regarding Responsive Material Log Items # 1-4. Specifically, the Court holds that Responsive Material Log Items # 1-4 are neither privileged nor confidential under the Joint Stipulated Protective Order (Doc. No. 86).

11. On reconsideration requested by Defendants, the Court modifies its Decision and Order, filed August 12, 2011 (Doc. No. 107), regarding Responsive Material Log Item # 29. Specifically, on consent, the Court holds that Responsive Material Log Item # 29 is not confidential under the Joint Stipulated Protective Order (Doc. No. 86).

SO ORDERED this 18 day of August 2011.

*/s/ Leslie G. Foschio*

_____
HONORABLE LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE