UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                Plaintiff,

                                            **DECISION AND ORDER**
                                            10-CV-569A
     v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

                Defendants.

      On July 1, 2011, Magistrate Judge Leslie G. Foschio issued an order (Dkt. No. 83) directing partial expedited discovery in this case. Under that order, Magistrate Judge Foschio directed plaintiff to produce several types of discovery on or before July 15, 2011. Plaintiff was directed to produce hard-copy documents related to the alleged contract in question and certain e-mail correspondence that may have occurred between the parties. Plaintiff also was directed to identify, in a sworn declaration, all computers and electronic media in his possession, custody, or control, to allow defendants an opportunity for inspection. Additionally, plaintiff was directed to produce native electronic versions of the alleged contract in question and of the e-mail correspondence referenced in the amended complaint, along with the computers and electronic

media identified for inspection. Plaintiff never filed objections to the July 1, 2011 Order under Rule 72 of the Federal Rules of Civil Procedure ("FRCP").

Just over a month after Magistrate Judge Foschio issued his July 1, 2011 Order, the parties filed cross-motions to compel (Dkt. Nos. 91, 95). Without delving into the numerous issues and details that the parties raised in those cross-motions, they accused each other of failing to comply with the production schedule that Magistrate Judge Foschio laid out in the July 1, 2011 Order. After extensive briefing and oral argument, Magistrate Judge Foschio issued a second order on August 18, 2011 (Dkt. No. 117) granting defendants' cross-motion to compel in part but otherwise denying the motions. In the August 18, 2011 Order, Magistrate Judge Foschio reiterated, though in more detail, that plaintiff was required to produce certain hard-copy and electronic documents required by the July 1, 2011 Order. As for when this production would be due, counsel for plaintiff had the following exchange with Magistrate Judge Foschio:

> THE COURT: Thank you. Now, as far as a written order is concerned, because the Defendant is the prevailing party on this issue, I'm going to direct the Defendant to draft the Court's order in written form, much as we did with the original order, [and] present it to Mr. Lake. If there's disagreement over text, the Court will be available at 10:00 tomorrow to deal with the issue. And we haven't gotten to the ink testing issue, which I think I'm about to tackle. And that is so ordered.
>
> MR. LAKE: Your Honor, if I may be heard briefly. One, *if it can be 10 days from the actual order as opposed to today*, even that extra day will help me so we that we can get to work.

      THE COURT: Yeah, 10 days from the filing of the actual order.

      MR. LAKE: Thank you.

(Dkt. No. 121 at 121–22 (emphasis added).)  In accordance with plaintiff's wishes, Magistrate Judge Foschio extended the production deadline from the original deadline of July 15, 2011 to August 29, 2011, 10 days after the date of filing of the August 18, 2011 Order.

      Despite the agreement that he reached with Magistrate Judge Foschio about the time for production, plaintiff filed a motion (Dkt. No. 118) to stay the August 18, 2011 Order just one day after that order issued.  Initially, plaintiff asked for a stay on the grounds that he wanted to file objections to the August 18, 2011 Order but that compliance with that order would have to occur before the deadline for filing objections.  By text order dated August 22, 2011 (Dkt. No. 119), this Court directed plaintiff to file supplemental briefing explaining some other basis for a stay, since "[t]he desire to file objections to a magistrate judge's order does not, by itself, warrant a stay of that order."  *Id.* (citing *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360-61 (W.D.N.Y. 2005) (Larimer, J.)).  Accordingly, plaintiff filed a supplemental memorandum of law on August 22, 2011 (Dkt. No. 120) asserting that a stay was necessary because "[t]he August 18, 2011 Order requires Plaintiff to engage in enormous efforts if Plaintiff is to comply by August 29, 2011—merely eleven (11) days after the Court issued

the August 18, 2011 Order." (Dkt. No. 120 at 3.) Defendants filed responding papers on August 24, 2011.

After reviewing the papers, the Court finds two problems with plaintiff's request for a stay. First, plaintiff is asking this Court to alter a production schedule that he himself requested in open court just two days before filing the pending motion. Plaintiff has not set forth what he learned two days later about the time needed for production that he did not know when he last appeared before Magistrate Judge Foschio and that he could not first explain to him.

Second, the August 18, 2011 Order is merely a reiteration or an enforcement of the July 1, 2011 Order, an order to which plaintiff never objected. "When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983) (citations omitted). Additionally, although the August 18, 2011 Order did not issue sanctions under FRCP 37(b), it was an order that resolved an FRCP 37 motion. As a result, the underlying substance of the production requirement under that order is not at issue. *Cf.* 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2289 (3d ed. and Westlaw 2011) ("The propriety of the discovery sought is not in issue at the time sanctions are being imposed under Rule 37(b)."); *see also Viswanathan v. Scotland County Bd. of Educ.*, 165 F.R.D. 50, 53 n.2 (M.D.N.C. 1995) (citing *Wright*); *Constitution Bank v. Levine*, 151 F.R.D. 278, 279 (E.D. Pa. 1993) (same). Under these

circumstances, the Court finds that plaintiff has failed to establish good cause for a stay even before assessing the other factors governing a stay that are set forth in *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2009 WL 274483 (S.D.N.Y. Feb. 3, 2009).

For all of the above reasons, the Court denies plaintiff's motion (Dkt. No. 118) for a stay of Magistrate Judge Foschio's August 18, 2011 Order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 26, 2011