UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL D. CEGLIA,

        Plaintiff,

    v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No. 1:10-cv-00569-RJA

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR ACCELERATED MOTION TO COMPEL COMPLIANCE
WITH PARAGRAPH 5 OF THE AUGUST 18 ORDER

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

September 1, 2011

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
# THEIR ACCELERATED MOTION TO COMPEL COMPLIANCE
# WITH PARAGRAPH 5 OF THE AUGUST 18 ORDER

This is the second time in fewer than four weeks that Defendants have been forced to seek judicial intervention to address Plaintiff Paul Ceglia's willful violation of this Court's expedited discovery orders. Ceglia's ongoing discovery misconduct is designed to obstruct — or delay — Defendants' ability to fully uncover the criminal fraud that is at the heart of this abusive lawsuit.

On August 18, 2011, Judge Foschio ordered Ceglia to "identify all email accounts accessible through web-based interfaces that Plaintiff has used since 2003, including but not limited to his gmail.com, msn.com, tmail.com, and adelphia.net accounts." Order, ¶ 5 (Doc. No. 117). The Court further directed Ceglia to consent to the acquisition and inspection by Stroz Friedberg of the contents of those accounts by furnishing his consent "on a form or forms to be provided by Stroz Friedberg." *Id*. The Court ordered that Ceglia identify these accounts and provide his consent by August 29, 2011. *Id*.

Presumably realizing that his emails contain further evidence of his fraud and subterfuge, Ceglia sought a stay of the Order on three separate occasions. Each time he asked that the Order be stayed until his objections to Judge Foschio's rulings were resolved by Judge Arcara. All three requests were denied.

Ceglia is now purporting to take matters into his own hands by effectively granting himself a stay. He has expressly and brazenly taken the position that he will not comply with the Order and provide the court-ordered consent form until Judge Arcara has resolved his objections. *See* Declaration of Alexander H. Southwell ("Southwell Decl."), ¶ 3 (Ceglia-produced "consent forms" expressly conditioning his consent to email searches upon the resolution of his

"subsequent Objections to the August 18, 2011 Order, which will be filed on or before September 1, 2011").

Ceglia's improper attempt at self-help constitutes willful defiance of a court order. This Court should direct that Ceglia immediately comply with Paragraph 5 of the Order by furnishing forthwith his <u>unqualified</u> consent on the form provided by Stroz Friedberg. There is absolutely no justification for Ceglia's unlawful and contumacious refusal to comply with the Order in the face of <u>three separate denials</u> of his motion to stay. This egregious attempt to frustrate discovery is Ceglia's latest misconduct in his months-long campaign to conceal evidence, frustrate the discovery process and to force Defendants to repeatedly file motions compelling Ceglia's compliance with court orders. This Court should direct Ceglia's immediate compliance with Paragraph 5 of the August 18 Order and award Defendants the fees and costs they reasonably incurred in filing this motion. *See* Fed. R. Civ. P. 37.[1]

**BACKGROUND**

In his July 1 Order granting expedited discovery, Judge Foschio directed Ceglia to produce certain emails, and to make all computers and electronic media in his possession available for inspection by Stroz Friedberg, the nationally known forensic consulting firm. Doc.

---

[1] Ceglia's August 29 production is severely deficient in many respects. This motion does not address all of those deficiencies, as Defendants' review of the most recent production is ongoing. Once Defendants' review is complete, they will attempt to resolve these production deficiencies with opposing counsel in accordance with the Local Rules, but do not anticipate compliance given Plaintiff's persistent pattern of non-compliance. Therefore, Defendants anticipate filing a motion to compel in the near future that addresses the balance of Ceglia's non-compliance. The instant motion is being filed now, in an expedited fashion, to address one clear and indisputable deficiency where time is of the essence to prevent further abuses.

No. 83. Ceglia never objected to Judge Foschio's Order and did not file objections or seek further review.

Ceglia produced some items in response to the discovery Order. But he claimed he did not have any relevant emails. This claim was promptly exposed as false when his computers were examined and Defendants found the authentic contract between Ceglia and Mark Zuckerberg attached to emails that Ceglia claimed not to have possessed.

Defendants moved to compel Ceglia's full compliance with Judge Foschio's Order. In light of Ceglia's attempt to conceal highly relevant (indeed, dispositive) emails that he had been directed to produce, Defendants asked Judge Foschio to enforce his Order by directing Ceglia to consent to the inspection of his webmail accounts by Stroz Friedberg pursuant to the Electronic Assets Inspection Protocol. Ceglia did not make a timely objection to Defendants' request. *See* Doc. No. 110 at 5 ("Ceglia does not object to Defendants' request that the Court direct him to consent to the acquisition and inspection of his webmail accounts by Stroz Friedberg pursuant to the Electronic Assets Inspection Protocol, so this Court should issue the requested order.").

