UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PAUL D. CEGLIA, :
:
            Plaintiff, :
:
v.   :   Civil Action No. 1:10-cv-00569-
:   RJA
MARK ELLIOT ZUCKERBERG and :
FACEBOOK, INC., :
:
            Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE FOSCHIO'S AUGUST 18, 2011 ORDER**

**I.**

**STATEMENT OF JURISDICTION**

A party may file objections to a magistrate judge's order concerning a nondispositive pretrial matter within 14 days of receiving a copy of that order. F.R.C.P. 72(a); L.R. Civ. P. 72(a). Magistrate Judge Foschio entered his order on August 18, 2011, and Plaintiff Paul Ceglia was electronically served with a copy of that order on the same day.

**II.**

**STANDARD OF REVIEW**

"The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); F.R.C.P. 72(a); L.R. Civ. P. 72(a). The magistrate judge's order is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualdani v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395; citing *Bronx*

*Household of Faith v. Bd. of Educ.*, 331 F.3d 342, 348 (2d Cir. 2003)). The magistrate judge's order is contrary to law "if the order fails to apply the relevant law." *Lavigna v. State Farm Mutual Auto. Ins. Co.*, 736 F.Supp.2d 504, 510 (N.D.N.Y. 2010) (citing *Olais-Castro v. United States*, 416 F.2d 1155, 1158 n.8 (9th Cir. 1969)).

### III.

### MAGISTRATE JUDGE FOSCHIO'S ORDER REQUIRING PLAINTIFF PAUL CEGLIA PRODUCE ALL EMAIL ACCOUNTS HE HAS USED SINCE 2003 WAS CONTRARY TO LAW

**A. Magistrate Judge Foschio Erroneously Ordered Ceglia to Produce His Email Accounts**

On August 18, 2011, Magistrate Judge Foschio entered an Order (Doc. No. 117) (August 18 Order) providing in pertinent part,

> Plaintiff shall [] identify all email accounts accessible through web-based interfaces that Plaintiff has used since 2003, including but not limited to his gmail.com, msn.com, tmail.com, and Adelphia.net accounts. Plaintiff shall consent to the acquisition and inspection by Stroz Friedberg of the contents of all such accounts. On or before August 29, 2011, Plaintiff shall provide such consent on a form or forms to be provided by Stroz Friedberg. Plaintiff shall at the same time provide to Stroz Friedberg a password for, and facilitate access by Stroz Friedberg to, each identified account.

(August 18 Order at 3, ¶ 5.)

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." F.R.C.P. 26(d)(1). In this case, such expedited discovery is the only form of discovery available to Defendants because the parties have not yet conferred pursuant to F.R.C.P. 26(f). As such, Defendants' Cross-motion to Compel Discovery (Doc. No. 99) (Cross-motion) only could have been based on the violation of Magistrate Judge Foschio's July 1, 2011 Order Granting Expedited Discovery (Doc. No. 83) (July 1 Order). *See* F.R.C.P. 37(a); *Daval Steel Products, Div. of Francosteel Corp. v.*

2

*M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) (stating that only "clearly articulated order of the court requiring specified discovery" permits sanctions for noncompliance).

It is beyond question that Ceglia's email accounts and any information that does not pertain directly to the emails attached to the Amended Complaint are outside the scope of the July 1 Order.  (*See* July 1 Order at 3, ordering para. 2)  The July 1 Order required, in part, that Ceglia produce "the original, native electronic files consisting of or containing the purported emails described in the Amended Complaint and all electronic copies of the purported emails." (July 1 Order at 2, ordering para. 2.)  At oral argument concerning the Cross-motion on August 17, 2011, Magistrate Judge Foschio asked Defendants' counsel whether inspection of Ceglia's email accounts "was an issue that was addressed with the order." (Transcript of August 17, 2011 Oral Argument (Doc. No. 121) (Transcript) at 60, ll. 18-19.)  In response, Defendants' counsel stated, "No, Your Honor, and that was a new request which we raised." (*Id.* at 60, ll. 20-21.)  As Ceglia's counsel pointed out, "This is not anything that was contemplated at the time of the July 1st order . . . This is a new request." (*Id.* at 96, ll. 18-19; 97, ll. 3-4.)  As such, Ceglia's email accounts are not subject to any existing expedited discovery.

