UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PAUL D. CEGLIA,

        Plaintiff,

  v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 1:10-cv-00569-RJA

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET DELAYED BRIEFING SCHEDULE

The Court may, in its discretion, establish a delayed briefing schedule.  L.R. Civ. P. 7(b)(1).

Several factors militate strongly in favor of a delayed briefing schedule for Defendants' Accelerated Motion to Compel Compliance with Paragraph 5 of the August 18 Order (Doc. No. 128) (Motion to Compel).  First of all, Plaintiff's Objections to the Court's August 18, 2011 Order (Doc. No. 131) (Objections) are now properly before District Judge Arcara.  As such, District Judge Arcara's rulings may render Defendants' Motion to Compel moot, and the most efficient use of judicial resources would result from setting the deadline for opposition and reply to a time *after* District Judge Arcara makes his rulings.

Additionally, Defendants are in no position to complain about this request.  At the initial hearing concerning this expedited discovery, Ceglia's counsel raised serious concerns about the use of Defendants' expert, Stroz Friedberg, for inspection of the electronic assets rather than a neutral expert.  Now, Stroz Friedberg has violated this Court's Electronic Asset Inspection Protocol (Doc. No. 85) (EAIP), this Court's August 18, 2011 Order (Doc. No. 117) (August 18

Order), and state and federal law by transmitting to Defendants' counsel copies of Ceglia's Consent Forms containing all the information necessary to access Ceglia's email accounts. (*See* Declaration of Nathan A. Shaman, dated September 2, 2011 at ¶¶ 2-3 & Exhibit A.)

What is worse, Defendants' counsel also violated the EAIP, the August 18 Order, and state and federal law by attaching as exhibits the Consent Forms to the Declaration of Alexander H. Southwell, dated September 1, 2011 (Doc. No. 130), which was filed that night at 10:09 p.m. EST. (*See id.* at ¶ 4 & Exhibit B.)  According to the Clerk of Court, Defendants' counsel had the document removed at 7:40 a.m. EST on September 2, 2011. (*See id.* at ¶ 6.)  Rather than accept responsibility for this egregious and massive violation of Ceglia's privacy, Defendants' counsel blamed Ceglia's counsel because they "didn't designate [Ceglia's] consents as confidential in any way." (*See id.* at Exhibit B.)

When Ceglia's counsel learned of Defendants' misconduct at approximately 10:00 a.m. EST, 7:00 a.m. local time, they immediately notified Ceglia by email so he could change his passwords. (*See id.* at Exhibit C.)[1]  Ceglia's counsel also notified Ceglia of this issue by text message at approximately 10:35 a.m. EST, and Ceglia responded back at approximately 11:00 a.m. EST that he had changed his passwords. (*See* Declaration of Paul A. Argentieri, dated September 2, 2011.)  Thus, Defendants' counsel's baffling misconduct resulted in Ceglia's email accounts being accessible to the world for 12 hours.  However, the most troubling issue of all is

---

[1] Although Defendants' attorney Alexander Southwell called Ceglia's attorney Jeffrey Lake and left him a voicemail at approximately 11:30 p.m. EST, Mr. Lake could not understand the voicemail and was unavailable to address the issue because he was grieving with his family at the wake for his wife's late uncle. (*See* Declaration of Jeffrey A. Lake, dated September 2, 2011.)  Additionally, at the time it was 4:30 a.m. in Ireland, where Ceglia now resides.

that Defendants Facebook and Mark Zuckerberg had complete access to Ceglia's email accounts for that same period of time.

Of course, Defendants' counsel has engaged in such conduct in the past: they allegedly accidentally published redacted material in violation of the Joint Stipulated Protective Order (Doc. No. 86) on August 4, 2011. (*See* Doc. No. 95.) Therefore, it is hard to believe that Defendants' current conduct was anything other than a calculated and deliberate attempt to subvert the judicial process and invade Ceglia's privacy.

Given these considerations, Ceglia will move this Court for attorney's fees and other sanctions at a later date. However, it is most important that District Judge Arcara be given an opportunity to rule on Ceglia's Objections. Therefore, Plaintiff Paul Ceglia respectfully requests that the Court set a delayed briefing schedule for Defendants' Motion to Compel.

**Dated: September 2, 2011**

                                                                                                 Respectfully submitted,

| | |
|---|---|
| s/ Jeffrey A. Lake | s/ Paul Argentieri |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 835 Fifth Avenue, Suite 200A | 188 Main Street |
| San Diego, CA 92101 | Hornell, NY 14843 |
| (619) 795-6460 | (323) 919-4513 |
| jlake@lakeapc.com | paul.argentieri@gmail.com |