UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL D. CEGLIA,

        Plaintiff,

  v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 1:10-cv-00569-RJA

# DEFENDANTS' OPPOSITION TO CEGLIA'S MOTION TO SET DELAYED BRIEFING SCHEDULE

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

September 6, 2011

**DEFENDANTS' OPPOSITION TO CEGLIA'S MOTION TO
SET DELAYED BRIEFING SCHEDULE**

This is Ceglia's <u>fourth</u> motion to postpone his compliance with this Court's August 18 Order directing him to provide access to his web-based email accounts by August 29. Judge Foschio denied his first motion (Doc. No. 116), and Judge Arcara denied his second and third motions (Doc. Nos. 125 and 127). Despite these three prior orders, Ceglia has still refused to comply, and now stands in open defiance of this Court's orders. His latest effort to frustrate and obstruct discovery should be summarily rejected.

Ceglia has filed objections to the August 18 Order (Doc. No. 131), and Judge Arcara has set a September 12 deadline for Defendants' response (Doc. 136). Because Ceglia has refused to comply with the Order until his objections have been resolved — despite the fact that the Court has three times rejected his motion to stay and explicitly stated that the August 18 Order remains in "full force" — Defendants moved to compel his compliance (Doc. 128). Ceglia has now asked, yet again, that his response to the motion to compel be delayed until his objections have been resolved (Doc. 134).

Ceglia offers two reasons for a delayed briefing schedule. Both are frivolous. First, he claims that a delayed briefing schedule will enable him to postpone his compliance until Judge Arcara has resolved his objections to the August 18 Order. This is the same argument that has already been rejected <u>three</u> times. Second, he makes the bizarre and unfounded claim that Defendants improperly obtained his email account and password information from Stroz Friedberg and then purportedly "disclosed" it by attaching his "consent form" to their motion to compel. Ceglia conceals from the Court the fact that his lawyers provided <u>this exact information</u> directly to Defendants — and that his lawyers <u>never</u> designated the information as confidential.

1

This Court should treat Ceglia's motion to delay briefing as a waiver of his opposition to the motion to compel, and order (again) his immediate and unqualified compliance with Paragraph 5 of the August 18 Order.  In light of the three prior denials of a stay, Ceglia has no basis for refusing to comply.  Indeed, permitting Ceglia additional time for a response when he has no basis for opposing the motion would effectively grant him the relief he has repeatedly been denied.  In the alternative, the Court should direct Ceglia to file a response immediately.

## BACKGROUND

In his July 1 Order granting expedited discovery, Judge Foschio directed Ceglia to produce certain emails, and to make all computers and electronic media in his possession available for inspection by Stroz Friedberg.  Doc. No. 83.  Ceglia never objected to Judge Foschio's Order and did not file objections or seek further review.

Ceglia produced some items in response to the discovery Order.  But he claimed he did not have any relevant emails.  This claim was promptly exposed as false when his computers were examined and Defendants found the authentic contract between Ceglia and Mark Zuckerberg attached to emails that Ceglia claimed not to have possessed.

Defendants moved to compel Ceglia's full compliance with Judge Foschio's Order.  In light of Ceglia's attempt to conceal highly relevant (indeed, dispositive) emails that he had been directed to produce, Defendants asked Judge Foschio to enforce his Order by directing Ceglia to consent to the inspection of his webmail accounts by Stroz Friedberg pursuant to the Electronic Assets Inspection Protocol.  Ceglia did not make a timely objection to Defendants' request.

Judge Foschio granted the request in an August 18 Order compelling Ceglia's compliance with the July 1 Order.  Judge Foschio stated as follows:

> Plaintiff shall also identify all email accounts accessible through web-
> based interfaces that Plaintiff has used since 2003, including but not

> limited to his gmail.com, msn.com, tmail.com, and adelphia.net accounts.
> Plaintiff shall consent to the acquisition and inspection by Stroz Friedberg
> of the contents of all such accounts.  On or before August 29, 2011,
> Plaintiff shall provide such consent on a form or forms to be provided by
> Stroz Friedberg.  Plaintiff shall at the same time provide to Stroz
> Friedberg a password for, and facilitate access by Stroz Friedberg to, each
> identified account.  The production and inspection of the contents of all
> such accounts shall be conducted pursuant to the Electronic Asset
> Inspection Protocol.

Doc. No. 117, ¶ 5.

Ceglia moved to stay the Order.  Judge Foschio denied the request.  *See* Doc. No. 116.

Ceglia then asked Judge Arcara to stay the Order so that Ceglia could present objections. *See* Doc. No. 118.  Judge Arcara issued an order stating that "[t]he desire to file objections to a magistrate judge's order does not, by itself, warrant a stay of that order," and emphasizing that "Magistrate Judge Foschio's Order of 8/18/2011 (Dkt. No. 117) remains in full force at this time."  Doc. No. 119.

Ceglia moved for a stay, arguing that the order "grants Defendants carte blanche to read through and inspect Plaintiff's private emails dating all the way back until 2003."  Doc. No. 120.

Judge Arcara denied the motion.  Doc. No. 125.  Judge Arcara emphasized that Judge Foschio had set the response deadline of August 29 "[i]n accordance with plaintiff's wishes," yet "[d]espite the agreement that he reached with Magistrate Judge Foschio about the time for production, plaintiff filed a motion to stay the August 18, 2011 Order just one day after that order issued."  *Id*. at 3.  Judge Arcara also recognized that "the August 18, 2011 Order is merely a reiteration or an enforcement of the July 1, 2011 Order, an order to which plaintiff never objected."  *Id*. at 4.  Because the August 18 Order resolved a Rule 37 motion seeking to compel

3

compliance with a prior order, "the underlying substance of the production requirement under that order is not at issue." *Id*.

