UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and FACEBOOK, INC.

                Defendants.

DECLARATION OF TERRANCE P. FLYNN

Civil Action No.:
1:10-cv-00569 (RJA)

---

I, TERRANCE P. FLYNN, hereby declare under penalty of perjury that the following is true and correct:

1.     I am an attorney licensed to practice law in the State of New York and am admitted to practice before this Court. I am a partner in the law firm Harris Beach PLLC, counsel of record for Defendants Mark Elliot Zuckerberg and Facebook, Inc. ("Facebook") in the above-captioned matter. I make this declaration, based on personal knowledge, in support of Defendants' Opposition to Plaintiff's Motion to Set Delayed Briefing Schedule for Defendants' Motion to Compel (Doc. No. 134).

2.     In response to contact from co-counsel Alexander H. Southwell concerning Defendants' motion to compel Plaintiff's compliance with paragraph 5 of Judge Foschio's August 18 Order, at approximately 7:40 a.m. on September 2, 2011, I contacted the Clerk of Court for the United States District Court for the Western District of New York. I spoke to a female employee of the Clerk's Office.

3.     I informed this employee that, the prior evening, Defendants had filed a motion to compel Plaintiff's compliance with paragraph 5 of Judge Foschio's August 18 Order. I informed the

employee that Defendants had attached exhibits that contained Plaintiff's email account information, which had been provided by Plaintiff. I explained that Plaintiff had failed to designate this information as confidential. I also explained that Defendants did not know whether this information was accurate or whether there was any risk that Plaintiff's account could be accessed. Finally, I explained that Defendants had attempted to notify Plaintiff's counsel of these facts but had not at that time received any response.

4. Contrary to Plaintiff's assertion, I did not call the Clerk's Office to "have" any documents "removed" from the CM/ECF system. Shaman Decl. (Doc. No. 134-4) ¶ 6. Rather, I simply informed the employee at the Clerk's Office of the facts described in paragraph 3 above.

5. After speaking with the Clerk's Office, an employee at my law office attempted to access the Southwell Declaration (Doc. No. 130) in order to download it for our records. She could not access the file and drew this fact to my attention. I called the Clerk of Court again, at approximately 8:50 a.m., to inquire into the issue.

6. It is my understanding that the employee of the Clerk's Office "froze" the document on the docket, out of an abundance of caution, since she could not get in touch with Judge Foschio, any of Judge Foschio's clerks, or any other magistrate's clerks for direction as to how to proceed. From our conversation, I understand that this action prevents the public from accessing the document, but still allows access to the document to anyone in the court system.

7. Again, at no time did I direct the employee to remove or otherwise block access to the Southwell Declaration on the docket.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of September, 2011 in Buffalo, New York.

*/s/ Terrance P. Flynn*
Terrance P. Flynn