# EXHIBIT C

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Alexander H. Southwell
Direct: +1 212.351.3981
Fax: +1 212.351.6281
ASouthwell@gibsondunn.com

Client: 30993-00011

August 30, 2011

VIA ELECTRONIC MAIL

Jeffrey A. Lake, Esq.
Jeffrey A. Lake A.P.C.
835 5th Avenue, Suite 200A
San Diego, California 92101

Re:   Ceglia v. Zuckerberg and Facebook, Inc., No. 1:10-cv-569 (RJA)

Dear Mr. Lake:

As you know, pursuant to the Court's August 18 Order (the "Order"), Plaintiff shall "identify all email accounts accessible through web-based interfaces that Plaintiff has used since 2003, including but not limited to his gmail.com, msn.com, tmail.com, and adelphia.net accounts," by August 29, 2011. Order (Doc. No. 117) ¶ 5. Plaintiff shall also consent to the acquisition and inspection by Stroz Friedberg of the contents of all such accounts, providing his consent "on a form or forms to be provided by Stroz Friedberg," by August 29, 2011. Id.

The consents provided by Plaintiff on August 29, 2011 are not on the form provided by Stroz Friedberg and are manifestly deficient. Specifically, Plaintiff has inserted a purported qualification that conditions his consent on the resolution of his "Motion to Stay Discovery, filed August 29, 2011, and subsequent Objections to the August 18 2011 Order, which will be filed on or before September 1, 2011."

This purported qualification constitutes improper self-help for at least two reasons. First, as you know, the Order is not conditional: Plaintiff "shall" consent to the acquisition and inspection of the contents of his web-based email accounts and "shall" provide such consent on the form provided by Stroz Friedberg, by August 29, 2011. Id. Second, the Court has now denied Plaintiff's duplicative motions to stay the Order three times: on August 18 (Doc. No. 116), August 26 (Doc. No. 125), and August 30 (Doc. No. 127). And though Plaintiff may file objections to the Order under Federal Rule of Civil Procedure 72(a), as the Court explicitly held, the "desire to file objections to a magistrate judge's order does not, by itself, warrant a stay of that order." Text Order (Doc. No. 119); see also Am. Rock Salt Co., LLC v. Norfolk S. Corp., 371 F. Supp. 2d 358, 360-61 (W.D.N.Y. 2005).

Thus, Plaintiff is willfully violating the clear and express terms of Paragraph 5 of the Order. We hereby demand that Plaintiff immediately provide his court-ordered consent to the

**GIBSON DUNN**

Jeffrey A. Lake, Esq.
August 30, 2011
Page 2

acquisition and inspection of the contents of all of his web-based email accounts, on the form provided by Stroz Friedberg without condition or qualification.

We reserve the right to seek attorney's fees, costs, and appropriate sanctions for Plaintiff's ongoing non-compliance.

Very truly yours,

Alexander H. Southwell

cc: Nathan Shaman, Esq.
    Paul Argentieri, Esq.

**GIBSON DUNN**