UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL D. CEGLIA,                                       :
                                                      :
                          Plaintiff,                  :
                                                      :
                                                      :        Civil Action No. 1:10-cv-00569-
            v.                                        :        RJA
                                                      :
MARK ELLIOT ZUCKERBERG and                            :
FACEBOOK, INC.,                                       :
                                                      :
                          Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' RESPONSE TO CEGLIA'S OBJECTIONS
## TO JUDGE FOSCHIO'S AUGUST 18, 2011 ORDER

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

September 12, 2011

## INTRODUCTION AND BACKGROUND

Paul Ceglia's Rule 72 objections are his latest attempt to obstruct and evade the expedited discovery ordered by Judge Foschio — discovery that has produced overwhelming evidence of Ceglia's massive fraud on this Court.

On July 1, 2011, Judge Foschio granted Defendants expedited discovery based on their showing that Ceglia had fabricated the purported contract with Mark Zuckerberg attached to his First Amended Complaint, and then doubled down on the fraud by including in his complaint fabricated email exchanges with Zuckerberg.  Doc. 83.  Judge Foschio ordered Ceglia to produce the original, native-file emails in his possession, as well as all electronic copies of the purported contract.  *Id*.  He also ordered Ceglia to make his computers available for inspection.  *Id*.  Ceglia never objected to any aspect of Judge Foschio's order.

Ceglia failed to comply with the July 1 order.  Although he made some computers available for inspection, he produced <u>no</u> native-file emails and <u>no</u> electronic versions of the purported contract.  This was not an inadvertent oversight but rather a calculated attempt to conceal devastating evidence of his fraud.  Indeed, when Defendants' forensic experts examined Ceglia's computers, they discovered original, native-file emails containing the <u>authentic</u> contract with Zuckerberg — a contract that has nothing to do with Facebook.

When Ceglia claimed that he did not possess numerous electronic documents encompassed by the July 1 order, Defendants believed that he was lying and moved to compel. Doc. 95.  Because Ceglia had demonstrated that he could not be trusted to find and produce his emails on his own, Defendants asked Judge Foschio to enforce compliance with the July 1 order by directing Ceglia to make his web-based email accounts available for inspection so that Defendants' experts could conduct the search themselves and determine whether Ceglia was continuing to conceal relevant evidence.  Although Ceglia's opposition brief objected to virtually

1

every request in Defendants' motion to compel, <u>he did not object to Defendants' request for the webmail inspection</u>.  Judge Foschio accordingly granted the request in Paragraph 5 of his August 18 order.  Doc. 117.

Ceglia, presumably aware that his email accounts contain additional evidence of his fraud, made repeated efforts to avoid compliance.  He moved Judge Foschio for a stay pending resolution of his Rule 72 objections; the stay was denied.  Doc. 116.  He moved Judge Arcara for a stay, which also was denied.  Doc. 118, 125.  He then moved Judge Arcara for <u>another</u> stay, which was again denied.  Doc. 126, 127.  Even though Judge Arcara had specifically warned Ceglia that his obligation to consent to the inspection of his webmail accounts remained in "full force" despite his intention to file Rule 72 objections, Doc. 119, Ceglia simply defied the Court's repeated orders and refused to comply.  He submitted a "consent form" stating that he consented to the inspection <u>once his Rule 72 objections were resolved</u> — even though this Court had warned him that he was <u>not</u> entitled to postpone his compliance pending Judge Arcara's resolution of his objections.  And when Defendants moved, yet again, to compel his compliance, Doc. 128, Ceglia incredibly filed a "Motion to Set a Delayed Briefing Schedule," asking the Court to delay ruling on whether Ceglia is in open defiance of the Court's orders — which he obviously and indisputably is — until his Rule 72 objections have been resolved.  Doc. 134.  Defendants' motion to compel and Ceglia's motion to delay the briefing schedule both remain pending.

Thus, even though the Court has ordered Ceglia to produce emails (Doc. 83), ordered him to comply with this order by making his email accounts available for inspection (Doc. 117), denied his request for a stay (Doc. 116), denied his request for a stay a second time (Doc. 125), and then a third time (Doc. 127) — Ceglia <u>still</u> has refused to comply until his objections are

resolved.  This Court should overrule Ceglia's untimely and meritless objections to Judge

Foschio's order, direct his immediate compliance, and sanction Ceglia for his contemptuous

violation of multiple court orders by awarding Defendants their reasonable costs and fees.

## ARGUMENT

This Court reviews a magistrate judge's discovery rulings under a highly deferential

standard.  *See* 28 U.S.C. § 636(b)(1)(A) (a magistrate judge's discovery order may be set aside

only if it is "clearly erroneous" or "contrary to law"); Fed. R. Civ. P. 72(a) (same); *see also*

*George v. City of Buffalo*, 2011 WL 2259690, at *1 (W.D.N.Y. June 3, 2011) (Arcara, J.).

Paragraph 5 of Judge Foschio's August 18 ruling was well within his broad discretion and should

be upheld.

### I.      Ceglia's Objections Are Not Timely.

Rule 72(a) provides that "[a] party may not assign as error a defect in the [magistrate

judge's] order not timely objected to."  Ceglia's objection to the August 18 order is untimely

because that order merely enforces the July 1 order — an order to which Ceglia failed to object.

This Court recognized this very point in denying Ceglia's motion to stay.  *See* Doc. 125 at 4

("the August 18, 2011 Order is merely a reiteration or an enforcement of the July 1, 2011 Order,

an order to which plaintiff never objected").  The 14-day window for objecting to the July 1

order has long expired, *see* Fed. R. Civ. P. 72(a), and Ceglia's attempt to raise a belated,

collateral challenge to the July 1 order by objecting to a subsequent ruling *enforcing* the prior

order should be rejected.

