UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------- x
PAUL D. CEGLIA,

        Plaintiff,

v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

        Defendants.
------------------------------------- x

Civil Action No. 1:10-cv-00569-RJA

**DECLARATION OF ALEXANDER H. SOUTHWELL**

I, ALEXANDER H. SOUTHWELL, hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), counsel of record for Mark Elliot Zuckerberg and Facebook, Inc. ("Facebook") in the above-captioned matter. I make this declaration, based on personal knowledge, in support of Defendants' Third Motion to Compel and for Other Relief.

2. This declaration describes Defendants' good-faith efforts to resolve disputes regarding Plaintiff's failure to comply with by this Court's Order, dated August 18, 2011 (Doc. No. 117) (the "Order"), prior to filing Defendants' Third Motion to Compel, in compliance with Western District of New York Local Rule 7(d)(4).

3. Plaintiff was required, by August 29, 2011, to comply with the discovery obligations imposed by the Order.

4. On August 29, 2011, counsel for Plaintiff, Nathan Shaman, produced to Defendants several declarations and supporting exhibits purporting to comply with the Order.

1

5. Included in Plaintiff's August 29 production to Defendants was the Supplemental Declaration of Plaintiff Paul D. Ceglia, dated August 29, 2011. A true and correct redacted copy of Plaintiff's August 29 declaration is attached hereto as Exhibit A.

6. Also included in Plaintiff's August 29 production to Defendants was a "privilege log" listing documents that the Plaintiff withheld for various purported "privileges." A true and correct copy of Plaintiff's August 29 "privilege log" is attached hereto as Exhibit B.

7. Upon an initial review of the Plaintiff's August 29 production, Defendants immediately noted that Plaintiff was not in compliance with the time-sensitive webmail acquisition provision, paragraph 5 of the Order, due to the provision of non-compliant consent forms. Defendants immediately moved to order compliance with that provision, filing a motion to compel on September 1, 2011 (Doc. No. 128). As this Court is aware, what followed was a month-long delay that necessitated numerous motions and filings to obtain Plaintiff's court-ordered consent to the acquisition and inspection of some (but still not all) of the webmail accounts required by the Court's Order. In the background of Plaintiff's delay tactics, Defendants continued their review of the rest of the August 29 production. After the full review, Defendants determined that Plaintiff's production, accompanying Supplemental Declaration, and "privilege log" were not in compliance with the Order.

8. Thus, on the evening of October 7, 2011, I sent counsel for Plaintiff, Jeffrey A. Lake, a letter informing Plaintiff that his August 29 production, Supplemental Declaration, and "privilege log" were not compliant with the Order. I indicated that the letter was an attempt to meet and confer on the issues. I also noted that Defendants reserved the right to seek appropriate sanctions for Plaintiff's ongoing willful non-compliance with the Order. A true and correct copy of that letter is attached hereto as Exhibit C. Plaintiff did not respond to this letter in any way.

9. Prior to my sending of this meet-and-confer letter on October 7, Plaintiff had provided the compliant consent forms for the webmail account acquisition and inspection to Stroz Friedberg on September 28, 2011.

10. On October 11, 2011, in accordance with the protocol set out in the Electronic Assets Inspection Protocol (Doc. No. 85), Stroz Friedberg provided to Defendants the Plaintiff's "privilege log"—which withheld 11 of the 12 presumptively relevant documents—and the single item Plaintiff had not withheld as "privileged." A true and correct redacted copy of Plaintiff's October 11 "privilege log" is attached hereto as Exhibit D.

11. Upon reviewing Plaintiff's October 11 "privilege log," Defendants determined that, like Plaintiff's earlier August 29 "privilege log," the privilege designations were improper and unfounded.

12. Thus, on October 12, 2011 at about 12:45 p.m., I sent Mr. Lake a letter informing Plaintiff that his October 11 "privilege log" was obstructionist and improper. A true and correct copy of that letter is attached hereto as Exhibit E.

13. As with the October 7 letter, Plaintiff did not respond to this letter in any way as of around 12:00 p.m. ET, on October 14, 2011.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of October, 2011 at New York, New York.

_____
Alexander H. Southwell

3