# EXHIBIT E

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Alexander H. Southwell
Direct: +1 212.351.3981
Fax: +1 212.351.6281
ASouthwell@gibsondunn.com

Client: 30993-00011

October 12, 2011

VIA ELECTRONIC MAIL

Jeffrey A. Lake, Esq.
Jeffrey A. Lake A.P.C.
11650 Iberia Place, Suite 216
San Diego, CA 92128

Re:   Ceglia v. Zuckerberg and Facebook, Inc., No. 1:10-cv-569 (RJA)

Dear Mr. Lake:

Yesterday evening, we received Plaintiff's privilege log regarding the presumptively relevant material identified by Stroz Friedberg in its inspection of Plaintiff's webmail accounts. As you know, Plaintiff has withheld 11 of the 12 presumptively relevant documents. Plaintiff's designations are, yet again, obstructionist and improper.

First, Plaintiff has improperly withheld two of these documents on the purported basis of attorney-client privilege. This is plainly unfounded. Plaintiff may not assert privilege over communications that were sent by Jessica Ceglia, a third-party non-attorney beyond the scope of any relevant attorney-client relationship. Ms. Ceglia's possession of the two documents shatters any purported privilege once held by Paul Ceglia.

Second, Plaintiff has again improperly withheld documents on the basis that they are "Outside Scope of Expedited Discovery Orders." As you know, this is not a recognized privilege. Moreover, pursuant to Electronic Assets Inspection Protocol, Stroz Friedberg is responsible for assessing any document's relevance to the expedited discovery in this case. Stroz Friedberg has identified these documents as presumptively relevant; by the express terms of the Protocol, Plaintiff may interpose objections on the basis of privilege alone. (*See* Doc. No. 85 ¶¶ 4-5.)

# GIBSON DUNN

Jeffrey A. Lake, Esq.
October 12, 2011
Page 2

We hereby object to Plaintiff's privilege and 'scope' designations on the October 11, 2011 privilege log and demand that Plaintiff withdraw them by 5:00 p.m. today. Should Plaintiff refuse or fail to respond, we intend to seek judicial intervention. We reserve all rights, including the right to seek attorney's fees, costs, and appropriate sanctions for Plaintiff's ongoing non-compliance.

Very truly yours,

Alexander H. Southwell

cc: Paul Argentieri, Esq.
    Nathan Shaman, Esq.

GIBSON DUNN