UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.

                Defendants.

Civil Action No. : 1:10-cv-00569-RJA

**MEMORANDUM SUBMITTED DIRECTLY TO THE COURT REGARDING AUTHORITY FOR PRIVILEGE CLAIMS AS TO TWO DOCUMENTS IN EXPEDITED DISCOVERY**

## MEMORANDUM

In response to an order of this court, Doc. No. 167, two documents were submitted to the court for in camera review.

A file named Lawsuit_Overview.pdf was provided to the court directly via email for in camera review. This is the document listed on the fourth page of the privilege log, Doc. No. 156-2 as "Portion of Lawsuit Overview." Apparently, prior counsel may have acknowledged that the items on page six to page sixty-three of that document are not subject to any recognized privilege. That recognition resulted in prior counsel describing this document as "Portion of Lawsuit Review." In addition, a scrivener's error in preparing Mr. Ceglia's second supplemental declaration, Exhibit A to Doc. No. 176 identified this document as "Partial Lawsuit Overview." All three descriptions are indicating the same document which the court was provided via email as noted above. Opposing counsel has been informed

that pages six to sixty-three of this document will be disclosed to them immediately.

A second file named DSC01008.JPG was also provided to the court yesterday via email for in camera review. That file is designated as item 329 on page 3 of Doc. No. 156-4. That item is an attachment to an email that was sent from Jessica Ceglia, a non lawyer, to Paul Ceglia.

## LEGAL ANALYSIS AS TO FILE NAMED LAWSUIT_OVERVIEW.PDF

Attorney–client privilege attaches to a prospective client's communications with prospective counsel. See New York Rules of Professional Conduct, R. 1.18.

The courts in New York generally refer to attorney–client privilege as a fiduciary relationship. See generally, *Rose Ocko Foundation, Inc. v. Liebovitz*, 155 A.D.2d 426 (2d Dep't 1989). The Second Department has said, "fiduciary relationships existing between lawyer and client extends to preliminary consultation by a prospective client with a view toward retention of the lawyer, although actual employment does not exist." *Seeley v. Seeley*, 129 A.D.2d 625, 627 (2d Dep't 1987) (quoting *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1319 (7th Cir. 1978)). Courts are quick to sever any relationship that hints at impropriety because it may divulge information that is protected by the attorney–client privilege that arose from the prospective-client meeting.

In *Burton v. Burton*, 139 A.D.2d 554 (2d Dep't 1988), the defendant husband had consulted the same law firm the plaintiff wife would later hire to represent her in their divorce. The court noted that no evidentiary hearing was needed to determine what was or was not covered in the firm's meeting with the defendant

husband—it did not even matter if the grounds for divorce were not discussed.  This is because a prospective client enjoys the same attorney–client privilege a client does; and so because "it is reasonable to infer that [the firm] obtained confidential or strategically valuable information, . . . it makes no difference that the defendant did not retain the firm." Id. at 554–54.  In other words, when a firm may not reveal a client's communications, it must not reveal a prospective client's.

## **LEGAL ANALYSIS AS TO FILE NAMED DSC01008.JPG**

This document is an image of an email sent by Paul Ceglia to an attorney seeking legal advice.  Therefore, the communication itself is privileged, attorney-client communication.  However, the legal question is whether the attaching of the image of this communication to an email by a non-lawyer and transmission of that email attachment to Mr. Ceglia by Jessica Ceglia waives that privilege.

There is no evidence to suggest that Jessica Ceglia was authorized to send this document as an attachment in that email.  There is no evidence to suggest that Jessica Ceglia viewed the contents of this attachment or any other attachment to that email before sending it.  Finally, even if it were shown at a hearing that Jessica was authorized to send the attachment and did, in fact, review the attachment before sending it, privilege still applies to the attorney-client communication contained in the attachment.

The general rule is communications between an attorney and client in the presence of a third party are not privileged.  But it is well-settled law in New York that communications made through an agent of either the attorney or client retains

their privilege. *People v. Osorio*, 75 N.Y.2d 80, 84 (1989).  The New York Court of Appeals clarified this 50,000-foot level view: "[t]he scope of the privilege is not defined by the third parties' employment or function, however; it depends on whether the client has a reasonable expectation of confidentiality under the circumstances." Id.  So, if an agent is used to facilitate communication, the parties "had every expectation that any communication between them and their counsel would remain confidential," and the communications therefore are privileged. *Robert V. Straus Productions, Inc. v. Pollard*, 289 A.D.2d 130, 130 (1st Dep't 2001); see also *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961) (Friendly, J.) (because accountants and interpreters make communication between parties possible, their presence does not waive privilege).  A party does not even need to allege that the third-party is an agent—the court may determine an agency relationship on its own from the record. See *First Am. Commercial Bancorp, Inc. v. Saatchi & Saatchi Rowland, Inc.*, 56 A.D.3d 1137, 1139 (4th Dep't 2008).

    Mr. Ceglia has a reasonable expectation of privacy when requesting that an agent send **to him** attachments including those that contain confidential communication between himself and his attorney.

## CONCLUSION

    For the foregoing reasons, Mr. Ceglia respectfully requests this court find that the the first six pages of the file named Lawsuit_Overview.pdf submitted to it for in camera review are not subject to disclosure to Defendants and are protected by attorney-client privilege.  Finally, Mr. Ceglia respectfully requests this court find

that the file named DSC01008.JPG submitted to it for in camera review is not subject to disclosure to Defendants and is protected by attorney-client privilege.

Respectfully submitted,

/s/Dean Boland

| | |
|---|---|
| Paul A. Argentieri | Dean Boland |
| 188 Main Street | 18123 Sloane Avenue |
| Hornell, NY 14843 | Lakewood, Ohio 44107 |
| 607-324-3232 phone | 216-236-8080 phone |
| 607-324-6188 | 866-455-1267 fax |
| paul.argentieri@gmail.com | dean@bolandlegal.com |

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on Defendants via email on October 26, 2011 by counsel for Plaintiff, Dean Boland.


/s/ Dean Boland
Dean Boland