UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
PAUL D. CEGLIA, :
:
          Plaintiff, :
: **ORDER**
   v. :
: Civil Action No. 1:10-cv-00569-
MARK ELLIOT ZUCKERBERG and : RJA-LGF
FACEBOOK, INC., :
:
          Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      WHEREAS, on November 2, 2011, this matter having come before the Court on Defendants' Third Motion to Compel Plaintiff's Compliance with this Court's July 1, 2011 and August 18, 2011 Orders under Federal Rule of Civil Procedure 37;

      WHEREAS the Court has fully considered the briefs, papers, and oral argument pertaining to this matter:

      IT IS HEREBY ORDERED for good cause shown that Defendants' Third Motion to Compel is GRANTED; and it is further ordered that:

      1.      By December 2, 2011, Plaintiff shall conduct a diligent search for each of the computers or electronic media identified in Paragraph 2 (the "Search"). Plaintiff shall conduct the Search in person. Plaintiff's Search shall include all locations that may contain any of the computers or electronic media identified in Paragraph 2. Plaintiff shall return to the United States to conduct the Search.

      2.      Plaintiff's Search shall include all computers and electronic media in Plaintiff's possession, custody, or control since June 30, 2010, including but not limited to the following

removable storage devices with their associated serial numbers, but excluding any computers or electronic media that Plaintiff has previously produced to Defendants in this action:

  A. Gigaware USB Device, 20051942520C8D20CDB2&O

  B. SanDisk Cruzer Micro USB Device, 200524439016A86122A2&O

  C. USB 2.0 USB Flash Drive USB Device, 76562f5793a65e&o

  D. Ut165 USB2 FlashStorage USB Device, 00000000000069&0

  E. Kingston DataTraveler 2.0 USB Device, 5B8407000A4B&O

  F. Seagate FreeAgent GoFlex USB Device, NA056T98&0

3. On or before December 2, 2011, Plaintiff shall produce each item identified in Paragraph 2 that he is able to locate. Plaintiff's production and Defendants' examination shall be conducted pursuant to the Electronic Asset Inspection Protocol, dated July 1, 2011 (Doc. No. 85) ("Electronic Asset Inspection Protocol").

4. On or before December 2, 2011, Plaintiff shall provide an ink-signed supplemental sworn declaration ("Supplemental Declaration") in accordance with 28 U.S.C. § 1746.

5. In the Supplemental Declaration, Plaintiff shall provide a detailed account of the Search. Plaintiff's detailed account shall include complete information regarding the dates, times, locations, and circumstances of his in-person, good-faith efforts to conduct the Search.

6. For each item identified in Paragraph 2 that Plaintiff is unable to locate, Plaintiff shall provide in the Supplemental Declaration a detailed account of the non-existence, loss, or destruction of each such item, including but not limited to how and when he came to possess it, how he used it, and how, when, and where he lost, destroyed, or otherwise disposed of it.

7. In the Supplemental Declaration, Plaintiff shall certify that all items to be produced pursuant to Paragraph 3 have, in fact, been produced to Defendants pursuant to this Order.

8. Plaintiff may supplement his required in-person efforts to conduct the Search through the efforts of third-parties, including attorneys, experts, and family members. Any third-parties who conduct the Search on Plaintiff's behalf, together with any third-parties who have previously conducted searches on Plaintiff's behalf for documents, computers, or electronic media related to this case, shall provide an ink-signed sworn declaration in accordance with 28 U.S.C. § 1746. Each such third-party declarant shall provide a detailed account of his or her diligent search. This detailed account shall include the information described in Paragraph 5. All such third-party declarations pursuant to this paragraph shall be provided to Defendants' counsel on or before December 2, 2011.

