UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                    Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.

                    Defendants.

Civil Action No. : 1:10-cv-00569-RJA

**DECLARATION
OF
THOMAS MARTIN**

     Thomas Martin, submits this declaration and hereby declares under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States that the following is true and correct:

1. I make this declaration upon personal knowledge and experience.

2. I have been a latent fingerprint examiner for more than 20 years with the New York State Police, and continuing through the present date as a forensic consultant now in private practice.

3. I have been qualified as an expert in latent fingerprint identification and have given expert testimony in latent print identification numerous times in many different courts.

4. I have never been denied expert qualification by any court.

5. I have handled thousands of fingerprint cases during my career.

6. In addition to being a qualified latent fingerprint examiner, I was assigned as

1

the supervisor of the New York State Police Forensic Identification Unit/ Fingerprint Unit for 14 years of my career reviewing the work of all subordinates during that time.

7. As the supervisor in charge of the latent print unit and processing lab which was audited annually, I was responsible for ensuring conformance to protocols and procedures for evidence handling. This included proper handling of evidence and the documentation related to evidence.

8. During my career with the New York State Police, and continuing today in my private practice, I have instructed courses, and continue to instruct courses nationwide, involving proper crime scene processing and evidence handling protocols and procedures; to include protocols specific to the recovery of latent print evidence.

9. During my career I have on numerous occasions processed items of evidence including paper to determine if those items contained latent fingerprints deemed usable for identification purposes.

10. I know from my training and experience that fingerprints can be obtained from paper that is several years old including the approximate age of the paper involved in this matter which I understand to be more than eight years old.

11. The age of a substance like paper, by itself, is not an impediment to recovering usable fingerprints.

12. The Excessive and improper handling of paper documents even with a gloved hand can make otherwise usable and recoverable fingerprints unrecoverable.

13. Touching a piece of paper with a bare hand, can cause new latent fingerprint impressions to be placed onto that piece of paper.

14. If a questioned document contains latent prints, and before that document is properly processed or examined for latent prints; a subsequent person handles the questioned document without gloves, it is possible for that subsequent person to leave additional fingerprints on top of the existing latent prints making it difficult or impossible to recover the underlying latent prints.

15. Latent print evidence by its very definition, is potentially probative evidence that is normally invisible to the naked eye before the application of chemicals or powders which would allow those latent prints to be viewed and documented.

16. As such, any potentially probative evidence, such as latent print evidence, that will be examined in a forensic laboratory must be handled using standard evidence handling protocols.

17. Standard protocols include at a minimum; handling the potential evidence with protective gloves, and handling the potential evidence with as minimal contact as possible even with gloved hands.

   I hereby declare under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States that the following is true and correct:

DATED: November 10, 2011.

_____
Declarant