UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------- x

PAUL D. CEGLIA,

            Plaintiff,

      v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

            Defendants.
------------------------------------- x

Civil Action No. 1:10-cv-00569-RJA

**DECLARATION OF TERRANCE P. FLYNN**

I, TERRANCE P. FLYNN, hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am a partner in the law firm of Harris Beach PLLC ("Harris Beach"), counsel of record for Mark Elliot Zuckerberg and Facebook, Inc. ("Facebook") in the above-captioned matter. I make this declaration, based on personal knowledge, in support of Defendants' Motion to Strike and for Sanctions.

2. On November 11, 2011, I learned that Plaintiff's counsel, Dean Boland, had contacted the court-authorized videographer, Robert Gianadda. I subsequently contacted Mr. Gianadda to inquire as to why Mr. Boland had contacted him. Mr. Gianadda explained that Mr. Boland had called him more than once on November 10, 2011 and had requested that Mr. Gianadda sign a declaration. Mr. Gianadda further explained that Mr. Boland called him at the end of the day at around 5:30 p.m. and then subsequently put "pressure" on him again during another call at around 8:30 p.m. Mr. Gianadda specifically mentioned to me that during the evening phone call he was busy at home taking care of family matters when Mr. Boland called to pressure him to sign the declaration.

1

3. I explained to Mr. Gianadda during our call that Mr. Boland had filed that morning his declaration in support of a Motion for Sanctions. Mr. Gianadda was clearly upset and surprised by the filing of the declaration.

4. Mr. Gianadda made it clear it was always his desire to remain as an independent third party. He said Mr. Boland never told him the declaration would be submitted in court for any reason. Mr. Gianadda was very concerned about his reputation in the Buffalo community due to his many years of service as an independent legal videographer. He said it seemed to him that he had been deceived by Mr. Boland. I therefore asked him if he wanted to execute a supplemental declaration which would clarify the circumstances surrounding the phone calls he received from Mr. Boland and the subsequent signing of the declaration. Mr. Gianadda said, "Yes." He thereafter came to the offices of Harris Beach.

5. Upon arriving at the offices of Harris Beach, we subsequently conducted a further conversation in which co-counsel, Alexander Southwell, participated by telephone.

6. Mr. Gianadda specifically reiterated that he was told by Mr. Boland that the declaration was only being executed in order to allow Mr. Boland and Mr. Southwell to "start a dialogue." Mr. Gianadda was adamant he was never told it was going to be filed with the Court. Mr. Gianadda appeared embarrassed by the situation and was clearly concerned about his reputation as an independent legal videographer. Mr. Gianadda further related that Mr. Boland spent at least four times as much time on the phone discussing the earlier paragraphs in comparison to paragraphs 14 through 17 of the declaration. Mr. Gianadda recalled that Mr. Boland seemed to be treating paragraphs 14 through 17 in a "rushed" fashion.

7. In my offices, Mr. Gianadda reviewed a new declaration, which was to supersede the one Mr. Boland had filed on November 10, 2011. Mr. Gianadda reviewed the draft

declaration several times and made several edits. He took the time to carefully review the draft declaration, reviewing each word and paragraph more than once, before executing it.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of November, 2011 at Niagara Falls, New York.

                                                              _____
                                                              Terrance P. Flynn