UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

Civil Action No. : 1:10-cv-00569-RJA

                                    Plaintiff,

                                            **MEMORANDUM OF LAW IN**
                                            **SUPPORT OF MOTION FOR**
v.                                          **ORDER PROHIBITING**
                                            **DEFENDANTS' RELIANCE ON**
                                            **INADMISSIBLE EVIDENCE IN**
MARK ELLIOT ZUCKERBERG, Individually, and   **ANY DISPOSITIVE MOTION**
FACEBOOK, INC.

                                    Defendants.

## MEMORANDUM

Defendants' counsel, Mr. Snyder, has stated multiple times that the defense intends to rely on an unauthenticated digital image purporting to be an agreement between Defendant Zuckerberg and Mr. Ceglia in its anticipated dispositive motion. Doc. No. 121 at 44.  Mr. Snyder inventively called this email the "smoking gun" both in filed papers and media interviews.   The defense claims this unauthenticated digital image was attached to an unauthenticated email between two persons claiming to be Paul Ceglia and an attorney named Jim Kole.  Id and See Exhibit A. The Defense should be prohibited from relying on the unauthenticated email or the unauthenticated digital image allegedly attached to the email in Exhibit A for the reasons set forth below.

## THE UNAUTHENTICATED EMAIL

The defense claims Exhibit A is an email exchanged between Mr. Ceglia and his then attorney Jim Kole.   Ceglia has no recollection of sending any such email. Declaration of Paul Ceglia at ¶7.   The defense has presented no evidence that Mr. Kole ever read or received the unauthenticated email.   Therefore, without either the alleged sender or recipient confirming the authenticity of the supposed email itself, Defendants cannot authenticate it.   Without authentication, the alleged email is not admissible.

## THE UNAUTHENTICATED DIGITAL IMAGE

Allegedly attached to the unauthenticated email is an unauthenticated digital image.   It was Mr. Ceglia who discovered this unauthenticated email and unauthenticated digital image on his own computer and "in an abundance of caution" submitted it to the Defendants during Expedited Discovery.   Id. at 9. Before March 2011, Mr. Ceglia had never before seen this document.   Id.

The Defendants claim this unauthenticated digital image is of a two page contract between Defendant Zuckerberg and Mr. Ceglia.   They further claim this unauthenticated digital image is the "real" contract between the parties.   Doc No. 122 at 44.   However, the original of this alleged contract, once in Defendant Zuckerberg's possession, was discarded by him.   Doc. No. 94 at 52.   In addition, the unauthenticated digital image in Exhibit A "appears to have a different page one that has been substituted into that document by someone."   Id. at 12.   Mr. Ceglia

noticed this because he signed the contract attached to the Complaint in this matter at the same time Defendant Zuckerberg signed that agreement.  Id. at 10.

The defense has presented no evidence about who supposedly created the unauthenticated digital image nor when it was created.  They have not provided this court any evidence establishing whether the unauthenticated digital image is an original or a copy.  They have not provided evidence whether the unauthenticated digital image was edited from some other copy or not.

## THE APPLICABLE RULES

Fed.R.Civ.P. 56(c)(2) reads:

"Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

## RULE GOVERNING THE ADMISSIBILITY OF DIGITAL IMAGE EVIDENCE

Evid. R. 901 reads in pertinent part.

"(a) General provision.  The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

Authentication is a precondition to any determination of admissibility.  [cite]. Digital images

Evid.R. 1001(2) defines photographs as follows:

"(2) Photographs.—'Photographs' include still photographs, X-ray films, video

tapes, and motion pictures."

In general, a document may not be admitted into evidence unless it is shown to be genuine. See, e.g., 7 Wigmore on Evidence Secs. 2129, 2130 (3d ed. 1940). The requirement that the document be authenticated may be satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901. This evidence may be direct or circumstantial, see *United States v. Natale*, 526 F.2d 1160, 1173 (2d Cir.1975), cert. denied, 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976), and the latter category may include distinctive characteristics of the document itself, such as its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," Fed.R.Evid. 901(b)(4).

Federal Rule of Evidence 1002, commonly referred to as the "best evidence rule," provides: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Fed. R. Evid. 1002. However, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003.

Ceglia has consistently questioned the authenticity of the supposed original document that was scanned to create the unauthenticated digital image. Given the Defendants' intent to use Exhibit A as a means to dismiss Ceglia's entire case, it is fundamentally unfair to admit this duplicate of unknown authenticity in lieu of the

original whose authenticity Mr. Ceglia has consistently disputed.

Other circuits have more comprehensively addressed the admission of photographs under the rule of authentication.  As a general rule, tangible evidence such as photographs and videos must be properly identified or authenticated before being admitted into evidence at trial. Fed.R.Evid.  901(a); *United States v. Hobbs*, 403 F.2d 977, 978-79 (6th Cir.1968); Authentication and identification are specialized aspects of relevancy that are necessary conditions precedent to admissibility. 5 J. Weinstein and M. Berger, Weinstein's Evidence p 901(a) at 901-18 (1978); 11 J. Moore and H. Bendix, Moore's Federal Practice Sec. 901.01[3.-1]-(a) at IX-7 (2d ed. 1982).

The authentication rule has been applied by Circuit Courts to digital image evidence.  "[A] photograph may be authenticated through the testimony of a witness with knowledge…who testifies that the photograph is an accurate representation of the scene depicted."  *U.S. v. Lemonde*, 188 F.3d 509.   (6th Cir. 1999) citing to *Shahid v. City of Detroit*, 889 F.2d 1543, 1546 (6th Cir.1989).

Defendants cannot offer any witness which satisfies the rule of authentication applicable to digital images.  See above.  Therefore, without authentication and in accordance with Fed.R.Civ.P. 56(c)(2) Defendants should be prohibited from relying on this digital image in any dispositive motion.  In addition, the email account used to allegedly send the email, was not even one that Mr. Ceglia could access.

The supposedly sent and received email at issue was allegedly sent using Mr.

5

Ceglia's parents' email address of ceglia@adelphia.net.   Declaration of Paul Ceglia at ¶13, ¶15.   He has no recollection of sending an email to anyone using the ceglia@adelphia.net email account.  Id. at ¶16.  Mr. Ceglia never owned nor had the username or password to any such account.  Id. at ¶14.

Defendant Zuckerberg, in contrast, had access to all of Mr. Ceglia's father's email credentials.

## DEFENDANT ZUCKERBERG HAD ACCESS TO ALL CREDENTIALS TO SEND THE EMAIL IN QUESTION

Once hired by Mr. Ceglia to work on the StreetFax project and use Mr. Ceglia's investment for Facebook, Defendant Zuckerberg had full administrator access to all StreetFax computers.   Id. at ¶19.   During the early stages of the development of StreetFax, Mr. Ceglia needed assistance testing the software and his father was provided a Street Fax user account.   Id. at ¶18.   Defendant Zuckerberg had access to Mr. Ceglia, Sr.'s user account as he had access to all user accounts during his time developing the StreetFax software. Id. at ¶19. At the time of the creation of Mr. Ceglia, Sr.'s Street Fax user account, he used the same password for all places online where he needed to create a username and password. Id. at ¶17.  As a result, at the time this alleged email was sent with the alleged digital image attached, Defendant Zuckerberg had complete access to all the necessary credentials to logon to Mr. Ceglia Sr.'s ceglia@adelphia.net email account and send this email with any attachments he chose to include.

## DEFENDANT ZUCKERBERG'S HISTORY OF EMAIL HACKING

Defendant Facebook and Defendant Zuckerberg have never denied reports that Defendant Zuckerberg gained unauthorized access to Facebook users' accounts using that information to access emails of reporters at the Harvard Crimson newspaper who had written a story critical of both Defendants in this case.  http://articles.businessinsider.com/2010-03-05/tech/29973321_1_tyler-winklevoss-thefacebook-com-cameron-winklevoss.

The court is well aware from previous documented filings in this case of Defendant Zuckerberg's zest for hacking and obtaining unauthorized access to computer systems.

Defendants have no evidence Mr. Ceglia sent the unauthenticated email or created and attached the unauthenticated digital image to that email.  In contrast, Plaintiff has provided to this court evidence that Defendant Zuckerberg had the necessary credentials to send the email in Exhibit A.  Further, Defendant Zuckerberg has reportedly engaged in conduct resulting in the unauthorized accessing of persons' email accounts.

## **CONCLUSION**

For the foregoing reasons, Mr. Ceglia respectfully requests an order prohibiting the Defense from relying on any unauthenticated alleged email or any unauthenticated alleged digital image evidence, which would not be admissible at trial, in any dispositive motion filed during or immediately after the conclusion of Expedited Discovery.

Respectfully submitted,

/s/Dean Boland

Paul A. Argentieri                    Dean Boland
188 Main Street                       18123 Sloane Avenue
Hornell, NY 14843                     Lakewood, Ohio 44107
607-324-3232 phone                    216-236-8080 phone
607-324-6188                          866-455-1267 fax
paul.argentieri@gmail.com             dean@bolandlegal.com