

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CA 92614-2558

tel 949-567-6700
fax 949-567-6710
WWW.ORRICK.COM

November 23, 2005

Robert D. Nagel
(949) 852-7761
rnagel@orrick.com

*VIA FAX AND EMAIL*

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue N.W.
Washington, DC 20001

Re: *ConnectU LLC v. Zuckerberg et al.*, Civil Action No. 1:04-cv-11923 (DPW)

Dear John:

Thank you for your November 21, 2005 letter to Neel Chatterjee and Robert Hawk, to which I respond to on behalf of Facebook Defendants only. Under the Court's November 18, 2005 order, ConnectU is entitled to "discovery as to the steps the defendants have taken to obtain and produce the [Facebook and Harvard Connection] codes." The Facebook Defendant's are willing to respond to discovery properly served. It appears that ConnectU has exhausted its available document requests and interrogatories. We suggest, as a result, that ConnectU take a properly noticed deposition, as suggested in your letter. Once we receive a notice, we will work to schedule a mutually agreeable date.

There is no basis, in either the Court's order or any Federal Rule of Civil Procedure, for ConnectU's demand for a signed declaration – let alone one which unilaterally sets for what you regard as the necessary substantive facts. Moreover, your demand that Facebook Defendants' produce such a declaration in one week, which includes the Thanksgiving holiday, is absurd. We will not provide the requested declaration in the time frame unilaterally demanded by ConnectU.

As stated in Joshua Walker's email to you and Troy Grabow of last week and raised by Mr. Chatterjee in court last week, the Facebook Defendants recently located additional electronic devices that we believe may have responsive information. We currently have reason to believe the devices we have located are (a) Mark Zuckerberg's original computer which was used while Mr. Zuckerberg was at Harvard and (b) the first server owned and used by the Facebook. The analysis of what information is resident on these electronic devices is ongoing. If responsive materials (including any software code) are found, we will immediately supplement our production and hope that such a production would resolve the issues associated with your motion. As the Facebook Defendants represented in Court, deleted files are also being searched for responsive information.

DOC:SV1:435601.3

EXHIBIT M, PAGE 1



## ORRICK

John F. Hornick, Esq.
November 23, 2005
Page 2

    The Facebook Defendants propose that rather than following the discovery approach suggested by the Court order, the parties agree to an approach similar to that which was initially outlined by you in the discovery hearing. In our view, it would have been very helpful had Facebook Defendants' known of ConnectU's proposal before the November 18, 2005 hearing, as the hearing could have been conducted more efficiently, or potentially avoided entirely. To ensure that no further dispute exists, Facebook Defendants proposed that (1) Facebook Defendants would produce any code found during the imaging of the memory devices used by the individual Defendants before October 2004 which are under the custody or control of the Facebook Defendants and (2) the parties would then meet and confer as to whether imaging or discovery as to additional memory devices is required. Following this production, ConnectU could take its deposition concerning document collection efforts, and the likelihood of finding materials in alternate places.

    Let us know how ConnectU would like to proceed. As always, please contact me with any questions.

Very truly yours,

Robert D. Nagel

RDN

cc:   Troy E. Grabow, Esq. (via email)
      Robert B. Hawk, Esq. (via email)
      Bhanu K. Sadasivan, Esq. (via email)
      Daniel K. Hampton, Esq. (via email)
      Jonathan M. Gelchinsky, Esq. (via email)