UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                 Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.

                 Defendants.

Civil Action No. : 1:10-cv-00569-RJA

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DOC. NO. 212 AND FOR SANCTIONS**

## MEMORANDUM

Defendants seek to strike Mr. Gianadda's first declaration, Doc. No. 212 for two primary reasons:

1. An allegation that Mr. Gianadda was "pressured" to sign the document by Ceglia's counsel; and

2. An allegation that Mr. Gianadda was "misled" regarding what Ceglia's counsel intended to do with the declaration that he signed.

Both of these arguments are without any support even in the altered declaration (Doc. No. 218) that Defendants now offer to replace Doc. No. 212.

## INTRODUCTION

Attorneys Oren Snyder and Alex Southwell appear in this case on behalf of Defendants Facebook and Mark Zuckerberg at the dawn of the most audacious fraud the undersigned has ever witnessed in any case, even after years of

prosecuting criminals including corrupt public officials. Defendants and their counsel have suppressed evidence, misled the court about that evidence and actively sought to destroy that evidence behind a curtain that makes the Wizard of Oz look mundane. It should not surprise the court that Ceglia's counsel disregards the Defendants' and their counsel as a reliable source for any claims of fraud by Ceglia. Defense counsel's claims of fraud and Ceglia "destroying critical electronic evidence" while baseless are also in-artfully muttered in a rebounding circle of white noise. It is without doubt that this court hopes the meandering of baseless accusations will have their day and conclude, dissolving into meaningful legal argument. After reading Defendants' arguments in Doc. No. 217, today is not that day.

"Boland willfully deceived Gianadda into signing an inaccurate and misleading declaration." Doc. No. 217 at 1.

## CONTEXT IS EVERYTHING

First, some indisputable facts are important. Mr. Gianadda signed his accurate declaration, Doc. No. 212, after two relatively brief phone conversations with Ceglia's counsel whose offices are in a small town in Ohio. Mr. Gianadda signed his altered declaration, Doc. No. 218, after multiple phone calls with large New York law firm partner, Alex Southwell and later with New York lawyer Terrence Flynn beckoning him to his office to lean over him while he re-constructed the altered declaration that became Doc. No. 218. Mr. Gianadda is a certified videographer for legal proceedings (Doc. No. 212 at ¶2-4) whose offices are in New York and whom depends on New York law firms, just like Gibson Dunn, The Orrick

Law Firm and Mr. Flynn's firm, for his professional livelihood.  Doc. No. 212 at ¶5-7.  Between those two scenarios, if any notion of pressure was applied, it was obviously not the former, it was the latter.

The key statement of Mr. Gianadda's truthful declaration, before pressure from Defense Counsel, Doc. No. 212, were the following:

1. He was three feet from the Facebook Contract as it was unveiled for the first time on the morning of July 14, 2011; and  Doc. No. 212 at ¶14, Doc. No. ¶4.
2. He did not notice "anything out of the ordinary" regarding the coloration of the documents; and Doc. No. 212 at ¶16, Doc. No. 218 at ¶3.
3. The documents looked like "eight total white pages."  Doc. No. 212 at ¶17, Doc. No. 218 at ¶3.

Notice that all three of these key statements in his truthful declaration remain re-stated, virtually verbatim, in the altered declaration.  Doc. No. 218.

The remainder of his altered declaration, Doc. No. 218, merely adds additional information about "what [he] meant" by statements in his truthful declaration, including a list of descriptions of off-white that read like a thesaurus of sorts.  "[I] do not recall whether the documents were bright white, dull white, cream-colored, manila white, yellow-white or tinged in any way."  Doc. No. 218 at ¶3.  He does not say who provided him that list of not quite white color descriptions that seems lifted from a Dr. Seuss book.  But, Mr. Gianadda's lack of recollection is not an impediment because his own video of the event, proves the color of the

documents which look precisely like he stated in both declarations, i.e "eight total white pages." Doc. No. 212 at ¶17, Doc. No. 218 at ¶3.



Mr. Gianadda's altered declaration, Doc. No. 218, expands on his first declaration, Doc. No. 212, but it does not claim any inaccuracies in his first declaration.  Mr. Gianadda was never told that the purpose of obtaining his declaration was to "start a dialogue." Declaration of Dean Boland at ¶34.

Mr. Gianadda was "totally fine" signing the declaration as it was provided he had Mr. Southwell's permission, whatever that meant.  Declaration of Dean Boland at ¶24-25.

The pressure on Mr. Gianadda applied after his declaration was filed, peaked with his altered declaration, with the help of Defense Counsel Flynn, into which someone inserted this fantastical claim:

"I did tell Mr. Boland clearly, however, that the documents Mr. Argentieri

removed from the envelopes on the morning of July 14th did not change color at all from the moment Mr. Argentieri removed them to the last day of the inspection on August 27, based on the video of the inspection." Doc. No. 218 at ¶4. This statement is conveniently now helpful to the Defendants in contrast to the truthful declaration, Doc. No. 212, which was decidedly unhelpful to the Defendants. This gratuitous statement was never made by Mr. Gianadda to Ceglia's counsel. Declaration of Dean Boland at ¶35.

In addition, the pressure on Mr. Gianadda from Defense counsel is laid bare in this statement as the statement itself is contradicted by the videos Mr. Gianadda captured!

Facebook Contract July 14, 2011, "all eight pages white."



Facebook Contract July 25, 2011, Facebook Contract clearly yellowed.



Before obtaining Mr. Gianadda's declaration, the videos above had already been submitted as part of court filings. Had Mr. Gianadda made this statement to Ceglia's counsel, he would have directed Mr. Gianadda to those videos available on YouTube that contradict his claim.

Defendants and their counsel, however, know this claim is mistaken and yet advanced it in their motion to strike, attempting to mislead the court on this point.

As a certified videographer of legal proceedings for the past six years, it is undoubtedly the case that Mr. Gianadda saw that caption and new that he was signing a declaration in this case.

His main complaint is that Ceglia's counsel failed to tell him that he intended to file Gianadda's declaration in this case. Doc. No. 218 at ¶7-8. Had he known how it would be used, he would not have signed it. Id. That is distinctly not a statement that his truthful declaration is false or contains any false information.

Besides those specious arguments by counsel, there was no intent by Ceglia's counsel to use Mr. Gianadda's declaration unless and until it became necessary to rebut a claim by Defendants that Ceglia yellowed the Facebook Contract. Declaration of Dean Boland at ¶39.

After Ceglia's counsel's conversations with Mr. Gianadda revealed he was becoming increasingly concerned and pressured following his phone calls and visits and monitoring of the content and signing of a new declaration (which was not disclosed to Ceglia's counsel at any time before filing) it was deemed prudent to file his declaration to avoid an impending change of his statement under that pressure.

Id. at ¶41.

Mr. Gianadda was the last person to have an editable copy of his declaration Doc. No. 212. He is not merely a videographer, but a certified videographer of legal proceedings with more than five years experience in that field. Doc. No. 212 at ¶2-5. He had every opportunity to change any word of that document before signing it. To say that he was unaware of what he was signing, or that it could be relevant to a pending case or that it could potentially appear in that case strains credulity.

Something that was said to Mr. Gianadda by either Mr. Southwell or Mr. Flynn that conveyed the idea to him that he needed the Defendants' counsel's permission to sign or provide the declaration. Declaration of Dean Boland at ¶16-17, ¶22-24.

Mr. Gianadda is a victim of sorts in this debacle. He is a victim of being a New York based legal videographer whose truthful declaration was supremely unhelpful to Gibson Dunn, a massively large New York law firm, and their client, an even larger technology company. He committed the cardinal sin against Gibson Dunn and the Defendants in this case when he signed the declaration, Doc. No. 212 - he told the truth.

Mr. Southwell's and Mr. Flynn's declarations are merely hearsay re-iterations of the claims made by Mr. Gianadda in the new edition of his declaration. Neither of them were part of any conversations between Mr. Gianadda and myself. Nowhere in Mr. Gianadda's current declaration does he outline what Defendants' counsel told him about how this declaration would be used or whether it would even

7

be used in this case.

In a brazen attempt by Defendants to clean the stink of fraud from themselves which is now being considered by this court, they try an amateurish diversion by pressuring an otherwise neutral witness to alter his declaration.

The Defendants yell loudly signifying nothing of substance in their filing. They cite no acts of "pressure" by Ceglia's counsel and engage in acts that have the obvious odor of pressure themselves.  Their diatribe about misleading the court, when examined, amounts to nothing.  The two declarations, on the points critical to the issue of Defendants' spoliation of the Facebook Contract are consistent.  See Doc. No. 212 and 218.  Defendants' sprint away from that fact is weighed down by the truth.  And so it is with all of the Defendants baseless claims so far.

## CONCLUSION

For the foregoing reasons, Mr. Ceglia respectfully requests this court deny Defendants' motion to strike and for sanctions.

                                                Respectfully submitted,

                                                /s/Dean Boland

| Paul A. Argentieri | Dean Boland |
| --- | --- |
| 188 Main Street | 18123 Sloane Avenue |
| Hornell, NY 14843 | Lakewood, Ohio 44107 |
| 607-324-3232 phone | 216-236-8080 phone |
| 607-324-6188 | 866-455-1267 fax |
| paul.argentieri@gmail.com | dean@bolandlegal.com |