# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

Client: 30993-00011

November 30, 2011

<u>VIA HAND AND ELECTRONIC MAIL</u>

The Honorable Leslie G. Foschio
United States Magistrate Judge
United States District Court
Western District of New York
U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:   Ceglia v. Zuckerberg and Facebook, Inc., No. 1:10-cv-569-RJA-LGF

Dear Judge Foschio:

We represent Defendants Mark Zuckerberg and Facebook, Inc. in the above-referenced matter.

We respectfully submit this letter in response to the Court's direction on our telephone conference of November 28, 2011, to review and then report to the Court on the status of copies of electronic materials in the possession of Parmet and Associates. As the Court is aware, those materials are simply images of originals that have been preserved since the commencement of this litigation, and well before. Plaintiff has nonetheless requested, in his Motion for a Temporary Restraining Order and for Sanctions Against Defendants and Defense Counsel filed November 25, 2011 (Doc. 231), assurances that the Parmet copies will be preserved during the pendency of this litigation.

Hours after our telephone conference, Plaintiffs in the Massachusetts action, *ConnectU, Inc. v. Facebook, Inc., et al.*, Civil No. 2007-10593-DPW (D. Mass.), withdrew their final motions related to Rule 60(b). Facebook has also been advised by opposing counsel in that matter that they will not pursue any further efforts to reopen the litigation or seek any discovery related to the underlying actions. Accordingly, earlier today, counsel for Defendants in that case from the Orrick firm contacted all counsel in the *ConnectU* case to seek compliance with the September 13, 2007 order for the Discovery of Computer Memory Devices entered by the Court in the District of Massachusetts (Dkt. No. 103). Specifically, Orrick sought the <u>return</u> of the electronic materials in the possession, custody or control of Parmet and Associates. Rather than require destruction of those materials, as expressly provided for in the *ConnectU* discovery order, Orrick proposed that all parties agree to the

GIBSON DUNN

The Honorable Leslie G. Foschio
November 30, 2011
Page 2

<u>return</u> of all electronic materials to their original owners. In the event this proposal is agreed to by all parties in the *ConnectU* action and subsequently approved by the District Court in Massachusetts, the issue we discussed on Monday's telephone conference – Plaintiff's request for preservation of <u>copies</u> of electronic materials in the present possession of Parmet – will be moot. In the interim, of course, the copies will be preserved. We will provide another written update to the Court on this issue when the status of this request to have the copies returned to their owners is resolved.

Respectfully submitted,

Orin Snyder

cc: Dean Boland, Esq.
    Paul A. Argentieri, Esq.