UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL D. CEGLIA,

             Plaintiff,

      v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 1:10-cv-00569-RJA

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR FOURTH
MOTION TO COMPEL AND FOR OTHER RELIEF**

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

December 1, 2011

## MEMORANDUM OF LAW

Paul Ceglia's obstinate non-compliance with this Court's discovery orders — well documented in Defendants' three prior motions to compel — continues unabated.  His most recent failure came to light through sworn declarations he filed in support of a motion on November 17, 2011.  *See* Doc. Nos. 223, 224.  As explained below, those sworn declarations reveal that he has failed to identify and produce yet another collection of electronic items, in violation of this Court's July 1, 2011, and August 18, 2011, Orders.  Ceglia rebuffed Defendants' attempt to resolve this issue without Court involvement.  Thus, Defendants respectfully move this Court under Rule 37, for the <u>fourth</u> time, to compel Ceglia's compliance with its Orders.

Defendants also move for an expedited hearing on this narrow request.  In the interests of judicial economy, Defendants submit that this straightforward issue of Plaintiff's ongoing non-compliance with the Court's expedited discovery orders should be resolved during the already calendared December 13, 2011 hearing.  To allow Plaintiff to withhold any longer the outstanding items would be to reward his ongoing contumacious defiance of the Court's orders.

## BACKGROUND

On July 1, 2011, this Court granted Defendants' Motion for Expedited Discovery.  Doc. No. 83.  In plain language, the July 1 Order required Ceglia to produce, among other things, "all electronic copies of the purported emails" described in the Amended Complaint.  *Id.* at 2.

When Ceglia failed in large part to comply with the July 1 Order, Defendants moved to compel.  This Court granted Defendants' motion and directed Ceglia's compliance in an order dated August 18, 2011.  Doc. No. 117.  As relevant here, the August 18 Order required Ceglia to identify, by name and location, certain "files, computers, and electronic media" containing evidence pertinent to Ceglia's claims, including specifically "all electronic versions of any

emails or purported emails by and among Defendant Zuckerberg, Plaintiff and/or persons associated with StreetFax." *Id.* ¶ 2(C).  The August 18 Order also required Plaintiff to file a supplemental sworn declaration, "organize[d] . . . by categories," listing each item of evidence falling within each category in Paragraph 2 of the Order, "includ[ing] those computers and electronic media produced to date." *Id.* ¶ 2.

Ceglia filed a supplemental declaration on August 29, 2011, as ordered. *See* Doc. No. 176-1.[1]  In it, he identified only six custodians who possessed electronic versions of purported emails between Ceglia and Zuckerberg. *See id.* at 23–25.  Those six custodians are Jeffrey A. Lake, A.P.C.; Kasowitz, Benson, Torres & Friedman LLP; DLA Piper; Capsicum Group, LLC; Project Leadership Associates; and Sylint Group, Inc. *Id.*  Ceglia "certif[ied] and declare[d] under penalty of perjury that" this list was "true and accurate." *Id.* at 30.

But it was not.  On November 17, Ceglia filed another declaration in support of his motion for an order prohibiting Defendants from arguing, in any dispositive motion, that the purported emails between Ceglia and Zuckerberg are fraudulent. *See* Doc. No. 225.  In his declaration, Ceglia attested that he had provided "floppy disks containing the Word documents with the contents of the [purported] email exchanges" with Zuckerberg to Jerry Grant, a computer forensics expert whom Ceglia had *never before identified*. *Id.* ¶ 12.  He attested that he gave those disks to Grant "[s]hortly after the filing of the amended complaint" on April 11, 2011. *Id.*

---

[1]    Ceglia originally designated information in his August 29, 2011, Supplemental Declaration as confidential, and Defendants thus filed a redacted version.  Doc. No. 156-1. Ceglia proceeded to ignore his own confidentiality designations and filed an unredacted version of his Supplemental Declaration (Doc. No. 176-1), undermining the legitimacy of his initial assertions.

A separate declaration from Grant also accompanied Ceglia's November 17 motion. Doc. No. 226.  Grant attested that "[o]n Thursday, March 31, 2011, [he] received 41 floppy disks for review," and that "[o]n Friday, April 1, 2011, [he] created forensically sound, bit by bit, images of each for analysis."  *Id.* ¶ 9.  After his "initial review" of those 41 floppy disks, he "determined that the first 2 were relevant to this matter" and thus he "further analyzed" them.  *Id.* ¶ 10.  Grant never identified the two "relevant" floppy disks.

If the two sworn declarations that Ceglia filed on November 17 are true, they establish that on August 29, 2011, the date of Ceglia's Supplemental Declaration, Grant — a previously unidentified expert of Plaintiff's — had possession of 41 floppy disks, an unspecified number of which contain electronic copies of purported emails between Ceglia and Zuckerberg.  Thus, those 41 floppy disks plainly fall within the scope of the July 1 Order and Category 2(C) in the Court's August 18 Order; based on Ceglia's own attestations, *see* Doc. No. 225, ¶¶ 7–12, any one of them could contain "electronic versions of any emails or purported emails by and among Defendant Zuckerberg, Plaintiff and/or persons associated with StreetFax," Doc. No. 117, ¶ 2(C). Similarly plain is the *absence* in Ceglia's August 29 Supplemental Declaration of a reference to Grant as a custodian of such electronic records or media; Ceglia never mentions Grant in his response to Category 2(C), or anywhere else in his August 29 Supplemental Declaration.

Defendants informed Mr. Boland, Ceglia's counsel, of that omission in a letter dated November 25, 2011.  *See* Ex. A to Southwell Decl.  In his email response,[2] Ceglia's counsel

---

[2]    Mr. Boland's email response is one email in a four-part chain attached as Exhibit B to the Southwell Declaration.  The four parts are:  (1) Defendants' email to Ceglia transmitting the November 25 letter; (2) Ceglia's response (referred to in the text above), dated November 26, 2011, at 1:06 AM; (3) Defendants' reply to Ceglia's response, dated November 28, 2011, at 10:17 PM; and (4) Ceglia's sureply, dated November 28, 2011, at 11:18 PM.

intimated that Defendants already have the 41 floppy disks mentioned in Grant's declaration because they were among the "at least 50 floppy disks" that Stroz Friedberg acquired from Project Leadership Associates.  (*See* Ex. B to Southwell Decl.)  He further suggested that Defendants "let [him] know" if "Stroz missed those somehow," and suggested that Project Leadership Associates could make those "at least 50 floppy disks" available to Stroz again if necessary.  *Id.*

In reply, Defendants explained that because Grant did not describe in any detail the 41 floppy disks he received from Ceglia, much less the "first 2" that Grant determined were relevant, it was impossible to determine whether Stroz had acquired those floppy disks from Project Leadership Associates.  *See id.*  Defendants requested that Mr. Boland provide "hash values" — a computer forensics term for a computational value that can confirm whether two files are identical — "for each floppy disk possessed by Mr. Grant" so that Stroz could determine whether it had in fact already acquired those 41 floppy disks.  *See id.*  Defendants also explained why Ceglia's failure to produce those 41 floppy disks and to identify Grant as a custodian in his August 29 Supplemental Declaration constituted violations of this Court's July 1 and August 18 Orders.  *See id.*

Mr. Boland refused to provide those identifying characteristics for the 41 floppy disks. Instead, he stated:

> I am not doing your job and Stroz's job.  Get one of the thousand lawyers at your disposal to sit and think.
>
> PLA provided all floppies to Stroz.  If none of those are the ones Grant viewed, that is news to me.
>
> Confirm Stroz has evaluated all of those and get back to me.

*Id.*

**ARGUMENT**

Ceglia's obligations under this Court's July 1 and August 18 Orders are clear.  He must produce "all electronic copies of the purported emails" described in the Amended Complaint.  Doc. No. 83 at 2.  And he must "identify, by name and location, . . . (C) all electronic versions of any emails or purported emails by and among Defendant Zuckerberg, Plaintiff and/or other persons associated with StreetFax."  Doc. No. 117, ¶ 2.  Ceglia was specifically obligated to itemize the locations of such emails in his August 29 Supplemental Declaration.  *Id.* ¶¶ 1–2.

Ceglia's August 29 Supplemental Declaration does not identify Grant as a custodian of electronic versions of purported emails between Ceglia and Zuckerberg.  But Ceglia has now attested (in a sworn declaration) that Grant possesses such evidence, which self-evidently falls within the scope of the Court's July 1 and August 18 Order.  And Grant apparently has had such evidence since at least April 2011, nearly five full months before Ceglia filed his August 29 Supplemental Declaration.  Grant's own declaration confirms as much; according to Grant's sworn statement, he has possessed such electronic files since March 31, 2011.[3]

These facts permit but one conclusion:  Ceglia's August 29 Supplemental Declaration is false, and intentionally so.  On August 29, Ceglia had known for nearly five months that Grant possessed electronic versions of purported emails between Ceglia and Zuckerberg — evidence that plainly falls within the unambiguous scope of this Court's July 1 and August 18 Orders, and thus should have been produced in response to the Court's July 1 Order and identified in Ceglia's August 29 Supplemental Declaration.  But in willful and direct violation of those Orders, Ceglia

---

[3]    This discrepancy between Plaintiff's and Grant's sworn accounts of when Plaintiff provided the floppy disks to Grant — Plaintiff says after the filing of the Amended Complaint on April 11, 2011, Grant says March 31, 2011 — is immaterial to Plaintiff's non-compliance, though it certainly bears on his credibility and truthfulness with this Court.

intentionally omitted Grant from the list of custodians of such electronic evidence in that Supplemental Declaration.  Ceglia disclosed Grant's existence (and the existence of the 41 floppy disks) only three months after filing that Supplemental Declaration, when he apparently thought that disclosing this information might bolster a separate motion.

The brazenness of Ceglia's continued, willful defiance of this Court's Orders is compounded by his steadfast refusal to rectify his failure without this Court's involvement. Defendants told Ceglia of his failure by letter and urged him to correct it by producing the 41 floppy disks for inspection and certifying their production in his imminent December 2 Supplemental Declaration.  Ceglia's response — "I am not doing your job and Stroz's job" — not only ignores the fact that this Court's Orders require *Ceglia* (not Defendants) to accurately itemize all relevant evidence, but also disregards the obvious fact that Defendants *cannot* determine whether Stroz already has acquired the 41 floppy disks because Grant did not identify those disks with particularity, and Ceglia refuses to provide any identifying information about them.  It is thus impossible for Stroz to confirm that they have acquired the previously undisclosed, plainly relevant 41 disks that both Ceglia and Grant attest have been in Grant's possession for more than eight months.

This Court should refuse to countenance such obdurate disregard for its Orders.  It has ample authority under Rule 37 of the Federal Rules of Civil Procedure to compel Ceglia to produce immediately for inspection, or make available for a native-format acquisition, the electronic evidence in Grant's possession, and to certify production of such evidence, as required by this Court's July 1 and August 18 Orders.  It should do so.  The Court should also award to Defendants its attorney's fees and costs, and all further relief as may be appropriate under the circumstances.

6

**CONCLUSION**

Ceglia has, yet again, violated this Court's July 1 and August 18 Orders.  He intentionally failed to list Grant in his August 29 Supplemental Declaration as a custodian of 41 floppy disks, of which some (and potentially all) contain electronic versions of purported emails between Ceglia and Zuckerberg.  This Court should compel Ceglia to produce for inspection the 41 floppy disks described in Grant's declaration (Doc. No. 226, ¶ 9), and to certify production of those disks.  It should also award to Defendants their attorney's fees and costs under Rule 37, along with all other appropriate relief.  In the interests of judicial economy, Defendants request that this motion be heard on an expedited basis, during the previously calendared December 13, 2011 hearing.

Dated:        New York, New York
              December 1, 2011

                                        Respectfully submitted,

                                        /s/ Orin Snyder
Thomas H. Dupree, Jr.                   Orin Snyder
GIBSON, DUNN & CRUTCHER LLP             Alexander H. Southwell
1050 Connecticut Avenue, NW             Matthew J. Benjamin
Washington, DC 20036                    Amanda M. Aycock
(202) 955-8500                          GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue, 47th Floor
                                        New York, NY 10166-0193
Terrance P. Flynn                       (212) 351-4000
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

          *Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*