www.bolandlegal.com  where law and technology converge

dean@bolandlegal.com

November 30, 2011

The Honorable Leslie G. Foschio
United States Magistrate Judge
United States District Court
Western District of New York
U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:   Ceglia v. Zuckerberg and Facebook, 1:10-cv-569

Dear Judge Foschio:

I received a copy of the letter sent by Defendants' counsel, Mr. Snyder, which was sent to your office yesterday afternoon.

Within ten minutes of receiving the email with that letter attached, I called both Mr. Snyder and Mr. Southwell for clarification as the letter did not explicitly same, simply, that they would preserve the copies in possession of Parmet and Associates, the key issue in the TRO motion pending before this court.

I also emailed both defense counsel seeking the same clarification and noting that the court's staff informed me they would not be at the court to receive and review my correspondence after 5:00 pm EST.

At 5:02 pm, Mr. Southwell responded to my request for clarification indicating, still vaguely, but more clearly than the previous letter, that Defendants and their counsel would seek return of the copies of Zuckerberg's computers now in the possession of Parmet and Associates and that they would preserve those copies along with the originals until further order of this court.

I sent a reply to Mr. Southwell to his 5:02 PM email reflecting that although his assurance was again not as direct as it should have been it was my understanding they would preserve the copies and the originals of Mr. Zuckerberg's computers that

www.bolandlegal.com                where law and technology converge

dean@bolandlegal.com

were used for, among other things, electronic communication while he was a freshman and thereafter at Harvard. Ceglia will file a separate motion to insure that Parmet and Associates is ordered to preserve its records of copying of those Electronic Assets - the hash value for all copies made - to enable Ceglia to confirm that the originals in possession of defendants match the hash values of the copies made by Parmet and Associates.

With that assurance, I do not believe there remains a need to brief or hold any hearings on the issues related to the TRO portion of my motion. However, as I noted on the phone during the most recent phone conference with opposing counsel and the court, my client is **not** withdrawing his request for sanctions for fraud on the Defendants and defense counsel, with this one clarification.

In the filed and pending motion for sanctions, it was made clear that at that point, Mr. Ceglia's information was that only the Orrick Law Firm knew about the existence of these Electronic Assets as Mr. Snyder had represented to this court in the November 23, 2011 phone conference that he had "no idea" what we were talking about. I explained during that November 23, 2011 phone conference that Plaintiff was seeking to preserve "copies of five computers used by Zuckerberg while at Harvard that were currently being held by Parmet and Associates in the ConnectU case." Mr. Snyder and Mr. Southwell continued to disclaim any knowledge of what I was speaking about throughout that conference call.

Hence, the motion for sanctions singled out Defendants and their counsel, The Orrick Law Firm. However, the most recent phone conference with opposing counsel, Oren Snyder, and this court, Mr. Snyder shockingly admitted that *he knew* that the copies of the five Zuckerberg computers existed at the beginning of this litigation. As such, the motion for sanctions for fraud must, unfortunately, move forward regarding all Defendants, Defense counsel Snyder and Southwell as well as the Orrick Law Firm.

www.bolandlegal.com                where law and technology converge

dean@bolandlegal.com

Sincerely,

Dean Boland