UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PAUL D. CEGLIA,

            Plaintiff,

   v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 1:10-cv-00569-RJA

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR FOURTH MOTION TO COMPEL AND FOR OTHER RELIEF

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

December 12, 2011

**REPLY MEMORANDUM OF LAW**

Ceglia has <u>yet again</u> willfully violated this Court's expedited discovery orders by failing to produce evidence that he was specifically ordered to produce—and he <u>admits</u> it in his response to this motion.  In granting Defendants' first three motions to compel, this Court ruled that Ceglia had violated its July 1, 2011, and August 18, 2011 Orders in numerous ways: by concealing USBs and electronic copies of the purported contract, by obstructing court-ordered testing of the Work for Hire document, by refusing to provide court-ordered consent to the acquisition of his webmail, and by withholding evidence based on frivolous privilege assertions and confidentiality designations.  *See* Doc. Nos. 117; 152; 208.  In failing to identify a computer forensic expert named Jerry Grant, or the 41 floppy disks in Grant's possession, and in failing to produce these disks, Ceglia has failed to comply with this Court's clear directive: to itemize in a sworn declaration and produce "all electronic versions of any emails or purported emails by and among Defendant Zuckerberg, Plaintiff and/or persons associated with StreetFax."  Doc. No. 117 ¶ 2(C).  Ceglia did not identify this custodian or these disks until <u>November 17, 2011</u>, in connection with his one of his baseless prohibition motions.  *See* Doc. No. 224, 226.  And Ceglia <u>still</u> has not produced the disks or filed a complete and accurate declaration.

Instead of contesting the facts supporting Defendants' motion to compel, Ceglia's memorandum in opposition *admits* them.  Ceglia attested that the 41 floppy disks provided to Jerry Grant contained copies of purported emails between Zuckerberg and Ceglia.  *See* Doc. No. 225 ¶ 12.  "Jerry Grant imaged all 41 of those floppy disks." Doc. No. 265 at 2.  "Mr. Grant had *copies* of this evidence" when Ceglia filed his August 29 Supplemental Declaration.  Doc. No. 265 at 2.  Ceglia does not even try to dispute that he concealed the existence of Grant in his August 29 Supplemental Declaration.  Nor could he; that declaration plainly lists only six

1

persons as custodians of electronic copies of the purported emails, and—notwithstanding the 41 disks that Ceglia admits were in Grant's possession—Grant is not one of them.  *See* Doc. No. 176-1, at 23–25.  In short, Ceglia does not dispute that the disks are covered by the Court's July 1 and August 18 Orders, and have not been produced.  That is all the Court needs to know to grant Defendants' motion.

Ceglia nevertheless tries to excuse his admitted non-compliance by implying ignorance or forgetfulness.  His memorandum in opposition purports to quote a declaration from his lawyer Paul Argentieri for the proposition that Ceglia gave the 41 disks to Argentieri, who in turn gave them to Grant (who then made the undisclosed copies at issue here).  *See* Doc. No. 265 at 2.  The memorandum also describes (again based on an Argentieri declaration) the purported subsequent chain of custody of the 41 original disks:  Grant returned them to Argentieri, who gave them to attorney Richard Scherer (an associate at Lippes Mathias LLP, one of Ceglia's former law firms), who gave them to Project Leadership Associates (one of Ceglia's former e-discovery vendors), from whom Stroz Friedberg "accessed all 41 floppy disks long before the August orders and declarations."  *Id.*  Ceglia's memorandum thus implies that because Ceglia did not interact directly with Grant, he did not know that Grant made copies of those 41 disks—or, if he did know about the copies, it was "reasonable" for him to have forgotten about them—and thus he should not be held responsible for failing to produce them or to identify them in his August 29 Supplemental Declaration:

> With all the volume of Electronic Assets already in this case, it is reasonable that Mr. Ceglia, if he was ever told the whereabouts of these particular 41 floppy disks from Paul Argentieri to Jerry Grant to Richard Scherer to PLA and produced to Stroz, neglected to remember that Jerry Grant retained forensic *copies* of them while Stroz Friedberg has had access to the *originals* of these floppy disks.

*Id.*  This excuse is at least thrice flawed.

First, Ceglia did not file the Argentieri declaration upon which his explanation turns. Accordingly, the factual assertions in Ceglia's opposition memorandum lack actual evidentiary support in the record and should be ignored.

Second, even if the Argentieri declaration existed, it would irreconcilably conflict with Ceglia's own statement about how Grant received the 41 original floppy disks. In his November 17 declaration, Ceglia attested, "I [i.e., Ceglia] provided those floppy disks containing the Word documents with the contents of the [purported] email exchanges to computer forensics expert Jerry Grant" just "[s]hortly after the filing of the amended complaint." Doc. No. 225 ¶ 12. This attestation and Argentieri's purported attestation cannot both be true; either Ceglia gave the 41 disks to Grant, or Argentieri did. This inconsistency matters: if Ceglia gave the 41 disks to Grant, as he swore in his (first-filed) November 17 declaration, see Doc. No. 225 ¶ 12, the first link in his ignorance-or-forgetfulness chain would be destroyed.

Third, even if Argentieri (rather than Ceglia) gave the 41 disks to Grant, Ceglia's proffered conclusion is a non-sequitur. Stroz Friedberg has *not* "accessed all 41 floppy disks long before the August orders and declarations," as Ceglia claims. Doc. No. 265 at 2. Stroz may have accessed the 41 original disks, but it certainly did not access the 41 *copies* Grant made, which Ceglia's brief establishes are still in Grant's possession and still have not been disclosed.[1] More important, Ceglia's attempt to conflate the 41 original disks now at PLA with the 41 copies in Grant's possession flies in the face of this Court's order. The Order unmistakably requires Ceglia to produce and itemize "**all** electronic versions of any emails or purported emails by and

---

[1] Because Stroz Friedberg inspected over 1,000 CDs made available by PLA, *see* Doc. No. 176-1 ¶¶ 161, 163, Ceglia's failure to give Defendants the hash values for Grant's 41 floppy disks effectively precludes Stroz from determining whether they already had acquired the disks, as Ceglia contended.

3

among Defendant Zuckerberg, Plaintiff and/or persons associated with StreetFax," Doc. No. 117, ¶ 2(C) (emphasis added)—not just originals, while excluding copies.[2]  Ceglia admittedly failed to comply with this plain-language requirement.[3]

Neither is it "reasonable" to assume, as he contends, "that Mr. Ceglia" merely "neglected to remember that Jerry Grant retained" the 41 disks that are the subject of Defendants' motion. Doc. No. 265 at 2.  Were that so, this matter could have been easily resolved without this Court's involvement.  If this were an issue of mere forgetfulness, there is no apparent reason why Ceglia would not have simply produced Grant's 41 disks for inspection and filed an amended Supplemental Declaration identifying Grant as a custodian immediately upon Defendants' bringing this error to Ceglia's attention.  But even now, Grant's 41 disks still have not been produced, and Ceglia still has not amended his declaration.

Further undermining Ceglia's ignorance-or-forgetfulness excuse is the fact that it turns largely on implication instead of affirmative evidence.  For example, he asserts that it was "reasonable that [he] . . . neglected to remember" Grant's copies, *id.* at 2—a far cry from actual evidence supporting that assertion, such as a declaration or affidavit by Ceglia attesting that he *in fact forgot* about the disks.  Similarly, he contends that "[t]here is no evidence that Mr. Ceglia intentionally withheld that Mr. Grant had *copies* of this evidence." *Id.*  But his November 17

---

[2]  *See, e.g.*, 1 Shorter Oxford English Dictionary 55 (6th ed. 2007) (defining "all" as "[t]he entire number of; the individual constituents of, without exception"); Webster's Second New Int'l Dictionary 67 (1936) (defining "all" as "[e]very member or individual component of; each one of").

[3]  Ceglia's memorandum in opposition in essence characterizes Defendants' motion as much ado about mere "copies" of electronic evidence that Defendants have allegedly already received.  This is ironic, in light of Ceglia's baseless motions seeking sanctions against Defendants for their alleged failure to, *inter alia*, disclose the existence of "copies" of electronic evidence in another case.  *See, e.g.*, Doc. Nos. 231–233.

declarations constitute just that.  As discussed, Ceglia attested that in April 2011 he gave Grant floppy disks containing purported emails, *see* Doc. No. 225 ¶ 12, and Grant attested that he made copies of those disks, *see* Doc. No. 226 ¶ 9.  Because Ceglia filed these declarations, he obviously knew about Grant's copies some time before November 17.  Once again, however, Ceglia does not affirmatively state that he did not know about Grant's disks on August 29; he merely implies that he did not.

     In sum, Ceglia's own brief establishes that on August 29, Grant had 41 floppy disks, at least some (if not all) of which contained copies of purported emails between Ceglia and Zuckerberg.  Ceglia did not produce those 41 disks in Grant's possession, and did not identify Grant as a custodian of such records in his August 29 Supplemental Declaration.  His admitted actions constitute intentional, flagrant violations of this Court's July 1 and August 18 Orders.

5

**CONCLUSION**

This Court should grant Defendants' Fourth Motion to Compel. It should order Ceglia to produce for inspection the 41 floppy disks described in Grant's declaration (Doc. No. 226 ¶ 9), and to certify production of those disks. It should also award to Defendants their attorney's fees and costs, along with all other appropriate relief.

Dated:    New York, New York
          December 12, 2011

                                        Respectfully submitted,

                                        /s/ Orin Snyder
Thomas H. Dupree, Jr.                   Orin Snyder
GIBSON, DUNN & CRUTCHER LLP             Alexander H. Southwell
1050 Connecticut Avenue, NW             Matthew J. Benjamin
Washington, DC 20036                    Amanda M. Aycock
(202) 955-8500                          GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue, 47th Floor
                                        New York, NY 10166-0193
Terrance P. Flynn                       (212) 351-4000
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*