UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------ X
PAUL D. CEGLIA,

        Plaintiff,

    v.                                 **ORDER**

                                        10-cv-00569A(F)

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

        Defendants.
------------------------------------ X

    WHEREAS, on December 13, 2011, this matter having come before the Court on Defendants' Fourth Motion to Compel Concerning the Grant Files (Doc. No. 243), Defendants' Motion to Strike the Gianadda Declaration and for Sanctions (Doc. No. 216), Plaintiff's Motion to Strike (Doc. No. 267), Plaintiff's Motion to Vacate (Doc. No. 201), and Plaintiff's various sanctions and prohibition motions (Doc. Nos. 188, 198, 213, 223, 228);

    WHEREAS the Court has fully considered the briefs, papers, and oral argument pertaining to this matter;

    IT IS HEREBY ORDERED for good cause shown that Defendants' Fourth Motion to Compel Concerning the Grant Files (Doc. No. 243) is GRANTED; and it is further

    ORDERED that Defendants' Motion to Strike the Gianadda Declaration and for Sanctions (Doc. No. 216) is DENIED; and it is further

    ORDERED that Plaintiff's Motion to Strike Defendants' Memorandum/Brief (Doc. No. 267) is DENIED; and it is further

    ORDERED that Plaintiff's Motion to Vacate Discovery Order (Doc. No. 201) is DENIED; and it is further

ORDERED that Plaintiff's Motion for Sanctions for Spoliation of Evidence (Doc. No. 188) is WITHDRAWN without prejudice; and it is further

ORDERED that Plaintiff's Motion for Sanctions for Spoliation of Emails (Doc. No. 198) is WITHDRAWN without prejudice; and it is further

ORDERED that Plaintiff's Motion for Sanctions for Spoliation of the Contract (Doc. No. 213) is DENIED without prejudice; and it is further

ORDERED that Plaintiff's Motion for Order Prohibiting Defendants From Reliance on Argument That Email Exchanges Between Ceglia and Zuckerberg Are Frauds (Doc. No. 223) is DENIED without prejudice; and it is further

ORDERED that Plaintiff's Motion for Order Prohibiting Defendants' Reliance on Argument Inadmissible Evidence in Any Dispositive Motion (Doc. No. 228) is DENIED; and it is further ordered that:

1.     Stroz Friedberg is authorized to acquire in a forensically-sound manner the "forensic copies" of the "41 floppy disks" identified in the Declaration of Jerry Grant (Doc. No. 226). This acquisition shall occur no later than December 21, 2011. Plaintiff shall be responsible for securing Mr. Grant's cooperation with this acquisition.

2.     By December 26, 2011, Plaintiff shall provide an ink-signed supplemental sworn declaration ("Supplemental Declaration") in accordance with 28 U.S.C. § 1746.

3.     In the Supplemental Declaration, Plaintiff shall identify, by name and location, each of the following files, computers, and electronic media in the possession, custody, or control of Mr. Grant: (A) the electronic copies or images of the purported contract attached to

any complaint in this action; (B) all electronic versions or purported versions of any contract by and among Defendant Zuckerberg, Plaintiff and/or other persons associated with StreetFax ("Contract"), including the electronic copies or images of any Contract in the possession, custody, or control of Plaintiff's attorneys, experts, or other agents; (C) all electronic versions of any emails or purported emails by and among Defendant Zuckerberg, Plaintiff and/or other persons associated with StreetFax ("Emails"); (D) all computers and electronic media received from Plaintiff or Plaintiff's attorneys or experts; and (E) all copies of computers and electronic media received from Plaintiff or Plaintiff's attorneys or experts.

4. In the Supplemental Declaration, Plaintiff shall certify that all files, computers, or electronic media identified in the Supplemental Declaration have been made available to Defendants and/or Stroz Friedberg.

5. By December 26, 2011, Plaintiff shall make available to Defendants and/or Stroz Friedberg any additional files, computers, or electronic media identified or to be identified in the Supplemental Declaration that were not included in the acquisition conducted pursuant to Paragraph 1 of this Order. All files are to be acquired or made available in their original native-file format, including all metadata for each file. Mr. Grant shall cooperate with this acquisition.

6. In anticipation of Defendants' stated intention to file a motion to dismiss, based Defendants' position that the alleged contract at issue is fraudulent, the court requests that the parties consider the effect, if any, of the second sentence of Fed.R.Evid. 1008, on any such motion.

SO ORDERED this 16th day of December 2011.

HONORABLE LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE