UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                              Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.

                              Defendants.

Civil Action No. : 1:10-cv-00569-RJA

**DECLARATION
OF PAUL ARGENTIERI**

     DECLARANT, submits this declaration and hereby declares under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States that the following is true and correct:

1. I make this declaration upon personal knowledge.

2. I have been counsel for Mr. Ceglia since the filing of the original complaint in this matter.

3. Original counsel for Defendants, Lisa Simpson, stated her uncertainty regarding the validity of the Ceglia-Zuckerberg Facebook contract.

4. Defendants and their current counsel, Mr. Snyder, Southwell, Flynn, Benjamin and Ms. Aycock made statements from their first moments on this case, in pleadings and oral arguments up to and including December 13, 2011 regarding the claimed fraud of the contract and emails at issue in Plaintiff's pending fraud motion.

1

5. Those statements have consistently been that the Ceglia-Zuckerberg Facebook contract was a fraud and the Ceglia-Zuckerberg email exchanges were also frauds.

6. Defendants and their counsel made statements implying that counsel for Mr. Ceglia were promoting those frauds or could not be maintaining this case in good faith.

7. As a trial lawyer for 33 years I take such allegations of fraud and bad faith conduct seriously as should any lawyer.

8. Before the June 30, 2011 oral argument, Defendants and their counsel withheld the following discoverable evidence from the court, myself and my co-counsel:

   a. That Defendant Zuckerberg had destroyed, lost or otherwise disposed of his copy of the written contract between the parties; and

   b. That Electronic Assets existed, used by Defendant Zuckerberg and others involved in Facebook in 2003-2004, that Defendants did not search those Electronic Assets for either evidence of the validity of the Ceglia-Zuckerberg Facebook contract or the Ceglia-Zuckerberg email exchanges.

9. The existence of those Electronic Assets was not disclosed to the court, myself or my co-counsel during or after the June 30, 2011 hearing.

10. Defendants' now discredited claims of fraud juxtaposed with those omissions were used to persuade this court to grant Defendants' expedited discovery motion.

11. The prejudice against Plaintiff arising from the granting of that motion based upon Defendants manipulation and intentional omissions has never ended.

12. I worked with co-counsel and Mr. Ceglia throughout this time having conversations, analyzing Defendants' claims of fraud, discussing with experts responses to those claims and expending an enormous amount of time and financial resources rebutting Defendants' now dismembered claims.

13. That time and those resources were therefore unavailable to expend in legitimate areas of preparing Mr. Ceglia's case.

14. I was never made aware of the existence of the now discovered Electronic Assets in the ConnectU case until Mr. Boland found those Electronic Assets and communicated that fact to me just before Thanksgiving Day of 2011.

15. Had I been made aware of the existence of those Electronic Assets at any time before this Court granted the motion for expedited discovery, I and my co-counsel would have performed legal research and filed arguments relevant to those Electronic Assets seeking to have the motion for expedited discovery denied.

16. When provided the professional opportunity to purge their manipulation, Defendants and their counsel have remained silent, not filing declarations in explanation of their fraudulent conduct.

17. Defendants have rejected Plaintiff's offer to eliminate an examination of their conduct by simply depositing a forensically sound copy of all the Parmet Electronic Assets with the court.

18. An evidentiary hearing has been requested on this fraud against the court motion to enable the court to determine, at the least, the following:

   a. Why were the Electronic Assets not disclosed initially?

   b. Why have Defendants declined to search those Electronic Assets for information relevant to their claims of fraud?

   c. Why were the Electronic Assets not disclosed once Defendants made arguments in support of their motion for expedited discovery?

   d. Did Defendants instruct their lawyers to not disclose the Electronic Assets at issue?

   e. Did Defense counsel decide on their own to not disclose these Electronic Assets?

   f. Did Defendants instruct their counsel to solicit the destruction of these Electronic Assets?

   g. Did Defense counsel decide on their own to solicit the destruction of these Electronic Assets?

   h. What did Defense counsel do to now preserve these Electronic Assets once their existence was brought to the attention of the court as no pleadings or orders were needed to be filed in the ConnectU case to preserve them?

   i. What relevant evidence exists on these Electronic Assets that motivates Defendants and their counsel to refuse to even trust this court with a copy of those Electronic Assets during the pendency of this case?

19. As an anticipated Motion to Dismiss for fraud to be filed by Defendants looms

in all of our futures, the prejudice on Mr. Ceglia continues even in his inability to effectively respond to that motion with these and so many other questions unanswered and these Electronic Assets and perhaps others wholly or only partially disclosed.

20. I, Mr. Ceglia, co-counsel and experts are continuing to have discussions in preparation for our response to Defendants' Motion to Dismiss knowing that an examination of the Electronic Assets at issue here and perhaps other yet undisclosed evidence could have benefited that response.

I hereby and hereby declare under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States that the following is true and correct:

DATED: December 30, 2011.

/s/ Paul Argentieri
Declarant