UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.

Defendants.

Civil Action No. : 1:10-cv-00569-RJA

**DECLARATION
OF DEAN BOLAND IN SUPPORT
OF REPLY TO DEFENDANTS'
RESPONSE TO MOTION FOR
SANCTIONS FOR FRAUD**

DEAN BOLAND, submits this declaration in support of Plaintiff's Motion for Sanctions for Spoliation by Defendants and hereby declares under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States of America that the following is true and correct:

1. I make this declaration upon personal knowledge.

2. I am counsel for Paul D. Ceglia in this matter.

3. I participated in a phone conference with Attorney Snyder, Southwell and the court on November 23, 2011.

4. I made contemporaneous notes of that phone conference.

5. At the start of that phone conference, I was invited by the court to explain to Mr. Snyder precisely the purpose for the phone conference.

6. I described to Mr. Snyder the type, location and number of the Electronic Assets currently in the possession of Parmet and Associates related to the

1

ConnectU case.

7. The court inquired of Mr. Snyder as to whether he would agree to preserve these Electronic Assets.

8. Mr. Snyder responded, "I can't do that your Honor, I don't know what these Assets are. I don't know what Mr. Boland is talking about."

9. The phone conference lasted approximately 20 minutes and at no time during that phone conference did Mr. Snyder or Mr. Southwell claim to know anything about the Electronic Assets I had described to them in sufficient detail.

10. At the conclusion of the phone conference, the court directed Mr. Snyder to confer with co-counsel from the Orrick Law Firm to learn about the Electronic Assets and provide assurance to Plaintiff they would be preserved.

11. I participated in a phone conference with Mr. Snyder, Southwell and this court on November 28, 2011.

12. I made contemporaneous notes of that phone conference.

13. During that phone conference Mr. Snyder said that "Facebook was seeking destruction of the copies [of evidence] and would have been derelict for not seeking compliance with that order."

14. Mr. Snyder, in response to questions from the court about the integrity of the so-called originals, responded that he did not know if the originals had been tampered with.

15. The court then asked Mr. Snyder, "Mr. Boland is focusing on the copies for the

TRO.  Is there no way to accommodate him on that?"

16. Mr. Snyder responded, "No, we are concerned about copies being out and about in third party's hands."

17. Mr. Snyder then added that he knew "with precision about those assets in the ConnectU order [and has known] for many months before that order."  He described those assets as "Mark Zuckerberg's computers he used as a Freshman at Harvard to send emails, instant messages and run (sic) one of them as a server for Facebook initially."

18. As of this writing, Defendants have failed to provide any proof that the so called originals have hash values that match the so-called copies of the Electronic Assets in Parmet's possession.

   I hereby and hereby declare under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States of America that the above declaration is true and correct:

DATED: December 30, 2011.


                                         /s/ Dean Boland
                                         Dean Boland, Declarant