UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

PAUL D. CEGLIA,

            Plaintiff,

    v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

Civil Action No. 1:10-cv-00569-RJA

# DEFENDANTS' SUPPLEMENTAL FEE APPLICATION

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

February 24, 2012

**DEFENDANTS' SUPPLEMENTAL FEE APPLICATION**

**INTRODUCTION**

Defendants submit this Supplemental Fee Application in response to the Court's order directing them to submit a supplemental application reflecting the fees incurred in preparing and defending their initial fee application. Defendants respectfully request that this application be granted in full and that the Court award $42,460.31, to be paid, along with the $75,776.70 already ordered, within fourteen days of this Court's order granting Defendants' initial Fee Application.[1]

**STATEMENT OF FACTS**

On January 10, 2012, the Court granted Defendants' motion for sanctions, finding that Ceglia had "continually failed to comply with the August 18, 2011 Order," "chose to knowingly ignore the unambiguous orders of the court," and demonstrated "a plain lack of respect for the court's order which cannot be countenanced." Decision and Order ("D&O") (Doc. No. 283) at 22-23, 27. The Court imposed a $5,000 civil contempt fine and ordered that Ceglia pay "the expenses, including attorney's fees, Defendants have incurred in attempting to obtain Plaintiff's email account information as directed by ¶5 of the August 18, 2011 Order." D&O at 30. The Court further directed Defendants to submit affidavits of costs and attorneys' fees. *Id*. at 30. No objections were filed. On January 20, Defendants filed their initial Fee Application, detailing the requested attorneys' fees related to ensuring Ceglia's compliance with this Court's discovery orders. Doc. No. 285. On February 14, the Court awarded $75,776.70 in attorneys' fees. Doc.

---

[1] As this Court acknowledged, Ceglia did not object to Defendants' request that he be ordered to pay the awarded attorneys' fees within fourteen days of the filing of the Court's February 14 Order. *See* Doc. No. 292. Therefore, Ceglia should be ordered to pay the full awarded attorneys' fees in connection with the Supplemental Application within that fourteen-day period, or by February 28, 2012, as well.

No. 292.  The Court further held that Defendants were "entitled to recover attorneys' fees and costs incurred in connection with preparation and defense of their attorneys' fees award" and directed Defendants to submit a supplemental application.  *Id.* at 36.

Defendants now request $42,460.31 in fees they incurred in preparing and defending their initial application.  This time is detailed in the accompanying Southwell Declaration ("Southwell Dec.") and calculated in accordance with the Court's decision on Defendants' Fee Application.

| Attorney | Total Hours | Claimed Rate | Total Fees |
|---|---|---|---|
| Orin Snyder | 3.00 | $716.25 | $2,148.75 |
| Thomas H. Dupree, Jr. | 8.00 | $637.50 | $5,100.00 |
| Alexander H. Southwell | 23.25 | $618.75 | $14,385.94 |
| Matthew J. Benjamin | 26.50 | $502.50 | $13,316.25 |
| Amanda M. Aycock | 22.25 | $337.50 | $7,509.37 |
| TOTAL | 83.00 | | $42,460.31 |
| TOTAL with 10% add'l discount | | | $38,214.27 |

**ARGUMENT**

The fees sought in this supplemental application are warranted to properly prepare and defend the Fee Application and should be awarded in full.  In its February 14 Order, this Court granted Defendants' Fee Application and directed Defendants to submit affidavits to recover costs and fees incurred in the preparation and defense of the Application.  Doc. No. 292 at 34, 36.  Defendants now seek reimbursement for 83.00 hours of legal services for this work over a twenty-day period, following the same approach for calculating hours expended in providing legal services as that used by Defendants in their Fee Application and expressly approved by the Court.  Doc. No. 286 at ¶ 3; Doc. No. 292 at 34; *see also* Southwell Dec., ¶¶ 7–8.

The time and rates sought were reasonably expended to defend the Fee Application and respond to Ceglia's opposition.  In the three days before Defendants filed their Fee Application,

Defendants revised and finalized their Fee Application and the Declaration of Alexander H. Southwell in support of Defendants' Fee Application, as well as the supporting exhibits.  Then, during a three-day period, between January 30 and February 1, 2012, Defendants reviewed, analyzed, and discussed Ceglia's opposition, performed discrete research tasks, and drafted and filed their Reply and an accompanying supplemental declaration of Alexander H. Southwell.

As they did in their original Fee Application, Defendants have continued to exclude the same categories of legal services that might otherwise be included, in an effort to conservatively estimate the hours incurred.  *See* Doc. No. 285 at 13.  Moreover, Defendants also excluded the same categories of costs as they did in their original Fee Application, even though this Court expressly stated they were entitled to reimbursement for those costs.  *See id.*; Doc. No. 292 at 36.  In a further effort to present this Court with only the most conservative estimate of attorneys' fees incurred, Defendants have applied the same discount of 25% as their original Fee Application to this Supplemental Fee Application.  *See* Doc. No. 286 at ¶ 3.  In addition, and for this Court's convenience, Defendants show the requested award with an additional 10% discount, following the discount applied by the Court in its February 14 Order granting Defendants' Fee Application.  *See* Doc. No. 292 at 34.  The Court should therefore grant Defendants' narrowly tailored and reasonable Supplemental Fee Application in full.


## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order Ceglia to pay Defendants' attorneys' fees in the total amount of $42,460.31 within fourteen days of this Court's February 14 Order granting Defendants' Supplemental Fee Application.[2]

Dated:      New York, New York
            February 24, 2012

                                          Respectfully submitted,

                                          /s/ Orin Snyder
Thomas H. Dupree, Jr.                     Orin Snyder
GIBSON, DUNN & CRUTCHER LLP               Alexander H. Southwell
1050 Connecticut Avenue, NW               Matthew J. Benjamin
Washington, DC 20036                      Amanda M. Aycock
(202) 955-8500                            GIBSON, DUNN & CRUTCHER LLP
                                          200 Park Avenue, 47th Floor
                                          New York, NY 10166-0193
Terrance P. Flynn                         (212) 351-4000
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*

---

[2] *See, e.g., Sheehy v. Wehlage*, 02CV592A, 2007 U.S. Dist. LEXIS 11722, at *27 (W.D.N.Y. Feb. 20, 2007) (requiring plaintiff to pay defendant's attorneys' fees for discovery abuse within fourteen days); *Ng v. HSBC Mortg. Corp.*, 07-CV-5434 (RRM) (VVP), 2010 U.S. Dist. LEXIS 33486, at *6 (E.D.N.Y. April 5, 2010) (same); *Citizens State Bank v. Dixie County*, 1:10-cv-224-SPM-GRJ, 2011 U.S. Dist. LEXIS 113752, at *9 (N.D. Fla. Oct. 3, 2011) (requiring plaintiff to pay defendant's attorneys' fees for discovery abuse within ten days).