UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                    Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.

                    Defendants.

Civil Action No. : 1:10-cv-00569-RJA

**DECLARATION
OF PAUL ARGENTIERI**

    DECLARANT, submits this declaration and hereby declares under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States that the following is true and correct:

1. I make this declaration upon personal knowledge.

2. The "Lawsuit Overview .pdf " document was produced to the Defendants according to the Court's order by an IT expert, Edward Flaitz, who performed this service on behalf of Stroz Friedberg, on or about December 16, 2011.

3. However, an email dated March 6, 2011, with the Lawsuit Overview.pdf as an attachment from Jason Holmberg to me and Paul Ceglia was inadvertently forwarded with the "Lawsuit Overview.pdf" to the Defendants.

4. The Declaration of Edward Flaitz will verify the inadvertent submission of the March, 6, email that was not intended by me to be released.

5. As a backdrop, on November 14, 2011, I received a letter from Bryan Rose at

1

Stroz Friedberg for his representative to take the forensically sound copies of documents according to the order of the court. In that letter, was no mention of the "Lawsuit Overview.pdf"

6. I hired Edward Flaitz, the owner of EDS Computer Technologies, located at 180 Main St. Hornell NY, as my IT expert to assist and observe the extraction of the images from the computers. My secretary, Ann Brungard, was also present.

7. Other than the Stroz clinicians, I believe defense counsel, Terrence Flynn was present.

8. I was not present as I was in California.

9. As I stated in court, I am not computer savvy so my presence would have added nothing productive to this process.

10. Thereafter, I was contacted by Mr. Southwell on November 25th, 2011 by his email, as to the "Lawsuit Production.pdf" production.

11. I responded that because it wasn't in a letter from Stroz and that on November 2nd, 2011 as he and his team of lawyers were working out the wording of the court's order from earlier that day, I would secure it.

12. What was confusing on the evening of November 2, 2011, was that Mr. Southwell and his team had the Lawsuit Overview after I told the court I had "authored" the document in order to secure, as the court rightly stated its purpose during our hearing, potential law firms to represent Paul Ceglia.

13. Attorney Matthew Benjamin even complimented me about the content of the

Lawsuit Overview in the presence of his team.

14. Frankly, I considered it high praise at the time and told him so.

15. Afterwards, when the March 6, 2011 email was inadvertently sent by Mr. Flaitz to the Gibson Dunn attorneys, they have challenged my representation in court that I "authored" the Lawsuit Overview as Mr. Holmberg had stated in the email that he "put it together."

16. Actually, both statements are true.

17. In February 2011, Mr. Holmberg was hired by me as a consultant and/or at times, to perform executive secretarial duties.

18. I wrote the Proof of Facts, the original complaint, most, if not all of the legal commentary and part of the introduction primarily by hand and/or faxed documents to Mr. Holmberg as I can't type.

19. Secondly, I or my secretary, do not have the computer skills to re-package this information into a pdf.

20. Mr. Holmberg did edit, proof read, and formatted my work into a pdf.

21. Thus, in a mechanical sense, he did put it together.

22. After all, he's asking me and my client if WE want any more changes.

23. Mr. Holmberg's labor and duties performed for me and Mr. Ceglia are similarly equivalent to the Gibson Dunn team that requires up to four attorneys to prepare their letters and/or documents as disclosed in their recent attorney fee disclosures, beginning with Ms. Aycock, then on to Mr. Benjamin, then on to Mr. Southwell, then on to Mr. Snyder and/or Mr. Dupree.

24. And, with separate billing fees for each assembly line station before the finished product is submitted.

25. But, when they claim individual authorship, it was "put together" by their assembly line.

26. I stand by my representation in court.

I hereby and hereby declare under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States that the following is true and correct:

DATED: March 12, 2012.

/s/ Paul Argentieri
Declarant