UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,                                                              **DECISION**
                   Plaintiff,                                        **and**
   v.                                                                         **ORDER**

MARK ELLIOT ZUCKERBERG,                                      **10-CV-569A(F)**
FACEBOOK, INC.,
                  Defendants.

APPEARANCES:         PAUL A. ARGENTIERI, ESQ.
                         Attorney for Plaintiff
                         188 Main Street
                         Hornell, New York   14843

                         BOLAND LEGAL, LLC
                         Attorney for Plaintiff
                         DEAN M. BOLAND, of Counsel
                         18123 Sloane Avenue
                         Lakewood, Ohio   44107

                         GIBSON, DUNN & CRUTCHER, LLP
                         Attorneys for Defendants
                         ORIN S. SNYDER,
                         ALEXANDER H. SOUTHWELL,
                         THOMAS H. DUPREE, JR., of Counsel
                         200 Park Avenue, 47th Floor
                         New York, New York   10166-0193

                         HARRIS BEACH LLP
                         Attorneys for Defendants
                         TERRANCE P. FLYNN, of Counsel
                         Larkin at Exchange
                         726 Exchange Street, Suite 1000
                         Buffalo, New York   14210

By papers filed February 21, 2012, Defendants move for an order (1) directing

Plaintiff to file a further declaration identifying all webmail accounts used by Plaintiff

since 2003 and explaining why Plaintiff failed to disclose all such accounts in Plaintiff's

prior declarations, as previously ordered by this court (Doc. No. 117 ¶ 5) ("the Order");

(2) authorizing Defendants to issue subpoenas requiring Google, Inc. and other

webmail providers for such accounts to produce the contents of the accounts pursuant

to consents in a form required by such providers and executed by Plaintiff; (3) directing

Plaintiff to produce for *in camera* inspection 10 documents which Plaintiff asserts are

privileged attorney-client communications, specifically Document Nos. 360, 379, 334,

348, 373, 400, 401, 402, 403, and 405 as described in Plaintiff's Privilege Log, Doc. No.

310 Exh. H; (4) finding that none of such documents are privileged and directing the

documents be produced; (5) directing Plaintiff to file an amended declaration identifying

all custodians for the document known as the "Lawsuit Overview," which includes a

copy of the alleged contract at the heart of this case, making it subject to the Order,

including the original author of that document, as required by the Order, Doc. No. 117, ¶

2, and explaining his failure to disclose any custodians in his previous declarations filed

in compliance with the Order; and (6) directing Plaintiff to produce all copies of the

"Lawsuit Overview" document, including the original document in draft or final version

from the author of the document.

     As Plaintiff has consented or complied with Defendants' Requests Nos. (1), (2),

and (3), *see, e.g.*, Doc. No. 310 at 2-3, to providing the required consents and

submitting the 10 documents Plaintiff asserts as privileged for *in camera* review,

Defendants' motion to the extent directed to Requests (1), (2) and (3) is GRANTED.

Plaintiff shall comply with Defendants' Requests (1) and (3) <u>within five days</u> of this

Decision and Order.  As Plaintiff has explained, Doc. No. 310-6 ¶ ¶ 3-4, why a fuller

disclosure of Plaintiff's webmail or email accounts had not been previously disclosed

based on a purported failure of recall when filing Plaintiff's earlier declaration,

Defendants' Request No. (1) as to this issue is deemed moot.

As to Defendants' Requests Nos. (5) and (6) requesting that Plaintiff file an amended declaration identifying all custodians, including the original author, of the Lawsuit Overview document with an explanation of why any such custodians were not previously identified as required by the Order and that Plaintiff produce all copies of the Lawsuit Overview, respectfully, Plaintiff contends that as Plaintiff has provided the required supplemental declaration to Defendants on February 22, 2012 (Doc. No. 310 at 3), and that all copies of the Lawsuit Overview were provided to Defendants "in previous productions," *id.*, Defendants' requests for all copies of this document and a definitive statement regarding its authorship are moot.  Specifically, Plaintiff states that Plaintiff's attorney, Paul A. Argentieri, of Hornell, New York, ("Argentieri") was the author of the document's "pdf," Doc. No. 310 at 8, (citing Declaration of Paul A. Argentieri, Esq., Doc. No. 311 ¶ 12 ("[Argentieri] told the court I [Argentieri] had 'authored' the document.").

Defendants contest Plaintiff's assertions arguing that regardless of Plaintiff's prior submissions Plaintiff has nevertheless not complied with Requests Nos. (5) and (6).  Specifically, Defendants point to the fact that Plaintiff's recent declaration, Doc. No. 310-5, does not identify all custodians of the Lawsuit Overview, including one Jason Holmberg who, according to Argentieri, assisted Argentieri in the preparation of the Lawsuit Overview.  Doc. No. 311 ¶ ¶ 17-18.  Argentieri further averred that Holmberg did "edit, proofread, and format[ted] [Argentieri's] work into a pdf."  *Id.* ¶ 20.  Further, Defendants assert a material inconsistency between Plaintiff's counsel's statement regarding Holmberg's custody or possession of the document.  Doc. No 313 at 9-10.

Specifically, Defendants point to Mr. Boland, Plaintiff's attorney's, statement that Holmberg retained a copy of the Lawsuit Overview document "after receiving it via email," *id.*, (quoting Doc. No. 295 at 14) whereas Argentieri wrote parts of the document "by hand and/or faxed documents to Mr. Holmberg as I [Argentieri] can't type."). *Id.* at 10-11 (quoting Doc. No. 311 ¶ 18).  Such apparent inconsistency, *i.e.*, receiving a document in some unstated form via email versus receiving a handwritten document via fax, implying a 'typed' version suitable for email transmission, creates manifest uncertainty as to the actual original author or authors of the document who may have transmitted the document in some form to Holmberg warranting Defendants' demand that Plaintiff fully identify such author(s), thereby removing the ambiguity created by Plaintiff's agents on this issue, as required by the Order which directed Plaintiff identify by name and location all copies of the alleged contract in this case.  Doc. No. 117 ¶ 2. Plaintiff does dispute that the Lawsuit Overview contained a copy of the contract and that the identification of all "custodians," *i.e.*, persons with possession of the contract are within the scope of the Order.  Plaintiff's ambiguous averments in this regard are thus not in substantial compliance with the explicit terms of the Order.  Further, Plaintiff's contention that he lacks the requisite personal knowledge of such facts is unavailing; Plaintiff is obliged to take reasonable steps to gain such knowledge to enable Plaintiff to comply strictly with the terms of the Order.  Accordingly, Plaintiff shall within 10 days comply fully.

Based on the foregoing, oral argument on Defendants' motion scheduled for April 4, 2012 is cancelled.  Oral argument on Defendants' motion regarding Plaintiff's privilege claims shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 22, 2012
      Buffalo, New York