# EXHIBIT A



ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

*tel +1-212-506-5000*
*fax +1-212-506-5151*

WWW.ORRICK.COM

August 5, 2010

**VIA FACSIMILE AND E-MAIL**

Terrence M. Connors, Esq.
James W. Grable, Esq.
Connors & Vilardo, LLP
1000 Liberty Building
424 Main Street
Buffalo, NY 14202

Re: Ceglia v. Zuckerberg, et al. 1:10-cv-00569-RJA

Dear Messrs. Connors and Grable:

As you know, we represent Defendants in the above-captioned matter. You have told us that you may file a motion to remand this action to the New York Supreme Court based on the purported absence of federal diversity jurisdiction. Specifically, you have told me that your remand motion would argue that defendant Mark Zuckerberg is a domiciliary of New York. This letter will serve to inform you that there is no basis in fact or law for such an argument. A motion to remand on this basis would lack any evidentiary support and violate Rule 11 of the Federal Rules of Civil Procedure.

Second Circuit law is clear. Diversity jurisdiction is based on the citizenship of the state in which the party is domiciled. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* A party's domicile is judged at the time the action is brought and based on the totality of the circumstances. *Universal Licensing Corp. v. Paola del Lungo S.P.A.*, 293 F3.d 579, 581 (2d Cir. 2002); *see also Hodge v. Sun Qu Hong*, No. 05 Civ. 027(A), 2006 WL 2669467 at *2 (W.D.N.Y. Sept. 15, 2006) (Arcara, J.) (describing relevant factors). Moreover, while no single factor is determinative, a party's residence at the time the case is filed is prima facie evidence of his domicile. *Kavowras v. Pinkerton Inc.*, No. 97 Civ. 6098 (MBM), 1998 WL 209617, at *1 (S.D.N.Y. Apr. 29, 1998).

There can be no dispute that Mr. Zuckerberg is a domiciliary of California. We have obtained and are in the possession of a wide range of official government documents and other documentary






evidence that conclusively establish what I have told you all along: Mr. Zuckerberg resides and makes his home in California. These documents include, among many others, the following:

- Residential Lease-Rental Agreement for California Residence
- California Voter Registration Documents
- State of California Department of Motor Vehicles Validated Registration Card
- State of California Driver's License
- Federal Tax Returns
- California Tax Returns
- IRS Form W-2
- ADP Earnings Statements
- Bank Statements
- Brokerage Account Statements
- Credit Card Statements
- Utility Bills
- Records of California-based Personal Service Professionals
- Publicly available statements

This overwhelming and incontrovertible documentary evidence precludes any notion that Mr. Zuckerberg is a domiciliary of New York. Of course, it is well-documented that Mr. Zuckerberg was born in New York and resided there earlier in his life. The law is clear, however, that his historic birthplace and parental home are not determinative of his domicile in this action. Rather, his domicile at the time this action was filed – indisputably California – is what counts.





If you find it necessary to review the documentation described above, we can make it available for inspection at your earliest convenience. In the event that you file a motion to remand in the face of this dispositive evidence, we will seek sanctions, including our attorneys' fees and costs, pursuant to Rule 11 and 28 U.S.C § 1927.

This letter is sent without waiver of or prejudice to Defendants' other rights and remedies, each of which is expressly reserved.

Sincerely,

Lisa T. Simpson

cc: Paul A. Argentieri (via facsimile)
Michael B. Powers (via e-mail)