UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.

Defendants.

Civil Action No. : 1:10-cv-00569-RJA

**DECLARATION
OF
DEAN BOLAND**

DECLARANT, submits this declaration and hereby declares under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States that the following is true and correct:

1. I make this declaration upon personal knowledge.

2. I am lead counsel representing Paul Ceglia in this matter.

3. I have reviewed Doc. No. 317, the Court's Decision and Order regarding Defendants' Fifth Motion to Compel.

4. Co-counsel Paul Argentieri and I had several conversations about the document called Lawsuit Overview.pdf.

5. I was not involved in the drafting, editing or transmission of the Lawsuit Overview.pdf.

6. Paul Argentieri, consistent with his declaration in this matter, authored that document.

1

7. Mr. Argentieri informed me, consistent with his declaration, that he created the Lawsuit Overview content and **sent** the Lawsuit Overview content to Jason Holmberg who converted it into pdf format.

8. I, in turn, passed this information on to Alex Southwell via email shortly after speaking with Mr. Argentieri.

9. However, I presumed that when Mr. Argentieri said he had drafted the document and "sent" it to Mr. Holmberg who converted it to pdf, that Mr. Argentieri meant he had emailed the document to Mr. Holmberg.

10. Email is the typical method by which I send and receive documents in my practice and personal life making this presumption reasonable, albeit now obviously incorrect.

11. My inadvertent error in presuming that "sent" meant *email* resulted in my brief email to Mr. Southwell indicating that the Lawsuit Overview.pdf was sent or received by Mr. Holmberg *via email*.

12. After further conversation with Mr. Argentieri, he later attempted to resolve the confusion caused by my comment by stating in his declaration the process of the creation of that document and how it was sent to Mr. Holmberg and in what form.

13. That declaration was provided to Defendants.

14. Therefore, although Mr. Argentieri did inform me that he had sent the Lawsuit Overview.pdf to Jason Holmberg consistent with his declaration, no one to my knowledge sent the Lawsuit Overview.pdf document to Mr. Holmberg **via**

2

**email**.

15. The apparent non-compliance by my client in non disclosing one or more additional authors of the Lawsuit Overview.pdf or one or more other persons in possession of that document is a result of confusion inadvertently caused by my presumption about co-counsel Paul Argentieri's method of transmission as noted above.

16. I have no basis to conclude that there is another custodian or another author or co-author of that document.

17. To my knowledge there is no undisclosed author or co-author of the Lawsuit Overview.pdf.

18. To my knowledge there is no undisclosed custodian of the Lawsuit Overview.pdf.

   I hereby and hereby declare under penalty of perjury and pursuant to 28 U.S.C. 1746 and under the laws of the United States that the following is true and correct:

DATED: March 29, 2012.


                                     /s/ Dean Boland
                                     Declarant