UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------ x
PAUL D. CEGLIA,

        Plaintiff,

   v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

        Defendants.
------------------------------------ x

Civil Action No. 1:10-cv-00569-RJA


# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING A RULING ON THEIR DISPOSITIVE MOTIONS

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

April 3, 2012

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

    I.       A Stay Of Plenary Discovery Is Warranted. ............................................................ 3

    II.      If Any Additional Discovery Is Allowed, It Must Be Structured To Address Only The Dispositive Authenticity Issues Raised In Defendants' Motion To Dismiss. ................................................................................................... 9

CONCLUSION ............................................................................................................................ 10

**PRELIMINARY STATEMENT**

Plaintiff Paul Ceglia's opposition to Defendants' stay motion confirms three critical points, each of which establishes that Ceglia is <u>not</u> entitled to plenary discovery.

**First**, this is the second time that Ceglia has asked this Court to authorize wide-ranging discovery in the face of Defendants' showing that the entire lawsuit is a fraud. In June 2011, Defendants sought expedited discovery based on a good-cause showing that the Work for Hire Document attached to Ceglia's amended complaint and the alleged emails quoted within it were complete fabrications. (Doc. No. 45.) Ceglia objected to Defendants' request and sought broad discovery of his own on an array of collateral issues. (Doc. No. 57.) This Court correctly rejected Ceglia's objections, ordering the limited discovery Defendants sought concerning Ceglia's fraud based on the substantial showing they made. It also properly confined the discovery Ceglia could obtain to handwriting samples from Zuckerberg and (upon compliance with Ceglia's own obligations) the Harvard emails — each relevant to the authenticity of the Work for Hire Document and alleged emails quoted in Ceglia's complaint. (Doc. No. 83.)

In requesting expedited discovery last year, Defendants assured the Court that if Ceglia complied, the discovery would reveal additional, irrefutable evidence of Ceglia's fraud that would warrant immediate dismissal of the entire lawsuit under the Court's inherent power. (Doc. No. 45 at 19-21; Doc. No. 94 at 29:19-30:1.) The discovery that Defendants sought is now substantially complete — despite Ceglia's ongoing obstructionist tactics, necessitating <u>five</u> separate, successful motions to compel. And, just as Defendants represented to the Court, discovery has revealed conclusive proof that both the Work for Hire Document and the alleged emails are forgeries. (Doc. No. 319.) If the so-called "reciprocal" discovery Ceglia sought from Defendants was unwarranted in July 2011, based only on Defendants' good-cause showing of fraud, such discovery is certainly unjustified now in light of the overwhelming evidence of fraud

Defendants have obtained and presented to the Court in their motion to dismiss. Indeed, allowing Ceglia to obtain today discovery he was not entitled to in July 2011 would perversely reward him for his ongoing efforts to derail the discovery process to keep his spurious lawsuit alive, and penalize Defendants for fulfilling their promise to prove that Ceglia's lawsuit is a lie.

**Second**, Ceglia's renewed request for plenary discovery is notable for what he does not say. Incredibly, but tellingly, nowhere in his 17-page brief cataloging a laundry list of supposed factual disputes does Ceglia mention — let alone deny or explain — the smoking-gun evidence that ends this case: the authentic StreetFax Contract, discovered in emails Ceglia sent to Jim Kole in 2004, which conclusively proves that the Work for Hire Document is a fake. No further discovery can possibly be justified in light of that incontrovertible proof of his fraud.[1]

**Third**, Ceglia pretends that Defendants' motion to dismiss is merely a summary-judgment motion in disguise. But simply incanting the phrase "summary judgment" a dozen times in his brief does not magically transform Defendants' filing into a Rule 56 motion. As Defendants' motion to dismiss explains in depth, well-settled Supreme Court and Second Circuit precedent establishes this Court's authority to dismiss suits as a sanction for defrauding the court. (Doc. No. 319 at 20-26.) And the case law makes clear that the Court's inherent authority — indeed, its responsibility — includes resolving factual issues regarding such fraud. (*Id.* at 22-26.) Even a genuine dispute of fact could not convert Defendants' motion invoking this Court's inherent power into one seeking summary judgment. In any event, Ceglia has identified no

---

[1] Although apparently unwilling to challenge the authentic StreetFax Contract in pleadings subject to Rule 11's requirements, Ceglia has alleged in statements to the press — without a single shred of proof — that the StreetFax Contract was a forgery planted on his hard drive by Zuckerberg. (*See* Doc. No. 331 at 71.) But a party cannot create a genuine dispute of material fact and escape dismissal or other sanctions under the Court's inherent authority simply by making fantastical "little-green-men" assertions without offering any evidence in support. *See FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (genuine dispute of fact requires more than "'conclusory allegations or unsubstantiated speculation'" (citation omitted)).

material genuine disputes, including on the dispositive issue of the true StreetFax Contract's authenticity.

In short, Ceglia's opposition establishes that plenary discovery is still unwarranted. He has failed to show that any additional discovery is necessary for him to respond to Defendants' motions. His claim that discovery to date has been "one-sided" is a gross distortion, as he had access to the Work for Hire Document and his own electronic files before bringing this lawsuit, and was granted additional discovery by the Court. If the Court concludes that Ceglia is entitled to <u>some</u> additional discovery to respond to Defendants' motions, however, such discovery should be narrowly tailored to the relevant forensic issues raised in Defendants' motion to dismiss.

Finally, it is critical to emphasize that Ceglia does not come to these proceedings with clean hands. He has willfully disobeyed this Court's orders for nine months, tampered with and spoliated evidence (including the Work for Hire Document on which his suit is based, and USB devices), tried to conceal the true StreetFax Contract, and directed his lawyers to disregard court orders. On these facts, the Court would be well within its discretion to deny <u>any</u> discovery, and any discovery request by Ceglia must be evaluated in light of his litigation misconduct to date.

## ARGUMENT

### I.     A Stay Of Plenary Discovery Is Warranted.

In urging this Court to overrule its many prior expedited discovery orders and permit him to launch plenary discovery before this Court has made its threshold determination of fraud as envisioned by the Court's orders, Ceglia advances a series of arguments. None has merit.

**First**, Ceglia misstates the legal standard for a stay. Opp. at 10 (stay is warranted only if it is "certain that the [dispositive] Motions will prevail"). The <u>correct</u> standard is that the motions must merely "'have substantial grounds'" or do "'not appear to be without foundation.'" *Steuben Foods, Inc. v. Country Gourmet Foods, LLC*, 2009 WL 3191464, at *3 (W.D.N.Y. Sept.

3

30, 2009) (quoting *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)); *see also Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (holding that "[t]he Court need not decide whether [plaintiff] or [defendant] is correct" so long as defendant's motion is "not unfounded in the law" or "appears to have substantial grounds").

Under a straightforward application of the correct legal standard, a stay is warranted. <u>Both</u> Defendants' motion to dismiss <u>and</u> their motion for judgment on the pleadings show that this lawsuit must be immediately dismissed. It is absurd to suggest that Defendants' motions are "unfounded" or lack "substantial grounds." *Steuben Foods*, 2009 WL 3191464, at *3.

**Second**, denying a stay would frustrate the purpose of the targeted expedited discovery that this Court previously ordered. Defendants made clear in seeking that discovery that it would uncover further evidence of fraud, and that based on that evidence they would move to dismiss. Doc. No. 94 at 29:19-24 (Defendants' counsel explaining that their "objective is to obtain evidence, which we would then present to this Court in support of a motion to dismiss the complaint on the grounds that the plaintiff is committing, has committed and intends to commit a fraud on this Court"). The Court granted that focused discovery to facilitate that motion, while simultaneously <u>rejecting</u> Ceglia's attempt to obtain much broader discovery regarding issues even he admitted were "collateral" (Doc. No. 94 at 85:22-86:4; *see* Doc. No. 83) — thus staying plenary discovery pending the resolution of Defendants' forthcoming dispositive motions. The discovery Ceglia sought at that time — including all documents received before July 2004 relating to Facebook or any similar "online service" (Doc. No. 57) — had no bearing on the authenticity of the Work for Hire Document and emails, and would be unnecessary once Defendants demonstrated Ceglia's fraud.[2] Now that Defendants have presented the Court with

---

[2] Doc. No. 94 at 92:11-16 ("except arguably for the issue of handwriting samples,
[Footnote continued on next page]

4

the overwhelming evidence of fraud they have uncovered and this Court is poised to rule, it would make no sense to lift the stay of discovery. If plenary discovery was unwarranted in July 2011, it is even less warranted now.

Ceglia's repeated insinuation (Opp. at 1, 4, 8-9) that Defendants bear the blame for the delay in completing expedited discovery is obviously false. As the Court well knows, it was Ceglia's obstructionist refusal to cooperate — forcing this Court to grant five motions to compel and to sanction Ceglia — that explains the delay. To the extent that he complains that Defendants have enjoyed "one-sided discovery" since July 2011, he has only himself to blame for the delay, and should not now be rewarded for his contumacious and prolonged misconduct.

**Third**, Ceglia is completely and tellingly silent about the smoking-gun document that proves his fraud and renders any additional discovery unnecessary: the authentic StreetFax Contract found on his own hard drive and the Sidley Austin server. He does not deny that this is the authentic contract, and offers no explanation for why this discovery does not put an immediate end to this lawsuit. He simply dodges the issue in the apparent hope that this Court will simply overlook the elephant in the room. But Ceglia cannot avoid the obvious: the authentic contract proves conclusively that the Work for Hire Document he submitted is fake.

**Fourth**, Ceglia claims that Defendants' motion to dismiss raises "disputed issues of fact" that should be addressed by way of summary-judgment motions after the completion of plenary discovery. Opp. at 2. Ceglia is wrong. To begin with, Defendants are not moving for summary judgment, and the summary-judgment cases cited in Ceglia's brief are simply irrelevant. Defendants seek dismissal under the court's inherent power to protect its processes, vindicate its

---

[Footnote continued from previous page]
including initialing samples, none of the other requests that the plaintiff has proffered for which mutual accelerated discovery should be granted would be pertinent"); *id.* at 149:8-10 ("if the document is unauthentic, it's unnecessary to look at those corroborating" items of evidence).

5

authority, and sanction litigants who are perpetrating a fraud on the court. When a party moves to dismiss on this basis, a court has the power and the duty to determine the facts and decide the issue on its own. *See, e.g.*, *DAG Jewish Directories, Inc. v. Y & R Media, LLC*, 2010 WL 3219292, at *4-5 (S.D.N.Y. Aug. 12, 2010) (determining based on "overwhelming objective evidence" that document relied upon by plaintiff was fabricated and dismissing suit as sanction for fraud); *see also* Doc. No. 319 at 22-26 (collecting cases). Indeed, resolving factual disputes is not only necessary but <u>unavoidable</u> in determining whether a party has perpetrated a fraud on the court, and doing so in no way usurps the function of the jury. To the contrary, it protects and safeguards the integrity of the jury process by dismissing claims that have been shown to be fraudulent. A party perpetrating a fraud does <u>not</u> have the right to engage in plenary discovery and present his case to the jury on the theory that only the jury can decide whether fraud exists. Otherwise, a court could <u>never</u> dismiss a case for fraud on the court so long as the defrauding party created a "disputed issu[e] of fact" by refusing to confess his crime.

      Nor, contrary to Ceglia's claim, has this Court already ruled that disputes concerning the authenticity of the Work for Hire Document and emails must be reserved for the jury. Opp. at 5-6. This Court simply <u>asked</u> whether deciding those issues raised questions for the court or the jury, under Federal Rule of Evidence 1008 or otherwise. *See* Doc. No. 272 at 3. Defendants have already decisively answered that question: Rule 1008 has no application here, and this Court plainly has the power to determine that Ceglia's Work for Hire Document and purported emails are forgeries and to dismiss this lawsuit as a fraud. *See* Doc. No. 319 at 24-25.

      In any event, Ceglia fails to identify any genuine disputes of material fact that could warrant further discovery even on his own theory. His assertions that the expert testimony submitted by Defendants is conflicting are highly misleading. He claims vaguely that Defendants' experts disagree with one another, Opp. at 3-4, but they clearly do not. Gerald

6

LaPorte was simply able to conduct an additional test that Albert Lyter did not perform. *See* Doc. No. 326 Ex. B at 15; *id.*, Ex. D at 8. There is no contradiction or inconsistency whatsoever between the two experts' conclusions. Equally false is Ceglia's contention that the findings of his own experts "contradic[t]" those of Defendants' experts. Opp. at 4. None of Ceglia's experts has asserted that the Work for Hire Document is authentic. Indeed, all of them carefully and artfully avoided reaching that conclusion and were willing only to say that they had not found conclusive evidence of fraud based on the few (and carefully chosen) tests they purportedly conducted. This is not a case of "duelling expert reports," Opp. at 10, as none of his experts has been willing to state that the Work for Hire Document is authentic. Moreover, none of his experts address — much less explain — the StreetFax Contract, which shows that the Work for Hire Document is a fraud and ends this case.

 As to the remaining "issues of fact" Ceglia lists, he baldly asserts that these issues "can only be resolved" by allowing him further discovery, but he identifies no actual dispute about these issues, and each is irrelevant unless and until Ceglia refutes Defendants' evidence proving that the StreetFax Contract is authentic and the Work for Hire Document is not. Opp. at 2-3.

1. "The location, condition and terms of Zuckerberg's copy of the contract between the parties" is a nonstarter because, as Defendants have previously explained to the Court, Zuckerberg does not have a copy of the contract between the parties. Doc. No. 94 at 26:8-27:12.
2. Ceglia says he needs information concerning "[w]hen Zuckerberg conceived of Facebook" — a question that Zuckerberg has already answered under oath, Doc. No. 46, and that has been confirmed by all of the numerous public sources. *See* Doc. No. 319 at 10. Nor does the creation date of Facebook bear on the authenticity of the StreetFax Contract.
3. Discovery about "whether work for StreetFax was used for both websites" is a transparent attempt to burden Defendants with discovery that has no relevance to any issue in this case.

7

4. Ceglia's claim that he needs to know "how (and by whom) the [Facebook] website was viewed during its development" is also entirely irrelevant in light of the StreetFax Contract.

5. The sufficiency of Defendants' expert analyses under *Daubert* is likewise irrelevant, as the Court is not bound by the Federal Rules of Evidence (including Rule 702) in deciding a sanctions motion, *see, e.g.*, *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 66 n.5 (1st Cir. 2008), and Ceglia has cast no doubt on the methods employed by Defendants' experts.

6. Ceglia's insistence that he needs discovery into who "baked" the Work for Hire Document by suspending it with what appears to have been clothespins or binder clips and exposing it to light is preposterous. The evidence is unequivocal and unrelated to the StreetFax Contract: the document changed its appearance while it was in Ceglia's possession, custody, or control. Doc. No. 237 at 11.

7. Ceglia's claim that he needs discovery into "the records and record retention practices of Harvard and Mr. Zuckerberg" is a transparent attempt to conduct an entirely unnecessary fishing expedition given that it is <u>Ceglia</u> who has fabricated and destroyed evidence.

Ceglia further errs in arguing that he needs discovery into issues raised by Defendants' motion for judgment on the pleadings. Opp. at 1 n.1. Defendants' motion — consistent with Rule 12(c) — may be resolved based entirely on the pleadings themselves, in addition to public records and other matters of which this Court may take judicial notice. If resolution of these issues requires factual discovery — which they do not — that would require denying the motion for judgment. It would not entitle Ceglia to launch plenary discovery notwithstanding the pendency of the motion to dismiss for fraud.

**Fifth**, Ceglia fails to rebut Defendants' showing of prejudice if plenary discovery were allowed, nor does he prove that he will be prejudiced if discovery is stayed. As Defendants have shown, Ceglia's motive in seeking plenary discovery is to harass Defendants and gain leverage

8

for a settlement.  As explained in the Southwell Decl. (Doc. No. 324) at ¶¶ 51-52, Ceglia's lawyers have expressly stated that they envision burdensome, protracted, and costly discovery — and the manner in which Ceglia has egregiously abused the discovery process to date provides no reason to assume he will act reasonably in discovery and will respect the law and the orders of this Court.  And Ceglia will not be prejudiced if plenary discovery is stayed.  The <u>only</u> prejudice he claims arises from his purported inability to defend against the motion to dismiss, which Defendants address below.  Even if this Court were inclined to allow limited discovery regarding the motion to dismiss, Ceglia identifies no reason to permit him to launch plenary discovery.

**II.    If Any Additional Discovery Is Allowed, It Must Be Structured To Address Only The Dispositive Authenticity Issues Raised In Defendants' Motion To Dismiss.**

No additional discovery is necessary because this Court has all the evidence it needs in the record as it exists today to rule upon the motion to dismiss.  Contrary to Ceglia's assertions, the expedited discovery to date has not been "one-sided."  Opp. at 1.  Ceglia has had access all along to the Work for Hire Document, to all of the purported emails in his possession, to all of his computers, floppy disks, CDs, hard drives, and webmail accounts, and to the evidence of his criminal history.  His experts analyzed the Work for Hire Document over multiple days and have had access to all (and have examined at least some) of his electronic media.  Moreover, the Court granted Ceglia pertinent reciprocal discovery, including exemplars of Zuckerberg's handwriting and — contingent on Ceglia's full compliance with his own discovery obligations — the relevant emails in Zuckerberg's Harvard email account.  Doc. No. 83 at 2-3.  Ceglia has had every opportunity to analyze this evidence and to demonstrate that the Work for Hire Document is authentic and the StreetFax Contract (which he tried to conceal) is inauthentic.

If the Court believes that Ceglia should be given the opportunity to conduct some additional discovery to respond to Defendants' motion to dismiss, such discovery should be

9

narrowly tailored to the relevant forensic issues raised in Defendants' motion to dismiss. Specifically, Defendants have demonstrated through a series of expert reports that the Work for Hire Document and the alleged emails quoted in Ceglia's complaint are <u>not</u> authentic and that the StreetFax Contract <u>is</u> an authentic contract that ends this case. Defendants would have no objection to Ceglia deposing those experts if this Court believes that such depositions are appropriate. In addition, should Ceglia wish to submit his own expert reports on these relevant forensic issues, he should be permitted to do so, on an appropriate schedule, provided that Defendants have an equal opportunity to depose his experts.

Structuring Ceglia's discovery in this way, as the Court's July 1, 2011 Order envisioned, will ensure that the expedited discovery this Court previously ordered remains focused on its narrow purpose: determining the authenticity of the Work for Hire Document and purported emails that are the basis of Ceglia's Amended Complaint. Granting Ceglia additional discovery beyond these authenticity questions, however, is unnecessary to resolve Defendants' motions. As Ceglia previously conceded, if the Work for Hire Document is a forgery — as the evidence overwhelmingly shows — then the case is at an end. Doc. 94 at 86:14-87:1. The same is true of the alleged emails quoted in Ceglia's complaint. And unless Ceglia can refute Defendants' experts' findings that both the Work for Hire Document and the emails are forged — <u>and</u> show that his spoliation, other misconduct, and Defendants' legal defenses do not independently warrant dismissal — none of the other evidence he seeks will make any difference. The discovery he demands therefore would serve no purpose.

## CONCLUSION

Defendants' Motion to Stay Discovery Pending a Ruling on Defendants' Dispositive Motions should be granted.

Dated: New York, New York
April 3, 2012

Respectfully submitted,

/s/ Orin Snyder

| | |
|---|---|
| Thomas H. Dupree, Jr. | Orin Snyder |
| GIBSON, DUNN & CRUTCHER LLP | Alexander H. Southwell |
| 1050 Connecticut Avenue, NW | Matthew J. Benjamin |
| Washington, DC 20036 | Amanda M. Aycock |
| (202) 955-8500 | GIBSON, DUNN & CRUTCHER LLP |
| | 200 Park Avenue, 47th Floor |
| | New York, NY 10166-0193 |
| | (212) 351-4000 |

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*