UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PAUL D. CEGLIA, :
:
        Plaintiff, :
:
  v. :  Civil Action No. 1:10-cv-00569-
:  RJA
MARK ELLIOT ZUCKERBERG and :
FACEBOOK, INC., :
:
        Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MEMORANDUM
IN SUPPORT OF DISCOVERY ON DEFENDANTS' RULE 12(c) MOTION**


Thomas H. Dupree, Jr.　　　　　　　　　　Orin Snyder
GIBSON, DUNN & CRUTCHER LLP　　　　Alexander H. Southwell
1050 Connecticut Avenue, NW　　　　　　GIBSON, DUNN & CRUTCHER LLP
Washington, DC 20036　　　　　　　　　　200 Park Avenue, 47th Floor
(202) 955-8500　　　　　　　　　　　　　　New York, NY 10166-0193
　　　　　　　　　　　　　　　　　　　　　(212) 351-4000


Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120


April 18, 2012

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. No Discovery Is Necessary Or Appropriate Under Rule 12(c). ......................... 2

II. If The Court Concludes That Further Discovery Is Required, The Appropriate Course Would Be To Deny Defendants' Motion Without Prejudice. ................ 7

CONCLUSION ............................................................................................................................... 8

**PRELIMINARY STATEMENT**

Plaintiff Paul Ceglia's request for discovery in connection with Defendants' motion for judgment on the pleadings is nothing more than his latest attack on the structured discovery that this Court ordered nine months ago and has repeatedly reaffirmed. Ceglia is attempting, yet again, to circumvent the expedited discovery process and to launch his own plenary discovery before this Court has resolved the threshold question whether this lawsuit must be dismissed because Ceglia is perpetrating a fraud on the court.

Indeed, just two weeks ago, this Court rejected another Ceglia effort to undermine the expedited discovery process. Doc. No. 348 (April 4, 2012 order on motion to stay discovery). Yet Ceglia simply ignores this Court's ruling that he is not entitled to discovery — beyond the limited authenticity-related expert discovery this Court ordered in connection with Defendants' motion to dismiss — and again demands broad discovery into the origins of Facebook, documents from the ConnectU litigation, and other matters this Court specifically denied him just days ago. There is absolutely no reason for this Court to reconsider its ruling, which came at the close of a four-hour hearing in which these exact issues were exhaustively discussed and analyzed. Nor is there any need to upset the schedule currently in place, in which plenary discovery is stayed.

Ceglia's demand for immediate discovery rests on a fundamental mischaracterization of the legal standards governing motions for judgment on the pleadings. Under Federal Rule of Civil Procedure 12(c), a court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). Defendants' motion is entirely based on such materials, and Ceglia is not entitled to discovery in

order to respond to the motion.  Moreover, if Ceglia wishes to argue that Defendants' motion relies on materials beyond those permitted under Rule 12(c), the proper time for him to raise this argument is when he files his opposition to Defendants' motion.  At that time, the Court can determine whether Defendants' motion should be granted or whether, instead, it should be denied without prejudice on the grounds that it cannot be resolved on the basis of the pleadings and documents subject to judicial notice.

In sum, Ceglia's discovery demand is yet another transparent effort to evade the structured discovery process ordered by this Court.  The Court should adhere to the discovery schedule it established in its April 4 order, under which the parties will conduct expert discovery concerning the threshold authenticity issues, after which Ceglia will file his opposition to Defendants' motion to dismiss.  Defendants therefore request that this Court deny Ceglia's demand for discovery and direct him to file his opposition to Defendants' Rule 12(c) motion at the same time he files his opposition to the pending Motion to Dismiss.

**ARGUMENT**

**I.      No Discovery Is Necessary Or Appropriate Under Rule 12(c).**

Ceglia's demand for discovery fundamentally misconceives the nature of Defendants' Rule 12(c) motion and the Court's task in deciding it.  As the Second Circuit has made clear, motions for judgment on the pleadings under Rule 12(c), like motions to dismiss under Rule 12(b)(6), "test only [the] legal sufficiency" of the complaint's allegations.  *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000); *L-7 Designs*, 647 F.3d at 429; *Houston v. Goord*, 2006 WL 2827163, at *3 (N.D.N.Y. Sept. 29, 2006) (magistrate judge's report and recommendation), *adopted by id.* at *1.  Consistent with that aim, the court's analysis is limited to "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs*, 647 F.3d at 422.

Discovery concerning facts <u>outside</u> the pleadings and matters subject to judicial notice, in contrast, is by definition irrelevant to the court's adjudication of a Rule 12(c) motion. *See, e.g.*, *Bennett v. Onua*, 2010 WL 2331964, at *1 (S.D.N.Y. June 8, 2010) (holding that in light of prior ruling that defendants' motion for judgment on the pleadings "is resolvable without reference to discovery," their "failure to produce medical records is irrelevant to the dismissal" of plaintiff's suit (internal quotation marks omitted)). The Rule 12 standards ensure that a plaintiff whose claims are legally deficient on their face is not entitled to have "the doors of discovery" "unlock[ed]." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Ceglia's claim that discovery is necessary for the Court to decide Defendants' Rule 12(c) motion is unfounded. The only questions before the Court in ruling on that motion are whether Ceglia's allegations on their face, in conjunction with facts established by public records or other matters subject to judicial notice, are barred by the statute of limitations or by laches. *Cf. Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 424, 426, 436 (2d Cir. 2008) (sole question before court on defendants' motion to dismiss was whether, based on complaint and materials subject to judicial notice, plaintiff's claims were timely). To decide those questions, the Court need not resolve any factual disputes. The discovery Ceglia demands therefore would serve no purpose and would only enable Ceglia to further burden and harass Defendants. *See, e.g.*, *Sepulveda v. Harris*, 2011 WL 2689357, at *3, 5-6 (N.D.N.Y. July 11, 2011) (accepting magistrate judge's recommendation to grant judgment on the pleadings for defendant, and rejecting plaintiff's request for additional discovery because pleadings and materials attached thereto showed that plaintiff's claims were legally insufficient).

Ceglia's argument that Rule 12(d) entitles him to discovery because Defendants' Rule 12(c) motion relies on matters outside the pleadings mischaracterizes Defendants' motion and

3

disregards controlling precedent. Doc. 349 ("Pl.'s Mem.") at 2-9. Rule 12(d) provides for additional discovery, and conversion of a Rule 12(c) motion into one seeking summary judgment, <u>only</u> if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Contrary to Ceglia's claim, however, Defendants' motion has not "presented" — nor has this Court determined whether to "exclud[e]" — any such outside-the-pleadings matters. Fed. R. Civ. P. 12(d). Ceglia quotes seven statements from Defendants' motion, but not a single one supports his claim.

The first five statements are taken from the Rule 12(c) motion's opening paragraph. Pl.'s Mem. at 3-4 (quoting Doc. No. 321, at 1). But each describes the dispositive evidence of fraud that Defendants presented in support of their <u>motion to dismiss</u>, and the paragraph proceeds to explain that for purposes of Defendants' Rule 12(c) motion, that evidence must be set aside and Ceglia's outlandish allegations accepted as true. Doc. No. 321, at 1. Ceglia's memorandum goes on to lob a barrage of baseless and unspecific attacks on what the Court correctly characterized as an "avalanche of…evidence pointing toward the conclusion that the defendants are drawing . . . that the [Work for Hire Document] is a fake." Apr. 4, 2012 Hr'g Tr. at 98:12-14; *see* Pl.'s Mem. at 8. But, contrary to Ceglia's unsupported suggestion that Defendant's Rule 12(c) motion somehow "rel[ies] on" that evidence (Pl.'s Mem. at 8), Defendant's motion does not depend at all — and explicitly assumes away, as Rule 12(c) itself requires — all of the overwhelming evidence of Ceglia's fraud. Doc. No. 321, at 1.

The sixth quoted statement — that Ceglia should not be allowed to "seek to wrest an enormous stake in one of the world's most prominent companies from the man who created and devoted his professional life to building it" (Pl.'s Mem. at 4 (quoting Doc. No. 321, at 2-3)) —

4

does not rely on facts outside the pleadings, but merely reflects the conclusion of Defendants' legal argument that Ceglia's claim is barred by laches.

The final quoted statement — that "Zuckerberg transformed 'The Facebook' poject [sic] into a new commercial entity months earlier, in <u>April</u> 2004, when he and others organized Thefacebook LLC" (Pl.'s Mem. at 4 (quoting Doc. No. 321, at 8)) — is indeed a factual assertion not derived from Ceglia's complaint. But that fact is nonetheless properly before the Court for purposes of the 12(c) motion because it is drawn directly from public records of which this Court may take judicial notice — material that, as this Court has recognized, is equally available to Ceglia. Apr. 4, 2012 Hr'g Tr. at 213:23-24. Indeed, Defendants made this point in their motion for judgment on the pleadings, *see* Doc. No. 321, at 7-9, and Ceglia conspicuously ignores it.

As the Second Circuit has held, "matters judicially noticed by the District Court," including "regulatory filings" and other public records, "are <u>not considered matters outside the pleadings</u>" for purposes of Rule 12. *Staehr*, 547 F.3d at 426 (emphasis added). This Court therefore <u>can</u> consider such material in deciding Defendants' Rule 12(c) motion, *see id.* at 424 (addressing Rule 12(b)(6) motion), and it can even credit such materials where they contradict the complaint's contrary conclusory assertions. *See L-7 Designs*, 647 F.3d at 422; *Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp. 2d 176, 193-94 (E.D.N.Y. 2010).

Moreover, the Court can do so <u>without</u> converting Defendants' Rule 12(c) motion into one for summary judgment. *See L-7 Designs*, 647 F.3d at 421-22 (rejecting plaintiff's claim that considering documents attached to defendants' pleadings required conversion of Rule 12(c) motion to summary-judgment motion); *Holmes*, 745 F. Supp. 2d at 194 (holding that 19 exhibits submitted by defendants "external to the Amended Complaint" could be considered in ruling on defendants' Rule 12(b)(6) motion, without converting it to a Rule 56 motion, "[b]ecause all of

5

these exhibits are either matters of public record, matters filed in other courts, or documents integrally relied upon and referenced in the Amended Complaint"); *In re Moody's Corp. Securities Litig.*, 599 F. Supp. 2d 493, 504 (S.D.N.Y. 2009) (same), *reconsideration denied*, 612 F. Supp. 2d 397 (S.D.N.Y. 2009). Ceglia does not mention this well-settled precedent.

Indeed, the only facts outside the pleadings that have been presented to the Court are the assertions in Ceglia's own memorandum quoting or summarizing *The Facebook Effect* — a book describing Facebook's origins and development. Pl.'s Mem. at 5-8. But a plaintiff cannot sidestep legal challenges to his pleadings — and force a court to convert a defendant's motion to dismiss or for judgment on the pleadings into one seeking summary judgment — simply by submitting matter outside the pleadings in opposing the motion. Otherwise Rule 12 would be a dead letter, and "the doors of discovery" would be unlocked and left wide open to claimants like Ceglia whose legal claims are deficient on their face. *Iqbal*, 129 S. Ct. at 1950; *see, e.g.*, *Garneau v. Empire Vision Ctr., Inc.*, 2010 WL 2680243, at *4 (N.D.N.Y. July 1, 2010) (declining to consider plaintiff's affidavit and to convert defendant's motion to dismiss into motion for summary judgment, as the motion "rest[ed] on Plaintiff's pleadings").

Ceglia's basis for seeking discovery boils down to his assertion that the facts set forth in the pleadings and public records and relied upon in Defendants' Rule 12(c) motion — including the formation of Thefacebook LLC in April 2004 — do not legally foreclose his claims. *See* Pl.'s Mem. at 6 ("Plaintiff is not required to accept at face value Defendants' argument that the purported formation of Thefacebook LLC in 2004 somehow time-bars Plaintiff's claims."). But as a basis for obtaining discovery, Ceglia's argument is doubly flawed.

**First**, whether the pleaded or judicially noticeable facts prove that Ceglia's claims are untimely is the very issue to be decided by the Court in ruling on Defendants' Rule 12(c) motion.

6

Ceglia's contentions that his claims are nonetheless timely therefore must be made in his opposition to Defendants' motion, not in a request for discovery <u>before</u> his opposition has been filed. *See Woodward v. Morgenthau*, 740 F. Supp. 2d 433, 436 (S.D.N.Y. 2010) (noting that magistrate judge "denied [plaintiff's] letter to the extent that it constituted a request for discovery rather than an opposition to Defendants' motion" for judgment on the pleadings, and granting defendants' motion). Ceglia can obtain the discovery he seeks <u>only if</u> his opposition to Defendants' motion prevails (and if the Court declines to dismiss his lawsuit as a fraud on the court).

**Second**, Ceglia does not need discovery to make those arguments in his opposition. To decide Defendants' motion, the Court need only consider whether the facts set forth in the pleadings or subject to judicial notice establish that Ceglia's claims were filed too late. And "while a party should be given reasonable opportunity to respond to such a motion," which this Court has afforded Ceglia, "the court is fully capable of determining the issue of legal sufficiency of the plaintiff's claims as a matter of law based on its own reading of the complaint and knowledge of the relevant case law." *Williams v. Perlman*, 2009 WL 1652193, at *4 (N.D.N.Y. Feb. 5, 2009). None of the additional facts that Ceglia claims remain undeveloped will have any bearing on whether Ceglia has stated legally sufficient claims.

## II.  If The Court Concludes That Further Discovery Is Required, The Appropriate Course Would Be To Deny Defendants' Motion Without Prejudice.

Ceglia has failed to demonstrate that any additional discovery is necessary to enable him to respond to Defendants' Rule 12(c) motion. But in the event the Court concludes that Defendants' motion cannot be granted absent further discovery, the proper approach would be to deny the motion without prejudice <u>after</u> Ceglia has filed his opposition. *See, e.g.*, *Tsaganea v. City Univ. of N.Y.*, 2007 WL 2907280, at *3-4 (S.D.N.Y. Oct. 5, 2007) (magistrate judge's

7

order); *Gabrielli v. Roundout, LLC*, 2007 WL 2406905, at *2 (N.D.N.Y. Aug. 21, 2007). Indeed, a decision denying judgment on the pleadings reflects that the facts pleaded and those subject to judicial notice are not adequate, in and of themselves, to establish that the plaintiff's claims fail as a matter of law, and that material issues of fact remain that may affect the outcome. But this is not a determination that can be made until Ceglia has filed his opposition brief and Defendants have a chance to reply.

## CONCLUSION

Plaintiff's request for discovery regarding Defendants' Motion for Judgment on the Pleadings Under Rule 12(c) should be denied.

Dated:    New York, New York
          April 18, 2012

Respectfully submitted,

/s/ Orin Snyder

| | |
|---|---|
| Thomas H. Dupree, Jr. | Orin Snyder |
| GIBSON, DUNN & CRUTCHER LLP | Alexander H. Southwell |
| 1050 Connecticut Avenue, NW | Matthew J. Benjamin |
| Washington, DC 20036 | Amanda M. Aycock |
| (202) 955-8500 | GIBSON, DUNN & CRUTCHER LLP |
| | 200 Park Avenue, 47th Floor |
| | New York, NY 10166-0193 |
| Terrance P. Flynn | (212) 351-4000 |
| HARRIS BEACH PLLC | |
| 726 Exchange Street | |
| Suite 1000 | |
| Buffalo, NY 14210 | |
| (716) 200-5120 | |

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*

8