UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PAUL D. CEGLIA, | |
| Plaintiff, | **DECISION and ORDER** |
| v. | |
| MARK ELLIOT ZUCKERBERG, and FACEBOOK, INC., | 10-CV-00569A(F) |
| Defendants. | |

---

In a Decision and Order filed April 19, 2012 (Doc. No. 357) ("April 19, 2012 D&O"), the undersigned, having inspected *in camera* 10 documents which Plaintiff has refused to produce to Defendants on the basis that the documents are protected by the attorney-client privilege, directed Plaintiff to produce, *inter alia*, Privilege Log Item 379 ("Item 379"). April 19, 2012 D&O at 8-11, 20. In particular, although Item 379 contains communications between Plaintiff and his attorneys seeking legal advice or services, the attorney-client privilege has been waived because such communications have been shared with one Jason Holmberg ("Holmberg"), who is not an attorney but, rather, had been retained by Plaintiff's attorney Paul A. Argentieri ("Argentieri"), to type and convert into pdf format the Lawsuit Overview document which was presented to different attorneys in seeking to obtain additional legal representation for Plaintiff with regard to the instant litigation. *Id.* at 9-10. Because Plaintiff failed to provide any explanation as to why Holmberg's services were necessary, *e.g.*, why Argentieri's legal secretary could not have performed this seemingly unsophisticated task, or why Holmberg had any "need to know" the information contained in the emails comprising Item 379, so as to maintain the attorney-client privilege, the privilege was waived as to Item 379. *Id.* at 10-

11 (citing *Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 93-94 (W.D.N.Y. 2011)).

On April 23, 2012, Plaintiff filed a motion (Doc. No. 358) ("Plaintiff's motion"), seeking clarification of the April 19, 2012 D&O regarding Item 379 which Plaintiff, for the first time, describes as "a composite of numerous emails, many of which are duplicates and are not in date order, that was forwarded by Aaron Marks, an attorney at Kasowitz, Benson, Torres & Friedman LLP whom Plaintiff approached for representation, to attorneys at DLA Piper LLP, Plaintiff's prior counsel." Plaintiff's motion at 1-2.  According to Plaintiff, although Holmberg was included on some of the emails contained within Item 379, "a significant number of the emails contained in Privilege Log Item 379 *did not* include Mr. Holmberg." *Id.* at 2 (italics in original).  As such, Plaintiff seeks clarification permitting Plaintiff to redact from Item 379 those emails that were not provided to Holmberg.  *Id.*  Despite being granted an opportunity to respond, April 24, 2012 Text Order (Doc. No. 359), Defendants elected to file nothing in opposition to Plaintiff's motion.  Oral argument was deemed unnecessary.

Preliminarily, the court construes Plaintiff's motion as seeking reconsideration of the April 19, 2012 D&O insofar as Plaintiff was ordered to produce Item 379 in its entirety.  The standard for granting a motion for reconsideration, however, is strict.  *Shrader v. CSX Transporation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or important facts that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.  Nor is a motion for reconsideration intended to be a "second bite at the apple" for a

party dissatisfied with the court's ruling by "relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Generally, reconsideration is justified only where there exists "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790). Here, reconsideration is not justified based on any "intervening change of controlling law, [or] the availability of new evidence," *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255, nor is reconsideration necessary "to correct a clear error or prevent manifest injustice." *Id.*

    Plaintiff's argument in support of the motion describes Item 379 as "a composite of numerous emails, many of which are duplicates and are not in date order," that was exchanged from one law firm, who never appeared as counsel to Plaintiff in this action, to DLA Piper, LLP, who represented Plaintiff for a period of 2 ½ months, "as a means of transferring his electronic correspondence regarding the case to the attorneys then representing Plaintiff." Plaintiff's motion at 1-2. In contrast, this court's review of the papers before the court when conducting *in camera* review of Item 179 established that Plaintiff himself initially referred to Item 379 as a "communication[ ] *to which Jason Holmberg was a party*." Response in Opposition to Defendant's Fifth Motion to Compel (Doc. No. 310) ("Plaintiff's Response") at 6 (italics added). This characterization is consistent with Argentieri's own assertion that he hired Holmberg "to perform executive secretarial duties." Declaration of Paul A. Argentieri, Esq. (Doc. No. 311) ("Argentieri

Declaration"), ¶ 17.  Argentieri maintains that although Argentieri wrote most of the Lawsuit Overview document, because Argentieri cannot type, and neither Argentieri nor his secretary possessed the computer skills necessary to convert the Lawsuit Overview document into pdf format, it was necessary to hire Holmberg to type, edit, proof read and convert the Lawsuit Overview into pdf format.  *Id.* ¶¶ 19-20.  Argentieri does not explain why his secretary was unable to type, edit and proof read the Lawsuit Overview, nor what training or skills of Holmberg Argentieri perceived as so special that persuaded Argentieri to retain Holmberg's services in connection with the instant litigation.

Plaintiff's initial characterization of Item 379 as a "communication[ ] to which Jason Holmberg was a party," Plaintiff's Response at 6, is consistent with the court's *in camera* review of Item 379 which established that Holmberg was a recipient of many of the numerous emails contained within the "composite."  As Plaintiff asserts, Plaintiff's motion at 1, many of the emails within the "composite" are duplicates and are not in chronological order according to either the dates the emails were initially sent or later forwarded as attachments.  Although not specifically articulated in the April 19, 2012 D&O, the *in camera* review Item 379 established that Holmberg had access to the majority of the emails contained within the document, having received the emails either as the intended recipient to whom the email was addressed, or indirectly, with the email having been forwarded to Holmberg from another email account.  Further, the context of the emails strongly implies that even if Holmberg was neither a direct nor indirect recipient of any specific email, Holmberg was nevertheless privy to the information contained therein, given that the emails pertain to Plaintiff's attempts to retain legal

counsel with litigation experience similar to the instant action, a task with which Holmberg assisted not only in preparing the Lawsuit Overview, but by arranging and attending meetings with several attorneys whose services Plaintiff contemplated retaining, and that such participation continued until Plaintiff retained DLA Piper LLP as counsel.  Significantly, Plaintiff has failed to provide any affidavit from Holmberg establishing either that Holmberg was not privy to the discussions referenced in the emails which, absent the disclosure of such information to Holmberg, would be protected by the attorney-client privilege, or that Holmberg did not receive any of the particular emails comprising Item 379.

On this record, Plaintiff has failed to meet his burden of establishing reconsideration is needed "to correct clear error or prevent manifest injustice."  *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255.  Plaintiff's motion for clarification (Doc. No. 358), treated as a motion for reconsideration of the April 19, 2012 D&O, is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   April 26, 2012
         Buffalo, New York