UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PAUL D. CEGLIA, :
:
              Plaintiff, :
:
     v. : Civil Action No. 1:10-cv-00569-
: RJA
MARK ELLIOT ZUCKERBERG and :
FACEBOOK, INC., :
:
              Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PARTIAL STAY OF THE MAGISTRATE JUDGE'S APRIL 19, 2012 ORDER**

      Plaintiff Paul Ceglia's motion for a partial stay is nothing more than his latest attempt to stall and obstruct discovery. More than one week ago, on April 19, 2012, Judge Foschio rejected Ceglia's baseless privilege claims with respect to email correspondence involving a non-attorney, and ordered Ceglia to produce that correspondence by April 30. Ceglia delayed until the last business day before the production deadline and then filed an eleventh-hour motion to stay.

      Ceglia makes no effort to demonstrate the requisite likelihood of success on his purportedly forthcoming objections. Indeed, he does not even bother to explain why he believes the Magistrate Judge's ruling was incorrect. Ceglia simply proclaims that there is "good cause" for a stay because without one, he may be required to produce the documents at issue before the Court rules on his promised objections. But Ceglia made the same argument in August 2011 when he moved to stay a previous discovery order issued by Judge Foschio (*see* Doc. No. 118)— and this Court rejected it, explaining that "[t]he desire to file objections to a magistrate judge's order does not, by itself, warrant a stay of that order." Doc. No. 119. Because Ceglia disregards

that ruling and repeats the same erroneous argument here, his stay motion should be denied. Moreover, the supposed "emergency" that purportedly necessitates a stay is one of Ceglia's own tactical making. Ceglia deliberately chose not to file objections in a timely fashion that would have permitted this Court to rule prior to April 30, and the imminent production deadline cannot by itself constitute a valid basis for a stay. Otherwise, a party could always obtain a stay of a magistrate judge's ruling by waiting to file objections until the last possible moment.

Even if this Court were to consider the merits, Judge Foschio acted within his broad discretion in ruling that Ceglia waived any claim of privilege by disclosing the information in question to a non-attorney. Ceglia's "emergency" motion to stay that ruling is therefore just the latest chapter in Ceglia's abuse of process. Throughout the course of this litigation, Defendants have been forced to file five different motions to compel Ceglia to comply with his discovery obligations, and Judge Foschio has granted each one. *See* Doc. Nos. 117, 152, 208, 272, 317. And Judge Foschio has already sanctioned Ceglia because he "chose to knowingly ignore the unambiguous orders of the court, thus obstructing the expedited discovery to be accomplished by compliance with such orders." Doc. No. 283 at 23. Because Ceglia's stay motion is yet another baseless attempt to stonewall and delay compliance with Judge Foschio's discovery orders, his motion to stay should be denied.

## BACKGROUND

On July 1, 2011, Judge Foschio granted Defendants' motion for expedited discovery so that Defendants could gather evidence establishing that this lawsuit is a fraud. Doc. No. 83. Judge Foschio found that Defendants had shown "good cause" (*id.* at 1) for expedited discovery through declarations and expert reports establishing fraud through the evidence available at that time—evidence demonstrating that the alleged contract on which Ceglia's claims are based is a

2

forgery, and that the purported emails between Ceglia and Zuckerberg quoted in the Amended Complaint are fabrications. *See* Doc. Nos. 44-53.

Judge Foschio and Defendants anticipated a brief period of expedited discovery. But the expedited discovery period was extended to nearly nine months due to Ceglia's bad faith litigation strategy of stonewalling, concealing and destroying evidence, and defying court orders. Over the course of expedited discovery, Defendants were forced to move five times to compel Ceglia's compliance with Judge Foschio's orders—and Judge Foschio granted all five motions. Judge Foschio ultimately imposed sanctions on Ceglia for his willful litigation misconduct, finding that Ceglia had demonstrated "a plain lack of respect" for court orders "which cannot be countenanced." Doc. No. 283 at 22.[1]

Ceglia's motion to stay arises from Judge Foschio's ruling on Defendants' Fifth Motion to Compel. Defendants filed that motion on February 21, 2012, seeking an order requiring Ceglia to produce certain documents that he claimed were protected by the attorney-client privilege or the work-product doctrine. Doc. No. 294. On March 26, 2012, Ceglia produced those documents to Judge Foschio for *in camera* inspection. *See* Doc. No. 357 at 3. On April 19, 2012, after conducting that inspection, Judge Foschio ruled that several of the documents were privileged, but held that the documents at issue here—Privilege Log Items 360 and 379—were not. *Id.* at 6.

Privilege Log Item 360 is a March 17, 2011 email (with two attachments) from Ceglia to Jason Holmberg—a wood pellet salesman from Pennsylvania who is not an attorney. Doc. No. 357 at 8. Item 379 is an April 19, 2011 email to Ceglia from his counsel, Paul Argentieri. That

---

[1] Despite Ceglia's obstructionism, expedited discovery served its purpose and produced massive amounts of evidence establishing that this entire lawsuit is a fraud. That evidence is detailed in Defendants' Memorandum of Law in support of their Motion to Dismiss, which is currently pending. Doc. No. 319.

email contains other email exchanges in which Holmberg was a recipient. *Id.* Ceglia argued that these documents were privileged and protected by the work-product doctrine because Argentieri had purportedly "retained Holmberg as a consultant and agent with regard to the instant litigation." *Id.* at 8-9.

Judge Foschio rejected that argument and ruled that Ceglia had waived any claim of privilege with respect to these documents. Although he recognized that "[t]he attorney-client privilege may protect 'communications made to agents of an attorney . . . hired to assist in the rendition of legal services,'" Doc. No. 357 at 9 (quoting *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989)), Judge Foschio found that "the record is completely devoid of any explanation as to why Holmberg's services were retained in connection with the two documents attached to the March 17, 2011 email submitted as Item 360, or why the information contained in the emails comprising Item 379 were also circulated to Holmberg, much less that Holmberg had any 'need to know' the information contained therein." *Id.* at 10 (quoting *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 94 (W.D.N.Y. 2011)). "[E]ven if Items 360 and 379 were ever protected by the attorney-client privilege and work product doctrine," Judge Foschio concluded, "the protection has been waived by the disclosure of the information to a third party, Holmberg, without establishing Holmberg had any need to know the information or had been retained to render professional services with regard to the documents." *Id.* at 10-11. Judge Foschio also determined that Ceglia had independently waived any claim of work-product protection for these documents because he had not asserted the work-product doctrine with respect to those documents in his original privilege log. *Id.* Judge Foschio ordered Ceglia to produce Privilege Log Items 360 and 379 by April 30. *See id.* at 20.

4

Rather than comply with that order or promptly file objections with this Court, Ceglia filed a "Motion for Clarification" of Judge Foschio's order on April 23. Doc. No. 358. Ceglia asserted that Privilege Log Item 379 was a "composite of numerous emails," and that some of those emails did not include Holmberg. *Id.* at 1-2. Ceglia argued that he should be allowed to redact the emails in the document that did not include Holmberg. *Id.* at 2.

On April 26, Judge Foschio denied Ceglia's motion. Doc. No. 361. Judge Foschio construed Ceglia's motion as seeking reconsideration because Ceglia had been "ordered to produce Item 379 in its entirety." *Id.* at 2. He observed that "[t]he standard for granting a motion for reconsideration . . . is strict," *id.*, and determined that reconsideration was unwarranted here because Ceglia had not identified an "intervening change of controlling law, [or] the availability of new evidence," and because reconsideration was not necessary "to correct a clear error or prevent manifest injustice." *Id.* at 3 (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Judge Foschio explained that Ceglia had initially characterized Item 379 as a "communication[ ] to which Jason Holmberg was a party" (*id.* at 4 (quoting Doc. No. 310 at 6)); that "*in camera* review [of] Item 379 established that Holmberg had access to the majority of the emails contained within the document" (*id.*); that "the context of the emails strongly implies that even if Holmberg was neither a direct nor indirect recipient of any specific email, Holmberg was nevertheless privy to the information contained therein" (*id.*); and that Ceglia had "failed to provide any affidavit from Holmberg establishing either that Holmberg was not privy to the discussions referenced in the emails . . . or that Holmberg did not receive any of the particular emails comprising Item 379." *Id.* at 5. "On this record," Judge Foschio concluded, Ceglia had "failed to meet his burden of establishing

5

reconsideration is needed to correct clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted).

## ARGUMENT

Ceglia's motion for a stay should be summarily denied.  Because Ceglia is seeking to stay Judge Foschio's April 19 order pending this Court's review of Ceglia's objections to that order, his stay motion is governed by the well-established four-factor test for obtaining a stay of a decision pending appeal.  The relevant factors are: (1) "the likelihood of success on the merits," (2) "irreparable injury if a stay is denied," (3) "substantial injury to the party opposing a stay if one is issued," and (4) "the public interest."  *Mohammad v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002); *see also Brooks v. Montgomery*, No. 95-CV-542, 1996 WL 663972, at *1 (N.D.N.Y. Nov. 7, 1996) (considering these factors in analyzing a request to stay a magistrate judge's ruling pending review of objections to that ruling); *see also Facconable USA Corp. v. Doe*, No. 11-cv-941, 2011 WL 2173736, at *1 (D. Colo. June 2, 2011) (same).

Ceglia does not even address the well-known stay factors.  Instead, he contends that the proper standard is whether "good cause" exists for a stay.  Doc. No. 362 at 3.  But that is the standard for obtaining a protective order or a general stay of discovery pending resolution of a dispositive motion—not a stay of an order pending review of that order.  *See* Fed. R. Civ. P. 26(c).  Indeed, that is why many of the "[f]actors relevant to a court's determination of 'good cause'" that Ceglia identifies, such as "the pendency of dispositive motions," are inapposite here. Doc. No. 362 at 3 (quoting *Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*, No. 08-2437, 2009 U.S. Dist. LEXIS 7905, at *3-4 (S.D.N.Y. Feb. 3, 2009)).[2]  Because Ceglia does not

---

[2] On August 22, 2011, this Court issued a text order regarding Ceglia's motion to stay Judge Foschio's August 18 discovery order.  Doc. No. 119.  The Court's text order directed Ceglia "to file supplemental briefing setting forth the basis for a stay," and cited Rule 26(c) and

6

address the relevant factors governing his stay motion, much less establish that that they favor a stay, his motion should be denied.

In any event, under any reasonable application of the traditional four-factor test, Ceglia's stay motion is frivolous and should be denied because he cannot establish that he has any likelihood of success in challenging Judge Foschio's discovery order. Because that order concerns a discovery matter, it is subject to a highly deferential standard of review: "Reversal is warranted only if the Magistrate Judge's decision is 'clearly erroneous or contrary to law.' The party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters." *Am. Rock Salt Co. v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) (quoting 28 U.S.C. § 636(b)(1)(A)). "Under the 'clearly erroneous standard of review,' reversal is warranted only if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Ceglia cannot satisfy that standard here. Far from being clearly erroneous or contrary to law, Judge Foschio's ruling was correct. Judge Foschio conducted a careful *in camera* review of Privilege Log Items 360 and 379. He correctly determined that Ceglia waived any claim of protection under the attorney-client privilege or the work-product doctrine with respect to the information in those documents because that information was shared with Holmberg, a non-attorney. Judge Foschio also correctly rejected Ceglia's argument that Holmberg was

---

*Ellington*. *Id.* However, in issuing its text order, the Court did not have the benefit of briefing on whether "good cause" under Rule 26(c) is the applicable standard when a party seeks to stay a magistrate judge's order pending review of objections to that order. Nor did the parties address whether "good cause" is the appropriate standard in their subsequent briefs on Ceglia's stay motion. *See* Doc. Nos. 120, 123. For the reasons stated above, Defendants respectfully submit that a stay motion in the circumstances here is governed by the traditional four-factor test that governs the stay of a decision pending appeal. In any event, Ceglia also fails to satisfy the "good cause" standard for the reasons explained below.

7

Argentieri's agent because Ceglia failed to introduce any evidence explaining Holmberg's connection to Items 360 and 379, or why it was necessary to disclose the information in those documents to Holmberg.  And Judge Foschio correctly adhered to his ruling on reconsideration, reasonably and correctly determining that Ceglia had failed to satisfy the stringent standard for reconsideration because he had failed to establish, through affidavit or otherwise, that Holmberg was not privy to all of the information contained in Item 379.  Ceglia's stay motion does not identify any reason why these rulings might be incorrect, much less establish that there is any likelihood that this Court would overturn Judge Foschio's ruling under the applicable, highly deferential standard of review.

Ceglia also cannot satisfy the other factors governing a request for a stay.  Rather than seek to address any legitimate concern of irreparable harm, Ceglia's motion for a stay is a continuation of his extensive, bad-faith stonewalling tactics.

A stay also would prejudice Defendants and the public interest by adding to the already massive delays from Ceglia's litigation misconduct.  Indeed, because this entire lawsuit is a fraud on the Court based on a forged contract and fabricated emails—as demonstrated by the indisputable evidence detailed in Defendants' pending motion to dismiss (Doc. No. 319)—any further delay would harm Defendants and the public interest by allowing Ceglia to perpetuate his abuse of the judicial system.

Even under the "good cause" standard on which Ceglia's motion relies, a stay should be denied.  Ceglia argues that good cause exists solely because, absent a stay, the Court may be unable to rule on Ceglia's objections to Judge Foschio's order before Ceglia is required to produce the documents in question.  But Ceglia has tried the same gambit before—and this Court rejected it.  In August 2011, Ceglia moved to stay Judge Foschio's order that required Ceglia to

consent to the inspection of his web-based email accounts. Doc. No. 118. Ceglia argued that a stay was necessary to allow the Court to rule on his objections before he was required to comply with Judge Foschio's order. *See id.* at 1 ("Plaintiff currently is left with a 'Catch 22' where he must either violate the Order to be heard on his objections or comply with the Order thus rendering his objections moot."). This Court rejected that argument in a text order, explaining that "[t]he desire to file objections to a magistrate judge's order does not, by itself, warrant a stay of that order." Doc. No. 119 (citing *Am. Rock Salt Co.*, 371 F. Supp. 2d at 360-61). The Court therefore required Ceglia to identify some additional basis for a stay. *Id.*

The Court should once again reject Ceglia's argument that a stay is warranted solely because the Court otherwise may be unable to rule on Ceglia's objections before he is required to comply with Judge Foschio's order. If a pending discovery deadline were a sufficient basis for issuing a stay, then all discovery rulings involving a claim of privilege would be automatically stayed. But as this Court recognized, that is not the rule. Indeed, "allowing the automatic stay of [a] magistrate's orders would not only encourage the filing of frivolous appeals, but would grind the magistrate system to halt." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989). Because Ceglia simply ignores the Court's prior ruling by failing to offer any other basis for a stay—such as a likelihood of success on the merits—his motion should be denied.

A stay is particularly unwarranted here because Ceglia has created the purported emergency that he argues gives rise to the need for a stay by waiting until the eve of his production deadline to file his motion. Rather than promptly file objections to Judge Foschio's April 19 order that would have allowed the Court to rule by April 30, Ceglia delayed by filing a baseless reconsideration motion, waited to file his stay motion until one business day prior to the

production deadline, and still has not filed his objections. Ceglia should not be rewarded for his deliberate delay tactics. Granting a stay in these circumstances would encourage similar stalling tactics by other parties, who could obtain a stay simply by waiting until the eleventh hour to file objections to a magistrate judge's ruling. The Court should reject these efforts at gamesmanship, which represent Ceglia's most recent abuse of this Court's processes.

## CONCLUSION

Plaintiff's motion for a partial stay of Judge Foschio's April 19 order should be denied.

Dated:	New York, New York
	April 30, 2012

                                           Respectfully submitted,

                                           /s/ Orin Snyder

| | |
|---|---|
| Thomas H. Dupree, Jr. | Orin Snyder |
| GIBSON, DUNN & CRUTCHER LLP | Alexander H. Southwell |
| 1050 Connecticut Avenue, NW | Matthew J. Benjamin |
| Washington, DC 20036 | Amanda M. Aycock |
| (202) 955-8500 | GIBSON, DUNN & CRUTCHER LLP |
| | 200 Park Avenue, 47th Floor |
| | New York, NY 10166-0193 |
| Terrance P. Flynn | (212) 351-4000 |
| HARRIS BEACH PLLC | |
| 726 Exchange Street | |
| Suite 1000 | |
| Buffalo, NY 14210 | |
| (716) 200-5120 | |

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*