UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL D. CEGLIA,                                          **DECISION**
                                                              **and**
                              Plaintiff,                  **ORDER**

          v.
                                                   **10-CV-00569A(F)**

MARK ELLIOT ZUCKERBERG, and
FACEBOOK, INC.,

                              Defendants.

_____

APPEARANCES:          PAUL A. ARGENTIERI, ESQ.
                               Attorney for Plaintiff
                               188 Main Street
                               Hornell, New York 14843

                               BOLAND LEGAL LLC
                               Attorneys for Plaintiff
                               DEAN M. BOLAND, of Counsel
                               18123 Sloane Avenue
                               Lakewood, Ohio 44107

                               GIBSON, DUNN & CRUTCHER, LLP
                               Attorneys for Defendants
                               ALEXANDER H. SOUTHWELL, and
                               THOMAS H. DUPREE, of Counsel
                               200 Park Avenue, 47th Floor
                               New York, New York 10166-0193

                               HARRIS BEACH LLP
                               Attorneys for Defendants
                               TERRANCE P. FLYNN, of Counsel
                               Larkin at Exchange
                               726 Exchange Street, Suite 1000
                               Buffalo, New York 14210

          This action is based on a "Work for Hire" contract allegedly executed on April 28,

2003, pursuant to which Plaintiff Paul D. Ceglia ("Plaintiff"), and Defendant Mark Elliot

Zuckerberg ("Zuckerberg"), established a partnership for the development and

commercialization of two separate internet business ventures, including, relevant to this case, "The Face Book," the social-networking website created and maintained by Zuckerberg, and now known as Defendant Facebook, Inc. ("Facebook").  The putative contract provides that, *inter alia*, Plaintiff would help fund the development of Facebook in exchange for "a half interest (50%) in the software, programming language and business interests derived from the expansion of that service to a larger audience." First Amended Complaint (Doc. No. 39) ("Amended Complaint") ¶ 1.  Plaintiff asserts seven claims for relief including declaratory judgment based on the alleged partnership with Zuckerberg (Claims 1 and 5), breach of fiduciary duty (Claim 2), actual and constructive fraud (Claims 3 and 4), and breach of contract (Claims 6 and 7).

On March 26, 2011, Defendants filed two dispositive motions, including a motion to dismiss (Doc. No. 318) ("motion to dismiss"), and for judgment on the pleadings (Doc. No. 320) ("motion for judgment on the pleadings") (together, "Defendants' dispositive motions"), as well as a motion to stay discovery pending the court's decision on Defendants' dispositive motions (Doc. No. 322) ("Defendants' Motion to Stay"), supported by a memorandum of law (Doc. No. 323).  On April 1, 2012, Plaintiff filed a response in opposition to Defendants' Motion to Stay Discovery Pending a Ruling on Their Dispositive Motions (Doc. No. 345).  In further support of Defendant's Motion to Stay, Defendants filed on April 3, 2012, a reply memorandum of law (Doc. No. 346).  At oral argument on Defendants' Motion to Stay, conducted on April 4, 2012, general discovery was stayed, but a limited period of expert discovery was permitted with regard to the motion to dismiss, and Plaintiff was directed to provide argument, within seven days, as to why Plaintiff needed discovery on the motion for judgment on the pleadings.

April 4, 2012 Minute and Order (Doc. No. 348).

Accordingly, on April 11, 2012, Plaintiff filed a memorandum of law regarding Plaintiff's need for discovery on Defendants' motion for judgment on the pleadings (Doc. No. 349) ("Plaintiff's Memorandum").  Defendants' memorandum in opposition to Plaintiff's Memorandum was filed on April 18, 2012 (Doc. No. 353) ("Defendants' Response").  On April 25, 2012, Plaintiff filed a reply memorandum of law in further support of discovery necessary to oppose Defendants' motion for judgment on the pleadings (Doc. No. 360) ("Plaintiff's Reply").  Further oral argument was deemed unnecessary.

In the Amended Complaint, Plaintiff identifies July 29, 2004, the date Zuckerberg incorporated TheFaceBook, Inc., in Delaware, into which Zuckerberg thereafter allegedly misappropriated the partnership's assets, as the date Plaintiff's claims accrued.  Amended Complaint ¶¶ 7, 57.  Defendants assert in support of their motion for judgment on the pleadings that each of Plaintiff's claims for relief is barred by the applicable statute of limitation, Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings (Doc. No. 321) ("Defendants' Judgment on the Pleadings Memorandum"), at 8-14; that Plaintiff's claims asserted in the amended complaint do not relate back to the filing of the original complaint, *id.* at 14-20, and that Plaintiff's claims are barred by laches given Plaintiff's inexcusable delay in commencing this action. *Id.* at 20-25.  Defendants' arguments that Plaintiff's claims are time-barred or barred by laches turn, in large part, on Defendants' assertion that on April 13, 2004, Defendant Mark Elliot Zuckerberg ("Zuckerberg"), formed in Florida a limited liability company, Thefacebook, LLC ("the LLC"), to run the business, which was the precursor

to Thefacebook, Inc. ("the Inc."), which later became known as Defendant FaceBook,

Inc. ("FaceBook").  Defendants' Judgment on the Pleadings Memorandum at 1-2, 8-9.

According to Defendants, Zuckerberg, by listing himself and two others, but not Plaintiff,

as the owners of the LLC, "publicly and unequivocally excluded [Plaintiff] from

ownership of the company in April 2004," resulting in an accrual of Plaintiff's claims

after the six years provided under the applicable statute of limitations prior to Plaintiff's

commencement of this action on June 30, 2010.  *Id.* at 2 (underlining in original).

Defendants further maintain that Plaintiff, by waiting more than six years to bring this

action, has created an unjustified and prejudicial delay such that Plaintiff's claims are

now barred by laches. *Id.*

Plaintiff maintains that Defendants' motion for judgment on the pleadings, insofar

as it presents matters outside the pleadings, should be converted to a motion for

summary judgment under Fed.R.Civ.P. 56, and Plaintiff should be permitted to conduct

discovery necessary to oppose the motion.  Plaintiff's Memorandum at 2-4.  Defendants

argue in opposition that no discovery will enable Plaintiff to demonstrate that the LLC,

for which Defendants urge the court to take judicial notice of the public filing, was not

formed on April 13, 2004, more than six years before Plaintiff commenced the instant

action, such that Plaintiff's claims are time-barred.  Defendants' Response at 3 ("The

only question before the Court in ruling on [Defendants' motion for judgment on the

pleadings] are whether [Plaintiff's] allegations on their face, in conjunction with facts

established by public records or other matters subject to judicial notice, are barred by

the statute of limitations or laches.").  In further support of discovery, Plaintiff asserts

that the formation of the LLC only raises questions regarding the legal effect of the

formation of the LLC on the partnership allegedly established between Plaintiff and Zuckerberg on April 28, 2003.  Plaintiff's Reply at 2-7.

Upon consideration of the argument set forth by Plaintiff and Defendants on the issue of discovery, Defendants' Motion to Stay as to Defendants' motion for judgment on the pleadings, is GRANTED in part, and DENIED in part, with Defendants' motion for judgment on the pleadings converted to a motion for partial summary judgment on the issues of statute of limitations and laches.  Plaintiff is thus permitted discovery under Fed.R.Civ.P. 56(d), limited to serving, within 60 days, interrogatories and document requests regarding (1) assuming, *arguendo*, the Work for Hire contract dated April 28, 2003 is authentic, what intellectual property rights and other ownership interests were created by the contract's language providing that Plaintiff, in exchange for helping fund Zuckerberg's development of FaceBook, would give Plaintiff "a half interest (50%) in the software, programming language and business interests derived from the expansion of that service to a larger audience," and (2) how the formation of the LLC necessarily divested Plaintiff of any and all interest in the partnership's assets, including intellectual property rights.  Depositions will not be permitted absent leave of the court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      April 30, 2012
            Buffalo, New York