# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com
Client: 30993-00011

April 17, 2012

VIA ELECTRONIC MAIL

The Honorable Leslie G. Foschio
United States Magistrate Judge
United States District Court
Western District of New York
U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

**RECEIVED**

APR 1 7 2012

LESLIE G. FOSCHIO
U.S. MAGISTRATE JUDGE
BUFFALO, NY

Re:   Ceglia v. Zuckerberg and Facebook, Inc., No. 1:10-cv-569-RJA-LGF

Dear Judge Foschio:

We represent Defendants Facebook, Inc. and Mark Zuckerberg in the above-captioned action. We respectfully submit this letter in response to Plaintiff's Response to Defendants' Supplemental Fee Application, filed on April 13, 2012 (Doc. No. 351).

In his Response, Plaintiff did not offer any legal or factual basis to deny Defendants' Supplemental Fee Application. Rather, he simply "incorporate[d] by reference" erroneous arguments that, as he himself acknowledged in the very next sentence, this Court has already rejected. Thus, this Court should grant Defendants' Supplemental Fee Application — already reduced in accordance with this Court's February 14 Order — in full.

Knowing, as he must, that Defendants' Application should be granted, Plaintiff suggests, without any authority, that award be made payable "within 60 days of the conclusion of this action." Doc. No. 351, at 2. This request lays bare Plaintiff's true tactic in "opposing" Defendants' application: to delay payment and remain unaccountable for his misconduct for as long as possible. Your Honor should reject Plaintiff's effort to undermine the authority of this Court and its calibrated sanctions order.

As this Court is aware, on January 10, 2012, this Court granted Defendants' request for sanctions and ordered Plaintiff to pay $5,000 to this Court as a civil contempt sanction, as well as attorneys' fees and costs incurred by Defendants in attempting to secure Plaintiff's compliance with this Court's discovery orders. See Doc. No. 283. On January 20, Defendants filed their Fee Application, $75,776.60 of which this Court ordered be paid in its February 14 Order. See Doc. Nos. 285, 292. In its Order granting Defendants' Fee

GIBSON DUNN

The Honorable Leslie G. Foschio
April 17, 2012
Page 2

Application, this Court also directed Defendants to file a supplemental application for fees
and costs incurred while preparing and defending the original Fee Application. *See* Doc. No.
292. Defendants filed their Supplemental Fee Application on February 24. *See* Doc. No.
299. Plaintiff did not respond to Defendants' Supplemental Fee Application until ordered to
do so by this Court. *See* Doc. No. 338.

Now, more than three months after this Court originally granted Defendants' request for
sanctions and more than eight weeks after this Court granted Defendants' original Fee
Application, Plaintiff still has not paid one cent of the $75,776.60 in attorneys' fees he was
directed to pay by this Court. Instead, Plaintiff now seeks from this Court a delay in
enforcing its orders until 60 days after the conclusion of this action. Plaintiff's request is
unsupported by any authority and should be summarily rejected.

Sanctions are the manner in which courts govern the conduct of the parties involved in
litigation before them. Therefore, "[a] civil contempt order is designed to be coercive rather
than punitive." *Dell Inc. v. Compudirect, Inc.*, 316 Fed. App'x 32, at *2 (2d Cir. 2009)
(internal citations omitted). And yet, having been found guilty of flouting this Court's
orders, Plaintiff now has the temerity to request a get-out-of-jail-free card until after
resolution of this case, when the need to regulate litigation conduct will be moot. Plaintiff's
request is also unreasonable as a matter of length: Courts in this circuit routinely require that
monetary sanctions resulting from discovery abuses be paid within two weeks of the order,
not two months after the conclusion of the entire action. *See, e.g., Burke v. Miron*, No. 07-
cv-01181 (RNC), 2009 WL 952096, at *1 (D. Conn. Apr. 7, 2009) (requiring plaintiff to pay
the attorneys' fees awarded by the court within two weeks of the order); *SD Protection, Inc.
v. Del Rio*, No. 06-cv-05571 (RMM)(RML), 2008 WL 5102249, at *7 (E.D.N.Y. Nov. 1,
2008) (requiring plaintiff to pay the original sanctions of $1,000 and an additional $5,000 of
sanctions within ten days of the order).

Moreover, stalling enforcement of this Court's sanctions orders not only does disservice to
the purpose of the sanction, but it renders other, more stringent methods to regulate the
practice before it toothless. Indeed, courts routinely dismiss cases for protracted failure to
pay sanctions. *See, e.g., SD Protection, Inc.*, 2008 WL 5102249 at *6 (dismissing case after
the plaintiff "willfully fail[ed] to pay the $1,000 monetary sanction levied due to its earlier
discovery abuses" and ordering the plaintiff to pay an additional $5,000); *Urban Elec. Supply
& Equip. Corp. v. N.Y. Convention Ctr. Dev. Corp.*, 105 F.R.D. 92, 94 (E.D.N.Y. 1985)
(dismissing case after multiple discovery order violations and when monetary sanctions to
compel the plaintiff's obedience failed). Indulging Plaintiff's plea to avoid his obligation to
pay the awarded fees undermines this Court's ability to impose more stringent sanctions for
ongoing non-compliance in the future.

# GIBSON DUNN

The Honorable Leslie G. Foschio
April 17, 2012
Page 3


Federal courts expect that when a party is sanctioned, it will pay the sanction in a timely fashion.  Indeed, payment of sanctions is the "ante" for the "privilege of continuing to litigate" the case.  *U.S. ex rel. Berglund v. Boeing Co.*, --- F. Supp. 2d ---, 2011 WL 6182109, at *32 (D. Or. 2011).  This is why federal courts afford appellate review of a sanction regardless of which party ultimately prevails in the litigation: It is because sanctions must be satisfied contemporaneously with the sanctions order that "[t]he propriety of the sanction may then be challenged on appeal once there is a final decision in the case." *American Nat. Bank and Trust Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 877 (7th Cir. 2005) (internal citations omitted).

We respectfully request that this Court grant Defendants' Supplemental Fee Application — already reduced in accordance with this Court's February 14 Order — in full, deny Plaintiff's outrageous request to delay payment of sanctions until 60 days after the conclusion of the action, and instead order Plaintiff to pay this Court's sanctions within fourteen (14) days.

Respectfully submitted,

Orin Snyder


cc:    Terrance Flynn, Esq.
       Dean Boland, Esq.
       Paul A. Argentieri, Esq.
       Sanford P. Dumain, Esq.
       Peter K. Skivington, Esq.
       Robert B. Calihan, Esq.

101274230.4