UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **DECISION** |
| v. |  | **and** |
|  |  | **ORDER** |
| MARK ELLIOT ZUCKERBERG, and |  |  |
| FACEBOOK, INC., |  | **10-CV-00569A(F)** |
|  | Defendants. |  |

---

APPEARANCES:        PAUL A. ARGENTIERI, ESQ.
                    Attorney for Plaintiff
                    188 Main Street
                    Hornell, New York 14843

                    BOLAND LEGAL LLC
                    Attorneys for Plaintiff
                    DEAN M. BOLAND, of Counsel
                    18123 Sloane Avenue
                    Lakewood, Ohio 44107

                    GIBSON, DUNN & CRUTCHER, LLP
                    Attorneys for Defendants
                    ALEXANDER H. SOUTHWELL, and
                    THOMAS H. DUPREE, of Counsel
                    200 Park Avenue, 47th Floor
                    New York, New York 10166-0193

                    HARRIS BEACH LLP
                    Attorneys for Defendants
                    TERRANCE P. FLYNN, of Counsel
                    Larkin at Exchange
                    726 Exchange Street, Suite 1000
                    Buffalo, New York 14210

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on

May 27, 2011, for pretrial matters.  The action is presently before the court on

Defendants' Supplemental Fee Application (Doc. No. 299), filed February 24, 2012.

## BACKGROUND and FACTS[1]

In this action, Plaintiff Paul D. Ceglia ("Plaintiff" or "Ceglia"), claims that, based on a Work for Hire contract allegedly executed on April 28, 2003, Plaintiff owns 50% of the social networking website Facebook, Inc. ("Facebook"), created by Defendant Mark Elliot Zuckerberg ("Zuckerberg") (together, "Defendants").  In a Decision and Order filed January 10, 2012 (Doc. No. 283) ("Jan. 10, 2012 D&O"), the undersigned granted Defendants' request for sanctions made in connection with Defendants' Accelerated Motion to Compel filed September 1, 2011 Order (Doc. No. 128) (Defendants' Sanctions Request"), imposing on Plaintiff a civil sanction in the amount of $ 5,000, and awarding Defendants the costs of such motion, including attorney's fees incurred in attempting to obtain Plaintiff's compliance with various discovery orders.  On January 20, 2012, Defendants, as directed by the Jan. 10, 2012 D&O, filed their initial Fee Application (Doc. No. 285) ("Initial Fee Application").  In a Decision and Order filed February 14, 2012 (Doc. No. 292) ("Feb. 14, 2012 D&O"), the undersigned awarded Defendants $ 75,776.70 in attorney's fees, and also granted Defendants' request for an award of attorney's fees incurred in preparing and litigating their Initial Fee Application, directing Defendants file their supplemental fee application within 10 days.

Accordingly, Defendants' Supplemental Fee Application (Doc. No. 299) ("Supplemental Fee Application"), along with the Declaration of Alexander H. Southwell,

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Esq. (Doc. No. 300) ("Southwell Declaration"), were filed on February 24, 2012. Defendants seeks an award of $ 38,214.47 in attorney's fees for work performed on the Initial Fee Application by the New York City law firm of Gibson, Dunn & Crutcher, LLP ("Gibson Dunn"), by attorneys Orin S. Snyder, Esq. ("Snyder"), Thomas H. Dupree, Jr., Esq. ("Dupree"), Alexander H. Southwell, Esq. ("Southwell"), Matthew J. Benjamin, Esq. ("Benjamin"), and Amanda M. Aycock, Esq. ("Aycock").   Plaintiff's Response to Defendants' Supplemental Fee Application (Doc. No. 351) ("Plaintiff's Response"), was filed on April 13, 2012.  By letter to the undersigned dated April 17, 2012 (Doc. No. 369) ("April 17, 2012 Letter"), Defendants replied in further support of the Supplemental Fee Application.  Oral argument was deemed unnecessary.

Based on the following, Defendants' Supplemental Fee Application (Doc. No. 299), is GRANTED in part, and DENIED in part.

## DISCUSSION

Courts have permitted parties to recover attorney's fees, including costs and attorney's fees associated with either successfully making or opposing a motion to compel discovery, as well as those incurred in connection with preparing and defending applications for the expenses.  *See Metrokane, Inc. v. Built, NY, Inc.*, 2009 WL 637111, at * 3 (S.D.N.Y. Mar.  6, 2009) (granting defendant's fee application seeking attorneys' fees incurred preparing and defending fee application for expenses related to defendant's discovery motions); *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2009 WL 72441, at * 7 (S.D.N.Y. Jan. 7, 2009) (awarding defendants 41.2 hours of attorney's fees incurred in connection with fee application for successfully opposing

plaintiff's motion to compel discovery).  Similarly, in the instant case, the undersigned has permitted Defendants to recover attorney's fees incurred in connection with preparing and defending their Initial Fee Application for the costs incurred in connection with Defendants' Sanctions Request.

## 1.    Lodestar Method

Recently, "[b]oth [the Second Circut] and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'"  *Millea v. Metro-North Railroad Company*, 658 F.3d 154, 166 (2d Cir. 2011)[2] (citing *Perdue v. Kenny A.*, ___ U.S. __, 130 S.Ct. 1662, 1673 (2010), and *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  Nevertheless, the presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue*, 130 S.Ct. at 1673.  Attorney's fees awarded as a sanction can vary from the lodestar amount provided the fee is within a range reasonable to achieve its deterrent objective.  *Eastway Construction Corp. v. City of New York*, 821 F.2d 121, 121-22 (2d Cir. 1987).  Thus, in determining the amount of attorney's fees to be awarded Defendants on the Supplemental Fee Application, the court commences with the lodestar or "presumptively reasonable fee," which is then adjusted as necessary in consideration of Rule 37's deterrent objective.

---

[2] Unless otherwise indicated, bracketed material has been added.

In calculating the lodestar amount, the requesting party bears the initial burden of submitting evidence supporting the number of hours worked and the hourly rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" calculation should exclude fees for work that is "excessive, redundant or otherwise unnecessary," as well as hours dedicated to severable unsuccessful claims. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley*, 461 U.S. at 433-35). To prevent the court from reviewing and ruling on each item for which reimbursement is requested, courts have permitted a percentage-based reduction from the number of hours submitted as a means of trimming excess time from the fee request. *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal quotation marks and citation omitted); *see Walker v. Coughlin*, 909 F.Supp. 872, 881 (W.D.N.Y. 1995) (reducing by 15 % the total hours requested).

In the instant case, the form in which Defendants' Supplemental Fee Application is presented establishes the fees were calculated according to the lodestar method, multiplying the hourly rate of each attorney for whose work Defendants seek payment by the number of hours expended by each attorney on the Initial Fee Application. The hourly rate at which compensation is sought for each attorney has already been discounted by 25%. Supplemental Fee Application at 3 (stating Defendants have voluntarily discounted their hourly rates by 25%). The following schedule sets forth these attorneys' claimed, *i.e.*, discounted, hourly billing rates, the hours each attorney worked, and the total fees claimed by each attorney calculated using the claimed rates:

| Attorney | Claimed Rate | Hours | Total Fees |
|----------|-------------|-------|-----------|
| Snyder | $    716.25 | 3.00 | $  2,148.75 |
| Dupree | 637.50 | 8.00 | 5,100.00 |
| Southwell | 618.75 | 23.25 | 14,385.94 |
| Benjamin | 502.50 | 26.50 | 13,316.25 |
| Aycock | 337.50 | 22.25 | 7,509.37 |
| **Total:** | | **83.00** | **$ 42,460.31** |

Defendants then applied a 10% discount to their total fees "[f]or the Court's convenience." Southwell Declaration ¶ 8.  After applying the 10% discount, Defendants seek attorneys' fees of $ 38,214.27 on their Supplemental Fee Application.

Plaintiff, in opposing Defendants' Supplemental Fee Application, "incorporates by reference the legal and factual arguments previously made regarding Defendants' attorney fee calculations and rates" made in connection with the Initial Fee Application. Plaintiff's Response at 2 (citing Response to Defendants' Application for Attorney's Fees, Doc. No. 288 ("Plaintiff's Response to Initial Fee Application")).  As such, Plaintiff opposes the Supplemental Fee Application insofar as Defendants seek payment of their attorney's fees at rates charged in the New York City metropolitan region, which are substantially higher than the prevailing hourly rates in Buffalo in the Western District of New York, Plaintiff's Response to Initial Fee Application at 4-9, maintains Defendants' use of "block-billing" makes it impossible to determine how much time was actually spent on the Fee Application, *id.* at 9-11, challenges as excessive the number of hours for which Defendants seek attorney's fees, *id.* at 11-12, and opposes Defendants' request that Plaintiff be directed to pay the attorney's fees award within two weeks, *id.* at 12-13.  Defendants maintain Plaintiff, by incorporating by reference his prior arguments, which were rejected by the court, has failed to "offer any legal or

factual basis to deny Defendants' Supplemental Fee Application," April 17, 2012 Letter at 1, and repeat their assertion that Plaintiff should be directed to pay the attorney's fees awarded in connection with both the Initial and Supplemental Fee Applications within 14 days.  *Id.* at 2-3.

## 2.     Presumptively Reasonable Rate

As with their Initial Fee Application, Defendants calculate the fees for their lead counsel, Gibson Dunn, according to Gibson Dunn's hourly rates charged at their New York City firm, voluntarily discounted by 25% to avoid any dispute over the reasonableness of such fees.  Supplemental Fee Application at 3; Southwell Declaration ¶ 9.  The use of New York City rates is in contrast to the "forum rule" which provides that "courts should generally use the hourly rates employed in the district in which the reviewing court sits."  *Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation omitted).  Although Plaintiff incorporates by reference the same arguments by which Plaintiff challenges as excessive the hourly rates Defendants used to calculate such fees in connection with the Initial Fee Application, the undersigned, for the same reasons discussed in the Feb. 14, 2012 D&O, finds no merit to such arguments.  In particular, with regard to Plaintiffs' argument that the prevailing hourly attorney rate in Buffalo should be used to calculate the fees to be awarded to Defendants' lead counsel, located in New York City, the court found the purpose of attorney's fees awarded in connection with motions to compel discovery is to sanction the party resisting discovery and deter abusive litigation practices, in contrast to attorney's fees awarded pursuant to a fee-shifting statute where the award of

7

attorney's fees to a successful plaintiff is intended to facilitate retention by a plaintiff

without financial means of competent legal counsel to litigate legitimate claims the

plaintiff may otherwise be unable to pursue.  Feb. 14, 2012 D&O at 13-20 (citing *On*

*Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 Fed.Appx. 448, 452 (2d Cir. 2009),

and *Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc.*, 28

F.3d 259, 266 (2d Cir. 1994)).  Alternatively, even if the punitive nature of the attorney's

fees to be awarded is insufficient to substantiate calculating the fees based on

Defendants' attorneys' regular New York City rates, here, the forum rule's exception

permitting use the out-of-district hourly rates is justified by the unique nature of the

instant action, including that more than the correct interpretation of the alleged contract

and whether the alleged contract has been breached are at issue; significantly,

resolution of the heavily contested issue of the alleged contract's authenticity is an

issue requiring computer "forensic procedures not typically seen in this court," including

examination of numerous computers and Internet accounts, extraction of remnants of

information as much as nine years old, and handwriting and document authentication

experts, as well as legal counsel possessing the litigation skills and technical knowledge

required to marshal such evidence to defend the action against Plaintiff's multi-billion

dollar claim as well as to pursue Defendants' affirmative defense of fraud.  *Id.* at 21-23.

This determination was corroborated by Plaintiff's own perceived need to attract a "top

tier law firm" to represent him in this action, and Plaintiff's own choice for his legal

counsel of Dean M. Boland, Esq., who promotes himself "as having particular expertise

with legal issues involving technology."  *Id.* at 24-25.   Accordingly, the court finds that

the hourly rates claimed by Defendants in their Supplemental Fee Application will not

be reduced beyond the 25% by which Defendants have already voluntarily reduced them.  The number of hours Defendants claim to have expended preparing and defending the Initial Fee Application are, however, excessive, and are reduced in accordance with the following discussion.

**3.    Claimed Hours**

Because the Jan. 10, 2012 D&O granted Defendants' Sanctions Request, imposing on Plaintiff a civil sanction and awarding Defendants attorney's fees incurred in attempting to obtain Plaintiff's compliance with various discovery orders, the only issues before the court on the Initial Fee Application were whether the claimed hourly rates and the number of hours Defendants' attorneys expended preparing and litigating Defendants' Sanctions Request were reasonable.  Although the issues presented in support of Defendants' Sanctions Request were complicated, the issues before the court on the Initial Fee Application were not but, rather, involved issues routinely confronted on fee applications including the reasonableness of the asserted hourly rates and the necessity for the claimed hours.  *See Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 2011 WL 2421098, at * 5-7 (W.D.N.Y. Jun. 13, 2011) (finding relative simplicity of issues presented in initial application for attorney's fees awarded in connection with motions seeking discovery and sanctions, for which issues were more complex, warranted discounting fees claimed in supplemental fee application by 50%).

In support of the Supplemental Fee Application, Defendants submit the

Supplemental Billing Narratives for Sanctions Work ("Billing Narrative"),[3] detailing the number of hours worked by each attorney on the Initial Fee Application, and a description of such work.  The court finds that the Billing Narrative, however, establishes much duplication and unnecessary time spent preparing the Initial Fee Application.  Specifically, the hours claimed by Snyder are justified given Snyder's status as lead counsel and responsibility for overseeing Defendants' defense in this matter.  The Billing Narrative, however, establishes the eight hours claimed by Dupree, who works Gibson Dunn's Washington, D.C. office, are largely duplicative of Southwell's hours.  For example, both Dupree and Southwell claim to have performed work reviewing and revising the legal memoranda submitted in support of the Initial Fee Application.  *Compare*, *e.g.*, Billing Narrative, entries dated 2/1/2012 for Dupree (claiming .25 hours to "[r]evise reply brief regarding fees; telephone conference with A. Southwell regarding same."), and for Southwell (claiming 3.5 hours to "[r]eview, draft, and edit reply on fee application; discuss reply with team; confer with T. Dupree re same; review and edit declaration in support of reply; discuss same with S. Narasimhan.").  Accordingly, the eight hours claimed by Dupree will be disallowed.  Further, the hours claimed by Southwell constitute an additional level of review that was largely unnecessary, are overstated by 50%, and shall be reduced from 23.25 to 11.625.

As with Dupree and Southwell, the Billing Narrative establishes the 26.5 hours claimed by Benjamin are duplicative of those claimed by Aycock and will be disallowed.

---

[3] Southwell Declaration Exh. A.

*Compare*, *e.g.*, Billing Narrative entries dated 1/20/2012 for Benjamin (claiming 6.5 hours to "[r]evise memorandum ISO fee application and confer with A. Southwell, A. Aycock, and S. Narasimhan re same; revise Southwell declaration ISO fee application; confer with O. Snyder re memorandum ISO fee application; revise billing entries and confer with A. Aycock and P. Narasimhan re same; revise memorandum ISO fee application; confer with T. Green re research ISO fee application; finalize and file fee application."), and for Aycock (claiming 6.5 hours to "[r]eview, revise, finalize, and file papers re fee application; confer with O. Snyder, A. Southwell, M. Benjamin, and S. Narasimhan re same.").  The 22.25 hours claimed by Aycock, however, are reasonable and shall not be further reduced.

Accordingly, Defendants are awarded attorney's fees in connection with the Supplemental Fee Application as follows:

| Attorney | Claimed Rate | Hours | Total Fees |
|----------|--------------|-------|------------|
| Snyder | $     716.25 | 3.000 | $  2,148.75 |
| Southwell | 618.75 | 11.625 | 7,192.97 |
| Aycock | 337.50 | 22.250 | 7,509.37 |
| **Total:** | | 29.458 | $ 16, 851.09 |

Defendants are thus awarded $ 16,851.09 in attorney's fees for work on the Initial Fee Application.

## 4.     Request for Payment Deadline

Defendants also request that Plaintiff be directed to pay the supplemental attorney's fees awarded herein, as well as the initial attorney's fees awarded by the

Feb. 14, 2012 D&O, within two weeks, maintaining that courts within the Second Circuit routinely dismiss cases for non-compliance with a sanctions order based on the failure to timely pay monetary sanctions.  Defendants' Motion at 4 n. 1; April 17, 2012 Letter 1-3.  Such dismissal would be pursuant to Fed.R.Civ.P. 41(b) ("Rule 41(b)"), which permits the dismissal of an action based on the plaintiff's failure to comply with "any order of court."  Fed.R.Civ.P. 41(b) (permitting involuntary dismissal of an action based on the plaintiff's failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with a court order).   A dismissal pursuant to Rule 41(b), however, generally requires a balancing of five factors, including

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Selletti v. Carey*, 173 F.3d 104, 111 (2d Cir. 1999) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Significantly, the Second Circuit, after weighing the five factors, held that the district court's dismissal of an action based on the plaintiff's failure to comply with an order imposing discovery sanctions was an abuse of discretion where the district court failed to consider the plaintiff's asserted inability to pay the sanction or to post security in the amount required.  *Selletti*, 173 F.3d at 111 (although "it is clear that most of the relevant considerations weigh heavily in favor of dismissal, we nevertheless conclude that the district court abused its discretion by failing to accord any significant weight to plaintiff's inability to pay the sanction or post security in the required amount, a consideration relevant to plaintiff's interest in receiving a fair chance to be heard." (citing *English v.*

12

*Crowell*, 969 F.2d 465, 473 (7th Cir. 1992)).

Significantly, in several of the cases Defendants cite in support of this request, the sanctioned party was provided with an opportunity to inform the court on the plaintiff's ability to pay the sanction.  *See*, *e.g.*, *Sheehy v. Wehlage*, 2007 WL 607093, at *7-8 (W.D.N.Y. Feb. 20, 2007) (directing payment of sanction within fourteen days where plaintiffs, despite being provided with ample opportunity, failed to present any documentation establishing plaintiffs' claimed economic hardship rendered plaintiffs unable to pay sanction).  In another case, the court dismissed the action based not only on the plaintiff's failure to pay court-ordered sanctions for discovery abuses, but also for failing to either produce the court-ordered discovery or explain why production of the discovery was not possible.  *See SD Protection, Inc. v. Del Rio*, 2008 WL 5102249, at * 7-8 (E.D.N.Y. Nov. 21, 2008).

Here, Plaintiff has yet to be required to demonstrate why he would not be able to pay the attorney's fees awarded in connection with the Initial Fee Application or the instant Supplemental Fee Application such that directing Plaintiff to make such payment or face dismissal of the action could unjustly deprive Plaintiff of his opportunity to be heard.  *See Selletti*, 173 F.3d at 111.  As such, Defendants' request that Plaintiff be directed to pay the attorney's fees awarded herein within two weeks is DENIED.

Nevertheless, the court will issue, contemporaneously with this Decision and Order, an Order to Show cause directing Plaintiff, within fourteen (14) days of receipt of this Decision and Order, to either pay the attorney's fees awarded both by the Feb. 14, 2012 D&O in connection with Defendants' Initial Fee Application, as well as those awarded herein in connection with the Supplemental Fee Application, or submit

13

documentation demonstrating why such payment is not possible.

## **CONCLUSION**

Based on the foregoing, Defendants are awarded on the Supplemental Fee

Application $ 16,851.09 for attorney's fees incurred preparing and defending the Initial

Fee Application.  Defendants' request that Plaintiff be directed to make such payment

within two weeks is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      May 3, 2012
            Buffalo, New York