UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                Plaintiff,

     v.

MARK ELLIOT ZUCKERBERG, and
FACEBOOK, INC.,

                Defendants.

**ORDER**

**10-CV-00569A(F)**

---

APPEARANCES:         PAUL A. ARGENTIERI, ESQ.
                               Attorney for Plaintiff
                               188 Main Street
                               Hornell, New York 14843

                               BOLAND LEGAL LLC
                               Attorneys for Plaintiff
                               DEAN M. BOLAND, of Counsel
                               18123 Sloane Avenue
                               Lakewood, Ohio 44107

                               MILBERG LLP
                               Attorneys for Plaintiff
                               SANFORD P. DUMAIN,
                               JENNIFER LEIGH YOUNG, and
                               MELISSA RYAN CLARK, of Counsel
                               One Pennsylvania Plaza, 49th Floor
                               New York, New York 10119-0165

                               JONES & SKIVINGTON
                               Attorneys for Plaintiff
                               PETER K. SKIVINGTON, of Counsel
                               31 Main Street
                               P.O. Box 129
                               Geneseo, New York 14454

                               ROBERT B. CALIHAN, ESQ.
                               Attorney for Plaintiff
                               16 West Main Street
                               Suite 761
                               Rochester, New York 14614

GIBSON, DUNN & CRUTCHER, LLP
Attorneys for Defendants
ORIN S. SNYDER,
ALEXANDER H. SOUTHWELL, and
THOMAS H. DUPREE, of Counsel
200 Park Avenue, 47th Floor
New York, New York 10166-0193

HARRIS BEACH LLP
Attorneys for Defendants
TERRANCE P. FLYNN, of Counsel
Larkin at Exchange
726 Exchange Street, Suite 1000
Buffalo, New York 14210

Defendants' Motion for Clarification of the Court's Order Regarding Discovery on Defendants' Rule 12(c) Motion (Doc. No. 372) ("Defendants' Motion") filed May 8, 2012, is before the undersigned pursuant to the referral order of Hon. Richard J. Arcara dated May 27, 2011 (Doc. No. 41).

At issue in this action is whether a "Work for Hire" contract allegedly executed on April 28, 2003, created a partnership between Plaintiff Paul D. Ceglia ("Plaintiff") and Defendant Mark Elliot Zuckerberg ("Zuckerberg") for the development of two separate internet business ventures including, relevant here, the social-networking website created and maintained by Zuckerberg, and known as Defendant Facebook, Inc. ("Facebook").  On March 26, 2012, Defendants filed dispositive motions seeking (1) to dismiss the action to sanction Plaintiff for perpetrating a fraud on the court by, *inter alia*, representing to the court that the Work for Hire contract is authentic, when Plaintiff knows it is a forgery (Doc. No. 318) ("Motion to Dismiss") and (2) judgment on the pleadings asserting the action is time-barred and barred by the doctrine of laches (Doc. No. 320) ("Motion for Judgment on the Pleadings") (together, "dispositive motions").

Defendants' argument in support of the Motion to Dismiss that Plaintiff's claims are time-barred is largely based on Defendants' assertion that on April 13, 2004, Zuckerberg incorporated in Florida a limited liability company, Thefacebook, LLC ("the LLC") as a precursor to Facebook.  Because the Amended Complaint identifies July 29, 2004, the date Zuckerberg incorporated Facebook in Delaware, as the date Zuckerberg allegedly misappropriated the partnership assets, thereby triggering the accrual of Plaintiff's claims in this action, the formation of the LLC three months earlier would render this action, filed June 30, 2010, time-barred under the applicable six-year limitations period.  Contemporaneous with the filing of Defendants' dispositive motions, Defendants also moved to stay discovery pending resolution of the dispositive motions (Doc. No. 322) ("Defendants' Motion to Stay").

On April 4, 2012, following oral argument on Defendants' Motion to Stay conducted before the undersigned, the court granted the motion insofar as Defendants sought to stay general discovery, but denied the motion in part, permitting expert discovery limited to that necessary for Plaintiff to oppose Defendants' Motion to Dismiss (Doc. No. 348) ("April 4, 2012 Minute Entry").  Plaintiff also was given seven days to provide argument explaining why discovery was necessary to oppose the Motion for Judgment on the Pleadings. *Id.*

On April 11, 2012, Plaintiff filed a Memorandum in Support of Discovery on Defendants' Rule 12(c) Motion (Doc. No. 349) asserting Plaintiff needed discovery as to those matters outside the pleadings raised in Defendants' Motion for Judgment on the Pleadings.  In particular, Plaintiff requested discovery to determine what other Facebook entities existed and when they were formed, the identification of any other

Facebook ownership interests created and transferred into such entities, and inspection of the sealed records of previous litigation against Defendants. In their response filed April 18, 2012 (Doc. No. 353) Defendants argued that no discovery would enable Plaintiff to demonstrate the LLC, the public filing of which Defendants urges the court to take judicial notice, was not formed on April 13, 2004, more than six years before Plaintiff commenced the instant action, such that the action is time-barred. In Plaintiff's Reply in Support of Discovery on Defendants' Rule 12(c) Motion (Doc. No. 360), filed April 25, 2012, Plaintiff asserted discovery was necessary regarding the legal effect of the formation of the LLC on the partnership allegedly established between Plaintiff and Zuckerberg by the Work for Hire contract.

In a Decision and Order filed April 30, 2012 (Doc. No. 366) ("April 30, 2012 D&O"), the undersigned granted in part and denied in part Defendants' Motion to Stay, converting Defendants' motion for judgment on the pleadings to a motion for partial summary judgment on the issues of statute of limitations and laches. April 30, 2012 D&O at 5. The final two sentences of the April 30, 2012 D&O provide

> Plaintiff is thus permitted discovery under Fed.R.Civ.P. 56(d), limited to serving, within 60 days, interrogatories and document requests regarding (1) assuming, *arguendo*, the Work for Hire contract dated April 28, 2003 is authentic, what intellectual property rights and other ownership interests were created by the contract's language providing that Plaintiff, in exchange for helping fund Zuckerberg's development of FaceBook, would give Plaintiff "a half interest (50%) in the software, programming language and business interests derived from the expansion of that service to a larger audience," and (2) how the formation of the LLC necessarily divested Plaintiff of any and all interest in the partnership's assets, including intellectual property rights. Depositions will not be permitted absent leave of the court.

*Id.*

On May 8, 2012, Defendants filed the instant motion seeking clarification of the

April 30, 2012 D&O, asserting that as written, Plaintiff "will deliberately misconstrue" the April 30, 2012 D&O "as providing a springboard for wide-ranging discovery into matters that have nothing to do with him or his claims." Memorandum of Law in Support of Defendants' Motion for Clarification of the Court's Order Regarding Discovery on Defendants' Rule 12(c) Motion (Doc. No. 373) ("Defendants' Memorandum") at 1. Defendants suggest substituting the following language for the final two sentences of the April 30, 2012 D&O:

> Plaintiff is thus permitted discovery under Rule 56(d), limited to serving, within 60 days, interrogatories and document requests directly concerning (1) assuming, *arguendo*, the Work for Hire contract dated August 28, 2003 is authentic, what were Plaintiff's intellectual property rights and other ownership interests under the contract's language providing that Plaintiff, in exchange for helping fund Zuckerberg's development of FaceBook, would own "a half interest (50%) in the software, programming language and business interests derived from the expansion of that service to a larger audience," and (2) the effect of the formation of the LLC on Plaintiff's interest in the partnership's assets, including Plaintiff's intellectual property rights. Depositions will not be permitted absent leave of the Court.

Defendants' Memorandum at 8.

According to Defendants, the suggested "minor revisions" will prevent Plaintiff from "willfully mischaracterizing the scope" of discovery permitted by the April 30, 2012 D&O and "burdening Defendants with overly broad discovery requests" by clarifying Plaintiff "may only request discovery on matters that directly concern (1) Ceglia's alleged rights and interests under the Work for Hire Document, and (2) the effect that the formation of Thefacebook LLC had on Ceglia's alleged rights and interests. *Id.* at 7-8 (underlining in original).

In opposition, Plaintiff asserts Defendants' proposed revisions do not "clarify anything" and can only be presumed to be "designed to fit into prepared arguments

5

[Defendants] have already generated to deny access to documents and refusals to answer legitimate interrogatories." Plaintiff's Response to Defendants' Motion for Clarification of the Court's Order Regarding Discovery on Defendants' Rule 12(c) Motion (Doc. No. 376) ("Plaintiff's Response") at 3. Plaintiff further maintains the April 30, 2012 D&O is "clear and narrowly tailored," *id.* at 4, that discovery is critical as to what Defendants "regard as the intellectual property rights that were granted to [Plaintiff] under the [Work for Hire contract] before analyzing what property or property rights were transferred by Zuckerberg to any subsequent person or entity, *id.* at 5, and that discovery of what documents Zuckerberg signed reflecting asset transfers into the LLC would reveal whether a breach of the Work for Hire contract occurred as no breach would have occurred unless Zuckerberg attempted to transfer more than a 50% interest in intellectual property rights into the LLC, *id.* at 5-7. Plaintiff also references the Third Amended Complaint filed in another legal action commenced by Zuckerberg and Facebook against Facebook co-founder Eduardo Saverin ("Saverin"), *Facebook, Inc. v. Saverin*, No. 105CV039867, filed in California Superior Court, Clara County ("*Saverin* Case"), in which Defendants to this action alleged

> On April 13, 2004, Saverin formed the LLC, which was organized as a limited liability company under Florida law. Zuckerberg, Moskovitz and Saverin are each listed as members and managers of the LLC in the Articles of Organization. At no time were the intellectual property rights in the business ever assigned to the LLC. At no time did those rights ever belong to the LLC.

*Saverin* Case, Third Amended Complaint[1] ¶ 10.

According to Plaintiff, this statement by Defendants in the *Saverin* Case establishes the

---

[1] Attached as Exh. 1 to Plaintiff's Response.

absence of any merit to Defendants' Motion for Judgment on the Pleadings because it demonstrates that Defendants did not transfer any intellectual property assets into the LLC, such that no breach of the Work for Hire contract occurred on April 13, 2004. Plaintiff's Response at 8.

In further support of clarification, Defendants assert that Plaintiff's arguments in opposition to clarification establish "the parties are in agreement on fundamental points," Defendants' Reply Memorandum of Law in Support of Defendants' Motion for Clarification of the Court's Order Regarding Discovery on Defendants' Rule 12(c) Motion (Doc. No. 380) ("Defendants' Reply") at 1, including that discovery under the April 30, 2012 D&O should be limited to Plaintiff's alleged rights and interests under the Work for Hire contract, *id.* at 2-3, and that no discovery is necessary as to how the formation of the LLC necessarily divested Plaintiff of any partnership assets, including intellectual property rights, *id.* at 3-4, yet maintain that Plaintiff's objections to the language modifications proposed by Defendants are misplaced because the suggested revisions do not result in any substantive change in meaning, *id.* at 5-6.

Consideration of the arguments advanced by Plaintiff and Defendants establishes that no clarification of the April 30, 2012 D&O is warranted. In particular, as Defendants recognize, Defendants' Reply, *passim*, Plaintiff's interpretation of the scope of discovery permitted under the April 30, 2012 D&O is essentially the same as Defendants' interpretation.  Plaintiff's assertion, Plaintiff's Response at 8, that Defendants, by claiming, as plaintiffs in the *Saverin* case, that no intellectual property rights were transferred into the LLC formed by Saverin on April 13, 2004 under Florida law, moots that issue in the instant case and, as Defendants admit, Defendants' Reply

at 3, no further discovery on this issue is required. Given that the parties largely agree as to the scope of discovery permitted by the April 30, 2012 D&O, any need for clarification is, at this time, speculative. Accordingly, Defendants' motion (Doc. No. 372) is DENIED.

  Should Defendants find any interrogatory Plaintiff serves to be beyond that permitted in accordance with the Order, Defendants may promptly move for a protective order.

SO ORDERED.

                /s/ *Leslie G. Foschio*

                _____
                 LESLIE G. FOSCHIO
               UNITED STATES MAGISTRATE JUDGE

DATED:  May 30, 2012
      Buffalo, New York