UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

        Plaintiff,

  v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

        Defendants.

---

Civil Action No. 1:10-cv-00569-RJA

**DEFENDANTS' RESPONSE TO CEGLIA'S COUNSEL'S MOTION TO WITHDRAW**

Less than three months after noticing their appearances in this fraudulent lawsuit, attorneys Sanford Dumain, Jennifer Young, and Melissa Clark of Milberg LLP, Robert B. Calihan of Calihan Law PLLC, and Peter Skivington of Jones & Skivington now move to withdraw as counsel of record for Plaintiff Paul Ceglia. Doc. No. 395. Assuming this Court grants the motion to withdraw, these law firms would be the seventh, eighth, and ninth to abandon their representation of Ceglia in this case. In support of their Motion to Withdraw, Ceglia's counsel offer the Declaration of Mr. Dumain. Because that Declaration was submitted *in camera* and *ex parte*, Defendants do not know the specific factual bases on which Ceglia's counsel seeks to withdraw.

As the Court is well aware, two factors guide its determination of a motion to withdraw: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Sang Lan v. AOL Time Warner, Inc.*, No. 11-cv-02870 (LBS)(JCF), 2011 WL 5170311, at *1 (S.D.N.Y. Oct. 31, 2011). "[D]istrict courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d

317, 320 (2d Cir. 1999). Ceglia—who is attempting to perpetrate a massive fraud on Defendants and this Court—has repeatedly sought frivolous extensions and stays and explicitly instructed his former lawyers Jeffrey Lake and Nathan Shaman to defy this Court's orders. Moreover, just one week ago, Mr. Shaman admitted in a sworn declaration that he had attempted to withhold two emails from Defendants and this Court by invoking the attorney-client privilege without any good-faith factual basis for doing so. Doc. No. 387, ¶7. And only yesterday, the Court denied Ceglia's baseless motion to extend his deadline to submit expert reports, finding that "there are no grounds to warrant any modification" of Ceglia's obligation. Doc. No. 404. Given Ceglia's extensive history of litigation misconduct, Defendants are concerned that Ceglia will invoke counsel's withdrawal as a pretext to further stall, delay, and obstruct this Court's processes.

Moreover, Ceglia's lawyers have offered inconsistent statements regarding the basis on which counsel seek to withdraw. Dean Boland has stated publicly that his co-counsel wish to withdraw merely because "[t]hey simply thought it was best for [Ceglia] that they no longer serve as a distraction." Phil Fairbanks, *Another firm drops out of Ceglia suit*, Buffalo News, May 31, 2012, available at http://www.buffalonews.com/city/police-courts/courts/article880752.ece (last visited June 1, 2012). On the other hand, Mr. Dumain has informed Defendants that Milberg LLP, Calihan, and Skivington have "irreconcilable differences of opinion" with Ceglia, Boland, and Paul Argentieri "as to important strategic decisions in the conduct of the litigation." Declaration of Amanda M. Aycock, ¶ 6. Given these inconsistent explanations, Defendants are unable to address counsel's basis for seeking to withdraw less than three months after they first appeared in this case.

Accordingly, Defendants take no position with respect to whether the Court should grant or deny counsel's Motion to Withdraw. Given the circumstances surrounding counsel's recent

2

entry in this case—which occurred after six other law firms had abandoned Ceglia and after Defendants advised counsel of their heightened duty, pursuant to Rule 11, to investigate the factual basis for continuing to prosecute this fraudulent lawsuit—Defendants simply ask the Court to make a searching inquiry and to ensure that counsel's withdrawal does not delay Ceglia's compliance with his long-standing obligations under the expedited discovery orders, including the court-ordered deadlines, pursuant to the April 4 Order (Doc. No. 348) for Ceglia's submission of expert reports and the parties' deposition of experts. Defendants also respectfully suggest that, under these circumstances, the Court may require Ceglia to appear personally, *in camera* if necessary, to explain any purported "irreconcilable differences of opinion" with co-counsel regarding his future conduct of this litigation.

Should this Court grant counsel's Motion to Withdraw, Defendants respectfully request that it impose a condition that such approval shall not be construed as authorizing any delay by Ceglia in responding to discovery requests, complying with court orders, or conducting any other aspect of this litigation. A conditional grant is with precedent in this Circuit. In *Schine v. Crown*, the Court imposed an identical condition in granting plaintiffs' fourth counsel's permission to withdraw, noting that "[a] party is not permitted to delay discovery or other pretrial proceedings by means of a change of counsel." *Schine v. Crown*, No. 89-cv-03421 (MJL), 1993 WL 127199, at *1 (S.D.N.Y. Mar. 31, 1993). The conditional order continued: "Under no circumstances will any enlargement of time be granted for the purpose of retaining new counsel or allowing new counsel to become familiar with the case." *Id.* at *4–5. The *Schine* Court also required any newly appearing counsel to acknowledge familiarity with its withdrawal order. Should this Court grant counsel's Motion to Withdraw, Defendants respectfully request that it

impose a similar set of conditions to ensure that Ceglia and his lawyers do not exploit the withdrawal as a pretext for further obstruction or delay.

Finally, Defendants respectfully reaffirm their prior request that the Court institute the pre-motion procedure described in their May 30, 2012 letter to the Court (Doc. No. 394-1 at 4). As Defendants explained, this modest procedural backstop is necessary to prevent Ceglia, Boland, and Argentieri from inundating Defendants and this Court with frivolous, harassing papers intended solely to drive up the costs of litigation—a consistent tactic that has only intensified since their co-counsel announced their intention to withdraw one week ago. *See* Doc. Nos. 386, 387, 390, 392, 394, 397. Similar pre-motion procedures are routinely required as a matter of individual practice by district courts in this Circuit, *see, e.g.*, Individual Practices of Judge P. Kevin Castel, available at http://nysd.uscourts.gov/judge/Castel (last visited June 1, 2012), and would be well within this Court's discretion to impose here.

Dated:        New York, New York
              June 1, 2012

                                                            Respectfully submitted,

                                                            /s/ Orin Snyder
Thomas H. Dupree, Jr.                                       Orin Snyder
GIBSON, DUNN & CRUTCHER LLP                                 Alexander H. Southwell
1050 Connecticut Avenue, NW                                 Matthew J. Benjamin
Washington, DC 20036                                        Amanda M. Aycock
(202) 955-8500                                              GIBSON, DUNN & CRUTCHER LLP
                                                            200 Park Avenue, 47th Floor
                                                            New York, NY 10166-0193
Terrance P. Flynn                                           (212) 351-4000
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*