UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL D. CEGLIA,

                Plaintiff,

    v.

MARK ELLIOT ZUCKERBERG,
FACEBOOK, INC.,

                Defendants.
_____

**DECISION
and
ORDER**

**10-CV-569A(F)**

APPEARANCES:      PAUL A. ARGENTIERI, ESQ.
                            Attorney for Plaintiff
                            188 Main Street
                            Hornell, New York   14843

                            BOLAND LEGAL, LLC
                            Attorney for Plaintiff
                            DEAN M. BOLAND, of Counsel
                            18123 Sloane Avenue
                            Lakewood, Ohio   44107

                            GIBSON, DUNN & CRUTCHER, LLP
                            Attorneys for Defendants
                            ORIN S. SNYDER,
                            ALEXANDER H. SOUTHWELL,
                            THOMAS H. DUPREE, JR., of Counsel
                            200 Park Avenue, 47th Floor
                            New York, New York   10166-0193

                            HARRIS BEACH LLP
                            Attorneys for Defendants
                            TERRANCE P. FLYNN, of Counsel
                            Larkin at Exchange
                            726 Exchange Street, Suite 1000
                            Buffalo, New York   14210

      By papers filed June 8, 2012, Plaintiff moves (Doc. No. 426)[1] to vacate the

court's order, filed April 4, 2012, granting in part and denying in part Defendants' motion

---

[1] Plaintiff incorrectly refers to this motion as Doc. No. 430. Plaintiff's Memorandum of Law Regarding Motions to Strike Defendants' Response to Doc. No. 438 (Doc. No. 442) at 2.

to stay discovery and to stay proceedings pending entry of a full scheduling order allowing plenary discovery to proceed in this action (Doc. 426) ("Plaintiff's Motion to Vacate and Stay").  By papers filed June 16, 2012, Plaintiff also moves to disqualify Defendants' counsel based on the ethical prohibition against joint representation of parties (Doc. No. 437) ("Plaintiff's Motion to Disqualify").  Defendants have opposed Plaintiff's Motion to Vacate and Stay by papers filed June 15, 2012 (Doc. No. 433).  Plaintiff's reply was filed June 18, 2012 (Doc. No. 440).  By order filed June 18, 2012, Defendants were directed to file a response to Plaintiff's Motion to Disqualify by June 22, 2012; Plaintiff's reply is to be filed June 25, 2012 (Doc. No. 439).

By letter dated June 19, 2012, Defendants informed the court that oral depositions of Plaintiff's experts who filed reports in accordance with the schedule established by the court following oral argument on Defendant's motion to stay discovery conducted on April 4, 2012 (Doc. No. 348) have been noticed to commence on June 26, 2012 (Doc. No. 447) (Exh. A) and requested clarification that the pendency of Plaintiff's Motion to Vacate and Stay and Plaintiff's Motion to Disqualify in which Plaintiff requests a stay of all discovery pending the court's determination, Doc. No. 438 at 16, does not operate to stay the conduct of the noticed deposition of Plaintiff's experts.  By papers filed June 19, 2012, Plaintiff moves to strike Defendants' letter on the ground that it violates the court's Local Rules of Civil Procedure regarding the filing of pleadings.  Doc. No. 442 at 2-4.

Although it should be self-evident that absent an order granting a stay of the scheduled depositions such depositions should proceed in accordance with duly served notices pursuant to Fed.R.Civ.P. 30, nevertheless given the importance of the issue

raised by Defendants' letter requesting clarification and the need to adhere to the court's schedule governing expert discovery, the court has elected to give expedited consideration to Plaintiff's requests for a stay of such discovery.  A party seeking a stay of discovery has the burden of establishing there exists good cause for the request. *Morien v. Munich Reinsurance America, Inc.*, 270 F.R.D. 65, 67 (D.Conn. 2010) (citing *Chamberlain v. Farmington Sav. Bank*, 247 F.R.D. 288, 290 (D.Conn. 2007)).  Several factors guide the court in determining whether a stay of discovery should be granted including the strength of the claim by the party seeking discovery, the breadth and burden of the discovery sought, and the "risk of unfair prejudice to the party opposing the stay."  *Id.* (citing *Josie-Delerme v. Am. Gen. Fin. Corp.*, 2009 WL 497609 at *1 (E.D.N.Y. Feb. 26, 2009)).  Courts also consider the "nature and complexity of the action," the type of challenge in a dispositive motion directed to the claim of the party requesting discovery, and the "posture or stage of the litigation."  *Morein*, 270 F.R.D. at 67 (citing *Josie-Delerme*, 2009 WL 497609 at *1).  A request for a stay of discovery requires a showing of good cause and is within the sound discretion of the court. *Steuben Foods, Inc. v. Country Gourmet Foods, LLC,* 2009 WL 3191464 at *3 (W.D.N.Y. Sep't. 30, 2009) ("*Steuben*") (citing *Davidson v. Goord*, 215 F.R.D. 73, 82 (W.D.N.Y. 2003) (citing *Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2d. Cir. 1987))).  In finding good cause, a court is required to balance several relevant factors including the pendency of dispositive motions, potential prejudice to an opposing party, the extensiveness of the requested discovery, and the burden of the requested discovery on the requested party, *i.e.*, the party seeking the stay.  *Steuben*, 2009 WL 3191464 at *3 (citing *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, 2009

WL 274483 at *1 (S.D.N.Y. Feb. 3, 2009)).  Where the stay is requested in the context of a pending dispositive motion, the court will consider preliminarily whether the motion appears to have "'substantial grounds'" or "'does not appear to be without foundation in law.'" *Steuben,* 2009 WL 3191464 at *3 (quoting *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)).  When confronted with request for a discovery stay based on a pending motion, courts may also preliminarily evaluate the apparent merits of such motion.  *Steuben*, 2009 WL 3191464 at **3-11 (evaluating probable merits of defendants' pending summary judgment motion in considering defendants' motion to stay discovery pending disposition of summary judgment motion) (citing *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D.Cal. 2000) (court must "'take a preliminary peek at the merits of the allegedly dispositive motion' to assess its likelihood of success") (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997) (internal citations omitted)).

 Here, Defendants have moved to dismiss Plaintiff's contract claim on the ground that, based on Defendants' expert forensic tests, the contract upon which Plaintiff's claims depend is a fabrication (Doc. No. 318).  Thus, by prohibiting general discovery in the action while allowing discovery limited to the threshold question of the contract's authenticity (Doc. No. 348), the court has found, given Defendants' voluminous forensic evidence submitted in support of Defendants' motion to dismiss, that Defendants' motion has a substantial basis.  On the other hand, Plaintiff's Motion to Vacate and Stay, based on Plaintiff's contention that New York substantive law applies to Defendants' Motion to Dismiss is not dispositive and, based on the court's preliminary review, does not appear meritorious because New York's requirement that a judgment

4

may be impeached only for fraud extrinsic to the merits is a procedural matter, Plaintiff's Memorandum (Doc. No. 427) at 4-8, and thus is not applicable under the Erie Doctrine to a federal court sitting in a diversity case such as this. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54-55 (1991) (holding district court, sitting in diversity, properly invoked inherent power in assessing sanction against litigant for bad-faith conduct perpetrated on the court, even if applicable state law does not recognize such sanctions). In this case, Defendants' motion to dismiss based on the purported fraudulent nature of the contract is intended to avoid unnecessary litigation of the merits of Plaintiff's claim and is predicated on the court's inherent power to protect its integrity against fraudulent claims. Defendants' Memorandum in Support of Motion to Dismiss, Doc. No. 319, at 20-28. Accordingly, Plaintiff's Motion to Vacate and Stay appears to lack merit.

Additionally, even if Plaintiff's motion was meritorious, vacating the present schedule for limited expedited discovery directed to the experts' reports and conclusions as established by the court would not obviate the eventual taking of such depositions in this case given the vigor with which Defendants have pursued the issue of Plaintiff's purported fraud. Thus, Plaintiff's request for stay of discovery at this time would merely postpone the noticed depositions which will eventually be required in any event. Taking the depositions of Plaintiff's experts at this time in accordance with the court's schedule thus also aids in preserving the accurate recall of the expert witnesses as to any forensic testing conducted and a more complete exposition of the rationales for their respective opinions. Contrawise, to forclose such a critical discovery opportunity, at this point in the case, to Defendants deprives Defendants of an early

and comprehensive judicial consideration of the merits of Defendants' motion.  In the context of Plaintiff's very substantial claims, it cannot be gainsaid that Defendants will not be seriously prejudiced by any delay in the prompt resolution of Defendants' motion particularly in light of Defendant Facebook, Inc.'s recent prominence as a public company.  Significantly, Plaintiff does not contend that the conduct of the noticed depositions will be unreasonably burdensome to Plaintiff at this time and under the court's schedule, Plaintiff is entitled to take the depositions of Defendants' experts whose reports provide the grounds for Defendants' motion to dismiss based on fraud, to enable Plaintiff to oppose Defendants' motion.

The same may be said for Plaintiff's request to stay the completion of expert discovery based on Plaintiff's recent discovery that Defendants' joint representation by Gibson Dunn & Crutcher, LLP requires that firm's disqualification.   Until Defendants' response to Plaintiff's Motion to Disqualify is filed, the court is, of course, unaware whether this potential issue was discussed at the outset of Gibson Dunn's representation and a waiver of any potential conflict between Defendant Zuckerberg and Defendant Facebook, Inc. or a consent to such joint representation was obtained, or whether such a waiver or consent may be obtained prior to the commencement of the noticed depositions obviating Plaintiff's motion.  *See* 22 N.Y.C.R.R. § 1200.00, Rules of Professional Conduct Rule 1.7(b) (permitting attorney to represent multiple clients despite potential conflict of interest if (1) attorney reasonably believes competent and diligent representation can be provided to both clients, (2) the representation is not prohibited by law, (3) neither client is asserting a claim against the other, and (4) each client gives informed consent to the joint representation, confirmed in writing.); *Kittay v.*

*Kornstein*, 270 F.3d 531, 538 (2d Cir. 2000) (observing New York Rules of Professional Conduct permit joint representation of clients with informed consent).  In any event, even if there were merit in Plaintiff's motion such would not preclude the depositions; it would merely delay them to Defendants' substantial prejudice.  In the context of this case, while Plaintiff's sensitivity to the Code of Professional Responsibility is commendable as an abstract matter, the court finds the exigencies of the case require the parties to proceed with the noticed depositions.  However, in the particular circumstances, it appears implausible to the court that the interests of Defendant Zuckerberg, an acknowledged lead founder and majority shareholder of Defendant Facebook, Inc. could conceivably be divergent so as to require the court to find such waiver and consent to be ineffective.  The same may be said in light of Facebook Inc.'s post-IPO status.  *See* Steven M. Davidoff, *A Big Bet on Zuckerberg*, N.Y. TIMES, Feb. 2, 2012, http://dealbook.nytimes.com/2012/02/02/a-big-bet-on-zuckerberg/ (describing structure of Facebook shares, as set forth in offering documents, and explaining that after Facebook becomes a publicly traded company, Zuckerberg will have voting control over at least 57.1 percent of Facebook's Class B shares, *i.e.*, voting stock).  Nor has Plaintiff shown he is presently a Facebook shareholder with standing to raise the disqualification question on behalf of the corporation.  So viewed, Plaintiff's motion appears without sufficient potential merit to warrant the requested stay on this ground.

## CONCLUSION

Based on the foregoing, Plaintiff's requests for a stay of discovery, as stated in Doc. Nos. 426 and 437 are DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 20, 2012
　　　　Buffalo, New York