UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                              x
PAUL D. CEGLIA,                                               :
                                                              :
            Plaintiff,                                      :
                                                              :
     v.                                                     :  Civil Action No. 1:10-cv-00569-
                                                              :  RJA
MARK ELLIOT ZUCKERBERG and                                    :
FACEBOOK, INC.,                                               :
                                                              :
            Defendants.                                     :
                                                              x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR SEVENTH MOTION TO COMPEL AND FOR OTHER RELIEF

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

July 11, 2012

**MEMORANDUM OF LAW**

Ceglia is in blatant defiance of this Court's June 28, 2012 order. He refuses to produce the Kasowitz Letter, notwithstanding this Court's explicit directive that "Plaintiff is ORDERED to produce the Kasowitz Letter **within ten (10) days** of this Decision and Order" (i.e., by July 9, 2012). Doc. No. 457 at 43. Once again, Ceglia's contumacious disregard for the rulings of this Court has forced Defendants to move to compel. This Court should again direct Ceglia to produce the Kasowitz letter—and should summarily impose sanctions for his inexcusable, bad faith misconduct.

**ARGUMENT**

This is the <u>seventh</u> motion to compel necessitated by Ceglia's refusal to comply with this Court's discovery orders. *See* Doc. Nos. 95, 129, 155, 245, 295, 382. This Court granted each of Defendants' six previous motions to compel. *See* Doc. Nos. 107, 117, 152, 208, 272, 317, 357, 457.

In their Sixth Motion to Compel, Defendants moved the Court to direct Ceglia to produce the Kasowitz Letter, a letter from Ceglia's then-lawyers at the New York-based law firm of Kasowitz, Benson, Torres & Friedman LLP to their co-counsel at DLA Piper LLP and Lippes Mathias Wexler Friedman LLP, in which Ceglia's lawyers themselves state that Ceglia's documents at the heart of his Complaint are forged and that the lawyers who wrote the letter were withdrawing from the case because it is a fraud. *See* Doc. No. 382. That letter is attached to an April 13, 2011 e-mail contained in Item 379, a lengthy compilation of e-mails that this Court earlier ordered to be produced in granting Defendants' Fifth Motion to Compel. *See* Doc. Nos. 357, 383-1 at 14.

Defendants learned of the existence of the Kasowitz Letter only because this Court rejected Ceglia's initial attempt to conceal it. When Item 379 was first identified by Defendants'

1

expert Stroz Friedberg, Ceglia withheld it as privileged.  In granting Defendants' Fifth Motion to Compel, the Court rejected Ceglia's baseless privilege claim and ordered Ceglia to produce Item 379 in its entirety.  *See* Doc. Nos. 317, 357, 361.

Upon review of Item 379, it became clear to Defendants that a critical document was missing from Ceglia's production: the Kasowitz Letter.  Ceglia had produced the April 13, 2011 e-mail to which the Kasowitz Letter is attached; that e-mail is contained within Item 379 at page 14.  *See* Southwell Decl. Ex. A (Doc. No. 383-1) at 14.  He did not, however, produce the Kasowitz Letter attachment, which is responsive to this Court's expedited discovery orders and demonstrates Ceglia's own attorneys' awareness of his fraud.

Thus, on May 24, 2012, Defendants filed their Sixth Motion to Compel, seeking the production of the Kasowitz Letter.  There was no ambiguity about what the "Kasowitz Letter" was.  On the very first page of their opening memorandum, Defendants defined the "Kasowitz Letter" as a letter sent on April 13, 2011 by "Ceglia's lawyers at the New York-based law firm of Kasowitz, Benson, Torres & Friedman LLP [] to their co-counsel at DLA Piper LLP and Lippes Mathias Wexler Friedman LLP."  Doc. No. 382 at 4; *see also* Doc. No. 382 at 6 (referring to the "Kasowitz Letter" as "an attachment to an April 13, 2011 email from Kasowitz to Ceglia's then-counsel that was produced, and which was located at page 14 of Item 379"), 10 (noting that "Two days later, on April 13, 2011 at 9:50 a.m., Marks emailed the Kasowitz Letter to DLA Piper, Lippes Mathias, and Paul Argentieri along with the documents referenced in the letter").  Defendants also filed the April 13, 2011 e-mail to which the Kasowitz Letter is attached.  *See* Southwell Decl. Ex. A (Doc. No. 383-1) at 14.  And in their reply papers, Defendants continued to describe the Kasowitz Letter as "an April 13, 2011 letter from Ceglia's then-lawyers at Kasowitz, Benson, Torres & Friedman LLP to their co-counsel at DLA Piper LLP and Lippes

2

Mathias Wexler Friedman LLP," and noted that the Kasowitz Letter is "an attachment to an email contained in Item 379."  Doc. No. 434 at 1; *see* Southwell Decl. (Doc. No. 435) ¶¶ 2-3.

On June 28, 2012, this Court granted Defendants' Sixth Motion to Compel.  Doc. No. 457.  The Court was clear and explicit as to the document it was ordering Ceglia to produce.  At page 8 of its Order, the Court's discussion of Defendants' motion begins: "In their Sixth Motion to Compel, Defendants seek a court order compelling Plaintiff to produce a copy of a letter dated April 13, 2011, from attorneys at the New York law firm of Kasowitz, Benson, Torres & Friedman LLP to co-counsel at DLA Piper LLP and Lippes Mathias Wexler Friedman LLP ("the Kasowitz Letter')."  Doc. No. 457 at 8; *see also* Doc. No. 457 at 5 (noting that "Within Item 379 is a reference to an attachment consisting of a letter from Kasowitz to DLA Piper and Lippes, advising of Kasowitz's decision to withdraw as Plaintiff's co-counsel in this action ('the Kasowitz Letter').").  The Court ordered Ceglia "to produce the Kasowitz Letter within ten (10) days," by July 9, 2012.  Doc. No. 457 at 43.

Ceglia failed to do so.  His lawyer, Dean Boland, has taken the absurd position that this Court did not in fact direct Ceglia to produce the Kasowitz Letter.  *But cf*. Doc. No. 457 at 43 ("Plaintiff is ORDERED to produce the Kasowitz Letter ….").  Defendants wrote to Boland on July 9 and again on July 10, warning Boland that he was obligated to produce the Kasowitz letter and that Defendants would seek sanctions if he refused to do so.

As of July 11, Boland continues to take the position that this Court's order does not require him to produce the Kasowitz letter.  This is yet another "gross misrepresentation which would be detected by even the marginally literate."  Doc. No. 457 at 15.  Because the strong language in this Court's prior orders has proven insufficient to compel Boland's respect for court orders, this Court should impose sanctions in an amount sufficient to get his attention.

3

## CONCLUSION

Ceglia continues to play fast and loose with this Court and its processes, once again violating this Court's clear directives. Ceglia, and his attorneys, are in contempt of this Court's orders. This latest episode of discovery misconduct is indefensible:

- Ceglia withheld Item 379 without justification. Defendants moved to compel production of Item 379, the Court granted that motion, and Ceglia ultimately produced Item 379. *See* Doc. Nos. 295, 296-1, 317, 357, 361.

- Once Defendants received Item 379, they learned that Ceglia had not produced the Kasowitz Letter, an attachment to an April 13, 2011 e-mail contained within Item 379. *See* Doc. No. 383-1.

- Defendants moved to compel production of the Kasowitz Letter, and the Court granted that motion and ordered Ceglia to produce the Kasowitz Letter by July 9. *See* Doc. Nos. 382, 457.

- As of July 11, Ceglia still has not produced the Kasowitz Letter.

For the foregoing reasons, the Court should direct Ceglia to produce the Kasowitz Letter immediately or, in the alternative, simply authorize Stroz Friedberg to produce the Kasowitz Letter directly to Defendants. The Court should also summarily impose sanctions on Ceglia and his attorneys for their latest contumacious act of defiance—refusing to comply with a clear and explicit order of this Court.

Dated: New York, New York
July 11, 2012

Respectfully submitted,

/s/ Orin Snyder

| | |
|---|---|
| Thomas H. Dupree, Jr. | Orin Snyder |
| GIBSON, DUNN & CRUTCHER LLP | Alexander H. Southwell |
| 1050 Connecticut Avenue, NW | Matthew J. Benjamin |
| Washington, DC 20036 | Amanda M. Aycock |
| (202) 955-8500 | GIBSON, DUNN & CRUTCHER LLP |
| | 200 Park Avenue, 47th Floor |
| | New York, NY 10166-0193 |
| | (212) 351-4000 |

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*

5