UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                            Plaintiff,

v.

MARK ELLIOT ZUCKERBERG, Individually, and
FACEBOOK, INC.

                            Defendants.

Civil Action No. : 1:10-cv-00569-RJA

**RESPONSE TO SEVENTH
MOTION TO COMPEL
REGARDING SO-CALLED
KASOWITZ LETTER**

## MEMORANDUM

Defendants 6th and 7th motions to compel regarding the so called Kasowitz letter were based on four false premises:

1. The ▓▓▓▓ at issue to which the Kasowitz letter ▓▓▓▓ was shared with a non-lawyer, third party, to wit: Jason Holmberg; and

2. The ▓▓▓▓ at issue appeared on a privilege log produced by Defendants experts and was not designated as privileged by Plaintiff on that log; and

3. The ▓▓▓▓ at issue was disclosed to a non-lawyer, third party, to wit: Jason Holmberg; and

4. The ▓▓▓▓ at issue was disclosed to a non-lawyer, third party, to wit: Jason Holmberg.

▓▓▓▓ That is an important distinction. ▓▓▓▓

1

██████████████████████████████ item 379 have been produced to Defendants over Plaintiff's privilege related objection.  None of those attachments are the so-called Kasowitz letter.

████████████████ item 379 ████████████████████

████████████████████████████████████████

████████████████ ████████████████████ ██

████ themselves, nor their attachments, metadata or headers are contained ████████ In short, ████████████ ████████ are not duplicates or copies of ████████████, but ████████████ and, above all, clearly not native format versions ████████

████████ ████████████████ that are exclusively exchanged **between lawyers** would never have been recovered from Jason Holmberg's email account because he never received them directly or as a person being copied on those emails.

████████████

████████████████ are ████████████████████

████████ which are highlighted in yellow for ease of locating them.  Therefore, ████████████████████ there are referenced ████████████████. One category is ████████████████████ and subject to work product privilege.  The other category ████████████████ and a non-lawyer, third party, Jason Holmberg.  The court will note that ████████████ ████████████ are copies, sometimes triplicate copies of individual emails.

████████████████████████ ████████

Defendants' Sixth and Seventh Motion to Compel, was not copied to Jason Holmberg. A review of the ███████████████████████ make clear he was only copied on emails between lawyers involving planning the meeting and ███████████████████████████████████████████████████████████.

███████████  ███████████████████████████████████████

███████████████████████████████████████████████  █

███████████████████  █████████████████████████████

███████████████████████████████████████

    ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████  █████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████

    █████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████  ██████████████████████████████

███████████████████████████████████████████████████

█████████████████████

3

## PRIVILEGE LOG CLAIM

Per the court's order in this case, Stroz Friedberg periodically provided Plaintiff's counsel with a spreadsheet of what it believed were relevant documents discovered in its analysis of Plaintiff's media that it intended to produce. In those communications, Stroz Friedberg regularly advised Plaintiff that it would wait five days before producing those documents to provide Plaintiff's counsel time to review those documents and designate any of them as privileged per the court's orders.

At no time did Stroz Friedberg produce any such relevant documents log containing ▓▓▓▓▓▓▓▓▓▓ at issue in this case. Therefore, Plaintiff could not have failed to designate ▓▓▓▓▓ as privileged as Stroz Friedberg never listed it on any relevant documents log and never produced it to Defendants in native format. At no time did Stroz Friedberg produce any such relevant documents log containing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at issue in this case - the so called Kasowitz letter. Therefore, Plaintiff could not have failed to designate ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as Stroz Friedberg never listed it on any relevant documents log and never produced ▓▓▓▓▓▓ to Defendants. Defendants concede ▓▓▓▓▓▓ was never produced to them as their motion is their attempt to get a copy of ▓▓▓▓▓▓ And, Defendants have provided this court no evidence that ▓▓▓▓▓▓ did appear on a relevant documents log as an item that Plaintiff failed to designate as privileged.

Pursuant to the court's electronic asset protocol, Plaintiff had no obligation to produce any relevant materials log, or privilege log other than designating

4

documents that Stroz Friedberg intended to produce as privileged if that designation was appropriate. Defendants have not argued nor has this court held that Plaintiff has or had any obligation to produce a privilege log of some kind outside of designating as privileged items listed on the relevant materials logs that have been exchanged between Stroz Friedberg and Plaintiff's counsel throughout the case thus far.

As a result of the facts noted above, the Kasowitz letter was never an ███████████████████ The subject matter discussed in the Kasowitz letter was never disclosed to any non-lawyer, third party including Jason Holmberg.

Defendants request for a copy of this email and its attachment is, should therefore be denied as the email, its subject matter and the accompanying attachment are subject to the work product privilege.

## THE KASOWITZ LETTER IS PRIVILEGED

Emails between lawyers ███████████████████ are protected from discovery by the work product privilege. To invoke this privilege, a party generally must show that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation. See Fed.R.Civ.P. 26(b)(3); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 471 (S.D.N.Y.1993). It is clear that at the time this ███████████ was sent this litigation was ongoing. ███████████████ involved in representing or potentially representing Plaintiff were generated to assist in that ongoing litigation. ███████████████████ ████ is also protected from disclosure by the work-product privilege. The court's in

5

camera review ███████████

████████████████████████████████  ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████

Despite the evidence above regarding the non-disclosure ████████████, even disclosure of work-product communication and materials ██████ ██████ does not automatically waive this privilege.  *Constr. Indus. Services Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 49 (E.D.N.Y. 2001).  "Moreover, disclosure of [work product] documents to third parties does not, in and of itself, constitute a waiver of the privilege."  Id.

The work product doctrine aims not only to preserve confidentiality, but also to protect the integrity of the adversary system.  As such, the privilege "is not automatically waived by any disclosure to a third party."  *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 641 (E.D.N.Y.1997).

Instead, "[p]rotection is waived only if such disclosure 'substantially increases the opportunity for potential adversaries to obtain the information.'"  Id. (citing *In re Grand Jury Subpoenas* Dated December 18, 1981 and January 4, 1982, 561 F.Supp. 1247, 1257 (E.D.N.Y.1982).  Thus, even if this court determines that ██████████ ████████████████████████ the Kasowitz letter, were disclosed to a non-lawyer, third party, that disclosure did not substantially increase such opportunity for potential adversaries to obtain that information and the privilege was not waived in

6

that way in any event.

## **CONCLUSION**

For the foregoing reasons, Mr. Ceglia respectfully requests this court deny Defendants' seventh motion to compel.

Respectfully submitted,

/s/Dean Boland

Paul A. Argentieri
188 Main Street
Hornell, NY 14843
607-324-3232 phone
607-324-6188
paul.argentieri@gmail.com

Dean Boland
1475 Warren Road
Unit 770724
Lakewood, Ohio 44107
216-236-8080 phone
866-455-1267 fax
dean@bolandlegal.com