UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------- x
PAUL D. CEGLIA,

            Plaintiff,

    v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

           Defendants.
---------------------------------------- x

Civil Action No. 1:10-cv-00569-RJA

**DECLARATION OF ALEXANDER H. SOUTHWELL**

I, ALEXANDER H. SOUTHWELL, hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendants Mark Elliot Zuckerberg and Facebook, Inc. in the above-captioned matter. I make this declaration, based on personal knowledge, in support of Defendants' Motion for Protective Order.

2. On July 1, 2012, Plaintiff Paul Ceglia served requests for production of documents and interrogatories on Defendants. Those document requests are attached as Exhibits A-D to this declaration: Ceglia's Request for Production of Documents to Defendant Zuckerberg is attached as Exhibit A; Ceglia's Request for Production of Documents to Defendant Facebook is attached as Exhibit B; Ceglia's Interrogatories to Defendant Zuckerberg are attached as Exhibit C; and Ceglia's Interrogatories to Defendant Facebook are attached as Exhibit D.

3. On August 2, 2012, I sent an email to Ceglia's counsel, Dean Boland, requesting that the parties agree to extend the deadline for Defendants' responses and objections to Ceglia's

discovery requests by one week, from August 3 to August 10, so that the parties could meet and confer regarding Defendants' concerns with the scope of Ceglia's requests. Mr. Boland agreed. *See* Ex. E.

4. On August 7, Defendants conferred in good faith with Ceglia in an effort to resolve their dispute regarding the scope of Ceglia's discovery requests. I sent a letter to Mr. Boland explaining that all of Ceglia's document requests, and nearly all of his interrogatories, were beyond the scope of discovery authorized by this Court's April 30, 2012 and May 30, 2012 Orders (Doc. Nos. 360, 401). *See* Ex. F. I requested that Mr. Boland withdraw the offending discovery requests, and informed him that Defendants would otherwise move for a protective order forbidding the discovery at issue. *See id.* I also called Mr. Boland on August 7 and left him a voice message explaining that I was calling to confer regarding Ceglia's discovery requests. I invited Mr. Boland to call me back to discuss Defendants' concerns regarding the scope of those requests.

5. Later that day, Mr. Boland sent me an email in which he refused to withdraw any of Ceglia's document requests or interrogatories. *See* Ex. G.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of August, 2012 at New York, New York.

Alexander H. Southwell