UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

Plaintiff,

v.

**DECISION and ORDER**

MARK ELLIOT ZUCKERBERG, and
FACEBOOK, INC.,

**10-CV-00569A(F)**

Defendants.

---

APPEARANCES:

PAUL A. ARGENTIERI, ESQ.
Attorney for Plaintiff
188 Main Street
Hornell, New York 14843

BOLAND LEGAL, LLC
Attorneys for Plaintiff
DEAN M. BOLAND, of Counsel
18123 Sloane Avenue
Lakewood, Ohio 44107

GIBSON, DUNN & CRUTCHER LLP
Attorneys for Defendants
ORIN S. SNYDER, and
ALEXANDER H. SOUTHWELL, of Counsel
200 Park Avenue
47th Floor
New York, New York 10166-0193
and
THOMAS H. DUPREE, JR., of Counsel
1050 Connecticut Avenue, N.W.
Washington, District of Columbia 20036

HARRIS BEACH LLP
Attorneys for Defendants
TERRANCE P. FLYNN, of Counsel
Larkin at Exchange
726 Exchange Street
Suite 1000
Buffalo, New York 14210

**JURISDICTION**

This case, referred to the undersigned be Honorable Richard J. Arcara on May 27, 2011, for all pretrial matters, is presently before the court on Defendants' Seventh Motion to Compel (Doc. No. 461), filed July 11, 2012 ("Defendant's motion"). Defendants specifically seek a court order directing Plaintiff to produce a letter referred to as the "Kasowitz letter," from the New York law firm of Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz") to DLA Piper LLP ("DLA Piper") and Lippes Mathias Wexler Friedman LLP ("Lippes Mathias"), all law firms that formerly represented Plaintiff in this action, in which Kasowitz advises DLA Piper and Lippes Mathias it is withdrawing from the case based on a determination that the purported contract at issue is a fraud. Defendants' Memorandum of Law in Support of Their Seventh Motion to Compel and for Other Relief (Doc. No. 461) ("Defendants' Memorandum"), at 1. Defendants also request the court impose sanctions against Plaintiff and his attorneys for failing to produce the Kasowitz letter. Defendants' Memorandum at 4. Defendants maintain they only learned about the Kasowitz letter after the court rejected Plaintiff's attempt to conceal it by failing to include the Kasowitz letter in the August 29, 2011 Privilege Log ("the Privilege Log"), on which were listed ten items that became the subject of Defendants' Fifth Motion to Compel (Doc. No. 294). Defendants' Memorandum at 1-2. After reviewing the ten Privilege Log items *in camera*, the undersigned, in a Decision and Order filed April 19, 2012 D&O (Doc. No. 357) ("April 19, 2012 D&O"), directed Plaintiff to produce, *inter alia*, Privilege Log Item 379 because any privilege that may have attached to Item 379 was waived by Plaintiff's disclosure of its contents to one Jason Holmberg ("Holmberg"), who is not an attorney, and whose need to know the

information contained within Item 379 was not established. It was only after Plaintiff produced Item 379 that Defendants learned the Kasowitz letter had been attached but not also produced. Defendants' Memorandum at 2. Accordingly, Defendants filed their Sixth Motion to Compel (Doc. No. 381) seeking an order compelling Plaintiff to produce the Kasowitz letter. In a Decision and Order filed June 28, 2012 (Doc. No. 457) ("June 28, 2012 D&O"), the undersigned ordered Plaintiff to produce the Kasowitz letter within ten days, *i.e.*, by July 9, 2012, on the basis that the contents of the Kasowitz letter had been revealed to Holmberg, without first establishing Holmberg had any need to know the information contained therein, and that Plaintiff, by failing to disclose the existence of the Kasowitz letter by including such letter on Plaintiff's Privilege Log, had waived any privilege that otherwise could have attached to it. June 28, 2012 D&O at 43. Plaintiff did not appeal the June 28, 2012 D&O. As Boland represented to Defendants and the court that all documents included in Item 379 had been produced, the court specified that Boland file with Plaintiff's response a copy of the document Plaintiff claimed had to have actually produced to Defendants. July 11, 2012 Text Order (Doc. No. 464). Plaintiff, however, continues to refuse to produce the Kasowitz letter.

In opposition to Defendants' motion, Plaintiff, on July 20, 212, filed a Response to Seventh Motion to Compel Regarding So-Called Kasowitz Letter (Doc. No. 466) ("Plaintiff's Response"),[1] submitting the Kasowitz letter for *in camera* review. Despite two court orders, including the April 19, 2012 D&O and the June 28, 2012 D&O, specifically calling for Plaintiff to produce the Kasowitz letter to Defendants, Plaintiff

[1] An unredacted copy of Plaintiff's Response was separately submitted to the court.

now asserts, for the first time, he was not required to include the Kasowitz letter in the Privilege Log because Plaintiff was, according to the Electronic Asset Inspection Protocol (Doc. No. 85), agreed to by the parties and so ordered by the undersigned on July 1, 2011, only required to include in a privilege log those documents Stroz Friedberg LLC ("Stroz Friedberg"), a digital forensic consulting firm whose services Defendants have retained in connection with this action, both discovered in its analysis of Plaintiff's electronic media and identified that Stroz Friedberg intended to produce to Defendants. Plaintiff's Response at 4. In further support of their motion, Defendants maintain that Plaintiff had an independent obligation to produce or include on the Privilege Log the Kasowitz letter regardless of whether Stroz Friedberg located or identified such document as presumptively relevant under the Electronic Assets Inspection Protocol. Defendants' Reply Memorandum of Law in Support of Their Seventh Motion to Compel (Doc. No. 467) ("Defendants' Reply"), at 4. Defendants further maintain that because neither the August 29, 2011 Privilege Log nor any subsequent privilege log listed the Kasowitz letter, any privilege that otherwise could have attached to the letter has been waived. *Id.* at 4-5. Defendants repeat their request for sanctions. *Id.* at 5-6.

Despite two court orders directing Plaintiff to produce the Kasowitz letter to Defendants, Plaintiff submitted the Kasowitz letter to the court for *in camera* review. Not only was the submission of the Kasowitz letter to the court unsolicited, but *in camera* review of the letter only serves to corroborate the court's earlier determination, *i.e.*, that the Kasowitz letter is relevant to the genuineness of the dispute contract, the issue before the court on Defendants' pending motions to dismiss, and, as such, either should have been produced to Defendants or included in a privilege log. The failure to

include the Kasowitz letter in a privilege log, however, waives any privilege that otherwise could have attached. *See United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (failure to provide adequately detailed court-ordered privilege log waives privilege); *see also* W.D.N.Y. Local R.Civ.P. 26(e)(2) (requiring assertion of privilege “be furnished in writing when the party responds to such discovery or disclosure”); *Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 2010 WL 2595332, at *5 (W.D.N.Y. June 24, 2010) (plaintiff required to produce two documents plaintiff asserted was protected because any privilege that may have attached to two documents was waived by failing to list the documents in a privilege log provided to defendants); *Bove v. The Allied Group*, 2004 WL 5902631, *1 (W.D.N.Y. Oct. 28, 2004 (failure to provide privilege log complying with local rule waives privilege); and *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2000 WL 1538003, *3 n. 1 (S.D.N.Y. Oct. 17, 2000) (citing *PKFinans Int'l. Corp. v. IBJ Schroder Leasing Corp*., 1996 WL 525862, *3 (S.D.N.Y. Sep't. 17, 1996) (“party's failure to produce [privilege] log results in a waiver of any privilege that might otherwise be asserted” (citing caselaw))). Accordingly, inasmuch as it seeks to compel Plaintiff to produce the Kasowitz letter, Defendants' Motion is GRANTED.

With regard to Defendants' request that Plaintiff be sanctioned for failing to comply with previous court orders, “[i]t is well settled that district courts enjoy wide discretion in sanctioning litigants appearing before them.” *Novak v. Wolpoff & Abramson, LLP*, 536 F.3d 175, 177 (2d Cir. 2008) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006)). Further, Rule 37(b) provides a non-exclusive list of sanctions that the court may, in its discretion, impose on a party who “fails to obey an

order to provide or permit discovery . . . ." Fed. R. Civ. P. 37(b)(2). "Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." *Daval steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986)). *See also Buffalo Carpenters Pension Fund v. CKG Ceiling and Partition Company*, 192 F.R.D. 95, 97-98 (W.D.N.Y. 2000) (observing that "Rule 37(b)(2) only enables the court to sanction a party for failure 'to obey an order to provide or permit discovery . . . .'" (quoting Fed. R. Civ. P. 37(b)(2))). Rule 37(b) provides a non-exclusive list of sanctions that the court may, in its discretion, impose on a party who 'fails to obey an order to provide or permit discovery . . . ." Fed.R.Civ.P. 37(b)(2). The listed sanctions, relevant to the instant case, include "treating as contempt of court the failure to obey any order. . . ." Fed.R.Civ.P. 37(b)(2)(A)(vii). "Whether imposed pursuant to Rule 37 or the court's inherent power, a contempt order is . . . a 'potent weapon to which courts should not resort'" except in the absence of "'a fair ground of doubt as to the wrongfulness of the [contemnor's] conduct.'" *Southern New England Telephone Co. v. Global NAPS Inc.*, 624 F.3d 123, 143 (2d Cir. 2010) (reviewing for abuse of discretion district court's imposition of sanctions for failure to comply with court-ordered discovery).

In discerning whether to impose sanctions pursuant to Rule 37(b)(2)(A), district courts consider "'(1) the wilfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Sourthern New England Telephone Co.*, 624 F.3d at

144 (quoting *Agiwal v Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Not only does the text of Rule 37 require only that the district judge's orders be "just," but given the district court's "wide discretion" in imposing Rule 37 sanction, these factors are not exclusive and each need not be resolved against the party against whom sanctions are sought to be imposed so as to be within the court's discretion. *Southern New England Telephone Co.*, 624 F.3d at 144 (internal quotation and citation omitted). Rather, "[t]he district court is free to consider the full record in the case in order to select the appropriate sanction." *Id.* Further, upon granting a party's motion for sanctions pursuant to Rule 37(b)(2), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). Here, the circumstances prompting Defendants to file their Seventh Motion to Compel warrant the award of monetary sanctions and the costs of the motion.

Specifically, production of the Kasowitz letter has twice been ordered by the court, including on April 19, 2012 (Doc. No. 357), and June 28, 2012 (Doc. No. 457). That the Kasowitz letter was never disclosed in a privilege log, given its obvious relevance to the issue of whether the contract at the heart of this litigation is genuine, is beyond cavil. As noted, Boland failed to comply with the July 11, 2012 Text Order directing Plaintiff provide a copy of the document Plaintiff had, as Plaintiff had represented, actually served on Defendants. Significantly, that an unredacted copy of the Kasowitz letter was delivered, contrary to the court's direction, to the court, but not provided to Defendants, confirms the Kasowitz letter was the attachment to Item 379

sought by Defendants. Moreover, the attempt to goad the court into further review of the Kasowitz letter by its unsolicited submission to the court only served to further delay compliance with this court's orders. Such conduct is beyond disrespect and will not be countenanced. Significantly, Plaintiff points to no circumstances making the award of expenses unjust. Accordingly, Plaintiff is to be **fined $ 1,000** for failing to produce the Kasowitz letter to Defendants, and Boland is also **fined $ 1,000** for interfering with the court's discovery orders. *See Robbins & Meyers, Inc. v. J.M. Huber Corp.*, 2011 WL 3359998, at * (W.D.N.Y. Aug. 3, 2011) (attorney's failure to comply with court-ordered discovery warranted sanctions (citing *Fox Industries, Inc. v. Gurovich*, 2006 WL 2882580, at * 10 (E.D.N.Y. Oct. 6, 2006 ))). Further, Defendants are awarded attorneys fees incurred in connection with their Seventh Motion to Compel.

## CONCLUSION

Based on the foregoing, Defendant's Seventh Motion to Compel (Doc. No. 462) is GRANTED.

Plaintiff and his attorneys are hereby ORDERED to comply fully with the court's direction to produce the Kasowitz Letter **within three (3) days** of this Decision and Order. Plaintiff is ORDERED to pay $ 1,000 to this court as a civil contempt sanction. Boland is ORDERED to pay $ 1,000 to this court as a civil contempt sanction. The payment of these sanctions shall be by certified check to the Clerk of the Court, Western District of New York, and shall be made **within twenty (20) days** of this Decision and Order. Defendants are directed to file affidavits of costs and attorneys'

fees incurred, consistent with this Decision and Order, **within ten (10) days** of this Decision and Order; Plaintiffs' opposition, if any, shall be filed **within ten (10) days** thereafter. Any showing that the award of costs should be allocated, pursuant to Fed.R.Civ.P. 37(b)(2)(C), between Plaintiff and his attorneys shall be included in the required affidavits to be filed by the Plaintiff. Oral argument shall be at the discretion of the court.

SO ORDERED.

/s/ *Leslie G. Foschio*

______________________________________

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: August 15, 2012
Buffalo, New York