UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL D. CEGLIA,

                          Plaintiff,

        v.                                      DECISION AND ORDER
                                                          10-CV–00569

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

                          Defendants.

      This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1). On February 21, 2012, Defendants filed a fifth motion to compel various discovery documents. On April 19, 2012, Magistrate Judge Foschio issued a Decision and Order granting in part and denying in part Defendants' fifth motion to compel. On April 30, 2012, Plaintiff filed objections to the portion of Magistrate Judge Foschio's Decision and Order directing Plaintiff to produce two documents previously withheld on the basis of attorney-client privilege.

      Pursuant to 28 U.S.C. §636(b)(1)(A), the district court "may reconsider any pretrial matter under this subparagraph (A), where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id*. The Court has carefully considered Magistrate Judge Foschio's Decision and Order as well as the parties' submissions. As explained further below, the Court finds that Magistrate

Judge Foschio's Decision and Order was neither clearly erroneous nor contrary to law.

## BACKGROUND

On February 21, 2012, Defendants Mark Elliot Zuckerberg and Facebook, Inc. (collectively, "Defendants") filed a fifth motion to compel [Dkt. 294], seeking an order compelling Plaintiff *inter alia*: (1) to produce eleven documents for *in camera* inspection; and, ultimately (2) to produce the disputed documents for discovery. Plaintiff voluntarily produced one of the disputed documents, but invoked attorney-client privilege to shield the remaining ten documents from discovery.

On April 19, 2012, Magistrate Judge Foschio issued a Decision and Order [Dkt. 357] granting in part and denying in part Defendants' fifth motion to compel [Dkt. 294]. The Magistrate ordered Plaintiff to produce sections of Privilege Log Item 334, and the entirety of Privilege Log Items 348, 360, and 379. The Magistrate determined Privilege Log Items 373, 400, 401, 402, 403, and 405 were protected by attorney-client privilege and thus shielded from Defendants' discovery request.

Plaintiff objects to Magistrate Judge Foschio's decision insomuch as it requires Plaintiff to produce two documents: Privilege Log Items 360 ("Item 360") and 379 ("Item 379"). Item 360 is an email with two attachments dated March 17, 2011, from Plaintiff to Jason Holmberg ("Holmberg"). Item 379 is an email dated April 19, 2011, from Paul Argentieri ("Argentieri"), Plaintiff's counsel, to Plaintiff. Item 379 appears to include copies of email correspondence with four persons, including

Holmberg. Magistrate Judge Foschio held that disclosure of the contents of Items 360 and 379 to a third party—Holmberg—effectively waived any claim of attorney-client privilege. Plaintiff argues that attorney-client privilege extends to Items 360 and 379 because Holmberg viewed the communications as Argentieri's agent, and not as an unrelated third party.

## DISCUSSION

Magistrate judges are afforded "broad latitude [to] resolv[e] discovery disputes, including questions of privilege." *Thompson v. Keane*, 95-cv-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996); *see also Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011). A magistrate judge's ruling on a discovery issue is "clearly erroneous" only when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Thompson*, 1996 WL 229887, at *1 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Thompson*, 1996 WL 229887, at *1.

Attorney-client privilege applies to: (1) communications; (2) between a client and his or her attorney; (3) that are intended to be, and in fact were, kept confidential; (4) for the purpose of obtaining or providing legal advice. *See United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). Attorney-client privilege may extend to include communications made by or to an attorney's employees, including

3

secretaries, legal assistants, and paralegals. *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961). Notably, *Kovel* further expands the privilege to include communications by or to consultants, such as accountants, provided the communications were made "in confidence for the purpose of obtaining legal advice from the lawyer." *Id.* at 922. Attorney-client privilege is deemed waived where otherwise-privileged communications are disclosed to a third party. *In re Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973). The party asserting privilege bears the burden of establishing the privilege applies. *See United States v. Schwimmer*, 892 F.2d 237, 244 (2d Cir. 1989).

In his March 12, 2012 Declaration, Argentieri indicates that he engaged Holmberg in February 2011 "as a consultant and/or at times, to perform executive secretarial duties" [Dkt. 311]. Holmberg's duties appear to relate only to a document referred to as the Trial Overview, this document plays no role in the instant dispute. Holmberg claims Argentieri "retained [his] services as a consultant in February[,] 2011 to assist [Argentieri] in prosecuting [Plaintiff's] lawsuit" [Dkt. 341]. While the Magistrate Judge found it plausible Argentieri, admittedly lacking computer skills, had retained Holmberg to type the Trial Overview and format it as a .pdf document, the Magistrate Judge noted that the record did not indicate why or how Argentieri required Holmberg's services in relation to Items 360 and 379. Magistrate Judge Foschio correctly concluded that absent information indicating Argentieri employed Holmberg consistently as a legal assistant or secretary, or that Argentieri sought

Holmberg's secretarial assistance with respect to Items 360 and 379, the attorney-client privilege did not apply.

Plaintiff's argument that *Kovel* extends privilege to Holmberg because Holmberg was Argentieri's consultant is unavailing. While *Kovel* stands for the proposition that communications between consultant and client or between consultant and attorney may be privileged, the Court notes privilege may only apply where a consultant's "role is to clarify communications between attorney and client." *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999). The record fails to indicate that Holmberg's contact with Items 360 and 379 was intended to "improve the comprehension of the communications between [Argentieri] and [Plaintiff]." *Id.* Because Holmberg did not act as translator or interpreter of communications between Plaintiff and Argentieri, *Kovel* does not support Plaintiff's privilege claim.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth by Magistrate Judge Foschio, the Court affirms the April 19, 2012 Decision and Order in its entirety.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 15, 2012