UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL D. CEGLIA,

                Plaintiff,

      v.

MARK ELLIOT ZUCKERBERG and
FACEBOOK, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 1:10-cv-00569-RJA


**DEFENDANTS' FEE APPLICATION IN CONNECTION WITH THEIR
SEVENTH MOTION TO COMPEL**


Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120


August 27, 2012

## INTRODUCTION

Plaintiff Paul Ceglia's contumacious refusal to produce a single document—the Kasowitz Letter, in which Ceglia's former attorneys at Kasowitz Benson advised their former co-counsel that they were "withdrawing from the case based on a determination that the purported contract at issue is a fraud"—necessitated two separate motions to compel.  Decision and Order ("D&O") (Doc. No. 478) at 2.  This Fee Application concerns only the second of those motions, Defendants' Seventh Motion to Compel (Doc. No. 461).  In granting that motion, the Court sanctioned both Ceglia and his attorney Dean Boland for "attempt[ing] to goad the court" and for "interfering with the court's discovery orders."  D&O at 8.  The Court also directed Defendants to file this application for reimbursement of fees and costs incurred in preparing and defending their Seventh Motion to Compel.

Defendants respectfully request that the instant Fee Application be granted in full and that the Court award $10,970.63, to be paid within fourteen days of this Court's order granting Defendants' Fee Application.

## STATEMENT OF FACTS

As this Court is aware, Defendants uncovered the existence of the Kasowitz Letter only after the Court granted Defendants' Fifth Motion to Compel, which sought a series of emails (referred to as "Item 379") that Ceglia unsuccessfully attempted to conceal by asserting baseless privilege claims.  *See* Doc. Nos. 294, 317.  When Ceglia ultimately produced Item 379, it became clear to Defendants that a critical document was missing from Ceglia's production: the Kasowitz Letter, which is responsive to this Court's expedited discovery orders and demonstrates Ceglia's own attorneys' awareness of his fraud.  Thus, Defendants were forced to file a Sixth Motion to Compel, seeking an order directing Ceglia to produce the Kasowitz Letter

1

specifically.  *See* Doc. No. 381.  The Court granted that motion as well, ordering Ceglia to

produce the non-privileged Kasowitz Letter by July 9, 2012.[1]  Doc. No. 457 at 43.

Rather than comply with this Court's clear directives and produce the Kasowitz Letter,

Ceglia continued to refuse to do so.  Instead, he simply produced—yet again—Item No. 379,

without the Kasowitz letter attached.  *See* Doc. No. 461 at 3.  Thus, Defendants were forced—yet

again—to move to compel production of the Kasowitz Letter, even though this Court had already

ordered it be produced.[2]  *See* Doc. No. 461.

On August 15, 2012, the Court granted Defendants' Seventh Motion to Compel, ordering

that Ceglia produce, within three days of the order, the Kasowitz Letter.  D&O at 8.  The Court's

*in camera* "review of the letter only serve[d] to corroborate the [its] earlier determination, *i.e.*,

that the Kasowitz letter is relevant to the genuineness of the dispute[d] contract, the issue before

the court on Defendants' pending motions to dismiss[.]"  D&O at 4.  The Court also held that

Ceglia's submission of the Kasowitz Letter *in camera* was merely an "attempt to goad the court

into further review of the Kasowitz letter . . . [and] further delay compliance with this court's

orders."  D&O at 8.  Accordingly, the Court granted Defendants' request for sanctions, imposing

a $1,000 civil contempt fine on Ceglia for "failing to produce the Kasowitz letter" and a $1,000

civil contempt fine on Boland for "interfering with the court's discovery orders."  D&O at 8.  In

---

[1]     In that same order, the Court denied Plaintiff's Motion to Strike (Doc. No. 385),
Plaintiff's First Motion to Compel (Doc. No. 389), Plaintiff's Motion for Discovery (Doc. No.
396), Plaintiff's Motion to Vacate (Doc. No. 426), and Plaintiff's Motion to Disqualify Counsel
(Doc. No. 437).  The Court also ordered Plaintiff to show cause why he should not be sanctioned
for filing those motions.  *See* Doc. No. 457 at 43.  That issue is now fully submitted.

[2]     In its text order scheduling the briefing period for Defendants' Seventh Motion to
Compel, the Court ordered Ceglia to file with his opposition a copy of the Kasowitz letter.  *See*
Doc. No. 464.  Instead, Ceglia, unsolicited and in explicit contravention of the Court's order,
submitted the Kasowitz Letter *in camera*.  *See* Doc. No. 478 at 3.

addition, in that same order, the Court directed Defendants to provide affidavits of costs and attorneys' fees incurred as a result of attempts to obtain the Kasowitz letter.  D&O at 8.

Defendants' counsel reviewed the D&O, discussed its effects, considered the content of the affidavits requested by the Court, and reviewed and analyzed bills for the applicable entries. *See* Declaration of Alexander H. Southwell in Support of Defendants' Fee Application in Connection with Their Seventh Motion to Compel ("Southwell Decl.") ¶¶ 12-13.  Defendants' counsel then drafted, discussed, conducted targeted research, revised, finalized, and filed the instant Fee Application and supporting declaration of Alexander H. Southwell.  *See* Southwell Decl., Ex. B.

### DEFENDANTS' LAWYERS AND THEIR EFFORTS TO SECURE CEGLIA'S COMPLIANCE

Defendants' counsel from the law firm Gibson, Dunn & Crutcher LLP ("Gibson Dunn") who devoted substantial time providing legal services relevant to the instant Fee Application are Thomas Dupree, Matthew Benjamin, Erik Zimmerman, and Amanda Aycock.  Biographies for Messrs. Dupree and Benjamin and Ms. Aycock have been previously filed as part of Defendants' Fee Application filed January 20, 2012 (Doc. No. 285).  *See* Doc. No. 285 at 6-9 (briefly outlining the experience of each of the above-referenced attorneys).  A biography of Mr. Zimmerman is attached to the accompanying Southwell Declaration.[3]  *See* Southwell Decl., Ex. A.

---

[3]    Mr. Zimmerman is a fifth-year associate in Gibson Dunn's Washington, D.C. office whose practice focuses on complex commercial litigation.  Mr. Zimmerman earned his Juris Doctor degree in 2007 from Stanford Law School and became a member of the Litigation Department of Gibson Dunn after serving as a judicial clerk to the Honorable J. Harvie Wilkinson III of the United States Court of Appeals for the Fourth Circuit and to the Honorable John G. Roberts, Jr., Chief Justice of the United States.

Mr. Dupree, a partner in Gibson Dunn's Washington, D.C. office, is an experienced trial and appellate advocate whose 2012 billing rate is $900.  Mr. Dupree's role relevant to this Fee Application was primarily in revising and editing the briefs.  Defendants claim 1.50 hours of Mr. Dupree's time in this Fee Application.  *See* Southwell Decl., Ex. B.

Mr. Benjamin is a sixth-year associate in Gibson Dunn's New York office whose practice focuses on white-collar criminal defense and complex commercial litigation and whose 2012 billing rate is $720.  Mr. Benjamin's role relevant to this Fee Application was primarily in developing strategy, drafting, reviewing, and revising Defendants' Seventh Motion to Compel, drafting declarations, and coordinating filings.  Defendants claim 10.25 hours of Mr. Benjamin's time in this Fee Application.  *See* Southwell Decl., Ex. B.

Mr. Zimmerman is a fifth-year associate in Gibson Dunn's Washington, D.C. office whose practice focuses on complex commercial litigation and whose billing rate for 2012 is $595.  Mr. Zimmerman's role relevant to this Fee Application was primarily in developing strategy, drafting, reviewing, and revising the reply brief in support of Defendants' Seventh Motion to Compel, and drafting declarations.  Defendants claim 8.50 hours of Mr. Zimmerman's time in this Fee Application.  *See* Southwell Decl., Ex. B.

Ms. Aycock is a second-year associate in Gibson Dunn's New York office whose practice focuses on complex commercial litigation and whose 2012 billing rate is $560.  Ms. Aycock's role relevant to this Fee Application was primarily in providing summary and analysis of opposition briefs and finalizing and filing the briefs.  Defendants claim 1.50 hours of Ms. Aycock's time in this Fee Application.  *See* Southwell Decl., Ex. B.

Although Defendants' efforts to obtain the Kasowitz Letter have been ongoing since they filed their Sixth Motion to Compel on May 31, 2012, the instant Fee Application includes only legal services rendered in connection with Defendants' Seventh Motion to Compel.  Defendants

also seek reimbursement for fees for the time reasonably spent preparing this Application and accompanying affidavit, including those incurred in connection with any reply memorandum, oral argument, or enforcement of a fee award.  Information concerning those additional fees will be fully submitted once briefing and argument (at this Court's discretion) occur.

The time spent on legal services covered by the Court's order granting Defendants' Seventh Motion to Compel that Defendants claim herein, totaling $10,970.63 and which is fully detailed in the Southwell Declaration and accompanying narrative descriptions, is presented in the chart below:

| Attorney | Total Hours | Claimed Rate | Total Fees |
| --- | --- | --- | --- |
| Thomas H. Dupree | 1.50 | $675.00 | $1,012.50 |
| Matthew Benjamin | 10.25 | $540.00 | $5,535.00 |
| Erik Zimmerman | 8.50 | $446.25 | $3,793.13 |
| Amanda Aycock | 1.50 | $420.00 | $630.00 |
| **TOTAL** | **21.75** | | **$10,970.63** |

## ARGUMENT

In Defendants' first Fee Application (Doc. No. 285), which this Court granted, *see* Doc. No. 292, Defendants did not seek full reimbursement for all fees they incurred.  Rather, to avoid any dispute as to the reasonableness of the fee request, Defendants declined to seek reimbursement for several timekeepers and voluntarily discounted their standard hourly rates by 25%—rates which this Court expressly approved in Defendants' first Fee Application.  *See* Doc. No. 292 at 26–31.  Defendants have applied the same principles in this Fee Application as well: they have declined to seek reimbursement for several timekeepers, including partners Orin

Snyder and Alexander Southwell, and have instituted an across-the-board 25% cut to their standard hourly rates.[4]

The already-discounted fees sought in this Application are reasonable.  Defendants now seek reimbursement for 21.75 hours of legal services for this work over a 15-day period, using the same lodestar formula expressly approved by this Court in its grant of Defendants' first Fee Application.  *See* Doc. No. 292 at 34.  The time and rates Defendants seek in this Application were reasonably expended to advance and defend their Seventh Motion to Compel and respond to Ceglia's opposition.  In the two days after Ceglia disobeyed this Court's order and reproduced Item No. 379 without the Kasowitz letter, Defendants researched, drafted, revised, and finalized their Seventh Motion to Compel and prepared the accompanying declarations and exhibits. Then, during the four days following Ceglia's filing of his opposition, Defendants reviewed, analyzed, and discussed Ceglia's opposition, and researched, drafted, revised, and finalized their reply in support of their Seventh Motion to Compel.   These tasks were discharged efficiently, with only one associate primarily responsible in each phase of preparing the motion.

The Court should therefore grant Defendants' narrowly tailored and reasonable Fee Application in Connection with their Seventh Motion to Compel in full.

---

[4]       The increased rates claimed in this fee application simply reflect the standard increase from 2011 to 2012 of standard hourly billing rates.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order Ceglia to pay Defendants' attorneys' fees in the total amount of $10,970.63 within fourteen days of this Court's Order granting Defendants' Fee Application.[5]


Dated:        New York, New York
              August 27, 2012

                                        Respectfully submitted,

                                        /s/ Orin Snyder
Thomas H. Dupree, Jr.                   Orin Snyder
GIBSON, DUNN & CRUTCHER LLP             Alexander H. Southwell
1050 Connecticut Avenue, NW             Matthew J. Benjamin
Washington, DC 20036                    Amanda M. Aycock
(202) 955-8500                          GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue, 47th Floor
                                        New York, NY 10166-0193
Terrance P. Flynn                       (212) 351-4000
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*

---

[5]      *See, e.g., Sheehy v. Wehlage*, 02CV592A, 2007 U.S. Dist. LEXIS 11722, at *27 (W.D.N.Y. Feb. 20, 2007) (requiring plaintiffs to pay defendants' attorneys' fees for discovery abuse within fourteen days); *Ng v. HSBC Mortg. Corp.*, 07-CV-5434 (RRM)(VVP), 2010 U.S. Dist. LEXIS 33486, at *6 (E.D.N.Y. Apr. 5, 2010) (same); *Citizens State Bank v. Dixie Cnty.*, 1:10-cv-224-SPM-GRJ, 2011 U.S. Dist. LEXIS 113752, at *9 (N.D. Fla. Oct. 3, 2011) (requiring plaintiff to pay defendant's attorneys' fees for discovery abuse within ten days).