UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| PAUL D. CEGLIA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:10-cv-00569-RJA |
| MARK ELLIOT ZUCKERBERG and FACEBOOK, INC., | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' APPLICATION FOR RECOVERY OF EXPENSES**

Thomas H. Dupree, Jr.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Orin Snyder
Alexander H. Southwell
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
(212) 351-4000

Terrance P. Flynn
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

September 6, 2012

## APPLICATION

During the court-authorized period to conduct expert depositions, Plaintiff Paul Ceglia and his attorneys Dean Boland and Paul Argentieri noticed ten depositions of Defendants' experts.  By the time expert discovery had ended, Ceglia's lawyers had cancelled seven of them — **three with less than 48 hours' notice and four with less than 24 hours' notice**.

Ceglia's untimely deposition cancellations caused Defendants to incur significant expenses in expert travel and lodging costs, expert appearance fees, expert preparation time, and attorney time spent preparing each expert for deposition.  These expenses could and should have been avoided had Ceglia simply provided adequate notice, as required by the Federal Rules of Civil Procedure, of his decision not to go through with the depositions he had noticed.  This Court should order Ceglia to reimburse Defendants for the reasonable fees and costs incurred as a result of his repeated failure to provide adequate notice of cancellation, as well as for the fees for time spent preparing this Application.  *See, e.g.*, *Carlson v. Geneva City School Dist.*, No. 08-CT-6202-CJS, 2011 WL 3957524, at *1, 4 (W.D.N.Y. Sept. 7, 2011) (affirming and adopting Judge Payson's imposition of costs and fees on party for cancelling deposition four days prior).

## STATEMENT OF FACTS

On June 19, 2012, Ceglia's counsel Dean Boland informed Defendants that he intended to depose ten Defendants' experts.  Boland proposed coordinating the schedule so that the parties' experts in similar fields could attend each other's depositions.  *See* Southwell Decl., Ex. A.

That same day, and in response to Defendants' request to know specific dates and times at which Ceglia wished to depose Defendants' experts, Boland requested a call with Defendants' counsel to "arrange depositions in the morning and afternoon on single days."  Southwell Decl., Ex. B.  On June 21, prior to that call to coordinate each expert's deposition, Ceglia noticed the

depositions of ten Defendants' experts—Eric Friedberg, Bryan Rose, Michael McGowan, Jason Novak, Gerald LaPorte, Peter Tytell, Dr. Albert Lyter, Gerald McMenamin, Gus Lesnevich, and Frank Romano—for the last week of July and the first week of August.  *See* Southwell Decl., ¶¶ 4-5.

During the June 21 meet-and-confer call, Defendants' counsel and Boland discussed alternative deposition dates for both parties' experts.  *See* Southwell Decl., ¶ 5.  Additionally, the parties agreed that the deposing party would pay the deposed expert's fees for the deposition and reimburse, within a reasonable time, reasonable travel and lodging expenses actually incurred. *See id.*  Defendants' counsel confirmed this understanding in a letter sent to Boland the next day, on June 22.  *See* Southwell Decl., Ex. C.[1]  Four days later, on June 25, Defendants' counsel proposed a schedule for ten Defendants' experts, based on their individual schedules and "taking into account [Boland's] concern with travel."  Southwell Decl., Ex. D.  As further discussed below, Boland ultimately confirmed all of the proposed dates, but then proceeded to cancel seven of these depositions with less than 48 hours' notice.  He rescheduled only two of the cancelled depositions.  A summary of the scheduling and subsequent cancelling of each affected Defendants' expert follows.

Jason Novak and Eric Friedberg.  On June 25, the parties set the deposition of the members of the Stroz Friedberg LLC team, including Mr. Novak and Mr. Friedberg, for July 18 and 19.  *See* Southwell Decl., Ex. D.  On July 15, Boland confirmed those dates.  *See* Southwell Decl., Ex. E.  On July 16, Boland without warning cancelled Mr. Novak's and Mr. Friedberg's depositions—less than 48 hours before the first Stroz Friedberg deposition was scheduled to

_____

    1    Defendants have paid all such fees associated with the depositions of Plaintiff's experts.  *See* Southwell Decl., ¶ 7.

begin.  *See* Southwell Decl., Ex. F.  Defendants' counsel prepared with Mr. Novak on July 6, 13,

and 16, incurring $12,695.00 in witness and attorney fees.  Mr. Novak's appearance fee is

$1,662.50.  Because Mr. Novak is based in Chicago, Illinois, he incurred $649.51 in travel and

lodging expenses.  *See* Southwell Decl., ¶ 26, Ex. S.  Ceglia did not seek to reschedule Mr.

Novak's deposition.

Defendants' counsel prepared with Mr. Friedberg on July 6, 12, and 13, incurring

$12,593.75 in witness and attorney fees.  Mr. Friedberg's appearance fee is $3,412.50.  Because

Mr. Friedberg lives in New York City, he did not incur travel expenses associated with his

cancelled deposition.  *See* Southwell Decl., ¶ 26, Ex. S.  Ceglia did not seek to reschedule Mr.

Friedberg's deposition.

Peter Tytell.  On July 12, Boland confirmed the date Defendants had proposed for the

deposition of their document examination expert Mr. Tytell: July 25.  *See* Southwell Decl., Ex.

G.  On July 16, Boland notified Defendants' counsel of purported conflicts that required him to

reschedule the deposition of Mr. Tytell.  *See* Southwell Decl., ¶ 12.  The parties then set a new

date for the deposition of Mr. Tytell: August 2.  On July 19, Boland confirmed that date.  *See*

Southwell Decl., ¶ 13.  On August 1 at 11:58 p.m., Boland cancelled Mr. Tytell's deposition—

less than 12 hours before it was scheduled to begin (at 10:00 a.m. on August 2).  *See* Southwell

Decl., Ex. H.[2]  The next day, Mr. Tytell's deposition was rescheduled for August 3.  *See*

Southwell Decl., Ex. I.  Because Mr. Tytell's deposition was so quickly rescheduled and because

---

[2]     In his untimely cancellation notice sent around midnight the night before the deposition, Boland attributed
the postponement to weather-related cancellation of his flights, and stated that there were "[n]o flights from
[Philadelphia] to [New York] available until 3.20 pm tomorrow on any airline.  Tomorrow's depositions cannot go
forward."  *Id.*  However, there were, in fact, multiple flights and trains with availability leaving early in the morning
out of Philadelphia, arriving in New York well before the scheduled 10:00 a.m. start time.  *See* Southwell Decl.,
¶ 15.  Moreover, Defendants notified Boland that Defendants would be amenable to a late start to accommodate
Boland's travel difficulties.  These overtures were refused and the depositions were postponed.

Mr. Tytell lives in New York City, Defendants only seek Mr. Tytell's cancellation fee of $1,700.00 in connection with the cancellation of his deposition.  *See* Southwell Decl., ¶ 26. Boland has already paid Mr. Tytell's appearance fee.

       <u>Dr. Albert Lyter</u>.  On July 12, Boland confirmed the date Defendants had proposed for their document examination expert and ink chemist Dr. Lyter: July 25.  *See* Southwell Decl., Ex. G.  On July 16, Boland notified Defendants' counsel of purported conflicts that required him to reschedule the deposition of Dr. Lyter.  *See* Southwell Decl., ¶ 12.  The parties then set a new date for the deposition of Dr. Lyter: August 2.  *See id.*  On July 19, Boland confirmed that date. *See* Southwell Decl., ¶ 13.  On August 1 at 11:58 p.m., Boland cancelled Dr. Lyter's deposition—less than 24 hours before it was scheduled to begin (at 2:00 p.m. on August 2).  *See* Southwell Decl., Ex. H.[3]  The next day, Boland rescheduled Dr. Lyter's deposition for August 10.  *See* Southwell Decl., Ex. I.  Because of this postponement of over a week, Dr. Lyter and Defendants' counsel spent significant additional time on August 9 refreshing, reviewing, and conferring in preparation for Dr. Lyter's deposition.  *See* Southwell Decl. Ex. S.  Defendants therefore incurred an additional $7,700.00 in witness and attorney fees in connection with preparing for Dr. Lyter's rescheduled deposition.  *See id.*, ¶ 26.  Despite the parties' agreement to cover appearance fees and traveling expenses for each deposed witness, Boland has still not paid those costs associated with Dr. Lyter's deposition.  *See* Southwell Decl., ¶ 7.  Because Dr. Lyter had to travel from his home in Raleigh, North Carolina to New York City for his deposition, he incurred $1,286.00 in travel and lodging expenses for the deposition that was cancelled.  Dr. Lyter's appearance fee is $1,500.00.  *See* Southwell Decl., ¶ 26.

---

3       *See* n.2, *supra.*

Gerald McMenamin.   On June 25, the parties set the deposition of Professor McMenamin, Defendants' expert in forensic linguistics, for August 3.  *See* Southwell Decl., Ex. D.  On July 19, Boland confirmed that date.  *See* Southwell Decl., ¶ 13.  Boland then reconfirmed Professor McMenamin's deposition for August 3 on August 1 and again on August 2.  *See* Southwell Decl., Exs. H, I.  But, at 8:27 p.m. later that same day, Boland informed Defendants' counsel that he was cancelling Professor McMenamin's deposition—about 13.5 hours before it was scheduled to begin.  *See* Southwell Decl., Ex. I.  Defendants' counsel prepared with Professor McMenamin on July 30, 31, and August 2, incurring $19,273.00 in witness and attorney fees.  Professor McMenamin's appearance fee is $5,000.00.  Because Professor McMenamin is based in Clovis, California, he incurred $3,665.00 in travel and lodging expenses.  *See* Southwell Decl., ¶ 26, Ex. S.  Ceglia did not seek to reschedule Professor McMenamin's deposition.

Gus Lesnevich.   On June 25, the parties set the deposition of Mr. Lesnevich, Defendants' document examiner and handwriting specialist, for August 2.  *See* Southwell Decl., Ex. D.  On July 16, Boland notified Defendants' counsel of purported conflicts that required him to reschedule the deposition of Mr. Lesnevich.  *See* Southwell Decl., ¶ 12.  The parties then set a new date for the deposition of Mr. Lesnevich: August 8.  *See id.*  On July 19, Boland confirmed that date.  *See* Southwell Decl., ¶ 13.  But, at 2:43 p.m. on August 6, Boland informed Defendant's counsel that he was cancelling Mr. Lesnevich's deposition—less than 48 hours before it was scheduled to begin.  *See* Southwell Decl., Ex. J.  Defendants' counsel prepared with Mr. Lesnevich on August 6, prior to Boland's cancellation, incurring $6,560.00 in witness and attorney fees.  Mr. Lesnevich's appearance fee is $6,400.00.  Because Mr. Lesnevich is based in Martinsburg, Pennsylvania, he incurred $2,228.97 in travel and lodging expenses.  *See* Southwell Decl., ¶ 26, Ex. S.  Ceglia did not seek to reschedule Mr. Lesnevich's deposition.

<u>Frank Romano</u>.  On June 27, Boland confirmed that Ceglia would depose Defendants' typography and print expert, Professor Romano, on  August 14.  *See* Southwell Decl., Ex. K.  At 2:29 p.m. on August 13, Boland informed Defendants' counsel that he was cancelling Professor Romano's deposition—less than 20 hours before it was scheduled to begin.  *See* Southwell Decl., Ex. L.  Defendants' counsel prepared with Professor Romano on August 10 and 13, incurring $9,840.00 in witness and attorney fees.  Professor Romano's appearance fee is $875.00.  Because Professor Romano lives in Boston, Massachusetts, he incurred $1,599.52 in travel and lodging expenses.  *See* Southwell Decl., ¶ 26, Ex. S.  Ceglia did not seek to reschedule Professor Romano's deposition.

Following these untimely cancellations, Defendants' counsel notified Boland and Argentieri several times that Defendants intended to seek the reasonable fees and costs incurred as a result of Ceglia's untimely cancellations of these depositions.  *See, e.g.*, Southwell Decl., ¶ 19, Exs. M, N, O.

On August 22, in an effort to meet and confer regarding Defendants' request seeking reimbursement for costs and fees resulting from Ceglia's late deposition cancellations, Defendants' counsel sent Boland a letter detailing the fees and costs Defendants sought.  *See* Southwell Decl., Ex. M.  Boland responded by demanding invoices for each expense incurred.  *See* Southwell Decl., Ex. P.  On August 31, Defendants' counsel provided particularized information regarding the expenses incurred as a result of Ceglia's belated cancellations, requesting payment by September 4.  *See* Southwell Decl., Ex. Q.  Boland did not respond by September 4, but did send a brief email on September 6, claiming a contingent willingness to discuss Defendants' request for reimbursement, only if Defendants made certain concessions about the parties' agreement concerning expert costs.  *See* Southwell Decl., Ex. R.

For the convenience of the Court, below is a chart summarizing the costs incurred as a result of the untimely cancellations of depositions:

| | Travel and Lodging | Appearance Fee | Witness Prep Time | Attorney Prep Time | TOTALS |
|---|---|---|---|---|---|
| Friedberg, E. | n/a | $3,412.50 | $6,093.75 | $6,500.00 | **$16,006.25** |
| Lesnevich, G. | $2,228.97 | $6,400.00 | $4,000.00 | $2,560.00 | **$15,188.97** |
| Lyter, A. | $1,286.00 | $1,500.00 | $4,200.00 | $3,500.00 | **$10,486.00** |
| McMenamin, G. | $3,665.00 | $5,000.00 | $8,188.00 | $11,085.00 | **$27,938.00** |
| Novak, J. | $649.51 | $1,662.50 | $6,925.00 | $5,770.00 | **$15,007.01** |
| Romano, F. | $1,599.52 | $875.00 | $2,500.00 | $7,340.00 | **$12,314.52** |
| Tytell, P. | n/a | $1,700.00 | n/a | n/a | **$1,700.00** |
| TOTALS | $9,429.00 | $20,550.00 | $31,906.75 | $36,755.00 | **$98,640.75** |

*See* Southwell Decl., ¶ 26.

## ARGUMENT

Defendants' request for reimbursement of expenses incurred as a result of Ceglia's untimely and unjustifiable cancellation of <u>seven of the ten depositions he noticed</u> is reasonable and well-supported.  Federal courts in the Second Circuit routinely award reasonable expenses pursuant to Federal Rule of Civil Procedure 30(g) where the cancelling party fails to provide timely notice of cancellation to the opposing party.  The Rule is grounded in the understanding that untimely cancelation of a noticed deposition needlessly multiples the costs of preparation on the opposing party.  *See*, *e.g.*, *Edmonds v. Seavey*, No. 08 Civ. 5646(HB)(JCF), 2009 U.S. Dist. LEXIS 42714, at *10 (May 5, 2009), aff'd, 379 Fed. Appx. 62 (2d Cir. 2010) (awarding both costs and attorney's fees where opposing counsel canceled a deposition the night before, noting "[a] party that cancels on the eve of a deposition multiplies the costs of preparation even if the adversary does not incur the expenses of travel.").  Indeed, cancellations with less than 48 hours' notice have repeatedly been found by courts in the Second Circuit to be untimely, justifying an award of costs for the time and expense that should have been avoided with adequate notice.

7

*See, e.g.*, *Carlson v. Geneva City School Dist.*, No. 08-CT-6202-CJS, 2011 WL 3957524, at *1, 4 (W.D.N.Y. Sept. 7, 2011) (affirming and adopting Judge Payson's imposition of costs and fees on party for cancelling deposition four days prior); *Star Direct Telecom v. Global Crossing Bandwidth*, No. 05-CV-6734T, 2010 WL 3420730 (W.D.N.Y. Aug. 23, 2010) (affirming and adopting Judge Payson's order that reasonable costs and expenditures be reimbursed to opposing party where deposition was cancelled two days prior); *Root Bros. Farms v. Mak*, No. 05 Civ. 10863(LBS)(HBP), 2007 WL 2789481, at *8 (S.D.N.Y. Sept. 25, 2007) (awarding expenses and attorney's fees under Rule 30(g) against party who cancelled deposition two days prior). Ceglia's noticing and reconfirming multiple expert depositions required the expenditure of substantial preparation time for both experts and counsel, as well as travel costs for the experts. Ceglia's cancellations of seven expert depositions—all with less than 48 hours' notice and several with less than 24 hours'—were clearly untimely and warrant an award of the expenses incurred including attorney's fees.

Moreover, recoverable "reasonable expenses" include a broad array of fees and costs, covering out-of-pocket travel and preparation costs incurred by witnesses and attorneys as well as various attorney's fees.   First, courts routinely reimburse aggrieved parties for the out-of-pocket costs incurred in connection with traveling to, and appearing for, the canceled deposition. *See, e.g.*, *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 WL 2116590, at *3 (S.D. Fla. May 20, 2008) (awarding reimbursement for hotel costs, airfare, and meal expenses incurred by attorney traveling to Florida for untimely-canceled deposition); *Root Bros.*, 2007 WL 2789481, at *8 (awarding out-of-pocket travel expenses of witness and attorneys for travel to and from canceled deposition); *Avirgan v. Hull*, 705 F. Supp. 1544, 1548 n.2 (S.D. Fla. 1989) (awarding reimbursement under Rule 30(g) of various travel-related expenses including hotel costs, taxes, airfare, taxi fees and meals).

8

In addition, attorney's fees incurred as part of preparing and appearing for the deposition are readily recoverable, as are attorney's fees incurred preparing the Rule 30(g) motion itself. *See*, *e.g.*, *Carlson*, 2011 WL 3957524, at *4 (affirming and adopting Judge Payson's award of attorney's fees incurred in connection with the canceled deposition and for time spent drafting the sanctions motion); *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2116590, at *2 (awarding reimbursement of attorney time spent preparing for deposition, traveling to and from deposition, and preparing the Rule 30(g) motion); *Root Bros.*, 2007 WL 2789481, at *8 (awarding attorney's fees for time spent appearing for the deposition and for preparing the sanctions motion); *Avirgan v. Hull*, 705 F. Supp. at 1548 n.2 (awarding attorney's fees for deposition preparation, travel time, preparation of sanctions motion and a "wasted day.")

Finally, in situations involving expert witnesses, the courts may award fees incurred by the party in preparing for the canceled deposition, such as expert fees. *See*, *e.g.*, *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 537 (N.D. Ill. 2005) (awarding plaintiff, *inter alia*, reimbursement of expert fees incurred in association with an untimely-canceled deposition). As detailed in the attached Declaration of Alexander H. Southwell and supporting exhibits, the reasonable expenses entailed by Ceglia's untimely cancellations include: (1) expert appearance fees for seven experts in the amount of $20,550.00; (2) expert travel and lodging costs in the amount of $9,429.00; (3) time spent by seven experts to prepare for their depositions in the amount of $31,906.75; and (4) time spent by Defendants' attorneys to prepare for the depositions in the amount of $36,755.00. *See* Southwell Decl., ¶ 26, Ex. S.  Defendants have sought reimbursement only for expenses reasonably incurred.  And Defendants only claim reimbursement for the time expended by one associate attorney, with a partner's oversight, for each expert's preparation.  The category of expert appearance fees includes only those fees for the actual day of the noticed deposition, as charged by the experts.  And the category of expert

lodging and travel costs includes the fees incurred as a result of travelling to the location of the deposition, which were incurred and which both parties' counsel agreed would be borne by the other party.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to order Ceglia to reimburse Defendants for the reasonable expenses incurred as a result of Ceglia's untimely cancellation of <u>seven of the ten depositions he noticed</u>.  Those expenses, for which Defendants have submitted supporting invoices and documentation, total $98,640.75, and should be reimbursed within 14 days of this Court's order.

Defendants also request reimbursement for the reasonable time spent preparing this Motion, which could not yet be detailed, including fees incurred in connection with any reply memorandum, oral argument, or enforcement of a cost award.  Information concerning those additional fees will be fully submitted once briefing and argument (at this Court's discretion) occur.

Dated:          New York, New York
                September 6, 2012

                                        Respectfully submitted,

                                        /s/ Orin Snyder
Thomas H. Dupree, Jr.                   Orin Snyder
GIBSON, DUNN & CRUTCHER LLP             Alexander H. Southwell
1050 Connecticut Avenue, NW             Matthew J. Benjamin
Washington, DC 20036                    Amanda M. Aycock
(202) 955-8500                          GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue, 47th Floor
                                        New York, NY 10166-0193
Terrance P. Flynn                       (212) 351-4000
HARRIS BEACH PLLC
726 Exchange Street
Suite 1000
Buffalo, NY 14210
(716) 200-5120

          *Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*