**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Alexander H. Southwell
Direct: +1 212.351.3981
Fax: +1 212.351.6281
ASouthwell@gibsondunn.com

October 8, 2012

VIA ELECTRONIC MAIL

The Honorable Leslie G. Foschio
United States Magistrate Judge
United States District Court
Western District of New York
U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:   Ceglia v. Zuckerberg and Facebook, Inc., No. 1:10-cv-569-RJA-LGF

Dear Judge Foschio:

We represent Defendants Facebook, Inc. and Mark Zuckerberg in the above-referenced action. On September 28, 2012, Plaintiff Paul Ceglia filed his Reply to Defendants' Response Regarding Motion to Strike New Expert Report (Doc. No. 563). Defendants respectfully write to correct a brazen misrepresentation (one of many) contained in Ceglia's reply brief.

In the very first section of his brief, Ceglia states that Defendants' counsel Orin Snyder made a "judicial admission confirming the authenticity of page two" of the Work for Hire document—an assertion that appears nowhere in his opening brief. *See* Doc. No. 563 at 1-2; *see also* Doc. No. 500. In support of this statement, Ceglia cites four lines from the transcript of the June 30, 2011 hearing:

> THE COURT:  But [Defendant Zuckerberg] did sign some agreement.
> MR. SNYDER:  Correct. So the question is not whether the signature—
> THE COURT:  So the question is whether it's [Defendant Zuckerberg's] signature on this agreement.
> MR. SNYDER:  That's not a disputed issue in this case.

Doc. No. 563 at 2 (citing June 30, 2011 Tr. at 56). Ceglia then characterizes Mr. Snyder's statement as "a deliberately made unambiguous admission of fact." *Id.*

**GIBSON DUNN**

The Honorable Leslie G. Foschio
October 8, 2012
Page 2

Not surprisingly given his extensive misconduct in this litigation, Ceglia's four-line excerpt is knowingly misleading. As the colloquy immediately following this excerpt plainly reveals, Mr. Snyder never "confirmed" the authenticity of page two of Ceglia's forged Work for Hire document. In fact, the portion of the transcript omitted by Ceglia, <u>which directly follows</u> the excerpt Ceglia used, reads:

> THE COURT: Are you saying that page two is an authentic copy of the page two of the agreement that he did sign relative to the Street project?
>
> MR. SNYDER: I'm saying it may be in the sense that it appears to be Mr. Zuckerberg's signature, meaning to say it appears to be his signature <u>or a very good copy of his signature</u>.

June 30, 2011 Tr. at 57:9-15 (emphasis added). The Court then asked again whether Mr. Snyder was "conceding" that page two of the Work for Hire document bears Mr. Zuckerberg's authentic signature. *Id.* at 58:7. Mr. Snyder responded: "I'm conceding that Mr. Zuckerberg recognizes that to appear to be his signature, or <u>someone who copied what looks very much like his signature</u>. *Id.* at 58:8-11 (emphasis added).

As the full transcript plainly reveals, at no point during the June 30, 2011 hearing—or at any other time, for that matter—have Defendants ever "confirmed" or conceded that the second page of Ceglia's forged Work for Hire document bears Mr. Zuckerberg's authentic signature.

More broadly, by misrepresenting this Court's colloquy with Mr. Snyder, Ceglia suggests that Defendants have offered "inconsistent" or "changing" theories regarding the authenticity of the second page of the forged contract. Doc. No. 563 at 9, 4. In this way, Ceglia attempts to generate the appearance of 'reasonable doubt' and 'factual disputes,' in part, to dissuade this Court from exercising its inherent gatekeeping responsibilities to police fraud. To be clear, despite Ceglia's false insistence to the contrary, Defendants have not "consistently urged a page one substitution theory in this case." Doc. No. 563 at 4. As the Court well knows, since day one, Defendants have consistently maintained that Ceglia's Work for Hire document is forgery; that Ceglia proffered multiple versions of that forged document during this litigation; and that this entire lawsuit is a fraud and a lie.

This Court has previously held Ceglia responsible for "gross misrepresentation[s] which would be detected by even the marginally literate." Doc. No. 457 at 15 (denying Ceglia's motion to strike the report of Defendants' expert Gerald LaPorte and ordering Ceglia to show cause why sanctions should not be assessed). Ceglia's mischaracterization of this Court's colloquy with Mr. Snyder, and of Defendants' arguments throughout this litigation, continues his pattern of litigation misconduct and represents merely the latest in a long line of "gross

**GIBSON DUNN**

The Honorable Leslie G. Foschio
October 8, 2012
Page 3

misrepresentations" to this Court—misrepresentations attributable not to illiteracy but to Ceglia's glaring contempt for these proceedings.

Respectfully submitted,

*Alexander M. Southwell /sn*

Alexander H. Southwell

cc:     Terrance Flynn, Esq.
        Dean Boland, Esq.
        Paul A. Argentieri, Esq.