www.bolandlegal.com      where law and technology converge

dean@bolandlegal.com

October 16, 2012

Hon. Leslie G. Foschio
United States District Court for the
Western District of New York
2 Niagara Square
Buffalo, NY 14202

RECEIVED
OCT 16 2012
LESLIE G. FOSCHIO
U.S. MAGISTRATE JUDGE
BUFFALO, NY

Re: Ceglia v. Zuckerberg, No. 10-00569 (WDNY) (RJA) (LGF).  Defendants' request for delay.

In the most strenuous terms possible, Plaintiff objects to Defendants' requests in their recent letters to the court. Further delay is prejudicial to the Plaintiff.  Plaintiff filed this case 839 days ago, on June 30, 2010, and still, mutual discovery has not yet begun.  Defendants are trying to take control of when they are required to file their reply by asking the Court to set a reply date that is contingent upon when Defendants determine Plaintiff is in compliance. Defendants have shown on multiple occasions in this case that they are never willing to concede that Plaintiff is in compliance, or on any point for that matter.  The Defendants can point to no instance where they have ever conceded that Plaintiff is in compliance with any of the court's orders.

Plaintiff respectfully requests the Court to direct the Defendants to submit their reply to the Defendants motion to dismiss on fraud by October 18th, 2012. The Court is now fully aware of the content of the additional Kasowitz letters, the subject of the 8th motion to compel.  Plaintiff and Plaintiff's counsel already submitted declarations satisfying the 9th motion to compel.  Its clear that neither of the motions to compel involve anything that can be construed as definitive scientific evidence supportive of Defendants' motion to dismiss.

Defendants will not be prejudiced in any way by filing on the 18th. Defendants are fully prepared to file their reply to the motion to dismiss.  Lacking a reply from their letter of October 11, 2012, the Defendants had to prepare to file their reply on the 18th of October, in the event that the Court denied both motions to compel.  It is now two days before that deadline.

www.bolandlegal.com          where law and technology converge

dean@bolandlegal.com

The court will recall that when Plaintiff asked, some months ago, for a brief delay coinciding with discovery that Defendants had not provided (Doc. No. 391), Defendants responded with an uproar of insincere fears of delays and shakedowns (Doc. No. 407). The Court concluded that "Plaintiff has had ample time to comply with the court's schedule" and that Plaintiff's request was denied (Doc. No. 408). Now, just a few months later, Plaintiff quickly filed his response (Doc. No. 481) to Defendants' ludicrous claims of proving fraud in the Defendants motion to dismiss and Defendants, in turn, demand delay after delay. It's nonsensical. They don't want the case to go quickly now and they didn't want a moment of delay in the past. The key thread here is, whatever Plaintiff wants, even requests which fairness obviously dictate, Defendants want the opposite. Not only do they oppose those requests, unprofessionally as uncooperative as they could be as attorneys, they oppose them with hostility and vigor reserved for immature playground bullies.

Plaintiff not only objects to Defendants' proposals in their October 11, 2012 letter, but the entire menu of harassing and abusive techniques employed by Gibson, Dunn. As it turns out, these appear to be firm-wide policy objectives of Gibson, Dunn that have garnered them widespread sanction and condemnation including investigations of these practices.[1]

Mr. Southwell's October 8, 2012 letter is another in a long line of false statements about this case and Plaintiff's place in it. Mr. Snyder denied there was an issue regarding the signatures on page two of the FB contract. That is the simple fact. They can argue he later tried to amend or modify those comments, but he said it. Gibson, Dunn has misrepresented the lack of strength of their own case from the outset. They promised that all experts would agree the FB contract is a fraud. The dueling experts have disagreed. Gibson, Dunn then attempted to obscure this fact by speaking to the court as if it is not reading Plaintiff's experts' reports and calling any factual differences "insignificant." They presume the court is illiterate when reviewing Plaintiff's experts' reports and comparing those to Defendants' experts' reports as well as the now contradictory Defendants' experts' deposition testimony. Gibson, Dunn not only has contempt for any opponent, as the

---

[1] http://www.huffingtonpost.com/paul-paz-y-mino/chevron-ecuador-oil_b_1180208.html

www.bolandlegal.com  where law and technology converge

dean@bolandlegal.com

above lack of integrity firm-wide demonstrates, it has contempt for the intelligence of this court.

Plaintiff's forceful objection is not out of malice or calculated to do anything but bring Defendants' fruitless motion to dismiss to a swift end.

Sincerely,

Dean Boland