UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL D. CEGLIA,

                                                              **DECISION**
                                          Plaintiff,          **and**
                  v.                                          **ORDER**

MARK ELLIOT ZUCKERBERG, and               **10-CV-00569A(F)**
FACEBOOK, INC.,

                                          Defendants.

_____

APPEARANCES:         PAUL A. ARGENTIERI, ESQ.
                     Attorney for Plaintiff
                     188 Main Street
                     Hornell, New York 14843

                     BOLAND LEGAL, LLC
                     Attorney for Plaintiff
                     DEAN M. BOLAND, of Counsel
                     18123 Sloane Avenue
                     Lakewood, Ohio 44107

                     GIBSON, DUNN & CRUTCHER, LLP
                     Attorneys for Defendants
                     ORIN S. SNYDER,
                     ALEXANDER H. SOUTHWELL, and
                     THOMAS H. DUPRESS, JR., of Counsel
                     200 Park Avenue, 47th Floor
                     New York, New York 10166-0193

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on

May 27, 2011 for pretrial matters.  The action is presently before the court on

Defendants' Motion for a Protective Order (Doc. No. 474), filed August 15, 2012.

## BACKGROUND AND FACTS

In this action, Plaintiff Paul D. Ceglia ("Plaintiff"), claims that a "Work for Hire"

contract allegedly executed on April 28, 2003 by Plaintiff and Defendant Mark Elliott

Zuckerberg ("Zuckerberg"), established a partnership for the development and

commercialization of two separate internet business ventures, including "The Face

Book," the social-networking website now known as Defendant Facebook, Inc.

("Facebook").  The putative contract provides, as relevant here, Plaintiff would assist in

funding Facebook's development in exchange for "a half interest (50%) in the software,

programming language and business interests derived from the expansion of that

service to a large audience."  First Amended Complaint (Doc. No. 39) ("Amended

Complaint") ¶ 1.  Plaintiff's seven claims for relief include declaratory judgment based

on the alleged partnership with Zuckerberg (Claims 1 and 5), breach of fiduciary duty

(Claim 2), actual and constructive fraud (Claims 3 and 4), and breach of contract

(Claims 6 and 7).

On March 26, 2011, Defendants filed two dispositive motions, including a motion

to dismiss (Doc. No. 318) ("Motion to Dismiss"), and for judgment on the pleadings

(Doc. No. 320) ("Motion for Judgment") (together, "Defendants' Dispositive Motions"),

as well as a motion to stay discovery pending resolution of Defendants' Dispositive

Motions (Doc. No. 322) ("Motion to Stay"), which Plaintiff opposed.  In a Decision and

Order filed April 30, 2012 (Doc. No. 366) ("April 30, 2012 D&O"), the Motion to Stay was

granted in part and denied in part, the Motion for Judgment was converted to a motion

for partial summary judgment ("Summary Judgment Motion") on the issues of statute of

limitations and laches, and Plaintiff was permitted to conduct discovery under

Fed.R.Civ.P. 56(d), limited to interrogatories and document requests regarding two

issues, including

(1) assuming, *arguendo*, the Work for Hire contract dated April 28, 2003 is authentic, what intellectual property rights and other ownership interests were created by the contract's language providing that Plaintiff, in exchange for helping fund Zuckerberg's development of FaceBook, would give Plaintiff "a half interest (50%) in the software, programming language and business interests derived from the expansion of that service to a larger audience," and (2) how the formation of the LLC necessarily divested Plaintiff of any and all interest in the partnership assets, including intellectual property rights."[1]

April 30, 2012 D&O at 5.

Accordingly, on July 1, 2012, Plaintiff served on Defendants requests for production of documents ("Document Requests") and interrogatories ("Interrogatories") (together, "Discovery Requests").  On August 2, 2012, Defendants' attorney Alexander H. Southwell, Esq. ("Southwell"), emailed Plaintiff's counsel, Dean Boland, Esq. ("Boland"), requesting the parties agree to extend the deadline for Defendants' responses and objections to Plaintiff's discovery requests from August 3 to August 10, 2012, to permit the parties to meet and confer regarding concerns Defendants had about the scope of the Discovery Requests, specifically, that all of the Document Requests and many of the Interrogatories were beyond the scope of discovery authorized by the April 30, 2012 D&O.  On August 7, 2012, the parties conferred and attempted to resolve the dispute regarding the scope of the discovery requests, with Southwell demanding Plaintiff withdraw those Discovery Requests Defendants maintained were beyond the scope of authorized discovery, but Boland, on behalf of Plaintiff, refused.

On August 15, 2012, Defendants filed a motion (Doc. No.474) ("Defendants' Motion"), seeking a protective order under Federal Rules of Civil Procedure 26(c) with

---

[1] "LLC" refers to a limited liability company.

regard to all of the Document Requests and most of the Interrogatories, as seeking

information beyond that authorized by the April 30, 2012 D&O.  Defendants' Motion is

supported by Defendants' Memorandum of Law in Support of Their Motion for

Protective Order (Doc. No. 475), and the Declaration of Alexander H. Southwell, Esq.

(Doc. No. 476) ("Southwell Declaration"), with attached exhibits A through F

("Defendants' Exh(s). __").  On August 22, 2012, Plaintiff filed a Memorandum in

Response to Defendants' Motion for Protective Order (Doc. No. 501) ("Plaintiff's

Response").  On September 28, 2012, Defendants filed Defendants' Reply

Memorandum of Law in Support of Their Motion for Protective Order (Doc. No. 558)

("Defendants' Reply").  Oral argument was deemed unnecessary.  Based on the

following, Defendants' Motion is GRANTED.


## DISCUSSION

Defendants seek a protective order relieving them of any obligation to provide

responses to all of Plaintiff's Document Requests and many of Plaintiff's Interrogatories

which Defendants assert seek information relevant to the second category of discovery

authorized by the April 30, 2012 D&O, and rendered moot by Plaintiff's representations

made in papers submitted in connection with a motion Defendants had filed seeking

clarification of the April 30, 2012 D&O (Doc. No. 372) ("Defendants' Clarification

Motion").  In particular, Plaintiff stated in response to Defendants' Clarification Motion

that Defendants are bound to their allegations made as plaintiffs in a separate action,

*Zuckerberg v. Saverin*, No. 105CV039867, filed in California Supreme Court, County of

Santa Clara against one Eduardo Saverin ("Saverin"), a co-founder of Facebook,

asserting claims for declaratory relief and breach of contract based on Saverin's alleged improper actions in attempting to divest the plaintiffs of ownership interest in Facebook ("Saverin case").[2]  Such allegations include that "[a]t no time were the intellectual property rights in the business ever assigned to the LLC.  At no time did those rights ever belong to the LLC."   Plaintiff's Clarification Response at 8 (quoting Saverin Case, Third Amended Complaint").[3]  According to Plaintiff, "[a]t least to item (2) of the court's [April 30, 2012 D&O], Defendants' admission in the Saverin case via their complaint moots discovery on that issue.  It is axiomatic that the formation of the Florida, LLC did **not** divest Ceglia or anyone of anything related to intellectual property."  Plaintiff's Clarification Response at 8 (underlining and bold text in original).[4]  In denying Defendants' Clarification Motion, the court found that "Defendants, by claiming as plaintiffs in the Saverin case, that no intellectual property rights were transferred into the LLC formed by Saverin on April 13, 2004 under Florida law, moots the issue in the instant case and, as Defendants admit, [ ] no further discovery on this issue is required."  May 30, 2012 Decision and Order (Doc. No. 401) ("May 30, 2012 D&O"), at 7-8.  Defendants maintain the court's adoption of Plaintiff's assertion in Plaintiff's Clarification Response has rendered moot any discovery directed at the transfer of intellectual property rights into the LLC, including all Document Requests, in particular, Interrogatories Nos. 3-6, 10-21, and 23 propounded to Zuckerberg, and Interrogatories

---

[2]  Plaintiff's reference to the "Saverin case" is to a separate action

[3]  Plaintiff's Clarification Response Exh. 1.

[4]  Whether any intellectual property rights were transferred into the LLC is relevant to when the putative contract was breached, thus triggering the relevant six-year statute of limitations for breach of contract claims.

Nos. 3-16 and 18 propounded to Facebook.  Defendants' Memorandum at 6.

Defendants also object to the subject Discovery Requests as overly broad, unduly

vague, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants' Memorandum at 5.

        In opposition, Plaintiff asserts his Discovery Requests seek information as to

"when, if ever, Defendant Zuckerberg transferred more than 50% of the company's

intellectual property, programming language, etc. to any other person or entity," thus

breaching the asserted partnership agreement.  Plaintiff's Response at 2.  Plaintiff

further maintains the information is relevant to Defendants' "relation back" argument

asserted in support of summary judgment on the basis that Plaintiff's claims are time-

barred.  *Id.* at 3.  In further support of their motion, Defendants argue Plaintiff's failure to

address Defendants' contention that Plaintiff is bound to his earlier assertion that

discovery directed toward Category 2 is moot, establishes Plaintiff's concession on that

point, and that Plaintiff has also failed to rebut Defendants' contentions that the

requests are overly broad, unduly vague, and not reasonably calculated to lead to the

discovery of admissible evidence.  Defendants' Reply at 2.

        A district court has broad discretion as to whether to issue a protective order

under Rule 26(c).  *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("The

grant and nature of protection is singularly within the discretion of the district court . . .

."). *See S.E.C. v. Rajaratnam*, 622 F.3d 159, 181 (2d Cir. 2010) ("The right of access to

discovery materials is frequently qualified in the interest of protected legitimate

interests.").  Pursuant to Fed.R.Civ.P. 26(c) ("Rule 26(c)"),

        [t]he court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the discovery or disclosure; . . . [or] . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

Fed.R.Civ.P. 26(c)(1)(A) and (D).

The party seeking the protective order bears the burden of establishing the requisite "good cause" under Rule 26(c).  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (citing *In re Agent Orange Product Liability Litigation*, 821 F.2d 139, 145 (2d Cir. 1987)).  Conclusory assertions that requested discovery is intended only to harass a party, and to pressure the party into abandoning a claim by escalating the costs involved in complying with the discovery request are, however, insufficient to establish good cause in support of a protective order.  *Brown v. Astoria Federal Savings and Loan Association*, 444 Fed.Appx. 504, 505 (2d Cir. 2011).

The April 30, 2012 D&O specified two categories to which discovery was limited, including (1) what intellectual property rights and other ownership interests were purportedly created by the April 28, 2003 Work for Hire contract ("Category 1"), and (2) how the April 13, 2004 formation of Facebook, LLC in Florida divested Plaintiff of any of those intellectual property rights and other ownership interests ("Category 2"). Defendants maintain that Plaintiff's assertion, Plaintiff's Clarification Response at 8, that Defendants' averments in the complaint filed in the Saverin case establishes that the formation of the Florida, LLC did not divest Plaintiff of any intellectual property rights or partnership assets, has rendered moot the need for any discovery directed at Category 2 discovery, including all Document Requests posed to both Defendants, Interrogatories Nos. 3-6, 10-21, and 23 propounded to Zuckerberg, and Interrogatories

Nos. 3-16 and 18 propounded to Facebook.  Defendants' Memorandum at 6.

In opposition, Plaintiff argues the information sought by the Discovery Requests is essential to the determining what rights and interests were conveyed to Plaintiff under the Work for Hire contract, as well as when, if ever, Zuckerberg transferred more than 50% of the company's intellectual property, programming language, and business interests to any other person or entity.  Plaintiff's Response at 2.  According to Plaintiff, such information is critical to opposing Defendants' Summary Judgment Motion on the issue of whether Plaintiff's claims are time-barred insofar as Facebook, LLC was incorporated in Florida on April 13, 2004, more than six years prior to the commencement of the instant action in New York Supreme Court, Allegany County, on June 29, 2010, *id.* at 2-3, and relevant to Defendants' "relation back" argument, *i.e.*, that the relevant six-year limitations period applicable to breach of contract claims, commenced running in April 2004, when the Florida LLC was formed,  more than six years before Plaintiff filed either the original Complaint on June 30, 2010, or the Amended Complaint (Doc. No. 39), on April 11, 2011.  *Id.* at 3.  As such, Plaintiff asserts that documentation filed in connection with the July 29, 2004 incorporation of Facebook, Inc. in Delaware is relevant to whether Zuckerberg then claimed ownership of 100% of the software, programming language, and business interests pertaining to Facebook, or whether there has yet to be a breach of the Work for Hire contract.  *Id.* at 3-4.  Plaintiff's discussion of the Document Requests is limited to a single assertion that a review of the documentation filed in connection with the July 2004 Delaware incorporation is necessary to determine who then claimed ownership of Facebook's assets.  Plaintiff's Response at 3.  Plaintiff, however, separately discusses each of the

Interrogatories posed to Defendants. *Id.* at 4-12.

In further support of the requested protective order, Defendants maintain Plaintiff has conceded that he is limited to Discovery Demands relevant only to Category 1 of discovery, but that a plain reading of the Interrogatories in question establish they fall only within Category 2.  Defendants' Reply at 1-2.  Defendants further assert Plaintiff, rather then arguing the challenged discovery requests seek information relevant to Category 1 pertaining to Plaintiff's rights and interests under the Work for Hire contract, argues the requests are relevant to new theories of breach of contract raised for the first time in Plaintiffs' Response. *Id.* at 3.

As Defendants argue, in denying Defendants' motion for clarification of the April 30, 2012 D&O, the court found that "Plaintiff's assertion, [ ] that Defendants, by claiming, as plaintiffs in the Saverin case, that no intellectual property rights were transferred into the LLC formed by Saverin on April 13, 2004 under Florida law, moots the issue in the instant case and, as Defendants admit, [ ] no further discovery on this issue is required."  May 30, 2012 D&O (Doc. No. 401), at 7-8 (document references omitted).  Defendants maintain that the court thus has adopted the position propounded by Plaintiff in opposing Defendants' Clarification Motion and is bound to it. *Id.*  Plaintiff has not directly responded to this argument.

"The doctrine of judicial estoppel prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that is successfully advanced in another proceeding."  *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004) (citing *Mitchell v. Washingtonville Central School District*, 190 F.3d 1, 6 (2d Cir. 1999)).  "Thus, '[a] party invoking judicial estoppel must show that

(1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment."  *Rodal*, 369 F.3d at 118 (quoting *Mitchell*, 190 F.3d at 6).  In the instant case, although Plaintiff has not specifically argued any of the challenged discovery requests are relevant to Category 2, based on the court's determination in the May 30, 2012 D&O that Plaintiff's assertions in connection with Defendants' Clarification Motion that the issue of whether any intellectual property rights were transferred into the LLC formed by Saverin on April 13, 2004 under Florida law was moot, no further discovery on the issue is required.

Because Category 2 has been determined as moot, Plaintiff is entitled only discovery relevant to Category 1.  The court's consideration of each of the Discovery Requests at issue thus is limited to whether each such request is relevant, or likely to lead to relevant admissible evidence on the statute of limitations issue, as authorized by the April 30, 2012 D&O.  Specifically, Defendants are required to respond only to those Discovery Requests seeking information within Category 1, which asks, assuming the April 28, 2003 Work for Hire contract is authentic, what intellectual property rights and other ownership interests were created insofar as the contract provides that in exchange for helping fund Zuckerberg's development of Facebook, Plaintiff would receive "a half interest (50%) in the software, programming language and business interests derived from the expansion of that service to a larger audience."

## 1.    Document Requests

Both Defendants have failed to provide any documents responsive to any of the

six Document Requests served on each Defendant.  Document Requests 1 through 5

seek essentially identical information from Zuckerberg and Facebook, whereas

Document Request 6 seeks different information.  Defendants assert all Document

Requests seek information relevant only to Category 2 and, alternatively, the Document

Requests are overly burdensome, unduly vague, and not likely to lead to materially

relevant evidence.


**Document Request 1**.  Document Request 1 seeks all documents executed by or on

behalf of either Defendant involving the purported transfer of any software,

programming language, business interests, or other intellectual property into Facebook

before, during and after its incorporation in July 2004.

**Document Request 2.**  Document Request 2 seeks all documents reflecting

Facebook's claimed ownership rights in the software, programming language and

business interests before the incorporation of Facebook.

**Document Request 3.**  Document Request 3 seeks all agreements executed by either

Defendant and any other person or entity claiming ownership in the business prior to

Facebook's incorporation in July 2004.

**Document Request 4.**  Document Request 4 seeks all documents reflecting each

Defendants' ownership rights in the software programming language and business

interests in the business after the incorporation of Facebook in July 2004.

**Document Request 5.**  Document Request 5 seeks all documents supporting

Defendant's claimed breach of the Facebook contract with Plaintiff.

**Document Request 6 - Zuckerberg.**  Document Request 6 seeks, with regard to Zuckerberg, all documents executed by Zuckerberg in connection with Facebook's incorporation in July 2004.

**Document Request 6 - Facebook.**  Document Request 6 seeks, with regard to Facebook, all documents executed by any persons involved with Facebook's incorporation in July 2004 who claimed ownership of any percentage of the software, programming, or business interests.

In support of their motion for a protective order, Defendants assert the Document Requests seek information only within Category 2, which is moot, and is overly broad insofar as they seek all documents relating to Facebook's software, programming language, business interests, and intellectual property executed by or on behalf of either Defendant at any time.  Defendants' Memorandum at 6-10.  Plaintiff's blanket assertion in opposition to Defendants' motion is that such information will permit Plaintiff to ascertain who claimed ownership of Facebook's assets at the time of Facebook's July 2004 incorporation in Delaware.  Plaintiff's Response at 3.

A plain reading of each of the six Document Requests posed to each Defendant establishes that none of the Document Requests seek information within either Category 1 or 2.  Specifically, no document responsive to any of the Document Requests will show, or lead to evidence demonstrating either  (1) what intellectual property rights and other ownership interests were purportedly created by the April 28, 2003 Work for Hire contract as permitted under Category 1, or identify how the April 13, 2004 formation of Facebook, LLC in Florida divested Plaintiff of any of those intellectual property rights and ownership interests as permitted under Category 2.  Rather, the

requests attempt to obtain the identity of any person or entity claiming ownership of any of Facebook's assets upon its July 2004 incorporation.

Because such information is not relevant to the accrual of the six-year breach of contract limitations period, the primary issue raised by Defendants' Summary Judgment Motion, Defendants' motion is GRANTED as to all Document Requests.[5]


## 2.    Interrogatories

**Interrogatories Nos. 3, 4, 5, and 6 - Zuckerberg and Facebook.**  Interrogatories Nos. 3, 4, 5, and 6, as posed to both Defendants, are identical or materially identical, and seek information based on the assumption that the Work for Hire contract is authentic. Interrogatory No. 3 seeks the identity of the ownership interests of all persons whom Defendants claim owned any portion of the software, programming language and business interests after execution of the Work for Hire contract on April 28, 2003. Interrogatory No. 4 asks for a list of all persons, at the time of Facebook's incorporation in July 2004, with an ownership interest in the software, programming language and business interests, and each such person's respective percentage of ownership interests.  Interrogatory No. 5 asks for a list of the percentages of each person's ownership interest in the software, programming language and business interests transferred into Facebook after its incorporation in July 2004.  Interrogatory No. 6 seeks the consideration paid by Facebook to all persons Defendants maintain owned an

---

[5] Document Request 5 is also facially irrelevant because neither Zuckerberg nor Facebook asserts any valid contract with Plaintiff exists, much less that any such contract was breached.

interest in the software, programming language and business interests in exchange for such ownership in Facebook on or after July 2004.

Defendants argue in support of their request for a protective order that Interrogatories Nos. 3, 4, 5 and 6 do not seek any information under Category 1 but, rather, seeks information regarding the ownership interests of persons other than Plaintiff after the execution of the alleged Work for Hire contract.  Defendants' Memorandum at 11-14 (Zuckerberg), 19-20 (Facebook).  Defendants further maintain these four interrogatories are overly broad, unduly vague, and not reasonably calculated to lead to the discovery of admissible evidence insofar as they purport to ask Zuckerberg to define ownership rights of all persons in the software, programming language, and business interests of an unspecified business after April 28, 2003.  *Id.*  Plaintiff argues in opposition that information responsive to Interrogatories Nos. 3, 4, 5 and 6 will reveal "what percentage ownership anyone else had in the 'software, programming language and business interests' as listed in the contract."  Plaintiff's Response at 4-7.  According to Plaintiff, "the moment that Defendant Zuckerberg's interest fell below 50%, *e.g.*, via transfer to another early stage investor after Plaintiff or via transfer to Facebook, Inc., he was unable to transfer 'a half interest (50%) in the software, programming language and business interests' to Plaintiff."  *Id.*  Furthermore, the request for the amount of consideration any other investor paid for his respective ownership interest relates to the amount of interest that was transferred.  *Id.* at 6-7.  In further support of a protective order, Defendants argue Plaintiff has failed to demonstrate these interrogatories are related to Category 1, and are relevant only to a newly asserted theory of breach which turns on when Zuckerberg's share in Facebook

14

fell below 50%.  Defendants' Reply at 4-5.

Plaintiff's assertion that the information requested by Interrogatories Nos. 3, 4, 5, and 6 will enable Plaintiff to determine if and when Zuckerberg's ownership share in Facebook fell below 50% is set forth for the first time in response to Defendants' motion.  No plausible interpretation of Interrogatories Nos. 3, 4, 5, or 6, however, supports Plaintiff's position that the requested information is relevant to the limited discovery authorized by Category 1.  As such, Defendants' motion for a protective order is GRANTED as to Interrogatories 3, 4, 5, and 6 posed to both Defendants.

**Interrogatories Nos. 10, 11, and 12 - Zuckerberg.**  Interrogatories Nos. 10, 11, and 12 as posed to Defendant Zuckerberg, all query what were the intellectual property rights in the StreetFax software created by the Work for Hire contract for Plaintiff and Zuckerberg, and whether the Work for Hire contract authorized Zuckerberg to use StreetFax software.  Defendants are opposed to answering these interrogatories on the basis they relate solely to Zuckerberg's and Ceglia's rights to use StreetFax software, an inquiry that is irrelevant to the allegations of the instant action.  Defendants' Memorandum at 12-13.  In opposing Defendants' motion, Plaintiff makes the same argument as to Interrogatories Nos. 10, 11, and 12, specifically, that each such interrogatory "relates to whether some, all or none of the StreetFax source code created by Defendant Zuckerberg was part of the intellectual property and other ownership rights created by the contract."  Plaintiff's Memorandum at 7-8.  In further support of their motion, Defendants assert that Plaintiff has conceded Interrogatories Nos. 10, 11, and 12 related solely to the right to StreetFax software, which is irrelevant to this action.

Defendants' Reply at 5.

A plain reading of Interrogatories Nos. 10, 11, and 12 posed to Zuckerberg establishes, as Defendants assert and Plaintiff concedes, that the information requested thereunder is not relevant to either Category 1 or 2.  As such, Interrogatories Nos. 10, 11, and 12 seek information beyond that authorized by the April 30, 2012 D&O.  Defendants' request for a protective order is GRANTED as to Interrogatories Nos. 10, 11, and 12 posed to Zuckerberg.


**Interrogatory No. 13 - Zuckerberg / No. 7 - Facebook.**  Interrogator7 No. 13 propounded to Zuckerberg, is materially identical to Interrogatory No. 7 propounded to Facebook, and asks whether either Defendant used any StreetFax software for any Facebook or other purpose and, if so, to identify specifically when and what particular StreetFax software was used.  Defendants argue in support of a protective order that the requested information is not within Category 1, and has no relevance to the instant action.  Defendants' Response at 14 (Zuckerberg), and 20 (Facebook).  In opposition, Plaintiff argues "[t]his question relates to whether Defendant Zuckerberg engaged in a singular breach or multiple acts which can be construed as breaches of the agreement and whether he or Defendant Facebook is engaging in a continuous breach of the agreement."  Plaintiff's Response at 8.  In further support of their motion, Defendants assert Plaintiff has made no attempt to connect this interrogatory to Category 1.  Defendants' Reply at 5.

A plain reading of this interrogatory establishes, as Defendants maintain, it is completely irrelevant to the narrow discovery authorized under Category 1.

Accordingly, Defendants' motion for a protective order is GRANTED as to Interrogatory No. 13 (Zuckerberg) and Interrogatory No. 7 (Facebook).

**Interrogatories Nos. 14, 15, and 16 (Zuckerberg) / Nos. 8, 9, and 10 (Facebook).**

Interrogatories Nos. 14, 15, and 16 propounded to Zuckerberg are materially identical, respectively, to Interrogatories Nos. 8, 9, and 10 propounded to Facebook, and seek information relevant to whether Zuckerberg transferred any share in the software, programming language, and business interests of the business to anyone other than Plaintiff prior to the incorporation of Facebook. Defendants argue such information is authorized only under the now moot Category 2 of discovery and, as such, should be protected from discovery. Defendants' Memorandum at 14-15 (Zuckerberg); 20-21 (Zuckerberg). In opposition, Plaintiff concedes such information is necessary to determine whether Zuckerberg transferred any interest in the software, programming and business interests of the business to any person or entity prior to Facebook's incorporation in July 2004. Plaintiff's Response at 8-9. Defendants contend in further support of Defendants' motion that Plaintiff, by arguing that these interrogatories seek information only to the question of whether Zuckerberg transferred any interests to persons other than Plaintiff, admittedly seeks information unrelated to that authorized under Category 1. Defendants' Reply at 5.

As Defendants maintain, the information sought by these interrogatories is unrelated to Category 1, permitting only discovery regarding, assuming the April 28, 2003 Work for Hire contract is authentic, what intellectual property rights and other ownership interests were created insofar as the contract provides that in exchange for

17

helping fund Zuckerberg's development of Facebook, Plaintiff would receive "a half interest (50%) in the software, programming language and business interests derived from the expansion of that service to a larger audience."   April 30, 2012 D&O at 5. Accordingly, Defendants' motion is GRANTED as to Interrogatories Nos. 14, 15, and 16 (Zuckerberg), and 8, 9, and 10 (Facebook).

**Interrogatories Nos. 17 and 18 (Zuckerberg) / Nos. 11 and 14 (Facebook).**

Interrogatory No. 17 as posed to Zuckerberg is materially identical to Interrogatory No. 11 as posed to Facebook, and asks for the date Zuckerberg's ownership interest in Facebook fell below 50%.   Interrogatory No. 18 as posed to Zuckerberg is materially identical to Interrogatory No. 14 as posed to Facebook, and asks a related question, *i.e.*, what percentage ownership in the software, programming language, and business interests did Plaintiff have when Facebook was incorporated in July 2004 in Delaware. Defendants maintain the requested information is not within the discovery authorized under Category 1, relates only to Category 2, now moot, and is not reasonably calculated to lead to the discovery of admissible evidence.   Defendants' Memorandum at 15-16 (Zuckerberg); 21 (Facebook).   Defendants also characterize Interrogatories 18 (Zuckerberg), and 14 (Facebook) as unduly vague insofar as they purport "to ask Zuckerberg to define Ceglia's ownership in an unspecified 'business.'" *Id.* at 16 (Zuckerberg), and 22 (Facebook).   Plaintiff, in opposition, asserts the inquiries are relevant to determining when Zuckerberg breached the Work for Hire contract because once Zuckerberg's interest in Facebook fell below 50%, any Facebook interest subsequently transferred by Zuckerberg would necessarily have impaired Plaintiff's

interest, in breach of the contract.  Plaintiff's Response at 9-10.  In further support of their motion, Defendants assert Plaintiff has failed to connect these inquiries to Category 1 discovery authorized by the April 30, 2012 D&O.  Defendants' Reply at 5-6.

Not only do these interrogatories fail to seek information authorized for discovery under Category 1, but Interrogatories No. 18 (Zuckerberg), and 14 (Facebook), are also argumentative insofar as they presume that Zuckerberg transferred more than a 50% share in the software, programming language, and business interests of Facebook. Accordingly, Defendants' motion is GRANTED as to Interrogatories 17 and 18 (Zuckerberg), and 11 and 14 (Facebook).

**Interrogatories Nos. 19 and 20 (Zuckerberg) / Nos. 15 and 16 (Facebook).**

Interrogatories Nos. 19 and 20 as posed to Zuckerberg are identical to Interrogatories Nos. 15 and 16 as posed to Facebook, with Interrogatories 19 (Zuckerberg) and 15 (Facebook) asking whether Plaintiff's interests in the software, programming language, and business interests were transferred into Facebook and, if so, when such transfer occurred.  Interrogatories Nos. 20 (Zuckerberg) and 16 (Facebook), inquire when the fact of such transfer was first publicly disclosed.

Defendants argue in support of a protective order as to these interrogatories the interrogatories seek information that is irrelevant to the discovery authorized under Category 1, and relevant only to Category 2, now moot.  Defendants' Memorandum at 16-17 (Zuckerberg); 21-22 (Facebook).  Plaintiff asserts in opposition that insofar as Defendants have argued that Plaintiff's claims are time-barred as filed more than six years after the formation of Facebook, LLC in April 2004, these interrogatories seek the

same information regarding the incorporation of Facebook in July 2004.  Plaintiff's

Response at 10-11.  In further support of its motion, Defendants maintain Plaintiff has

failed to connect these interrogatories with the discovery authorized under Category 1.

Defendants' Reply at 6.

On their face, these interrogatories do not relate to any discovery authorized

under Category 1.  As such, Defendants' motion for a protective order is GRANTED as

to Interrogatories Nos. 19 and 20 (Zuckerberg) and Interrogatories Nos. 15 and 16

(Facebook).

**Interrogatory No. 21 (Zuckerberg).**  Interrogatory No. 21, propounded only to

Zuckerberg, asks Zuckerberg to "list and describe all acts and their dates of

occurrences that you claim constitute your breach of the contract."  Defendants seeks a

protective order on the basis this interrogatory does not seek information within

Category 1 of the April 30, 2012 D&O, but instead purports to seek information within

the now moot Category 2, specifically, information relating to the formation of Facebook

LLC in April 2004.  Defendants' Memorandum at 18.  In opposition, Plaintiff argues that

because Defendants' motion to dismiss alleges a breach of contract date outside the

six-year statute of limitations, given that the alleged breach occurred with the transfer of

intellectual property into the Florida LLC, which Defendants have acknowledged never

happened, such that Defendants' motion for summary judgment is based on an expired

limitations period, the motion "is unmoored to any breach event with a date certain."

Plaintiff's Response at 11.  In further support of their motion, Defendants maintain the

interrogatory is unrelated to the discovery authorized under Category 1, and instead

seeks information related only to Zuckerberg's alleged breach of the Work for Hire contract.  Defendants' Reply at 6.

A plain reading of Interrogatory No. 21 establishes it does not seek information authorized for discovery under Category 1 of the April 30, 2012 D&O.  Accordingly, Defendants' motion is GRANTED as to Interrogatory No. 21, posed to Zuckerberg.

**Interrogatory No. 23 (Zuckerberg) / No. 18 (Facebook).**  Interrogatory No. 23, as posed to Zuckerberg, is materially identical to Interrogatory No. 18, as posed to Zuckerberg, and seeks a list of all dates when either Defendant breached the Work for Hire contract with Plaintiff, along with the acts by which the contract was breached, whether such acts were ever repeated, when the occurrence of any such act was communicated to Plaintiff and when any such act was publicly disclosed, if ever. Defendants oppose producing such information on the basis that it does not seek information within Category 1, is based on the now-moot Category 2 relating to the formation of Thefacebook LLC, and is duplicative of Interrogatory No. 21 (Zuckerberg). In opposition, Plaintiff asserts the interrogatory attempts to ascertain whether Defendants are alleging in support of their motion for summary judgment an ongoing breach or a singular breach event.  Plaintiff's Response at 11-12.  In further support of their motion, Defendants assert Plaintiff, in arguing the interrogatory seeks information on the unrelated question of whether Zuckerberg engaged in an ongoing breach or in a singular breach event of the Work for Hire contract, has failed to connect the interrogatory to Category 1.  Defendants' Reply at 6.

A plain reading of this interrogatory establishes it seeks information well beyond

that authorized under Category 1 of the April 30, 2012 D&O.  As such, Defendants'
motion for a protective order is GRANTED as to Interrogatory No. 23 (Zuckerberg), and
No. 18 (Facebook).

**Interrogatory No. 12 (Facebook)**.  Interrogatory No. 12, posed only to Facebook,
requests the identity of the current owners of the software, programming language, and
business interests identified by Zuckerberg as relating to the Work for Hire contract and
such owners' respective percentages of ownership as to each of the three items.
Defendants maintain this interrogatory does not seek information authorized for
discovery under Category 1 because it is based on the now-moot Category 2.
Defendants' Memorandum at 21.  Defendants further maintain the interrogatory is
overly broad, unduly vague, and not reasonably calculated to lead to discovery of
admissible evidence insofar as it seeks the identity of all of Facebook's current owners
and their respective percentages of ownership. *Id.*  In response, Plaintiff does not
specifically address this interrogatory, nor does Defendant offer any argument in further
support of a protective order with regard to Interrogatory No. 12 (Facebook).

A plain reading of Interrogatory No. 12 as propounded to Facebook establishes it
does not seek information within the discovery authorized under Category 1 of the April
30, 2012.  Moreover, insofar as it seeks the identity of each owner of Facebook, along
with each owner's respective share, the interrogatory seeks information wholly
irrelevant to Defendants' Summary Judgment Motion asserting Plaintiff's action is time-
barred.  Defendants' motion is GRANTED as to Interrogatory No. 12 (Facebook).

**Interrogatory No. 13 (Facebook).**  Interrogatory No. 13, propounded only to Facebook, asks whether "the business operated by Facebook just after incorporation in July 2004 [was] the same business being operated by Defendant Zuckerberg just before incorporation."  Defendants oppose answering this interrogatory because it seeks information outside the scope of discovery authorized under Category 1, and is based on the now-moot Category 2.  Defendants' Memorandum at 22.  Defendants further maintain the interrogatory is unduly vague insofar as "it asks whether 'the business operated by Facebook just after incorporation in July 2004 [was] the same business being operated by Defendant Zuckerberg just before incorporation,' but fails to specify what is meant by 'the same business.'" *Id.*  Plaintiff has not specifically responded in opposition to Defendants' motion with regard to this interrogatory, nor does Defendant offer any argument in further support of a protective order with regard to Interrogatory No. 13 (Facebook).

Simply put, whether the "business operated by Facebook just after incorporation in July 2004 [was] the same business being operated by Defendant Zuckerberg just before incorporation" is completely irrelevant to the discovery permitted under Category 1 as set forth in the April 30, 2012 D&O.  Accordingly, Defendants' motion for a protective order is GRANTED as to Interrogatory No. 13 (Facebook).

## **CONCLUSION**

Based on the foregoing, Defendants' motion for a protective order (Doc. No.

474), is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      October 17, 2012
            Buffalo, New York