UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                            x
PAUL D. CEGLIA,                                             :
                                                            :
            Plaintiff,                                     :
                                                            :
    v.                                                      :   Civil Action No. 1:10-cv-00569-
                                                            :   RJA
MARK ELLIOT ZUCKERBERG and                                  :
FACEBOOK, INC.,                                             :
                                                            :
            Defendants.                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

### DEFENDANTS' RESPONSE TO MOTION TO INTERVENE

On November 5, 2012, this Court docketed a motion to intervene in this case, which was purportedly filed *pro se* by federal prisoner James Charles Kopp (the "Motion"). Doc. No. 585. The Motion is made pursuant to both Fed. R. Civ. P. 24(a), which allows intervention as of right, and Fed. R. Civ. P. 24(b), which allows intervention with the permission of the Court. The Motion does not articulate the specific legal basis to intervene, but rather makes various factual allegations about Plaintiff Paul Ceglia's criminal and personal history. On November 19, 2012, Defendants' counsel received a letter and sworn affidavit via United States mail apparently from Kopp, in which Kopp swears that the Motion to Intervene attributed to him was fraudulently filed by an impersonator. A true and accurate copy of this letter and affidavit, which appear to have been sent to the Court as well, are attached hereto as Exhibit A.

In order to intervene as of right, a movant must either have an unconditional federal statutory right, or else (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action without him, and (4) show that the interest is not adequately protected by the parties to the action. Fed. R. Civ. P. 24(a); *see New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). Without such an

unconditional right, failure to satisfy any one of the other four requirements provides sufficient basis to deny intervention.  *Kheel*, 972 F.2d at 485; *see, e.g.*, *Schonfeld v. City of New York*, 14 Fed. Appx. 128, 131 (2d Cir. 2001) (affirming rejection of *pro se* motion to intervene as of right for untimeliness and because movant's interests were adequately represented); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (affirming rejection of *pro se* motion to intervene as of right for untimeliness); *Kheel*, 972 F.2d at 486-87 (affirming rejection of *pro se* motion to intervene as of right for lack of a valid interest); *Ellis v. Appleton Papers, Inc.*, No. 94-CV-558, 2006 WL 984693, at *2 (N.D.N.Y. April 14, 2006) (rejecting *pro se* motion to intervene as of right for untimeliness, lack of a valid interest, and because disposition of the case would not affect the movant's claim); *United Parcel Serv. of Am., Inc. v. Net, Inc.*, 225 F.R.D. 416, 421-22 (E.D.N.Y. 2005) (rejecting *pro se* motion to intervene as of right for lack of a valid interest); *Coal. for Abortion Rights & Against Sterilization Abuse v. Niagara Frontier Transp. Auth.*, 584 F. Supp. 985, 986 (W.D.N.Y. 1984) (denying *pro se* motion to intervene "in all respects" for lack of timeliness, lack of a valid interest, and failure to show that the movant's interests were not represented by the existing parties).

Permissive intervention, on the other hand, may be granted (1) when an applicant has a conditional statutory right to intervene or (2) has a claim or defense that shares a common question of law or fact with the ongoing action.  Fed. R. Civ. P. 24(b)(1).  The Court has broad discretion in determining whether to grant or deny permissive intervention.  *See Schonfeld*, 14 Fed. Appx. at 132.  In deciding whether to allow permissive intervention, Rule 24(b)(3) requires consideration of the potential delay or prejudice that intervention could cause for the original litigants.  Such concerns have frequently led courts in this Circuit to deny permissive intervention to *pro se* applicants.  *See, e.g.*, *Schonfeld*, 14 Fed. Appx. at 132 (affirming rejection

of *pro se* motion for permissive intervention for untimeliness); *D'Amato*, 236 F.3d at 84 n.5 (affirming rejection of *pro se* motion for permissive intervention because of delay and prejudice to existing parties); *Kheel*, 972 F.2d at 487 (affirming rejection of *pro se* motion for permissive intervention because of delay and prejudice to existing parties, despite a common issue of fact); *Ellis*, 2006 WL 984693 at *3 (rejecting *pro se* motion for permissive intervention because of factual differences and prejudice to existing parties); *Coal. for Abortion Rights*, 584 F. Supp. at 986 (denying *pro se* motion to intervene "in all respects" for lack of timeliness, lack of a valid interest, and failure to show that the movant's interests were not represented by the existing parties); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (describing policy reasons militating against *pro se* intervention in the corporate context); *Winchester Assocs. v. Gould*, No. 85 Civ. 2246 (MJL), 1987 WL 14909, at *2 n.6 (S.D.N.Y. July 21, 1987) (rejecting *pro se* intervention in a "complex litigation, which . . . has occasioned 75 entries on its docket sheet, [where] even the skills of a well trained and experienced attorney would be challenged").

      The Motion to Intervene (Doc. No. 585) should be denied. First, it is unclear in light of Kopp's sworn statement that the Motion was actually filed by Kopp. *See* Exhibit A. And if the Motion was in fact filed by Kopp, then his later sworn statement is tantamount to a withdrawal of the Motion. Second, the Motion does not, in any event, satisfy the standards for either permissive intervention or intervention as of right. The Motion identifies no interest justifying Kopp's participation in this lawsuit, and allowing him to intervene at this late date could delay the proceedings.

Dated:       New York, New York
             November 19, 2012

                                                      Respectfully submitted,

                                                      /s/ Orin Snyder

| | |
|---|---|
| Thomas H. Dupree, Jr. | Orin Snyder |
| Erik R. Zimmerman | Alexander H. Southwell |
| GIBSON, DUNN & CRUTCHER LLP | Matthew J. Benjamin |
| 1050 Connecticut Avenue, NW | Amanda M. Aycock |
| Washington, DC 20036 | GIBSON, DUNN & CRUTCHER LLP |
| (202) 955-8500 | 200 Park Avenue, 47th Floor |
| | New York, NY 10166-0193 |
| | (212) 351-4000 |
| Terrance P. Flynn | |
| HARRIS BEACH PLLC | |
| 726 Exchange Street | |
| Suite 1000 | |
| Buffalo, NY 14210 | |
| (716) 200-5120 | |

*Attorneys for Defendants Mark Zuckerberg and Facebook, Inc.*