UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL D. CEGLIA,

                                    Plaintiff,

                    v.

MARK ELLIOT ZUCKERBERG, and
FACEBOOK, INC.,

                                    Defendants.
_____

**DECISION
and
ORDER**

**10-CV-00569A(F)**

APPEARANCES:          PAUL A. ARGENTIERI, ESQ.
                      Attorney for Plaintiff
                      188 Main Street
                      Hornell, New York 14843

                      BOLAND LEGAL LLC
                      Attorneys for Plaintiff
                      DEAN M. BOLAND, of Counsel
                      18123 Sloane Avenue
                      Lakewood, Ohio 44107

                      GIBSON, DUNN & CRUTCHER, LLP
                      Attorneys for Defendants
                      ALEXANDER H. SOUTHWELL, and
                      THOMAS H. DUPREE, of Counsel
                      200 Park Avenue, 47th Floor
                      New York, New York 10166-0193

                      HARRIS BEACH LLP
                      Attorneys for Defendants
                      TERRANCE P. FLYNN, of Counsel
                      Larkin at Exchange
                      726 Exchange Street, Suite 1000
                      Buffalo, New York 14210

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on

May 27, 2011 for pretrial matters.  It is presently before the court on Defendants'

Application for Recovery of Expenses (Doc. No. 517), filed September 7, 2012.

## BACKGROUND and FACTS[1]

Plaintiff Paul D. Ceglia ("Plaintiff" or "Ceglia"), filed the original complaint in this action on June 30, 2010, in New York Supreme Court, Allegany County.  On July 9, 2010, Defendants Mark Elliot Zuckerberg ("Zuckerberg") and Facebook, Inc. ("Facebook") (together, "Defendants") removed the action to this court asserting subject matter jurisdiction based on diversity.  In an Amended Complaint filed April 11, 2011 (Doc. No. 39), Plaintiff asserts seven claims for relief based on alleged breaches of a purported contract with Zuckerberg and the partnership established thereunder. Defendants deny the purported contract's authenticity, asserting it is a forgery.

Because the authenticity of the purported contract is critical to this action, in lieu of general discovery the parties agreed to participate in discovery limited to the purported contract's authenticity.  In connection with such limited discovery, Plaintiff, on June 21, 2012, noticed depositions of ten of Defendants' expert witnesses, including Eric Friedberg ("Friedberg"), Bryan Rose ("Rose"), Michael McGowan ("McGowan"), Jason Novak ("Novak"), Gerald LaPorte ("LaPorte"), Peter Tytell ("Tytell"), Albert Lyter ("Lyter"), Gerald McMenamin ("McMenamin"), Gus Lesnevich ("Lesnevich"), and Frank Romano ("Romano"), for the last week of July and the first week of August 2012. Plaintiff's attorney Dean M. Boland, Esq. ("Boland"), and Defendants' attorney Alexander H. Southwell, Esq. ("Southwell"), had coordinated the deposition schedules to allow the parties' experts to attend the depositions of the opposing parties in the same field.  Boland advised Southwell he intended to depose LaPorte and Lesnevich

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

for seven hours each, but that Defendants' remaining eight experts would be scheduled for half-day depositions with two depositions conducted per day.  In a telephone conversation on June 21, 2012, Boland and Southwell also agreed that the deposing party would pay the deposed expert's deposition appearance fees on the scheduled day for the deposition, and would reimburse each expert for reasonable travel and lodging fees incurred, but that the deposed experts' travel time would not be reimbursed.  This "Deposition Expense Agreement" was memorialized in a June 22, 2012 letter ("June 22, 2012 Letter"),[2] from Southwell to Boland.

Despite confirming each of the ten depositions scheduled, Plaintiff eventually canceled seven of the depositions with less than 48 hours' notice, three with less than 24 hours' notice.  Only two of the seven canceled depositions were rescheduled.

On September 7, 2012, Defendants filed the instant Application for Recovery of Expenses (Doc. No. 517) ("Defendants' motion"), seeking payment from Plaintiff of all expenses incurred in connection with Plaintiff's cancellation of seven of ten depositions of Defendants' experts noticed by Plaintiff, with less than 48 hours' notice.  Included in the expenses Defendants seek to recover are expenses for their experts' travel and lodging, appearance fees, and preparation time, as well as time Defendants' attorneys spent preparing each expert for their respective depositions and preparing the instant application for expenses.  In support of the motion, Defendants filed Defendants' Application for Recovery of Expenses (Doc. No. 518) ("Defendants' Memorandum"), and the Declaration of Alexander H. Southwell, Esq. (Doc. No. 519) ("Southwell

---

[2] Defendants' Exh. C.

Declaration"), with exhibits A through S ("Defendants' Exh(s). __").  On September 24,

2012, Plaintiff filed the Memorandum in Opposition to Defendants' Motion for

Deposition Costs and Expenses (Doc. No. 551) ("Defendants' Response"), and the

Declaration of Dean Boland, Esq. in Opposition to Defendants' Motion for Deposition

Costs and Expenses (Doc. No. 552) ("Boland Declaration").  On September 28, 2012,

Defendants filed Defendants' Reply Memorandum in Support of Their Application for

Recovery of Expenses (Doc. No. 559) ("Defendants' Reply"), and the Supplemental

Declaration of Alexander H. Southwell, Esq. (Doc. No. 560) ("Southwell Reply

Declaration"), with attached exhibit A ("Defendants' Reply Exh. A").  Oral argument was

deemed unnecessary.

Based on the following, Defendants' motion is GRANTED in part and DENIED in

part.


## DISCUSSION

Defendants seek to recover from Plaintiff expenses incurred for the travel,

lodging, expert preparation time, and attorney preparation time, as well as expert

appearance fees for those Defendants' experts whose depositions Plaintiff noticed and

scheduled, but then canceled with less than 48 hours' notice.  Defendants maintain that

Plaintiff's late cancellation of the depositions caused Defendants to needlessly incur

costs and expenses, including time spent by the attorneys and the witnesses preparing

for the depositions, appearance fees to which each witness was entitled for being

available on the date of the scheduled depositions, and the travel and lodging expenses

incurred by those witnesses who do not reside in New York City where the canceled

depositions were to take place.  Defendants' Memorandum at 1-6.  In total, Defendants request $ 98,640.75 in reimbursement of witness, attorney, and appearance fees, as well as travel and lodging expenses.  *Id.* at 7.

In opposition to Defendants' motion, Plaintiff argues that the agreement reached with Defendants prior to scheduling depositions of Defendants' expert witnesses was that the party taking the deposition would pay the reasonable deposition fee for the witness's time in the deposition, and the reasonable travel expenses incurred by the witness to attend the deposition, but that the parties never agreed that any other costs or expenses of depositions would be borne by the deposing party.  Plaintiff's Memorandum at 1-2.  Plaintiff maintains that although the depositions of Defendants' experts were noticed for Cleveland, Ohio, where Boland's law office is located, Plaintiff agreed to Southwell's request that all Defendants' witnesses be deposed in New York City with the qualification that in scheduling Defendants' expert witnesses' depositions, consideration be given to Boland's need to travel and the attendant travel and lodging costs incurred by Plaintiff. *Id.* at 2.  Plaintiff further asserts that an unanticipated flight cancellation required the postponement of some depositions, *id.* at 2-3, depositions were timely canceled in good faith, *id*. at 3-4, Defendants have refused to meet and confer with Plaintiff regarding the instant dispute, *id.* at 4-5, that Plaintiff never agreed to pay the costs Defendants seek to recover such that allowing Defendants to recover such costs is based on "double billings" resulting in a financial windfall to Defendants, *id.* at 5-6, and 8, that Defendants' arguments in support of their motion adheres to an "infinitely flexible definition of 'reasonable,'" *id.* at 6-7, that Defendants' request is illogical, *id.* at 8-12.  Plaintiff further maintains the cancellations were timely and made

in good faith under Fed.R.Civ.P. 30(g) ("Rule 30(g)"), pursuant to which the court may order the party who notices a deposition to pay the reasonable expenses incurred by the noticed party where the party who gave notice fails to attend the deposition.  *Id.* at 13-17.  Alternatively, Plaintiff challenges as excessive the travel and lodging costs incurred by Defendants' experts. *Id.* at 17-18.

In further support of their motion, Defendants maintain Plaintiff's opposition to Defendants' motion relies on unsupported and self-serving assertions about the applicability of Rule 30(g) and the reasonableness of Defendants' requests. Defendants' Reply at 1.  In particular, Defendants maintain the seek reimbursement not pursuant to Rule 30(g) but, rather, pursuant to caselaw.  *Id.* at 2.  Defendants also reiterate they seek reimbursement not pursuant to the Deposition Expense Agreement, but pursuant to the Federal Rules of Civil Procedure and caselaw within the Second Circuit. *Id.* at 2-3.  Defendants argue in disputing Plaintiff's assertion that the cancellations of the depositions of Novak, Friedberg, Lesnevich, and Romano were reasonable because each of these witnesses could have returned home and worked a full day that such assertion ignores the fact that the experts and Defendants' attorneys expended time preparing for the canceled depositions. *Id*. at 3.  According to Defendants, Boland's assertion that an unanticipated flight cancellation and illness required him to cancel the depositions of Tytell, Lyter, and McMenamin is disingenuous given that number other flights and trains were available for Boland and Defendants offered to delay the start of the subject depositions. *Id.* at 3-4.  Finally, Defendants draws the court's attention to Plaintiff's failure to reference any legal authority for Plaintiff's assertion that the costs for which Defendants' seek reimbursement are

unreasonable. *Id.* at 4-5.

To assist the reader, the court provides a detailed discussion of the circumstances under which the depositions for which Defendants seek reimbursement were scheduled and canceled.  On June 25, 2012, the depositions of representatives from Defendants' digital forensics experts, Stroz Friedberg, LLC ("Stroz Friedberg"), Novak and Friedberg, were scheduled for July 18 and 19, 2012.  Defendants' Memorandum at 2.  By letter dated July 5, 2012 ("July 5, 2012 Letter"),[3] Southwell advised Boland that the expert fees for those experts whose depositions Plaintiff had noticed ("appearance fees") included:

| | |
|---|---|
| Novak | $ 1,662.50 |
| Friedberg | $ 3,412.50 |
| Lyter | $ 1,500.00 |
| Tytell | $ 3,400.00 |
| Lesnevich | $ 6,400.00 |
| McMenamin | $ 5,000.00 |
| Romano | $   875.00 |

Plaintiff does not deny receiving the July 5, 2012 Letter and nothing in the record establishes Plaintiff raised any objection at that time to the amount of the appearance fees requested by Defendants' experts.

Although Boland confirmed the depositions of Novak and Friedberg on July 15, 2012, on July 16, 2012, Boland canceled both depositions, neither of which has been rescheduled. *Id.* at 2-3.  In connection with the late cancellations of the depositions of Nowak and Friedberg, Defendants seek to recover witness and attorney fees for witness preparation, witness appearance fees, and travel and lodging expenses. *Id.*

---

[3] Defendants' Reply Exh. A.

Specifically, Defendants seek reimbursement for the time counsel spent on July 6, 13, and 16 preparing Novak for deposition, incurring $ 12,695 in witness and related attorney fees, Novak's appearance fee of $ 1,662.50, and $ 649.51 incurred in travel and lodging expenses.  *Id.* at 3.  Defendants also seek reimbursement for the time counsel spent time on July 6, 12, and 13 preparing Friedberg for deposition, incurring $ 12,593.75 in witness and attorney fees, and Friedberg's appearance fee of $ 3,412.50. *Id.*  Because Friedberg lives in New York City, Defendants do not seek travel and lodging expenses for him.  *Id.*

On July 12, 2012, Boland confirmed the depositions of Lyter and Tytell for July 25, 2012.  Defendants' Memorandum at 3-4.  On July 16, 2012, Boland notified Defendants' counsel of a conflict requiring the rescheduling of both depositions for August 2, 2012, which Boland confirmed on July 19, 2012.  *Id.*  On August 1, Boland canceled Lyter's and Tytell's depositions.  *Id.*  On August 2, 2012, Tytell's deposition was rescheduled for August 3, 2012, and Lyter's deposition was rescheduled for August 10, 2012.  *Id.*  Because Tytell's deposition was quickly rescheduled, and Tytell lives in New York City, Defendants seeks only Tytell's cancellation fee of $ 1,700.  *Id.* at  4. The postponement of Lyter's deposition for more than one week, however, caused Defendants to spend additional time on August 9, 2012, preparing Lyter for his re-scheduled deposition.  *Id.*  As such, Defendants seek $ 7,700 in witness and attorney preparation fees, an appearance fee of $ 1,500, and $ 1,286 in travel and lodging expenses incurred in connection with the canceled deposition.  *Id.*

On June 25, 2012, the deposition of McMenamin was scheduled for August 3, 2012, which Boland confirmed on July 19, 2012, and on August 1, 2012, as well as on

August  2, 2012.  Defendants' Memorandum at 5.  Later on August 2, 2012, however,

Boland canceled McMenamin's deposition less than 14 hours prior to its scheduled

commencement, and did not seek to reschedule the deposition.  *Id.*  Defendants seek

to recover for time spent preparing for the canceled deposition on July 30 and 31, and

August 2, 2012, requesting $ 19,273 in witness and attorney fees, McMenamen's

appearance fee of $ 5,000, and $ 3,665 travel and lodging expenses.  *Id.*

Also scheduled on June 25, 2012 was the deposition of Lesnevich for August 2,

2012.  Defendants' Memorandum at 5.  On July 16, 2012, Boland advised Defendants'

counsel of conflicts requiring rescheduling Lesnevich's deposition for August 8, 2012,

which Boland confirmed on July 19, 2012.  *Id.*  On August 6, 2012, however, Boland

canceled Lesnevich's deposition less than 48 hours prior to its scheduled

commencement, and which Boland did not seek to reschedule.  *Id.*  Defendants seek

reimbursement for time spent on August 6, 2012, preparing Lesnevich for the

deposition, including $ 6,560 in witness and attorney fees, Lesnevich's appearance fee

of $ 6,400, and $ 2,228.97 in travel and lodging expenses.  *Id.*

On June 27, 2012, Boland confirmed the deposition of Romano for August 14,

2012.  Defendants' Memorandum at 6.  In an email dated August 13, 2012, Boland

advised he was cancelling Romano's deposition less than 20 hours prior to its

scheduled commencement.  *Id.* and Defendants' Exh. L.  Romano's deposition has not

been rescheduled, and Defendants seek to recover witness and attorney fees, witness

appearance fees, and travel and lodging expenses incurred on August 10 and 13,

2012, in preparing Romano for the canceled deposition.  Defendants' Memorandum at

6.  Defendants seek witness and attorney fees of $ 9,840, Romano's appearance fee of

9

$ 875, and $ 1,599.52 incurred in travel and lodging expenses.  *Id.*

To summarize, Defendants seek to recover as follows:

| Expert Witness | Witness Preparation | Attorney Preparation | Appearance Fee | Travel and Lodging | Total |
|---|---|---|---|---|---|
| Friedberg | $ 6,093.75 | $ 6,500.00 | $ 3,412.50 | n/a | $ 16,006.25 |
| Lesnevich | 4,000.00 | 2,560.00 | 6,400.00 | $ 2,228.97 | 15,188.97 |
| Lyter | 4,200.00 | 3,500.00 | 1,500.00 | 1,286.00 | 10,486.00 |
| McMenamin | 8,188.00 | 11,085.00 | 5,000.00 | 3,665.00 | 27,938.00 |
| Novak | 6,925.00 | 5,770.00 | 1,662.50 | 649.51 | 15,007.01 |
| Romano | 2,500.00 | 7,340.00 | 875.00 | 1,599.52 | 12,314.52 |
| Tytell | n/a | n/a | 1,700.00 | n/a | 1,700.00 |
| Totals: | $ 31,906.75 | $ 36,755.00 | $ 20,550.00 | $ 9,429.00 | $ 98,640.75 |

Defendants' Memorandum at 7.

The undisputed facts thus establish that the seven canceled depositions were canceled with less than 48 hours' notice, and five were never rescheduled, including the depositions of Friedberg, Lesnevich, McMenamin, Novak, and Romano.  The late cancellations, however, did not allow the seven experts to avoid travel and lodging expenses given that those experts who do not live in New York City had to travel there and such travel occurred several days prior to their respectively scheduled depositions to accommodate the experts' need to prepare with Defendants' attorneys for such depositions.

## 1.    Attorney and Witness Fees and Appearance Fees

District courts within the Second Circuit have awarded the costs of canceled depositions, including travel and lodging expenses, as well as expenses for the time expended by the experts and attorneys preparing for the canceled depositions.  *See*,

*e.g.*, *Carlson v. Geneva City School District*, 2011 WL 3957524, at * 4-5 (W.D.N.Y. Sept. 7, 2011) (denying defendants' objection filed to magistrate judge's award of costs of deposition canceled less than four days prior to its scheduled commencement); *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 2010 WL 3420730, at *3-4 (W.D.N.Y. Aug. 23, 2010) (denying plaintiff's objections to magistrate judge's award of costs, including attorney fees, and expenses incurred in connection with deposition canceled less than 48 hours before its scheduled commencement); and *Edmonds v. Seavey*, 2009 WL 1285536, at * 3-4 (S.D.N.Y. May 5, 2009) (granting defendants' motion for costs, including attorneys' fees, incurred in connection with cancellation of deposition with less than 24 hours' notice), *aff'd*, 2009 WL 2150971 (S.D.N.Y. July 20, 2009) (denying plaintiff's objections to earlier award of costs of untimely canceled deposition), *aff'd*, 379 Fed. Appx. 62 (2d Cir. 2010).  Where the deposition canceled is of an expert witness, the cancelling party may also be required to reimburse the costs of the expert's time and appearance fee.  *See Roger Dubuis North America, Inc. v. Thomas,* 2006 WL 3199141, at *3-4 (M.D.Pa. Nov. 3, 2006) (awarding plaintiff attorney fees and witness fees incurred in preparing for canceled depositions for time which was wasted but not for time which was not wasted given that witness preparation was used in cross-examination at preliminary injunction hearing); and *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 537 (N.D.Ill. 2005) (awarding plaintiff reasonable expenses covering travel and deposition time for plaintiff's counsel and expert where deposition was canceled without notice).  Such costs may be awarded pursuant to Fed.R.Civ.P. 30(g) ("Rule 30(g)").  *Edmonds*, 2009 WL 1285526, at * 3 & n. 3.

In the instant case, there is no merit to Plaintiff's argument, Plaintiff's Response

at 13-14, that Rule 30(g) permits the recovery of expenses only where the party to be deposed appears, but the party who noticed the deposition does not.  According to Plaintiff, Defendants cannot recover the costs of the canceled depositions because none of the experts whose depositions were canceled appeared for the canceled depositions.  *Id.*  Defendants assert in further support of their motion that their request is consistent with caselaw from district courts within the Second Circuit.  Defendants' Reply at 2.

As relevant, Rule 30(g) provides that a party who notices a deposition yet fails to attend and proceed with the deposition, may be ordered to pay to such other party "the reasonable expenses for attending, including attorney's fees . . . ."  Fed.R.Civ.P. 30(g)(1).  Plaintiff's cancellation of the depositions with short notice did not allow the experts and Defendants' attorneys to avoid spending time preparing the experts for the depositions, the very circumstances under which courts have allowed the recovery of expert witness and attorney fees, regardless of Rule 30(g)(1).  See *Carlson*, 2011 WL 3957524, at * 4-5; *Star Direct Telecom, Inc.*, 2010 WL 3420730, at *3-4; *Edmonds*, 2009 WL 1285536, at * 3-4.

As for Plaintiff's assertion that the August 2, 2012 depositions of Lytel and Tytell, and the August 3, 2012 deposition of McMenamin, were canceled in good faith after Boland's connecting flight in the evening of August 1, 2012, from Philadelphia to New York was canceled, and Boland was unable to secure travel on an alternate flight that would allow him to arrive in New York City in time for the scheduled depositions, and Boland subsequently became ill at the Philadelphia airport, is undermined by Plaintiff's failure to explain why travel on a different flight or by train the following morning could

12

not have been reasonably accomplished given that Defendants had offered to delay the start time of the depositions.  Although Boland rescheduled Tytell's deposition for August 3, 2012, Boland fails to explain why he did not also reschedule Lyter for August 3, 2012, but instead re-scheduled Lyter for August 10, 2012.  Given that all three experts were scheduled to be deposed only for half-day, as opposed to full-day depositions, there is no apparent reason why McMenamin's deposition, which had been scheduled for a half-day on August 3, 2012, was canceled and never rescheduled. Accordingly, the unanticipated cancellation of Plaintiff's connecting flight from Philadelphia to New York City on August 1, 2012, and Plaintiff's vaguely asserted illness[4] do not excuse Plaintiff's late cancellation of the depositions of Tytell, Lyter, and McMenamin.

Such late cancellation also entitles Defendants to be reimbursed for the appearance fee the experts would have received had the canceled depositions taken place.  *See Roger Dubuis North America, Inc.,* 2006 WL 3199141, at *3-4.  Nor is there any merit to Plaintiff's assertion, Plaintiff's Response at 6, 16, that upon the cancellation of the various depositions, Plaintiff should not be required to pay the canceled experts the appearance fees to which the experts would have been entitled but for their canceled depositions as such payment would be a windfall to the experts because the cancellation of such depositions left the experts able to perform work according to their regular work schedule.  This argument ignores the reality of the situation, *i.e.*, the

---

[4] Boland asserts that, despite feeling ill, he spent the night of August 1 to 2, 2012, in the airport in Philadelphia.  Boland Declaration ¶ 17.  Other than asserting a lack of sleep based on "a few hours" of sleep in the airport terminal, Plaintiff's Response at 3, Boland does not explain why a train scheduled to depart Philadelphia at 5:30 A.M. on August 2, 2012, which would have arrived in New York City two hours later, *i.e.*, 7:30 A.M. on August 2, 2012, was not an acceptable alternative.

experts, in arranging their own schedules to accommodate the scheduled depositions, were required to pass on other business opportunities that may have arisen during the time each expert was to be deposed, as well as during the time the experts spent traveling to New York City both to prepare for and to participate in their scheduled depositions.  Although Plaintiff, in opposing Defendants' motion, argues the experts' appearance fees are unreasonable, Plaintiff's Response at 6-7, significantly, Plaintiff never objected to the experts' fees, of which Plaintiff was advised by Southwell in his July 15, 2012 Letter.  Accordingly, Defendants' experts are entitled to be paid their stated for the late-canceled deposition.

Finally, Plaintiff's assertion that Defendants' conduct when deposing Plaintiff's experts, including their refusal to pay Plaintiff's experts for any break times during which the expert was not actually being deposed, Plaintiff's Response at 9-10, is merely a red herring, having no relevance to Defendants' motion.

As such, Plaintiff is required to pay the costs of Defendants' attorneys and expert witnesses time spent preparing for the canceled depositions, as well as the appearance fees for those experts whose depositions were cancelled as follows:

| Expert Witness | Witness Preparation | Attorney Preparation | Appearance Fee | Total |
|---|---|---|---|---|
| Friedberg | $ 6,093.75 | $ 6,500.00 | $ 3,412.50 | $ 16,006.25 |
| Lesnevich | 4,000.00 | 2,560.00 | 6,400.00 | 12,960.00 |
| Lyter | 4,200.00 | 3,500.00 | 1,500.00 | 9,200.00 |
| McMenamin | 8,188.00 | 11,085.00 | 5,000.00 | 24,273.00 |
| Novak | 6,925.00 | 5,770.00 | 1,662.50 | 14,357.50 |
| Romano | 2,500.00 | 7,340.00 | 875.00 | 10,715.00 |
| Tytell | n/a | n/a | 1,700.00 | 1,700.00 |
| Totals: | $ 31,906.75 | $ 36,755.00 | $ 20,550.00 | $ 89,211.75 |

Plaintiff is required to reimburse Defendants for $ 89,211.75 in attorney and expert fees incurred in preparing for and appearance fees for the canceled depositions.

## 2.    Travel and Lodging Expenses

Despite the determination that Defendants may recover the costs of their expert's appearance fees and attorney and witness fees for the time spent preparing for the canceled deposition, Plaintiff's opposition to the travel and lodging expenses requested by Defendants is not entirely without merit.  It is undisputed that the parties agreed in the Deposition Expense Agreement that the party requesting a deposition would pay the requested expert's travel and lodging expenses incurred in connection with the deposition.  Deposition Expense Agreement.  As such, because the late notice of cancellation was insufficient to allow these experts to avoid travel and lodging expenses, Plaintiff is responsible for paying these costs pursuant to the Deposition Expense Agreement reached with Defendants in June 2012, as well as pursuant to Rule 30(g).  *See Star Direct Telecom, Inc.*, 2010 WL 3420730, at * 3-4 (plaintiff required to pay costs, including attorney fees, and travel and lodging expenses incurred in connection with deposition canceled less than 48 hours before its scheduled commencement).

Plaintiff's untimely cancellation of the depositions resulted in unnecessary travel and lodging expenses for those experts who do not reside in New York City, including Lesnevich, Lyter, McMenamin, Novak, and Romano.  Although Plaintiff is responsible for such costs under the Deposition Expense Agreement, Deposition Expense Agreement, neither Plaintiff nor Defendants have submitted sufficient documentation of

the travel costs and lodging expenses incurred by Defendants' experts in connection with their canceled depositions.  Plaintiff's statements in opposition to Defendants' motion, however, establish that Plaintiff is in possession of a detailed accounting of the travel and lodging expenses incurred by Defendants' experts.  Plaintiff's Response at 7, 17-18.

In particular, Plaintiff objects to the fact that McMenamin traveled to New York City in business class at a cost of $ 2,403, and Lesnevich's hotel stay for an unspecified number of nights totaled $ 1,799 which Plaintiff asserts far exceeds the typical rate for a New York City hotel of $ 250.  Plaintiff's Response at 7.  Plaintiff later asserts, Plaintiff's Response at 17, that McMenamin spent three nights in the Hyatt hotel at an average rate of $ 374, which Plaintiff also finds reasonable.  According to the court's research, quality hotel rooms are available in midtown New York City, whether booked for the summer months or in mid-December 2012, for the $ 374 rate Plaintiff maintains is reasonable, Plaintiff's Response at 17, including the Grand Hyatt New York ($ 219 in December 2012, $ 329 in summer 2013, rated "excellent"). *See* Hotels.com, available at: [http://www.hotels.com/search.do?destination=New=York](http://www.hotels.com/search.do?destination=New=York), last checked November 28, 2012.  Plaintiff's earlier suggested rate of $ 250 is a bit low, given that in 2008, at least one court in the Southern District of New York considered $ 275 a reasonable price for a hotel room in New York.  *See J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752, at * 14 (S.D.N.Y. Oct. 17, 2008) (finding $ 275 per night reasonable rate for hotel in New York City).

Defendants do not deny Plaintiff's descriptions of the travel and lodging expenses challenged by Plaintiff, other than asserting that the $ 1,799.48 in hotel

expenses incurred by Lesnevich were for Lesnevich and his assistant, Khody Detweiler, for two rooms for two nights, yielding an average daily room rate of $ 450, in excess of the $ 374 Plaintiff maintains is reasonable, which is consistent with the court's research. As such, Defendants' recovery of Lesnevich's lodging expenses are reduced by $ 76 per room per day, for a total reduction of $ 304.

Plaintiff also objects to the costs of McMenamin's flight in business-class for $ 2,405, suggesting reimbursing only one-half the price of such ticket, equivalent to a ticket in coach.  Plaintiff's Response at 17-18.  Defendants attempt to justify the business-class ticket on the basis that McMenamin's age, 68, rendered McMenamin in need of the additional comfort provided by the enhanced travel conditions on the six-hour flight each way from California to New York to attend the canceled deposition, and McMenamin's "contractual terms and conditions also entitle him to business-class travel, a common accommodation for experts . . . ."  Defendants' Reply at 5 n. 3.  No copy of McMenamin's contract containing the terms as represented by Defendants, however, is in the record, nor is there any indication that Defendants' other experts traveled by business-class, despite Defendants' characterization of business-class travel as "a common accommodation for experts. . . ." *Id.*  Absent more details, the court finds this insufficient to justify McMenamin's business-class ticket.  Accordingly, McMenamin's business-class flight request is reduced by 50 % from $ 2,405 to $ 1,202.50.

Plaintiff also seeks to reduce the lodging expenses for Romano by $ 993.37 to reflect a reasonable reduction in the costs of Romano's hotel.  Defendants have not opposed this request.  Accordingly, Romano's lodging expenses are reduced by

17

$ 993.37.

To summarize, Defendants may recover for their experts' travel and lodging expenses as follows:

| Expert Witness | Travel and Lodging |
|---|---|
| Friedberg | n/a |
| Lesnevich | $ 1,924.97 |
| Lyter | 1,286.00 |
| McMenamin | 2,462.50 |
| Novak | 649.51 |
| Romano | 606.15 |
| Tytell | n/a |
| Totals: | $ 6,929.13 |

Accordingly, Plaintiff must reimburse Defendants' experts $ 6,929.13 for travel and lodging expenses incurred in connection with their untimely canceled depositions.

## CONCLUSION

Based on the foregoing, Defendants' Application for Recovery of Expenses (Doc. No. 517) is GRANTED in part and DENIED in part.  Plaintiff is ORDERED to reimburse Defendants for $ 89,211.75 in attorney fees, expert fees and appearance fees, and $ 6,929.13 for travel and lodging expenses incurred in connection with Plaintiff's untimely cancellation of Defendants' expert witness's depositions, for a total of $ 96,140.88.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      November 29 , 2012
            Buffalo, New York