```
 1                    UNITED STATES DISTRICT COURT

 2                    WESTERN DISTRICT OF NEW YORK

 3

 4
     - - - - - - - - - - - - - - X
 5   PAUL D. CEGLIA,              )    10-CV-569(RJA)
                    Plaintiff     )
 6   vs.                          )
                                  )    Buffalo, New York
 7   MARK ELLIOT ZUCKERBERG and   )    November 27, 2012
     FACEBOOK, INC.,              )    2:11 p.m.
 8              Defendants.       )
     - - - - - - - - - - - - - - X
 9

10

11

12                   TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE LESLIE G. FOSCHIO
13              UNITED STATES MAGISTRATE JUDGE

14

15

16   AUDIO RECORDER:    Sandra D. Wilson

17

18
     TRANSCRIBER:        Christi A. Macri, FAPR, RMR, CRR, CRI
19                       Kenneth B. Keating Federal Building
                         100 State Street
20                       Rochester, New York 14614-0222

21

22

23

24
     (Proceedings recorded by electronic sound recording, transcript
25   produced by computer).
```

1                        A P P E A R A N C E S
                              *    *    *
2

3

                    BOLAND LEGAL, LLC
4                   BY: DEAN M. BOLAND, ESQ. (Via telephone)
                    18123 Sloane Avenue
5                   Lakewood, Ohio 44107
                              - and -
6                   PAUL A. ARGENTIERI, ESQ. (Via telephone)
                    188 Main Street
7                   Hornell, New York 14843
                    Appearing on behalf of the Plaintiff
8

9                   GIBSON DUNN & CRUTCHER, LLP
                    BY: ALEXANDER H. SOUTHWELL, ESQ. (Via telephone)
10                      ORIN S. SNYDER, ESQ. (Via telephone)
                    200 Park Avenue
11                  47th Floor
                    New York, New York 10166-0193
12                            - and -
                    GIBSON DUNN & CRUTCHER, LLP
13                  BY: THOMAS H. DUPREE, JR., ESQ. (Via telephone)
                    1050 Connecticut Avenue, N.W.
14                  Washington, D.C. 20036
                              - and -
15                  HARRIS BEACH, LLP
                    BY: TERRANCE P. FLYNN, ESQ. (Via telephone)
16                  726 Exchange Street
                    Suite 1000
17                  Buffalo, New York 14210
                    Appearing on behalf of Mark Zuckerberg
18

19                  KELLOGG HUBER HANSEN TODD EVANS & FIGEL, PLLC
                    BY: COLIN S. STRETCH, ESQ. (Via telephone)
20                  1615 M Street, N.W., Suite 400
                    Washington, DC 20036
21                  Appearing on behalf of Facebook

22

23

24

25

1                    P R O C E E D I N G S

2                          *    *    *

3          THE CLERK: Please be seated.  On the record, Ceglia vs.

4    Zuckerberg and Facebook.  Everyone is appearing via telephone

5    conference.

6          Appearing for the plaintiff are Paul Argentieri and Dean

7    Boland.

8          Appearing for the defendants are Orin Snyder, Alex

9    Southwell, Tom Dupree, Terry Flynn.

10         And representing Facebook is Colin Stretch.

11         We're here for oral argument on plaintiff's counsel's

12   motion to withdraw, and that's plaintiff's counsel Mr. Boland.

13         MAGISTRATE JUDGE FOSCHIO: Good afternoon, everyone.  If

14   I sound a little nasally it's because I am.  Bad head cold here

15   that just won't quit, so I have to work around it.

16         Can I just divert to a related issue?  And if I don't

17   deal with it up front, I'll forget to do so.  And that is the

18   continuing request of the defendants for disclosure of

19   Mr. Boland's -- hello?  Mr. Boland's letter that was submitted for

20   *in camera* inspection in support of his motion to withdraw dated

21   October 30th connected to the motion, which is docketed under

22   number 579.

23         We also have a renewed request for disclosure that was

24   recently filed by the defendants by letter, and that has been

25   docketed as -- excuse me, I'm looking for it.  I know the docket

1  number, I just can't put my finger on the letter.  Sandra, is it

2  up here somewhere?

3          THE CLERK: It's 612.

4          MAGISTRATE JUDGE FOSCHIO: It's number 612 in which the

5  defendants renew their request for disclosure and the letter is

6  dated November 12th, and I believe -- let me just double check --

7  Mr. Boland has us copied and received a copy of each of those

8  letter requests.

9          Is that right, Mr. Boland?  You've received them,

10 correct?

11         MR. BOLAND: Yes, Your Honor, I did.

12         MAGISTRATE JUDGE FOSCHIO: Good.  With other matters that

13 we had to attend to, including several recently pending motions by

14 the parties, particularly the defendants for relief, which we've

15 resolved, didn't get to the request issue; and I find now that

16 with this latest renewed request by virtue of the November 12th

17 letter, docketed as number 612, that it apparently is something

18 that I can't escape.

19         The defendants just simply will not -- unless they've

20 changed their mind as of November 12th, it looks like they are

21 insisting on a ruling.

22         Is that correct, Mr. Snyder?

23         MR. SNYDER: Yes, Your Honor.  We are requesting a

24 ruling.  And I would note that our motion is presently unopposed

25 as to disclosure of the *in camera* communication because Mr. Boland

1  has not --

2          MAGISTRATE JUDGE FOSCHIO: Well, that's -- that's exactly

3  what -- that's exactly what I'd like to focus on because if I

4  don't do it now, I'll forget.  I think it's growing in importance,

5  shall we say?

6          I did not put a scheduling order on the request.  It, of

7  course, was not a formal motion denominated as such, but because,

8  as I say, of the -- I don't want to say that in any way the Court

9  didn't think the defendants were serious the first time, but if

10 any observer would have thought so, that certainly -- that

11 observer would be disabused by virtue of the strength of the

12 defendants' November 12th letter.

13         I think I just need to clarify that maybe -- I don't

14 want to be unfair here.  Maybe the lack of a scheduling order

15 emanating from the Court caused Mr. Boland to think that the Court

16 was not going to address the issue.  And rather than get tangled

17 up in unnecessary -- unnecessary disputes with Mr. Boland about

18 this, I would like to know, Mr. Boland, whether in point of fact

19 you do acquiesce in the request for disclosure or whether you'd

20 like to have a formal opportunity to oppose it before I go any

21 further with the request, with the matter.

22         Could you comment on that, please, Mr. Boland?

23         MR. BOLAND: Yes, Your Honor.  I appreciate the

24 opportunity to comment.  I as well was involved in the flurry of

25 activity during that time, as you pointed out.

1    I would oppose the release of the letter and I think

2  that the defendants' acquiescence to my withdrawal diminishes

3  their legitimate interest in the personal and professional

4  commentary that's in that letter, which serves no purpose to the

5  case and no purpose for the public for it to be disclosed.

6    And they're not opposing my withdrawal, so it seems a

7  moot issue, although the Court correctly points out that they seem

8  aggressively interested in the letter nonetheless.

9    So I would accept the Court's invitation to formally

10  oppose that in whatever document the Court would order me to

11  submit.

12    MAGISTRATE JUDGE FOSCHIO:  Right.

13    MR. BOLAND: I just think it's an unnecessary exercise at

14  this point given their lack of opposition to my withdrawal.

15    MR. SNYDER: Your Honor, if I can just respond?  I think

16  procedurally there may be some -- Your Honor in entry 582 set

17  forth a schedule with respect to Mr. Boland's motion to withdraw.

18    In opposition to Mr. Boland's motion we set forth our

19  position and requested disclosure of the improper *in camera*

20  submission, and Mr. Boland had an opportunity under Your Honor's

21  order, which is docketed at number 582, to reply.

22    And he had full and fair opportunity to reply to our

23  very clear position that disclosure be ordered, and he failed to

24  do so.

25    We think that separate and additional motion practice at

1    this stage is not in the interest of justice or will promote any

2    kind of economy or fairness to the defendants.  Mr. Boland's been

3    on notice now for a long time of our position with respect to the

4    disclosure.

5              And, most fundamentally, Your Honor, there's no legal

6    basis unless -- for the suppression or *in camera* receipt of this

7    letter unless it is necessary to preserve attorney-client

8    relationship or privilege.

9              And so if that is not the content of the submission, and

10   Mr. Boland doesn't claim that his submission contains any client

11   communications -- to the contrary, as he did here that the

12   information relates to some personal or professional issues -- we

13   don't think further briefing is necessary, and nor do we believe

14   that this is a moot issue at all.

15             There is a compelling public interest, which we seek to

16   vindicate.  There is an interest in -- in the disclosure of that

17   communication.  There may well be such proceeding with respect to

18   the filing of this litigation, and it's not proper, we believe,

19   for an attorney to represent a client, withdraw for unstated

20   purposes, and we would be severely prejudiced if we did not have

21   access to the content of that letter in terms of our potential

22   rights and remedies in the future with respect to this matter.

23             So we think that there's a specification for disclosure

24   and that to force Facebook to incur yet additional costs in a new

25   round of briefing where there is no even claimed attorney-client

1   privilege is not necessary given the local rules of this court,

2   given the Second Circuit law and, indeed, you know, and, indeed,

3   given Your Honor's own precedent which we cited, which was the

4   *Diamond D* case, which makes clear that absent confidential matter

5   or work product, requests for withdrawal cannot be filed under

6   seal.

7           We would also note the curious -- not curious.  We would

8   note, Your Honor, the timing of Mr. Boland's withdrawal.

9   Mr. Ceglia was arrested by the federal authorities on

10  October 26th.  Three days later Mr. Boland was quoted by the *New*

11  *York Times* saying, "If I thought this was a fraud, I would have

12  bailed out two seconds later."  But the very next morning he moved

13  to withdraw purportedly for some personal, professional reason

14  that he now doesn't want us to know about.

15          So we think, Your Honor, this is an easy case for

16  disclosure and that no additional briefing is necessary.

17          MAGISTRATE JUDGE FOSCHIO: Thank you, Mr. Snyder.  I'm

18  not trying to invite plenary oral argument about this whole thing

19  right now.  I'm just simply trying to, in fairness, respect

20  everyone's right to be heard.

21          Now, before I go any farther, I failed to point out for

22  the record, since apparently Mr. Boland did not copy the

23  defendants on his e-mail, which arrived today at 12:46, attaching

24  a copy -- we haven't received the original -- a copy of a letter

25  to me in further support *in camera*, in further support of his

1  motion to withdraw, with at least one or two attachments.

2          And so my comments regarding the first -- I'll refer to

3  it as the Boland letter, i.e., the one that accompanied the

4  original -- the pending motion to withdraw, that is to say, the

5  one of October 30th.  Now we have two letters *in camera* in support

6  of such motion.

7          I want to draw the defendants' attention to that in case

8  they -- in case that fact -- I apologize, Mr. Snyder, for not

9  making this point before you started your statement.  I'm assuming

10  everything you said pertains to both letters?

11          MR. SNYDER: Yes, Your Honor.  Obviously, I was unaware

12  of the *ex parte* communication.

13          MAGISTRATE JUDGE FOSCHIO: I apologize.  You know, on me

14  as they say these days.

15          MR. SNYDER: Well, obviously I would say on Mr. Boland

16  since he did not -- since he was engaged in *ex parte*

17  communication, Your Honor.

18          MAGISTRATE JUDGE FOSCHIO: Well, I mean, it came as a bit

19  of a surprise and, obviously, because of the apparently continuing

20  nature of the disputes, the issue, the request for disclosure, I

21  felt compelled to lay it on the record here.

22          I'm sure Mr. Boland doesn't take any, you know, take

23  exception to that, but I want to comment on the issue of whether

24  or not there was an acquiescence to the plaintiff's -- defendants'

25  request by virtue of the text of the scheduling order.

1          And I think, you know, if I had to do it over, I might

2    have parsed it a little better than I did because it didn't strike

3    me that the request in the -- in the defendants' responding papers

4    to the motion constituted a motion.

5          So you can see the ambiguity there.  There simply was

6    not a scheduling order directed to that request.  So it's not --

7          MR. SNYDER: Your Honor?

8          MAGISTRATE JUDGE FOSCHIO: Yeah?

9          MR. SNYDER: I would agree with that, Your Honor.  The

10   only qualification I would say is if the question is, did

11   Mr. Boland have a full and fair opportunity to be heard?  He had

12   an opportunity to reply to our opposition, and a large part of our

13   opposition was a request for disclosure --

14         MAGISTRATE JUDGE FOSCHIO: Well -- no, no, see, that's

15   exactly the problem, at least in my humble opinion, the request

16   for disclosure is a -- it gets a little tangled here -- is a

17   separate issue.

18         There was no indication that you were hobbled or

19   handicapped in your -- I'm talking to the defendants --

20   defendants' ability to oppose the motion to withdraw by not having

21   the document.

22         You follow?

23         MR. SNYDER: I do.

24         MAGISTRATE JUDGE FOSCHIO: So, therefore, as I say, I

25   think it's on the Court, as it were, that I didn't grasp -- well,

1   I should have grasped that Mr. Boland might not have realized that

2   the issue of whether the documents should be disclosed to you was

3   alive in the sense that the Court was going to reach it, but with

4   or without his response.

5          So if I had it to do over, I would have issued, I think,

6   a separate scheduling order saying, well, now the defendants have

7   made a request, the Court will treat it as a motion for

8   disclosure, exercising the general common law public right to

9   access to court documents along the lines that you very

10  well-articulated, as you always do, Mr. Snyder, concepts with

11  which the Court is well familiar.

12         And raising what I thought was the intriguing question

13  of whether Rule 5 of the local rules, which enunciate that

14  fundamental principle, color necessarily the administration, if

15  you will, of local Rule 83.2(d)(1) permitting such *in camera*

16  submissions.

17         So I just should have and would have, and now will

18  informally invite Mr. Boland to formally respond to it.  I don't

19  see that it impacts -- at least I hope it doesn't impact us

20  reaching the merits of the pending motion to withdraw.

21         If it does, we'll find out momentarily about that.

22         But now I would like to -- and, Mr. Boland, you may be

23  right.  I hadn't thought of your point so quick -- always so

24  quick with your responses, if not correct, but certainly quick --

25  that by virtue of their failure to oppose, although there is a

1    little condition hanging there, as you know, the motion to

2    withdraw, they have waived their right to seek disclosure.

3           That's an interesting concept, and I'm not prepared to

4    make a ruling from the bench.  That's certainly something you can

5    argue in the written submission that I'm about to request that you

6    submit, and then of course the defendants will have a chance to

7    tackle that as well.

8           So the question now, I think, if -- because I would like

9    to get to the main event here, which is the motion to withdraw --

10   is what would be a reasonable time?  And I'm thinking here not

11   more than -- not more than ten days, Mr. Boland, for you to

12   respond.  I would think offhand you would be able to do it much

13   more quickly, but I don't want to be unreasonable in setting a

14   scheduling order on what I will refer to as the defendants'

15   request for disclosure of the Boland letters, in the plural.

16          What would be reasonable time to respond, Mr. Boland, in

17   writing?

18          MR. BOLAND: I think seven days, Your Honor.

19          MAGISTRATE JUDGE FOSCHIO: Seven days, okay.  Seven days

20   from tomorrow, Sandra is what date?  Hang on a second, we'll put a

21   specific date on it so everybody's tuned in here.

22          THE CLERK: That would be --

23          MAGISTRATE JUDGE FOSCHIO: Say again.

24          THE CLERK: December 4th.

25          MAGISTRATE JUDGE FOSCHIO: December 4th, Mr. Boland.

1    How's that sound?

2              MR. BOLAND: Yes, Your Honor, that would be fine.

3              MAGISTRATE JUDGE FOSCHIO: Okay.  The plaintiff's --

4    Mr. Boland's response shall be due not later than December 4th.

5              And then for the defendants' reply, Mr. Snyder?  Hello?

6              MR. SNYDER: Yes, Your Honor, by Friday the 7th.

7              MAGISTRATE JUDGE FOSCHIO: December the 7th for the

8    defendants' reply.  Oral argument will be at the Court's

9    discretion.

10             And we've already done some preliminary looking at this

11   issue.  It's -- I would just say it's very intriguing, to say the

12   least.  So I look forward to your written responses and that's it.

13   I think that's good.  Thank you for bearing with me on that one.

14             Now, before we go any farther with the main motion to

15   withdraw, I need for -- either Mr. Boland and/or Mr. Argentieri to

16   tell me formally that the Court's direction that a copy of the

17   first Boland letter, i.e., the -- and by the way, I suppose -- now

18   that I think about it, Mr. Boland may have gotten tangled up here

19   a little bit, I'll explain why in a moment, I hope not --

20   October 30th letter, pursuant to the requirement of the local rule

21   be served on your client, Mr. Ceglia, via Mr. Argentieri because

22   at the time you indicated to the Court you didn't know how to

23   reach your client, he then being in custody.

24             Of course, a call to the Federal Defender's Office would

25   have helped you along that line.  But can either Mr. Boland or

1  particularly Mr. Argentieri represent to the Court on the record

2  that the October 30th Boland letter was served on Mr. Ceglia?

3          MR. BOLAND: Yes, Your Honor.  Mr. Boland here.  I can

4  confirm that I sent it by certified mail to where he was detained

5  at the time, and he signed the certified mail receipt card and I

6  received it back shortly thereafter.

7          MAGISTRATE JUDGE FOSCHIO: Okay.  So you didn't use the

8  procedure that I had outlined, which was to serve it on

9  Mr. Argentieri?

10         MR. BOLAND: I would have used that procedure if I

11 couldn't approach Mr. Ceglia directly, but I went ahead and did

12 some of my own investigation and found where he was and so I sent

13 it to him directly.

14         I also copied Mr. Argentieri on the letter.  And the

15 letter -- the supplement that the Court received today, I

16 actually discussed on the phone with Mr. Ceglia prior to

17 submitting that.  So he's aware of the contents of that, I read

18 him the letter.

19         MAGISTRATE JUDGE FOSCHIO: Well, could you just follow-up

20 on that by actually serving him with a copy, and give the Court

21 something that can be docketed that will confirm such, please?

22         MR. BOLAND: I will do that immediately after the call,

23 Your Honor.

24         MAGISTRATE JUDGE FOSCHIO: Thank you.  All right, good.

25         All right, so the next obvious question is, therefore,

 1  can somebody speaking for -- I'm assuming at this point, even

 2  though you have this pending motion to withdraw and you've

 3  spoken to Mr. Ceglia, he's received the October 30th letter --

 4  I would prefer to hear from Mr. Argentieri because he's

 5  remaining counsel of record on this question, and that is

 6  does or does not Mr. Ceglia oppose Mr. Boland's motion to

 7  withdraw?

 8          MR. ARGENTIERI: If I could, Your Honor?  I believe that

 9  Mr. Ceglia, if he was in the -- present in the courtroom, would

10  oppose Mr. Boland withdrawing from the case.  He prefers that

11  Mr. Boland stay in the case pending the Court's recommendation on

12  the motion to dismiss.

13          MAGISTRATE JUDGE FOSCHIO: Did I hear you correctly --

14  this is Mr. Argentieri; is that right?  Mr. Argentieri, you're on

15  the phone?

16          MR. ARGENTIERI: I've had conversations with Mr. Ceglia.

17  It's my understanding, and Mr. Boland can correct me if I'm wrong,

18  it's my understanding that his position if he had to submit one to

19  the Court, he would prefer that Mr. Ceglia -- or Mr. Boland remain

20  on the case.

21          MAGISTRATE JUDGE FOSCHIO: Well, that's a little

22  different than what you said a second ago, which was that he

23  opposes the motion.

24          MR. ARGENTIERI: I'm sorry, no.  I'm sorry.  He does --

25  I'm sorry.  That's my fault.  If I said that, I apologize.

1         No, he wants Mr. Boland to stay on the case.

2         MAGISTRATE JUDGE FOSCHIO: So he opposes this motion,

3  Mr. Argentieri?

4         MR. ARGENTIERI: As far as an oral communication to me,

5  yes.

6         MAGISTRATE JUDGE FOSCHIO: Well, why hasn't he

7  communicated such to the Court?  I mean, that was the whole

8  purpose of this proceeding, to give him an opportunity to be

9  heard on whether he opposes the motion or agrees with it.

10 That's why he was -- that's why the local rule requires that

11 these documents be served on the plaintiffs, the parties, so

12 they have a full opportunity to understand what their lawyer is

13 trying to do and to let the Court know whether they agree or

14 disagree.

15        As you all know, that is -- that is one of the -- in

16 fact, it's criteria number 10 under the applicable Rules of

17 Professional Conduct, Rule 1.16 of the Judiciary Act, judiciary

18 laws appendix enacting the Rules of Professional Conduct.

19        Subsection 10 says one of the factors is the client

20 knowingly and freely assents to the termination of the employment

21 as a criteria warranting withdrawal.

22        Obviously, the Court has discretion, but I'm -- even

23 though -- and I guess the next related question is,

24 Mr. Argentieri, you're remaining in the case?

25        MR. ARGENTIERI: Well, that's a good question, Your

1  Honor.  Now that you have a scheduling order, I just was served

2  today with a subpoena to appear on December 3rd at the grand jury

3  against Mr. Ceglia.

4          So that's a complicated answer to give --

5          MR. SNYDER: Your Honor, this is Mr. Snyder.  We -- the

6  defendants here are flabbergasted that Mr. Argentieri and

7  Mr. Boland both are aware and have been aware without disclosure

8  to this Court or the defendant that their client opposes this

9  motion.

10          Had we been so informed, as Mr. Argentieri and

11  Mr. Boland were required to do, that obviously would have

12  informed -- of the opposition, we would have cited authority

13  obviously concerning what happens when the client opposes

14  counsel's motion to withdraw.

15          So I think that as an initial matter, the failure to

16  disclose this information to the Court and to the defendants has,

17  you know, multiplied the proceedings, has caused additional

18  inefficiency and waste because now we're going to have to go back

19  to the drawing board to a certain extent, having just learned this

20  for the first time, query whether we ever would have learned it if

21  Your Honor hadn't asked the direct question.

22          Secondly, the notion that there are, you know, parallel

23  proceedings has no real bearing here, Your Honor.  Civil

24  litigation proceeds throughout the United States, proceeds in

25  parallel to related, but obviously independent criminal

1  proceedings.

2          We'll get to it at the appropriate time, but

3  Mr. Argentieri or Mr. Boland continue to frustrate or delay these

4  proceedings because of occurrences in the parallel, but

5  independent criminal action --

6          MAGISTRATE JUDGE FOSCHIO:  Well, Mr. Snyder, can I

7  interrupt?

8          MR. SNYDER: Sure.

9          MAGISTRATE JUDGE FOSCHIO: Thank you.  Mr. Boland, based

10  on your conversations with Mr. Ceglia, does Mr. Ceglia oppose your

11  motion?

12          MR. BOLAND: Yes.

13          MAGISTRATE JUDGE FOSCHIO: Thank you.  I don't suppose,

14  without revealing an attorney-client confidence, anybody -- either

15  Mr. Argentieri or Mr. Boland -- can apprise the Court as to why?

16  And perhaps he assumed that counsel would reveal this to the Court

17  during today's hearing, but apparently he didn't think it

18  necessary to direct a written communication to the Court, either a

19  written communication from Mr. Argentieri, remaining counsel;

20  Mr. Boland, who has made the motion, still counsel of record

21  technically; or on his own to apprise the Court of this fact.

22          I'm just sort of wondering, as Mr. Snyder just pointed

23  out, had I not asked the question directly and kept proceeding,

24  how we would have ever learned as to whether Mr. Ceglia had a

25  position on the motion or not?

1               If you don't care to answer that question,

2    Mr. Argentieri, because it would potentially be a waiver of

3    attorney-client privilege, then just say so.

4               And the same regarding Mr. Boland.

5               I guess that -- it's not that I -- well, I don't know

6    what I think actually.  I was about to say something and then I

7    thought better of it, so -- all right.  So based on your

8    communications, both of you are affirming that Mr. Ceglia, in

9    fact, opposes the motion.  Enough said on that.

10              Any comment on why Mr. Ceglia had not directed you to

11   affirmatively tell the Court that before we commenced the

12   proceedings today?

13              MR. ARGENTIERI: Your Honor, is there some heavy

14   breathing on the line?  Your Honor, just to --

15              MAGISTRATE JUDGE FOSCHIO: It's some sort of a noise that

16   keeps popping up.  We have no idea where it's coming from.  I

17   can't -- I'm not going to apologize for it, it's not our hook-up,

18   I don't know what it is.

19              MR. ARGENTIERI: That's okay, but I can just summarize.

20   I believe Mr. Ceglia's expectation, Your Honor, was to go to court

21   in person today to maybe address the Court.

22              MAGISTRATE JUDGE FOSCHIO: Yeah, I thought he might, too,

23   because he probably could -- I guess he's got some sort of an

24   ankle bracelet restriction, but I was thinking that perhaps --

25              MR. ARGENTIERI: Right.

1          MAGISTRATE JUDGE FOSCHIO: -- Probation would let him.

2          MR. ARGENTIERI: Right.  It was his personal preference,

3    but he had to, I believe, get another ankle bracelet for his house

4    detention, that it fell through.

5          And in point of fact, I asked him today if he wanted to

6    be on the telephone conference and he said he didn't have enough

7    time.

8          MAGISTRATE JUDGE FOSCHIO: Didn't have enough time?

9          MR. ARGENTIERI: So I'm not trying to -- I'm just trying

10   to tell you what our expectation was.

11         And the other matter, I didn't expect to be subpoenaed

12   in his criminal case this morning.  I got subpoenaed today.

13   That's another complication.  So that's all I know, Judge.

14         All I can confirm is the last conversation I've ever had

15   about this with him, he was opposed to Mr. Boland withdrawing from

16   the case, opposing the motion, and I think he can speak for

17   himself honestly.

18         MAGISTRATE JUDGE FOSCHIO: Well, when did he communicate

19   that opposition to you, if I may ask?

20         MR. ARGENTIERI: I would say over the weekend when we

21   were contemplating going to Buffalo in person.

22         MAGISTRATE JUDGE FOSCHIO: And, Mr. Boland, when did you

23   last speak to Mr. Ceglia and learn that he opposed the motion?

24         MR. BOLAND: I had a conversation with him yesterday

25   where he indicated that if the hearing had been in person and he

1   was there, that the statement he would make is he would oppose the

2   motion.

3           MR. SNYDER: Your Honor, this is Mr. Snyder again.

4   Obviously both Mr. Argentieri and Mr. Boland remain counsel of

5   record and they have an affirmative obligation to disclose this

6   information to the defendants and Mr. Ceglia, who had every right

7   to expect that his lawyers would honor their professional

8   obligations and make those disclosures to the defendants and the

9   Court.

10          And so --

11          MAGISTRATE JUDGE FOSCHIO: I'm wondering, Mr. Snyder,

12  whether the Court should direct that Mr. Ceglia advise the Court

13  formally in writing of this opposition.

14          MR. SNYDER: I'm just wondering why they can't get their

15  client on the telephone for this conference.  I don't quite

16  understand that.  It's been scheduled now for some time and --

17          MAGISTRATE JUDGE FOSCHIO:  I suppose we could reschedule

18  the hearing, continue the hearing and require him to appear since

19  he's only a hop, skip and a jump away.

20          MR. SNYDER: Well, perhaps they could call him right now

21  as well on the phone and perhaps we can see if he's available

22  right now?

23          MAGISTRATE JUDGE FOSCHIO: Well, I guess my problem with

24  that is how would I know who I'm speaking to?

25          MR. SNYDER: Yeah.  The lawyers -- the lawyers have

1  spoken to him enough times, they can probably authenticate his

2  voice and represent to Your Honor that --

3          MAGISTRATE JUDGE FOSCHIO: Well, is there any way we can

4  attempt to include him in this conference call at this point?  I

5  don't know the technical limitations here or options.

6          MR. ARGENTIERI: I could try to call him now on my cell

7  phone.

8          MAGISTRATE JUDGE FOSCHIO: And can he then be plugged in

9  to this conference call on the record?

10          MR. ARGENTIERI: I think what he could do, they could

11  include him on the passcode or --

12          MR. SOUTHWELL: Mr. Argentieri?  Mr. Southwell here.  All

13  you need to do is give him the dial-in information, which I'll

14  read to you right now if you have it, give him that.

15          MR. ARGENTIERI: I have that.  It's 877-492-4011,

16  passcode 2123513981.

17          MR. SOUTHWELL: Then press pound.

18          MR. ARGENTIERI: Yeah.

19          MR. SOUTHWELL: If you give him that information, he can

20  be hooked in right now and we can all hear him.

21          MAGISTRATE JUDGE FOSCHIO: All right.  Well, why don't we

22  do that?  Can you take care of that, Mr. Argentieri?  We'll just

23  sort of hold until you tell us that he's on the line here.

24          MR. ARGENTIERI: Okay.  Let me -- I'll try, hang on.

25          Paul Argentieri here.  I got ahold of him, he's going to

1  call in, Judge.

2         MAGISTRATE JUDGE FOSCHIO: Oh, good.

3         THE PLAINTIFF:  Hello?  Yeah, I'm here.

4         MR. ARGENTIERI: Your Honor, for the record, I can state

5  to the Court -- and I think Mr. Boland can as well -- that

6  Mr. Ceglia is on the phone and I recognize his voice.

7         MAGISTRATE JUDGE FOSCHIO:  Okay, are you Paul D. Ceglia?

8         THE PLAINTIFF:  Yes, sir.

9         MAGISTRATE JUDGE FOSCHIO: This is Magistrate Judge

10  Foschio.  I think you know who I am, but you haven't heard my

11  voice.

12        THE PLAINTIFF:  I do indeed, Your Honor.

13        MAGISTRATE JUDGE FOSCHIO: Pardon me?

14        THE PLAINTIFF:  I do indeed, Your Honor.

15        MAGISTRATE JUDGE FOSCHIO: Thank you.  And where are you

16  located right at the moment?

17        THE PLAINTIFF:  I'm at my home in Wellsville.

18        MAGISTRATE JUDGE FOSCHIO: Okay.  And Mr. Argentieri just

19  called you to invite you to participate in this conference call?

20        THE PLAINTIFF:  That's correct, Your Honor.

21        MAGISTRATE JUDGE FOSCHIO: You're aware of why we're

22  here, which is that Mr. Boland, who was one of your counsel of

23  record in this case, Ceglia vs. Zuckerberg/Facebook, has made a

24  motion to withdraw.

25        You've received a copy of those papers?

1          THE PLAINTIFF:  I have.

2          MAGISTRATE JUDGE FOSCHIO: The question is, do you oppose

3   Mr. Boland's motion to withdraw?

4          THE PLAINTIFF:  Yes, I do.

5          MAGISTRATE JUDGE FOSCHIO: And that would be because you

6   feel he's needed to prosecute this case going forward?

7          THE PLAINTIFF:  I believe no one knows this case and

8   the details of it like Mr. Boland does.  And that there's only

9   one reason that he is -- doesn't want to continue in this case.

10         MAGISTRATE JUDGE FOSCHIO: I see.  And the fact that

11  Mr. Argentieri presently would remain as your attorney, that is

12  not sufficient to protect your interests in prosecuting the case?

13         THE PLAINTIFF:  Well, no disrespect to Mr. Argentieri,

14  but he doesn't have a handle on the details of the case.

15         MAGISTRATE JUDGE FOSCHIO: Mm-hmm.  Okay.  And would the

16  reasons that Mr. Boland wants to depart from the case be the ones

17  that he's articulated in his letter to the Court that you received

18  later, the October 30th letter, is that what you're referring to

19  as the reasons for him wanting to withdraw?

20         THE PLAINTIFF:  The *in camera* letter?

21         MAGISTRATE JUDGE FOSCHIO: Correct.

22         THE PLAINTIFF:  Yes, those are the reasons.

23         MAGISTRATE JUDGE FOSCHIO: Okay.

24         THE PLAINTIFF:  That is the only reason that Mr. Boland

25  has communicated to me that he wishes to withdraw.

1          MAGISTRATE JUDGE FOSCHIO: But notwithstanding those

2   reasons, you still want him to stay in this case; is that correct?

3          THE WITNESS: That is correct, Your Honor.  I appreciate

4   the fear for his own safety he has, and the threats that have been

5   made against him, but obviously even worse has happened to me.

6          And, you know, I think that at this point I really need

7   to have an attorney confident in the details to be able to

8   proceed.

9          MAGISTRATE JUDGE FOSCHIO: Okay.  And you have no

10  intentions of looking elsewhere for another lawyer then at this

11  time?

12         THE PLAINTIFF:  Your Honor, because of Orin Snyder and

13  Alex Southwell's friend in the Southern District prosecutor's

14  office, I'm not even allowed to leave my home without permission.

15  And it's incredibly difficult to do anything, let alone continue

16  to now search for new counsel in the civil case, while I'm

17  simultaneously trying to search for new counsel on the criminal

18  indictment that's obviously just based on the submission of the

19  lawsuit.

20         MAGISTRATE JUDGE FOSCHIO: Okay.  Well, I don't want you

21  to be saying too much about the merits of the case or the criminal

22  matter on the record here.  I'm just simply focusing on your

23  reasons for opposing Mr. Boland 's wish to withdraw.

24         And I think you've stated them -- and I guess I'm not

25  trying to put words in your mouth in any way, shape or form, and

1  if you don't want to answer the question, just say so -- is it

2  fair to say that if neither Mr. Boland or Mr. Argentieri were in

3  the case you would be forced to represent yourself going forward

4  the rest of the case or you can't really answer that at this

5  point?

6          That's probably not a fair question because you really

7  haven't thought about it.

8          THE PLAINTIFF:  Yeah, I'm not too sure.

9          MR. SNYDER: Your Honor, this is Mr. Snyder, may I be

10  heard?

11          MAGISTRATE JUDGE FOSCHIO: Please.

12          MR. SNYDER: In light of what we've heard today, at this

13  point Facebook is withdrawing its consent to the withdrawal

14  without prejudice until such time as we have the full facts about

15  the purported reasons for the motion, particularly in light of the

16  plaintiff's opposition to the motion.

17          Just to complete the record, Your Honor, I feel it is

18  necessary just to respond briefly to the suggestion somehow that

19  friends of mine and Mr. Southwell were in any way responsible for

20  the decision by the United States Department of Justice to charge

21  Mr. Ceglia with fraud, which the Court has heard.

22          Those charges were independent decisions of the United

23  States Department of Justice and indeed the federal prosecutors,

24  the United States District Court in Manhattan, Judge Colleen

25  McMahon, that the Government's proof was overwhelming based on the

1   Government's extensive investigation.  And now a sitting grand

2   jury in the Southern District of New York duly empaneled has

3   brought an indictment against Mr. Ceglia.

4          So just to complete the public record, the notion

5   somehow that Mr. Ceglia's prosecution was the product of any

6   supposedly friendship is both disrespectful of the United States

7   Department of Justice's professional responsibility, the grand

8   jury sitting in the Southern District of New York, and I just

9   wanted to make sure that the record is clear on that point.

10          Going forward, I would suggest, Your Honor, respectfully

11  that perhaps the best procedure is to have us hold in abeyance the

12  request for the withdrawal until such time as we can hopefully get

13  a copy of the two Boland letters.  If, in fact, those reflect a

14  purported fear for safety and threats, we have reason to believe

15  that misrepresentations to the Court might be overblown,

16  exaggerated or worse and we -- if the content in those letters are

17  disclosed to us, as we think they should be under controlling

18  precedent, then we and the Court -- we and maybe the Court want an

19  opportunity to assess the voracity and legitimacy of those claims

20  and the withdrawal request in light of the plaintiff's opposition.

21          MAGISTRATE JUDGE FOSCHIO: Okay.

22          MR. SNYDER: And now we understand the basis of the

23  withdrawal request to be --

24          MAGISTRATE JUDGE FOSCHIO: Thank you.  All right, I'm not

25  asking --

 1          MR. ARGENTIERI: Judge Foschio, is it possible for me to

 2  make a statement?

 3          MAGISTRATE JUDGE FOSCHIO: Who is speaking to me?

 4          MR. ARGENTIERI: Paul Argentieri.

 5          MAGISTRATE JUDGE FOSCHIO: Go ahead, Mr. Argentieri.

 6          MR. ARGENTIERI: Just briefly, Your Honor.  Since

 7  Mr. Snyder felt compelled to complete the record, I just

 8  want -- if he would express on the record, does he have any

 9  other evidence of fraud in this case other than what they have

10  filed?

11          MAGISTRATE JUDGE FOSCHIO: I don't know that that's

12  relevant to the motion or the request for disclosure of the Boland

13  letters, which I thought we had already dealt with, but --

14          MR. ARGENTIERI: Okay.

15          MAGISTRATE JUDGE FOSCHIO: -- I think if I had to guess,

16  I think it's -- is there an objection to that, to that query,

17  Mr. Snyder?  Excuse me, one at a time.

18          MR. ARGENTIERI: If he wants to complete the record, I

19  don't know what he means by that, but the only thing we have filed

20  in this record from Facebook and/or Mark Zuckerberg's attorneys

21  are expert opinions --

22          MAGISTRATE JUDGE FOSCHIO: I think, Mr. Argentieri --

23          MR. ARGENTIERI: -- expert witness affidavit.  And other

24  than Mark Zuckerberg's declaration, we have no other evidence of

25  fraud in this case other than what they've stated in their papers.

1          MAGISTRATE JUDGE FOSCHIO: I think, Mr. Argentieri --

2          MR. ARGENTIERI: And in almost two years of litigation or

3    in excess of two years, none of the attorneys -- any of the

4    attorneys for the defense had ever contacted me and indicated to

5    me, other than their filings.

6          So I just want to be clear on the record, if

7    they're going to be clear on the record about any alleged

8    friendship with the District Attorney's Office down there, I just

9    want to know if Mr. Snyder, Mr. Southwell, anybody there has any

10   other evidence other than the filing, I want them to come forward

11   now.

12         MAGISTRATE JUDGE FOSCHIO: Well, not to interpret or

13   speak in any way for -- and he certainly doesn't need any help

14   from anybody, Mr. Snyder -- I think I understood him to simply

15   want to not leave the impression based on Mr. Ceglia's

16   implication, shall we say, regarding some influence between the

17   defendants and the U.S. Attorney's Office.

18         Mr. Snyder, seemed to me, was simply trying to not leave

19   the record subject to any ambiguities.  Everybody has seen the --

20         MR. ARGENTIERI: I guess just to hold Mr. Snyder to his

21   public statement, that's fine, he doesn't have any friendship with

22   the district attorney.

23         But he's also made public statement --

24         MAGISTRATE JUDGE FOSCHIO: No, you're welcome to make

25   whatever comments you want, Mr. Argentieri.  They're on the

1  record, they're being recorded.  And if -- I'm just telling you

2  that I understand what you're saying.

3        If Mr. Snyder wants to respond to it, he can, but I

4  offhand don't think it's particularly germane to the merits of the

5  motion.  If Mr. Snyder feels he wants to respond to your question,

6  he's welcome to do so; or if he chooses not, I'm not here to

7  compel him.

8        Mr. Snyder, do you want to respond to Mr. Argentieri's

9  question?

10        MR. SNYDER: No, Your Honor.  Thank you.

11        MAGISTRATE JUDGE FOSCHIO: Thank you.  All right, enough

12  said.

13        What I'm getting here -- Mr. Ceglia, you're still on the

14  line?

15        THE PLAINTIFF:  I am, Your Honor.

16        MAGISTRATE JUDGE FOSCHIO: Good.  And I'm not going to

17  query you anymore about this issue.  I think we have enough for

18  the moment, especially being mindful of the pending criminal

19  matters in the Southern District, I'm not here to make your life

20  anymore complicated than it is.

21        But I do have to deal with this motion to withdraw on

22  the merits, and it's an unusual circumstance to have such a

23  motion, especially in such a major case where the -- where there's

24  a dispute between the represented party and the attorney seek ing

25  to withdraw.

1          Certainly it's not something I expected when the motion

2    came in, but we'll deal with it.  But to deal with it in an

3    orderly fashion, subject to Mr. Boland or Mr. Argentieri's

4    comments -- Mr. Boland, if you feel the need to, you know, pipe up

5    here and say something at this point, feel free.

6          My inclination would be --

7          MR. BOLAND: I do, Your Honor, when you're done with your

8    part --

9          MAGISTRATE JUDGE FOSCHIO: What I'm about to say will not

10   in any way -- should not be interpreted by you as cutting you off,

11   so as soon as I say what I want to say, then I'll let you have the

12   floor.

13         My inclination would be to hold the motion in abeyance,

14   at least pending the time required to dispose of the

15   plaintiff's -- the defendants' request for disclosure of the two

16   letters that we've been talking about.

17         And this is the more technical question -- and to allow

18   the defendants, as Mr. Snyder just, I think, clearly said, to

19   withdraw without prejudice their statement in -- what docket

20   number was it?  Somewhere we have a document --

21         THE CLERK: I think it's 595.

22         MAGISTRATE JUDGE FOSCHIO: 595, Sandra?  Are you sure?

23         MR. SNYDER: 595, Your Honor.

24         MAGISTRATE JUDGE FOSCHIO: 595, in which the defendants

25   state they have no opposition to the motion to withdraw, subject

1 | to the condition that it not -- that such withdrawal not involve

2 | any further -- any delay in the future proceedings in the case.

3 |        And then I suppose once the Boland letter disclosures

4 | are resolved either way, I would put a new scheduling order on

5 | requesting the defendants' response to the motion to withdraw and

6 | we would go from there, schedule a hearing -- further hearing

7 | and -- well, I'm not even sure I would need to schedule a further

8 | hearing.  I think probably at that point we might just take it

9 | under advisement or consider some oral argument if it was

10 | requested.  That's my inclination.

11 |        Mr. Boland, do you want to comment on that, as well as

12 | whatever else you were ready to provide to us?

13 |        MR. BOLAND: Yes, Your Honor.  Thank you.

14 |        This is partially related to Mr. Snyder's comments about

15 | whether my concerns or my reasons for withdrawing are exaggerated

16 | or not as serious as I think they are or whatnot.

17 |        And with all due respect to the Court and Mr. Snyder, it

18 | won't matter to me whether a third-party assesses my reasons that

19 | I want to withdraw and finds them -- that my concerns, my personal

20 | and professional concerns are overblown or exaggerated, et cetera.

21 |        I have to deal with, you know, my own life and my own

22 | career and my own existence over here, and I can't sort of

23 | outsource my decision-making to third parties who think that I'm,

24 | you know, my concerns are -- shouldn't be taken as seriously by me

25 | as they are.

1        So I think that there may be some wasted briefing and

2   back and forth going on because I am not -- I won't be changing my

3   opinion that I need to withdraw because I can no longer

4   professionally and ethically represent Mr. Ceglia's interest above

5   my own personal interest as I expressed to the Court.

6        And, therefore, I don't know that the Court really needs

7   us to go through briefing the issue and any attempts by the

8   defendants to constrain me to continue representing Mr. Ceglia

9   because my reasons are my reasons, and I'm not going to be moved

10  by other people's opinion that those reasons aren't serious enough

11  to justify withdrawal.

12       MAGISTRATE JUDGE FOSCHIO: I don't think --

13       MR. BOLAND:  Other than that, Your Honor, the steps you

14  went through, I don't have any objection to what you're saying

15  about how to step through the issues.  It seems reasonable to me,

16  given my comments that I just said.

17       MAGISTRATE JUDGE FOSCHIO: Thank you.

18       MR. SNYDER: Your Honor, may I be heard just for a

19  moment?  I think it will be helpful to the Court.  The question of

20  withdrawal, of course, is within the discretion of the Court, and

21  the professional rules do not allow attorneys by reason itself

22  held for unilateral conduct to withdraw.

23       Mr. Boland said he's not going to be swayed by any third

24  party.  I assume he will be swayed by a third-party if it is a

25  United States District Court for the Western District of New York.

1     It's our view, Your Honor, our concern has been from the

2  outset delay, and our motions to dismiss are fully briefed and we

3  would have hoped and wished for argument on that this month.

4     So the plaintiff -- the plaintiff and his counsel are

5  now achieving the very delay that we feared.  So what we

6  respectfully request is that the Court, on a very tight

7  briefing schedule, direct the parties to -- direct Mr. Boland,

8  I would say now less than five days now that we have this new

9  information, less than seven days to set forth the reasons

10  under the local rules and Second Circuit law why withdrawal

11  should be permitted -- I'm sorry, why the *in camera* submission

12  should stand.

13     We will reply in a handful of days.  Once the Court

14  decides that, if those documents are disclosed, we then will

15  within three days thereafter inform the Court in writing of our

16  position on the motion to withdraw, and then Mr. Ceglia should

17  submit in writing, you know, his position with respect to

18  Mr. Boland.

19     Mr. Boland can have an opportunity to be heard on the

20  withdrawal motion and the Court can then rule.  And it may well be

21  that Mr. Boland, like many attorneys, will be required to continue

22  his representation and not be able to slip out the back at the

23  11th hour causing delay and disruption to this case.

24     This may be a case -- this may be the first motion, Your

25  Honor, perhaps where the plaintiff and the defendant are aligned.

1          MAGISTRATE JUDGE FOSCHIO: Thank you.

2          MR. ARGENTIERI: Judge, Paul Argentieri for the record.

3   We don't want any delay on the Court's recommendation on the

4   motion to dismiss.  So I hope the Court doesn't interpret that

5   that's any motivation here with Mr. Boland.  We have no -- no

6   reason to have any delay.

7          MR. SNYDER: Well, I don't think Mr. Boland will be -- I

8   mean, the question is if the Court would set argument for next

9   week, who would argue that motion for the plaintiff?  That's why

10  we need the representation issue resolved.

11         MAGISTRATE JUDGE FOSCHIO: Well, I guess --

12         MR. ARGENTIERI: (Indiscernible).

13         MAGISTRATE JUDGE FOSCHIO: Couldn't hear you,

14  Mr. Argentieri.  Would you speak up clearly, please?

15         MR. ARGENTIERI: With all due respect, Judge -- well, I

16  mean, Judge, you just heard about oral argument.  I don't know if

17  the Court really requires it, but I mean, I just want to state on

18  the record we are and we have been prepared since September -- our

19  position in the case, unless Mr. Ceglia tells me otherwise and

20  Mr. Boland, we're prepared to have the Court make a decision on

21  the motion to dismiss.  Absolutely.

22         MAGISTRATE JUDGE FOSCHIO: Yeah, I'm sure you are.

23  Mr. Boland was anticipating oral argument.  I'm not here to say

24  one way or the other whether the Court intended to schedule oral

25  argument.  We certainly didn't intend to schedule it for today, as

1　the defendants were hoping.

2　　　　But putting aside whether the Court will, in fact,

3　schedule any oral argument on the defendants' motions, both for

4　judgment on the pleadings, i.e., statute of limitations, laches

5　issues, number one; and, two, the motion to dismiss based on fraud

6　is yet to be seen.

7　　　　I think all Mr. Snyder was trying to point out is that

8　given where matters stand here, had the Court said hypothetically,

9　for the sake of discussion and illustration, that it wants to have

10　oral argument within the next two weeks, given the situation that

11　we're facing here, who would make the plaintiff's presentation?

12　Obviously, Mr. Ceglia wants Mr. Boland to do so.

13　　　　But, yet, we have this motion to withdraw.  So I think

14　that's all Mr. Snyder was trying to point out.  I don't think

15　he --

16　　　　MR. ARGENTIERI: Okay.  Well, I just wanted to push back

17　on him that we're trying to delay, we're not.  We're not trying to

18　delay.

19　　　　MAGISTRATE JUDGE FOSCHIO: Well, in that -- yes, thank

20　you for that clarification.

21　　　　And in that vain, there is one thing that I also want to

22　address while we're all together here and then we can just go for

23　the sake of completeness, and that is these documents which just

24　recently were filed with the Court -- do I have them in front of

25　me, Sandra?  I think not.

1          They just came in, I think it was, unfortunately I don't

2    have them -- the documents that just came in from the plaintiff

3    addressing the merits.  They just came in, the chart, the

4    summarization, it was a rebuttal document.

5          The defendants wanted to know, because they said that

6    the format of the documents looked very much like Mr. Boland's

7    previous submissions and they -- they did in one of their

8    documents allude to the fact -- to the question of whether or not,

9    despite the motion to withdraw, Mr. Boland had -- was the author

10   of those documents; and whether or not going forward, assuming the

11   motion to withdraw were to be granted, which now of course it's

12   being put aside as discussed, these -- the Court should understand

13   that anything that -- there was a document that Mr. Argentieri's

14   name is on alone, and I'm sorry I don't have it on the bench.  My

15   law clerk just went to get it so I can be more specific about what

16   I'm referring to.

17         But it just was filed either yesterday or today, but it

18   only had Mr. Argentieri's name on it.  And I think the point that

19   the defendants were striking at, which is what I'm trying to

20   strike at here, which I don't have the document in front of me,

21   somebody knows what I'm talking about, I think the lawyers do, was

22   authored by Mr. Boland or by Mr. Argentieri.

23         So that the concern would be that what's going to happen

24   here hypothetically -- yes, it's a declaration of Mr. Argentieri,

25   docket number 609, which is a -- which purports to be a

1    declaration in response to the motion to dismiss for statute of

2    limitations violations.

3           And then 610, which is a declaration of Mr. Argentieri

4    in sur-rebuttal to the defendants' reply to plaintiff's -- to

5    their motion to dismiss for fraud on the Court, which contains a

6    recapitulation of some recent cases defining the concept of fraud

7    on the Court.  And then attaches a very detailed summarization of

8    the defendants' and expert -- defendants' and plaintiff's expert

9    reports.

10          And I think the question is whether these documents were

11   authored by Mr. Argentieri, or were authored by Mr. Boland and

12   submitted by Mr. Argentieri?  And whether if Mr. Boland were to be

13   allowed to withdraw, the Court would understand and the parties

14   would understand or would expect -- not expect, but that -- would

15   these documents be authored only by Mr. Argentieri, thus, I don't

16   want to say disguising, but masking the mask that they were and,

17   in fact, the work product of Mr. Boland.

18          That's a long question.  But I think it's pretty clear

19   what the Court's attempting to get at.  Can you explain,

20   Mr. Argentieri, a little more about that?  I mean, if Mr. Boland

21   authored the document, even though the motion was made, it's still

22   pending, he's still counsel of record, if he did author the

23   document, why isn't his name on the document?

24          MR. ARGENTIERI: I don't believe he authored the

25   document, Your Honor.

1          MAGISTRATE JUDGE FOSCHIO: Oh, all right.  Well, that's
2   all I needed to know, that you authored the document.
3          MR. SNYDER: Your Honor --
4          MR. ARGENTIERI: Wait a minute.  Hang on, Mr. Snyder.
5          Just so the Court understands, there is a complication
6   with me, though.  I mean, I was subpoenaed this morning, so
7   there's some other ancillary issues that are, quite frankly, new
8   to me how to respond to --
9          MAGISTRATE JUDGE FOSCHIO: Well, let me ask you -- just
10  ask you directly, it's a very simple question and I don't think it
11  intrudes on any privileges.  Docket 610, it's your declaration,
12  and attached thereto is a so-called dueling experts' table, and
13  all I'm asking is who drafted the declaration and who prepared the
14  dueling experts' table?
15         Because Mr. Ceglia just said that it's Mr. Boland who
16  has the most detailed grasp of the facts of the case and I'm just
17  simply asking because the defendants are concerned as to how they
18  should -- I mean, these documents do look like documents that
19  were -- have been prepared in the past by Mr. Boland.
20         So can you tell me who prepared document 610, as well as
21  the attached dueling experts' table?
22         MR. BOLAND: Your Honor, this is Dean Boland.  I can tell
23  you I didn't prepare that expert table and I didn't prepare
24  Mr. Argentieri's declaration.  So that resolves those two items.
25         MAGISTRATE JUDGE FOSCHIO: Okay.  So 610 was prepared

1   only by Mr. Argentieri, correct, Mr. Argentieri?

2          MR. ARGENTIERI: Well, when you say "only," Judge, I

3   mean -- I don't know how to really respond to that.  It's attorney

4   work product.

5          MAGISTRATE JUDGE FOSCHIO: Well, did you have an

6   assistant?

7          MR. ARGENTIERI: I can't state on the record that I

8   drafted every word and crafted every sentence strictly by myself.

9   I'm not going to tell the Court that, no.

10         MAGISTRATE JUDGE FOSCHIO: Let's put it this way:

11  Mr. Boland had no part in preparing document number 610 or the

12  attachment; is that what you're telling me?

13         MR. ARGENTIERI: I think Mr. Boland can speak for

14  himself.

15         MAGISTRATE JUDGE FOSCHIO: Well, no, I'm asking.

16         MR. BOLAND: I didn't draft either one of those

17  documents, Your Honor, at all and I had no role in writing them or

18  whatever.

19         MAGISTRATE JUDGE FOSCHIO: So Mr. Boland --

20         MR. BOLAND: I was aware those were going to be filed for

21  sure, there was conversation between me and Mr. Argentieri, but I

22  was not a draftsman of those --

23         MAGISTRATE JUDGE FOSCHIO: Okay.  And --

24         MR. BOLAND: -- the declaration and attachments that he

25  provided, that I had no role in drafting.

1          MAGISTRATE JUDGE FOSCHIO: All right.  And,

2   Mr. Argentieri, you're confirming what Mr. Boland just said,

3   right?

4          MR. ARGENTIERI: Yes.

5          MAGISTRATE JUDGE FOSCHIO: Oh, okay.  All right.  So I'm

6   just making a ditto there, that this was your work product.  No,

7   that answers the question.  I didn't -- I don't need to make a

8   big -- I'm not trying to make a big deal out of it.

9          We're just trying to clarify that if Mr. Boland is

10  allowed to withdraw from the case, he is, in fact, going to no

11  longer be involved in preparing any papers or giving any advice

12  and that's it.  It's not a situation that --

13         MR. ARGENTIERI: No, I understand.

14         MAGISTRATE JUDGE FOSCHIO: Hello?  Go ahead.

15         MR. ARGENTIERI: Yes, I understand that.

16         MAGISTRATE JUDGE FOSCHIO:  Is that correct?

17         MR. ARGENTIERI: Yes, I understand that, Judge.  If he is

18  allowed to withdraw, he can't do any more work.  I understand

19  that.

20         MR. SNYDER: Although -- Your Honor, this is Mr. Snyder.

21  Mr. Boland does appear to have filed document 597 entitled

22  Emergency Motion For 30 Day Extension.  It's on his -- although

23  it's signed, again, by Mr. Argentieri, it's on -- it's

24  Mr. Boland's distinct writing style and the thoughts that he has

25  used throughout the case, which is different than responses on the

1 only document that Mr. Argentieri seems to have written, which was

2 on his letterhead, document 606.

3      I'll also note for the record, Your Honor,

4 Mr. Argentieri filed the declaration in opposition to our motion

5 for judgment on the pleading one day late on November 26th, 2012.

6 The deadline pursuant to the Court's scheduling order granted a

7 modest extension, which was document 607.

8      And not only was the filing late, but the declaration

9 and Certificate of Service were false.  And Mr. Argentieri in that

10 certification falsely stated that they were filed on the 25th in a

11 timely fashion, when they were not.

12      MR. ARGENTIERI: It's my understanding, Judge, that

13 throughout the course of this case that if the order fell on a

14 Sunday, that you granted us into Monday.  So I -- that was my

15 understanding and the Court's practice actually.

16      MR. SNYDER: That doesn't explain the false

17 certification.  If that's the practice, he should have dated it

18 the 26th.

19      MR. ARGENTIERI: With all due respect, I know Mr. Snyder

20 wants to be the judge in the case, but I only answer questions to

21 the Court, not Mr. Snyder.

22      MAGISTRATE JUDGE FOSCHIO: Actually, Mr. Argentieri, I

23 did expect it to be filed on Sunday because we were looking for a

24 quick turn.  The leniency of providing for an extra day has always

25 been on an *ad hoc* basis as far as I recall.  But that's beside the

1  point.

2          I'm expecting the defendants to reply.  You're going to

3  be replying, Mr. Snyder, in due course, right?

4          MR. SNYDER: Yes, December 3, Your Honor.

5          MAGISTRATE JUDGE FOSCHIO: Thank you.  All right. We

6  don't need to go into that any farther, I think.

7          Well, I think I've clarified what I wanted to and I

8  suppose still the unanswered question is, why is it that the font

9  of these documents looks so reminiscent of Mr. Boland's document

10  preparation style compared to Mr. Argentieri's, but I'm sure

11  there's some --

12          MR. BOLAND: I can explain that, Judge.

13          MAGISTRATE JUDGE FOSCHIO: You can?

14          MR. BOLAND: Yes, this is Mr. Boland.

15          MAGISTRATE JUDGE FOSCHIO: Yeah, go ahead.

16          MR. BOLAND: Like many law offices, we are attempting to

17  be as efficient as possible, and I set up templates when I first

18  started working on this case that I shared with everyone,

19  including my client, involved in the case.

20          So everything that's being prepared or even ideas for

21  motions or responses are being prepared, all on the team have the

22  identical template.

23          MAGISTRATE JUDGE FOSCHIO:  Well, there you go.

24          MR. BOLAND:  That's the extent, because we didn't want

25  to be working on multiple, different documents.  So it's very

1    common that we work on a document jointly.  Someone, sometimes

2    not even me when I was fully engaged, would make the document

3    into  its final form, and then Mr. Argentieri and I would review

4    it to make sure we were comfortable since our signatures were on

5    it.

6          But use of a template explains why Mr. Argentieri or

7    myself or any future lawyer could file things and they would all

8    look the same.

9          MAGISTRATE JUDGE FOSCHIO: Thank you.  Well, I'm sure

10   Mr. Snyder is happy to receive that explanation, as is the Court.

11   Thank you.

12         All right, I think unless somebody has something

13   important to tell the Court before we recapitulate how we're going

14   to handle the motion to withdraw -- anybody for the plaintiff,

15   either Mr. Boland, Mr. Argentieri or Mr. Ceglia, do you have

16   anything further to add at this time?  None?

17         Mr. Snyder for the defendants?

18         MR. SNYDER: No, thank you, Your Honor.

19         MAGISTRATE JUDGE FOSCHIO: Okay.  So to recapitulate, we

20   are holding the motion to withdraw in abeyance.

21         We are allowing the defendants to withdraw their

22   document in which they state that they are not in opposition to

23   the motion pending the Court's resolution of the -- I'll call it

24   the defendants' request for disclosure.

25         And following that we will -- that put in place a

1    schedule calling for the defendants' resubmission, if you will, or

2    refiling of its response to the motion to withdraw and a brief

3    opportunity to reply by Mr. Boland and/or Mr. Argentieri or

4    presumably Mr. Ceglia.

5           And I guess I'll think about whether or not to require

6    Mr. Ceglia to state in writing to the Court at that time that his

7    then position remains the same, i.e., to say the one he has stated

8    on the record, that he is opposed to the motion so that he has a

9    further opportunity to -- so that we have at that point before I

10   render a decision his actual position at that time, which would be

11   the most recent statement that we can obtain from him

12   conveniently, without going through the extra work of bringing him

13   in to the courthouse for an on the record statement.

14          All right.  And the --

15          MR. BOLAND: Your Honor, this is Dean Boland.  I have one

16   administrative question.  We talked early on about we providing

17   something that could be docketed demonstrating compliance with the

18   rules that I had served on Mr. Ceglia --

19          MAGISTRATE JUDGE FOSCHIO: Right.

20          MR. BOLAND: -- for the *in camera* submission I made and

21   the supplement to it.

22          MAGISTRATE JUDGE FOSCHIO: Right.

23          MR. BOLAND: What format -- if I just draft a letter --

24   I'm sorry, a declaration, and file that on the docket, would that

25   be a suitable confirmation for the Court?

 1              MAGISTRATE JUDGE FOSCHIO: I'm not even sure it's

 2   necessary, given Mr. Ceglia's confirmation.

 3              Mr. Ceglia, you are confirming that you have received a

 4   copy of the -- of Mr. Boland's October 30th letter, correct?

 5              THE PLAINTIFF:  That's correct, Your Honor.

 6              MAGISTRATE JUDGE FOSCHIO: Yes.  But you have not

 7   received -- and I guess this is the detail that I overlooked --

 8   you have not received a copy of his letter dated November 27th

 9   that the Court has just received?

10              THE PLAINTIFF:  No -- well, I haven't checked my e-mail

11   in the last few hours, but I haven't read it.

12              MR. BOLAND: It's in his e-mail box.  It's an attachment

13   to an e-mail that was sent to him just prior to the call

14   beginning, Your Honor.

15              MAGISTRATE JUDGE FOSCHIO: Oh, okay.  So could you --

16   then if you can make your declaration cover both letters, please?

17   So that you're in full compliance --

18              MR. BOLAND: Yes.

19              MAGISTRATE JUDGE FOSCHIO: -- so that we don't have a

20   defect, a technical defect, in my reaching the merits of the

21   motion as required by Rule 83.2?

22              All right, so cover both letters, please.

23              Mr. Ceglia, it should be in your e-mail box.  If it's

24   not and you can't access it, then please contact Mr. Boland and

25   ask him to do something else -- hard copy or snail mail, whatever

1  it takes, okay?

2          THE PLAINTIFF:  Okay.

3          MAGISTRATE JUDGE FOSCHIO: Thank you, Mr. Ceglia.

4          All right, there being nothing further, then I think --

5  unless I have overlooked something, I appreciate everybody's

6  patience and helpful responses to clarify the various issues that

7  have arisen and we'll proceed as directed, and we are adjourned.

8          Bye-bye.

9          (WHEREUPON, the proceedings adjourned at 3:28 p.m.)

10                          *     *     *

11                   CERTIFICATE OF TRANSCRIBER

12

13          In accordance with 28, U.S.C., 753(b), I certify that

14  this is a true and correct record of proceedings from the official

15  electronic sound recording of the proceedings in the United States

16  District Court for the Western District of New York before the

17  Honorable Leslie G. Foschio on November 27th, 2012.

18

19  S/ Christi A. Macri

20  Christi A. Macri, FAPR-RMR-CRR-CRI
    Official Court Reporter

21

22

23

24

25