Judge Foschio granted Defendants' request. In his August 18 Order compelling Ceglia's compliance with the July 1 Order, Judge Foschio stated as follows:

> Plaintiff shall also identify all email accounts accessible through web-based interfaces that Plaintiff has used since 2003, including but not limited to his gmail.com, msn.com, tmail.com, and adelphia.net accounts. Plaintiff shall consent to the acquisition and inspection by Stroz Friedberg of the contents of all such accounts. On or before August 29, 2011, Plaintiff shall provide such consent on a form or forms to be provided by Stroz Friedberg. Plaintiff shall at the same time provide to Stroz Friedberg a password for, and facilitate access by Stroz Friedberg to, each identified account. The production and inspection of the contents of all

3

such accounts shall be conducted pursuant to the Electronic Asset
Inspection Protocol.

Doc. No. 117, ¶ 5.

Ceglia moved to stay the Order. Judge Foschio denied the request. *See* Doc. No. 116.

Ceglia then asked Judge Arcara to stay the Order so that Ceglia could present objections.
*See* Doc. No. 118. Judge Arcara issued an order stating:

> The desire to file objections to a magistrate judge's order does not, by
> itself, warrant a stay of that order. *See Am. Rock Salt Co., LLC v. Norfolk
> S. Corp.*, 371 F. Supp. 2d 358, 360-61 (W.D.N.Y. 2005). Accordingly,
> plaintiff is directed to file supplemental briefing setting forth the basis for
> a stay. *See* Fed. R. Civ. 26(c); *Ellington Credit Fund, Ltd. v. Select
> Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2009 WL 274483 (S.D.N.Y. Feb.
> 3, 2009). Magistrate Judge Foschio's Order of 8/18/2011 (Dkt. No. 117)
> remains in full force at this time.

Doc. No. 119.

Ceglia then filed a brief arguing that:

> The August 18, 2011 Order also requires Plaintiff to identify and provide
> access to every email account he has used since 2003. (*See id.* at 3, ¶ 5.)
> To comply, Plaintiff must engage in enormously time-consuming efforts
> to ensure that all email accounts are identified and that he can provide the
> necessary login information, which may need to be obtained by contacting
> various email providers. Furthermore, the Order grants Defendants carte
> blanche to read through and inspect Plaintiff's private emails dating all the
> way back until 2003. (*See* August 18, 2011 Order at 3, ¶ 5.) This is a
> serious invasion of Plaintiff's privacy. As such, Plaintiff needs a
> meaningful opportunity to brief his concerns thoroughly and adequately
> and have them addressed by Judge Arcara before the time for compliance
> runs.

Doc. No. 120.

4

Judge Arcara denied the motion to stay. Doc. No. 125. Judge Arcara emphasized that Judge Foschio had set the response deadline of August 29 "[i]n accordance with plaintiff's wishes," yet "[d]espite the agreement that he reached with Magistrate Judge Foschio about the time for production, plaintiff filed a motion to stay the August 18, 2011 Order just one day after that order issued." *Id*. at 3. Judge Arcara also stated that "the August 18, 2011 Order is merely a reiteration or an enforcement of the July 1, 2011 Order, an order to which plaintiff never objected." *Id*. at 4. Because the August 18 Order resolved a Rule 37 motion seeking to compel compliance with a prior order, "the underlying substance of the production requirement under that order is not at issue." *Id*.

Incredibly, Ceglia then moved yet again for a stay of the August 18 Order, making the same frivolous arguments the Court had just rejected. Doc. 126. Ceglia conceded that Judge Foschio had directed him to permit "unfettered access" to his web-based email accounts, yet asked (again) for a stay "pending resolution of Plaintiff's forthcoming objections to that Order." *Id*. at 4-5.

At the same time he filed his third motion for a stay, Ceglia produced a document consenting to the inspection of his emails — but expressly conditioned that consent on the resolution of his "Motion to Stay Discovery, filed August 29, 2011, and subsequent Objections to the August 18, 2011 Order, which will be filed on or before September 1, 2011." *See* Southwell Decl., Ex. A. This document was not the form provided by Stroz Friedberg. *See* Southwell Decl., ¶ 4.

Judge Arcara summarily denied Ceglia's third motion for a stay before Defendants even filed a response. Doc. 127. Defendants then wrote to Ceglia's counsel asking that he withdraw the remaining condition on his consent to the email search — Judge Arcara's resolution of his

5

forthcoming objections — and comply with the Court's Order. *See* Southwell Decl., ¶ 5. Ceglia never responded to the letter, leaving Defendants no choice but to file this motion.

## ARGUMENT

Ceglia is now in open defiance of the orders of this Court. He has refused to comply with Judge Foschio's July 1 Order; he has refused to comply with Judge Foschio's August 18 Order attempting to enforce the prior order; and he has now refused to acknowledge that Judge Foschio and Judge Arcara have three times denied his request to stay his obligation to permit access to his email accounts. By making his consent to the email searches not effective until his objections to Judge Foschio's orders have been resolved, he is attempting to grant himself the very stay the courts have repeatedly denied.

Judge Foschio directed that Ceglia "shall" provide the signed consent on the form provided by Stroz Friedberg no later than August 29. Judge Foschio did not delay the effective date of his Order or suggest in any way that Ceglia's obligations would be stayed until Judge Arcara had resolved any objections. Indeed, Ceglia himself recognized this when he asked Judge Foschio for a stay — and then asked Judge Arcara twice for a stay. But even though his requests were denied and the August 29 deadline remained in force, he simply refused to comply.

This Court should put an immediate halt to the obstructionist, bad faith conduct of Ceglia and his lawyers. As specified in Paragraph 5 of Judge Foschio's August 18 Order, Ceglia should be directed to furnish his unqualified consent to the email search within 24 hours by signing his name to the form provided by Stroz Friedberg (Southwell Decl., Ex. B). Time is of the essence given that Ceglia already has "lost" or destroyed critical electronic evidence — six removable USB storage devices containing highly relevant electronic files — during the pendency of this

forthcoming objections — and comply with the Court's Order. *See* Southwell Decl., ¶ 5. Ceglia never responded to the letter, leaving Defendants no choice but to file this motion.

## ARGUMENT

Ceglia is now in open defiance of the orders of this Court. He has refused to comply with Judge Foschio's July 1 Order; he has refused to comply with Judge Foschio's August 18 Order attempting to enforce the prior order; and he has now refused to acknowledge that Judge Foschio and Judge Arcara have three times denied his request to stay his obligation to permit access to his email accounts. By making his consent to the email searches not effective until his objections to Judge Foschio's orders have been resolved, he is attempting to grant himself the very stay the courts have repeatedly denied.

Judge Foschio directed that Ceglia "shall" provide the signed consent on the form provided by Stroz Friedberg no later than August 29. Judge Foschio did not delay the effective date of his Order or suggest in any way that Ceglia's obligations would be stayed until Judge Arcara had resolved any objections. Indeed, Ceglia himself recognized this when he asked Judge Foschio for a stay — and then asked Judge Arcara twice for a stay. But even though his requests were denied and the August 29 deadline remained in force, he simply refused to comply.

This Court should put an immediate halt to the obstructionist, bad faith conduct of Ceglia and his lawyers. As specified in Paragraph 5 of Judge Foschio's August 18 Order, Ceglia should be directed to furnish his unqualified consent to the email search within 24 hours by signing his name to the form provided by Stroz Friedberg (Southwell Decl., Ex. B). Time is of the essence given that Ceglia already has "lost" or destroyed critical electronic evidence — six removable USB storage devices containing highly relevant electronic files — during the pendency of this

lawsuit. There is a substantial risk that Ceglia will continue spoliating evidence by deleting emails if he is permitted to continue defying the orders of this Court.

This Court should also award Defendants their reasonable fees and costs under Rule 37(a)(5). That rule expressly provides that such awards "must" be made when a motion to compel is granted, unless the moving party failed to make good faith efforts to resolve the dispute before filing the motion, or the opposing party's nondisclosure was "substantially justified." Here, Defendants have made repeated good faith efforts over the past two months to resolve this issue, including most recently their August 30 letter specifically requesting that Ceglia provide the unqualified consent required by the Court. *See* Southwell Decl., Ex. C ("We hereby demand that Plaintiff immediately provide his court-ordered consent to the acquisition and inspection of the contents of all his web-based email accounts, on the form provided by Stroz Friedberg without condition or qualification."). Nor can there be any argument that Ceglia's conduct — in explicit defiance of multiple court orders — is "substantially justified." To the contrary, it is contumacious, obstructionist, bad faith misconduct carried out for the purpose of concealing additional evidence of Ceglia's fraud and criminal wrongdoing.

## CONCLUSION

This Court should order Ceglia to immediately comply with Paragraph 5 of the Court's August 18 Order, and award Defendants the reasonable costs and fees they occurred in preparing this motion.

Dated:  New York, New York
        September 1, 2011

                                                        Respectfully submitted,

                                                       /s/ Orin Snyder

Thomas H. Dupree, Jr.                      Orin Snyder
GIBSON, DUNN & CRUTCHER LLP       Alexander H. Southwell
1050 Connecticut Avenue, NW            GIBSON, DUNN & CRUTCHER LLP
Washington, DC 20036                    200 Park Avenue, 47th Floor
(202) 955-8500                             New York, NY 10166-0193
                                                 (212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

                    *Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*