Thus, Ceglia was obligated merely to produce "the original, native electronic files consisting of or containing the purported emails described in the Amended Complaint and all electronic copies of the purported emails" if such documents were in his possession, custody, or control.  (*See* July 1 Order at 2, ordering para. 2.)  The email accounts were not part of any existing discovery order—the only means of discovery that could have formed the basis for Defendants' cross-motion to compel.  As such, Defendants could not have argued with any merit that Ceglia "fail[ed] to make . . . discovery"—a necessary prerequisite to their cross-motion.  *See* F.R.C.P. 37(a)(1).  Therefore, Magistrate Judge Foschio acted contrary to law by even

considering Defendants' request to compel Ceglia to produce his email accounts, let alone order Ceglia to produce them.

**B. Even If the Court Construes Magistrate Judge Foschio's August 18 Order as a Proper Order for Additional Expedited Discovery, the Order Is Clearly Erroneous**

A court may only grant expedited discovery when the requesting party shows good cause and the request is reasonable. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005). Furthermore, expedited discovery must be "reasonably tailored to the specific issues that will have to be determined." *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996). In the context of a discovery dispute, the "clearly erroneous" standard requires the district court to reverse a magistrate judge's order if it is an abuse of discretion. *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (citing *UPS of Am., Inc. v. Net, Inc.*, 222 F.R.D. 69, 71 (E.D.N.Y. 2004)).

Knowing that their request for Ceglia's email accounts was outside the scope of the July 1 Order, Defendants slipped in a footnote requesting access to those accounts in their Cross-motion. (S*ee* Defendants' Unredacted Memorandum of Law in Support of Their Cross-motion to Compel at 10, n.2.) Unlike Defendants first Motion for Expedited Discovery (Doc. No. 44) there was essentially no briefing on this critical issue. (*Contra* Docs. Nos. 44-82.) Furthermore, at no point in their papers or on the record did Defendants ever offer a single scintilla of evidence to support good cause for their request. In truth, the only thing upon which Magistrate Judge Foschio relied in granting Defendants' request was their counsel's *inadmissible*, *unsworn representation* that Ceglia had email accounts that "may well contain additional evidence of fraud." (Transcript at 61, ll.8-9.)

Additionally, Defendants' request was patently unreasonable because they made no showing or argument as to *why* the content of Ceglia's email accounts dating back to 2003 was relevant or might lead to the discovery of admissible evidence. *See* F.R.C.P. 26(b)(1). Nonetheless, Magistrate Judge Foschio's August 18 Order requires Ceglia to give Defendants' experts unfettered access to every email he has written since 2003. (*See* August 18 Order at 3, ¶ 4.) The Court must consider that in today's world, people commonly discuss their most private and important matters by email. As such, allowing Defendants' experts to search through and read all of Ceglia's emails since 2003 undoubtedly will give them a view of matters far outside the scope of this litigation but deep inside Ceglia's private life. This is a view to which no one is entitled and that is protected from government prying by the most sacred components of the Constitution.

Furthermore, F.R.C.P. 26(b)(2)(C) requires the Court to deny certain discovery requests. Here, "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, [and] less expensive," i.e., a deposition of Ceglia. *See* F.R.C.P. 26(b)(2)(C)(i). Additionally, the Court must assume that "the burden [and] expense of the proposed discovery outweighs its likely benefit" because Defendants have made no showing that *any benefit is likely to result at all*. F.R.C.P. 26(b)(2)(C)(iii). For all of these reasons, Magistrate Judge Foschio's order concerning Ceglia's email accounts was an abuse of discretion.

5

## IV.

## CONCLUSION

Based on the foregoing arguments, Plaintiff respectfully requests that the Court overrule paragraph 5 of Magistrate Judge Foschio's August 18 Order because it is contrary to law and clearly erroneous. [1]

**Dated: September 1, 2011**

                                                                                                     Respectfully submitted,

| s/ Jeffrey A. Lake | s/ Paul Argentieri |
|---|---|
| Attorney for Plaintiff | Attorney for Plaintiff |
| 835 Fifth Avenue, Suite 200A | 188 Main Street |
| San Diego, CA 92101 | Hornell, NY 14843 |
| (619) 795-6460 | (323) 919-4513 |
| jlake@lakeapc.com | paul.argentieri@gmail.com |

---

[1] At the very least, Ceglia should be given a proper opportunity to obtain protection from this discovery pursuant to F.R.C.P. 26(d) because it undoubtedly will result in serious "annoyance, embarrassment, oppression, [and] undue burden or expense."