Incredibly, Ceglia then moved <u>yet again</u> for a stay of the August 18 Order, making the same frivolous arguments the Court had just rejected.  Doc. 126.  Ceglia conceded that Judge Foschio had directed him to permit "unfettered access" to his web-based email accounts, yet asked (again) for a stay "pending resolution of Plaintiff's forthcoming objections to that Order." *Id*. at 4-5.

At the same time he filed his third motion for a stay, Ceglia produced a document consenting to the inspection of his emails — but expressly conditioned that consent on the resolution of his "Motion to Stay Discovery, filed August 29, 2011, and subsequent Objections to the August 18, 2011 Order, which will be filed on or before September 1, 2011." *See* Southwell Decl., Ex. A to Defendants' Motion to Compel.  This document was not the form provided by Stroz Friedberg.  *See* Southwell Decl., ¶ 4.

Judge Arcara summarily denied Ceglia's third motion for a stay before Defendants even filed a response.  Doc. 127.

When Ceglia <u>still</u> refused to comply with the order, Defendants moved to compel, and requested that its motion be resolved on an accelerated basis.  Doc. 128.

**ARGUMENT**

Ceglia has now filed a <u>fourth</u> motion seeking to delay his compliance with the Court's August 18 Order until Judge Arcara has resolved his objections.  This is a frivolous, obstructionist motion that should be summarily denied.

Ceglia first argues that "the most efficient use of judicial resources would result from setting the deadline for opposition and reply to a time *after* District Judge Arcara makes his

4

rulings" on Ceglia's objections. Motion for Delayed Briefing Schedule at 1. This is the same baseless argument that has been rejected three times. Ceglia has not demonstrated good cause for a stay; he makes no effort to explain why the prior three rulings on this issue were wrong; and his arguments about conserving judicial resources are cynical in the extreme given that Ceglia's ongoing defiance of court orders has burdened the court with motions practice that would have been unnecessary had Ceglia simply complied with this Court's directives.

Next, Ceglia falsely charges that Stroz Friedberg and Defendants violated various orders and laws by purportedly "disclosing" Ceglia's deficient "consent forms" containing his email account information. Motion for Delayed Briefing Schedule at 1-3. Nowhere in his motion does Ceglia explain why these arguments support his request for a delayed briefing schedule. Indeed, they have absolutely no relevance to whether Defendants' motion to compel should be resolved on an accelerated basis — a point Ceglia himself appears to concede when he states at the end of his motion that he will seek relief for the alleged disclosure "at a later date" and that a delayed briefing schedule is necessary to give Judge Arcara "an opportunity to rule on Ceglia's Objections." *Id*. at 3. Because the only argument Ceglia offers for a delayed briefing schedule is the same discredited one that has already been rejected three times, this Court should deny his motion summarily.

Ceglia's "disclosure" allegations have no merit in any event, and are simply the latest installment in his now-familiar pattern of concealing critical information from the Court. For example, Ceglia contends that Stroz Friedberg improperly communicated Ceglia's email and password information to Defendants. *See* Motion for Delayed Briefing Schedule at 2 (arguing that Stroz Friedberg acted improperly by disclosing to Defendants "all the information necessary to access Ceglia's email accounts"). What Ceglia does not tell the Court is that his lawyers had

5

already provided this exact information directly to Defendants.  On August 29, Ceglia's lawyers sent Defendants the Supplemental Declaration of Plaintiff Paul D. Ceglia, dated August 29.  Paragraphs 174 to 177 of that Declaration purported to identify the email account names and passwords for all of the web-based accounts Ceglia had used since 2003.  Thus, <u>Ceglia's lawyers themselves</u> had already provided Defendants "all the information necessary to access Ceglia's email accounts."  Motion for Delayed Briefing Schedule at 2.  Ceglia inexplicably claims that "the most troubling issue of all is that Defendants Facebook and Mark Zuckerberg had complete access to Ceglia's email accounts . . . ."  Motion for Delayed Briefing Schedule at 2.  Ceglia knows full well that Defendants had "complete access" because his lawyers gave Defendants this information.  Of course, Defendants have not accessed his email accounts, and Ceglia does not claim they did.

Ceglia contends that Defendants violated his privacy by attaching his deficient "consent forms" to their motion to compel.  Motion for Delayed Briefing Schedule at 2.  But Ceglia never designated as confidential the consent forms or Ceglia's declaration containing his email and password information.  There can be no doubt that Ceglia is fully aware of the confidentiality provisions set forth in the protective order governing this case, as he previously (and improperly) designated every single document found on his computers as "confidential."  Ceglia is now seeking to fault Defendants for "disclosing" information that Ceglia never designated as confidential.  If he did not want this information disclosed, he has only his own lawyers to blame.

As set forth in the attached Declarations of Alexander H. Southwell and Terrance P. Flynn, Defendants even went the extra mile by immediately alerting Ceglia's lawyers to the filing.  Contrary to Ceglia's claim, Defendants did not ask the Clerk to "remove" the filing from

6

the public docket. Rather, in addition to advising Ceglia, they also advised the Clerk's office of the issue so that the Clerk could take whatever action it deemed appropriate.

## CONCLUSION

This Court should grant Defendants' motion to compel, deny Ceglia's motion to set a delayed briefing schedule, and award Defendants all other relief to which they may be entitled.

Dated:    New York, New York
          September 6, 2011

Respectfully submitted,

/s/ Orin Snyder

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*