Seemingly recognizing that his objections are untimely, Ceglia tries to characterize the

August 18 order as a "new" order that triggered the 14-day clock anew.  Objections at 3.  But as

this Court has already recognized, the August 18 order requiring Ceglia to make his webmail

accounts available for inspection was merely Judge Foschio's way of enforcing his July 1 email

production order — an order that Ceglia was blatantly defying in numerous respects.

Even if Ceglia were correct that the August 18 order was "new" — and he is not — he

still failed to raise a timely objection.  Defendants specifically requested in their motion to

compel that Ceglia be ordered to make his email accounts available for inspection, and Ceglia

made no objection to this request in the response brief he submitted to Judge Foschio.

Defendants emphasized this omission in their reply.  *See* Doc. 110 at 5 ("Ceglia does not object

to Defendants' request that the Court direct him to consent to the acquisition and inspection of

his webmail accounts by Stroz Friedberg pursuant to the Electronic Assets Inspection Protocol,

so this Court should issue the requested order.").  Although Ceglia belatedly commented on the

request during the August 17 oral argument, he waived his opposition by failing to object within

the time specified by Judge Foschio.  *See* Doc. 93 (Judge Foschio order directing Ceglia to

respond to Defendants' motion to compel by August 9, 2011).[1]

## II.    Ceglia's Objections Are Meritless.

Even if this Court were willing to entertain Ceglia's untimely objections on the merits,

they should be summarily rejected.

First, Ceglia argues that Judge Foschio erred by imposing a purportedly "new" obligation

in the context of a motion to compel.  As explained above, this was not a new obligation.  But

even if it were, Judge Foschio obviously has the discretion to issue new discovery orders, and

ordering Ceglia to make his email accounts available for inspection was a perfectly reasonable

---

[1]    In addition, Ceglia's Local Rule 72(c) certification, Doc. 133, was untimely because it was not filed within 14 days of Judge Foschio's order.

exercise of a magistrate judge's broad authority to oversee discovery.  Ceglia cites *Daval Steel*

for the self-evident proposition that a party cannot be sanctioned for failing to comply with an

obligation that had not previously been announced.  *See* Objections at 2-3 (*citing Daval Steel*

*Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991)).  But that case has no bearing here

because Judge Foschio did not <u>sanction</u> Ceglia for failing to comply with the July 1 order.

Second, Ceglia argues that Defendants' request was not supported by good cause.  To the

contrary, Ceglia himself supplied the good cause for the request when he violated the July 1

order by failing to produce highly relevant evidence that he had been directed to produce.  At the

time Judge Foschio granted Defendants' request, he had before him a substantial record

overwhelmingly demonstrating that Ceglia was evading the July 1 order and concealing critical

evidence in the face of a specific discovery order.  Ceglia appears to believe that the only thing

Judge Foschio could do to remedy Ceglia's ongoing defiance of the Court's order was to tell him

— again — to produce the emails, a command that Ceglia would have continued to ignore, just

as he has disregarded numerous other orders from this Court.  The law does not hamstring

federal judges in this way:  Judge Foschio acted reasonably by first directing Ceglia to produce

the emails himself, and then when he refused to comply, by directing Ceglia to permit

Defendants' experts to conduct the search themselves.

Third, Ceglia contends that the August 18 order is an improper invasion of his privacy.

Not so.  For one thing, Ceglia finds himself in this position as a result of his own misconduct.

Had he produced the emails as he was ordered to do, Defendants would not have needed to move

to have their experts inspect the accounts.  For another, any impact on Ceglia's purported

"privacy" interests is minimized by the Electronic Assets Inspection Protocol to which Ceglia

himself agreed.  Under that protocol, forensic analysts from the highly-regarded Stroz Friedberg

firm will review the accounts in confidence and identify responsive documents, which will then be produced to Defendants only after Ceglia has been given an opportunity to assert privilege. Moreover, the protective order governing this case grants Ceglia the right to designate emails as "confidential" documents that may not be publicly disclosed.  Ceglia suggests in a footnote that he should be given "a proper opportunity" to "obtain protection from this discovery," but he has already had this opportunity and has obtained protection in the form of the many safeguards enshrined in the inspection protocol and protective order — safeguards that fully protect any privacy interests he may claim.

Finally, Ceglia argues there has been "no showing" that a search of his email accounts "might lead to the discovery of admissible evidence."  Objections at 5.  This is a frivolous argument given that a search of Ceglia's computers has already led to the discovery of admissible (indeed, dispositive) evidence — emails that Ceglia was concealing from Defendants and the Court.  There can be little doubt that a search of his webmail accounts will turn up additional emails that Ceglia has been concealing and that will provide additional evidence — if any more were needed — that Ceglia is perpetrating a massive fraud on this Court by filing and prosecuting this lawsuit.

## CONCLUSION

This Court should overrule Ceglia's objections, affirm Judge Foschio's order, and award

Defendants their reasonable fees and costs resulting from Ceglia's obstructionist misconduct.

Dated:          New York, New York
                September 12, 2011

                                        Respectfully submitted,

                                        /s/ Orin Snyder
Thomas H. Dupree, Jr.                   Orin Snyder
GIBSON, DUNN & CRUTCHER LLP             Alexander H. Southwell
1050 Connecticut Avenue, NW             GIBSON, DUNN & CRUTCHER LLP
Washington, DC 20036                    200 Park Avenue, 47th Floor
(202) 955-8500                          New York, NY 10166-0193
                                        (212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*