9. Defendants are authorized to issue a subpoena under Federal Rule of Civil Procedure 45 to Adelphia, or any successor in interest, for all ownership or registration information concerning the ceglia@adelphia.net account. Defendants are further authorized to issue additional subpoenas under Federal Rule of Civil Procedure 45 to the owner(s) or registrant(s) of the ceglia@adelphia.net account. Defendants are further authorized (i) to issue additional subpoenas under Federal Rule of Civil Procedure 45 to Adelphia, or any successor in interest, if necessary, for access logs, usage logs, and registration records, and contacts information, and (ii) to obtain content from Adelphia by providing consent from the owner(s) or registrant(s) of the ceglia@adelphia.net account. Any content to be acquired directly from Adelphia, or any successor in interest, shall be acquired by Stroz Friedberg pursuant to the

Electronic Asset Inspection Protocol.  Non-content information may be provided directly to Defendants' counsel and Plaintiff's counsel.

10. On or before November 7, 2011, Plaintiff shall provide consents for the inspection of account information including access logs, usage logs, and registration records, as well as any preserved copies of the accounts, with respect to all email accounts accessible through web-based interfaces that Plaintiff has used since 2003, including but not limited to the gmail.com, msn.com, and tmail.com accounts specified in Plaintiff's August 29, 2011 declaration.  Plaintiff shall provide such consents on a form or forms to be provided by Defendants' counsel and shall cooperate with Defendants' counsel and/or Stroz Friedberg to facilitate access to this information from each account.  The production and inspection of any preserved copies of all such accounts shall be conducted pursuant to the Electronic Asset Inspection Protocol.  Non-content information may be provided directly to Defendants' counsel and Plaintiff's counsel.

11. Stroz Friedberg is authorized to acquire from each of Plaintiff's experts, former experts, attorneys, former attorneys, or other agents who have already or will produce electronic files pursuant to the Court's orders (Doc. Nos. 83 and 117), including those detailed in Plaintiff's August 29, 2011 declaration and those who produced electronic files directly to Defendants on October 24, 2011, the original native-file format for all files produced or to be produced, including all metadata for each such file.  Plaintiff's experts, former experts, attorneys, former attorneys, or other agents shall cooperate with the acquisition.  Stroz Friedberg shall produce the results of this acquisition simultaneously to Defendants' counsel and Plaintiff's counsel.

12. Defendants are authorized to issue a subpoena under Federal Rule of Civil Procedure 45 and targeted interrogatories under Federal Rule of Civil Procedure 33 to Valery Aginsky.  Defendants are authorized to serve the subpoena and interrogatories by overnight mail,

and shall at the same time provide copies of the subpoena and interrogatories to Plaintiff's counsel.  Aginsky shall respond to the subpoena within 7 days of service and provide responses to the interrogatories within 20 days of service.

13. Defendants are authorized to issue a subpoena under Federal Rule of Civil Procedure 45 and targeted interrogatories under Federal Rule of Civil Procedure 33 to John Paul Osborn.  Defendants are authorized to serve the subpoenas and interrogatories by overnight mail, and shall at the same time provide copies of the subpoena and interrogatories to Plaintiff's counsel.  Osborn shall respond to the subpoena within 7 days of service and provide responses to the interrogatories within 20 days of service.

14. The Court overrules the Plaintiff's privilege designations with respect to the file named "Lawsuit Overview.pdf," identified as "Portion of Lawsuit Overview" on page 3 of Plaintiff's August 29, 2011 Privilege Log (Doc. No. 156-2).  This document is neither privileged nor confidential under the Joint Stipulated Protective Order (Doc. No. 86).  Plaintiff shall produce this file and all copies directly to Defendants no later than November 7, 2011.

15. The Court overrules the Plaintiff's privilege designations with respect to the file named "DSC01008.JPG," identified as item number 329 on the Responsive Material Log of October 6, 2011 (Doc. No. 180).  This document is neither privileged nor confidential under the Joint Stipulated Protective Order (Doc. No. 86).  Plaintiff shall produce this file no later than November 7, 2011.

SO ORDERED this 3rd day of November 2011.

*/s/ Leslie G. Foschio*

HONORABLE LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE