UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL D. CEGLIA,                                                                       **DECISION**
                    Plaintiff,                                              **and**
     v.                                                                                        **ORDER**

MARK ELLIOT ZUCKERBERG,                                                  10-CV-569A(F)
FACEBOOK, INC.,
                    Defendants.
_____

APPEARANCES:           PAUL A. ARGENTIERI, ESQ.
                             Attorney for Plaintiff
                             188 Main Street
                             Hornell, New York   14843

                             BOLAND LEGAL, LLC
                             Attorney for Plaintiff
                             DEAN M. BOLAND, of Counsel
                             18123 Sloane Avenue
                             Lakewood, Ohio   44107

                             GIBSON, DUNN & CRUTCHER, LLP
                             Attorneys for Defendants
                             ORIN S. SNYDER,
                             ALEXANDER H. SOUTHWELL,
                             THOMAS H. DUPREE, JR., of Counsel
                             200 Park Avenue, 47th Floor
                             New York, New York   10166-0193

                             HARRIS BEACH LLP
                             Attorneys for Defendants
                             TERRANCE P. FLYNN, of Counsel
                             Larkin at Exchange
                             726 Exchange Street, Suite 1000
                             Buffalo, New York   14210

      By papers filed December 5, 2012 (Doc. No. 624), Plaintiff moves for a protective order ("Plaintiff's motion").  Defendants filed, on December 12, 2012, Defendants' Opposition To Ceglia's Motion For A Protective Order (Doc. No. 630) ("Defendants' Response").  Plaintiff's Reply To Response To Motion For Protective

Order was filed December 14, 2012 (Doc. No. 628) ("Plaintiff's Reply").

Separately, on December 13, 2012, the United States of America ("the Government") filed, under seal, the Government's Response To Plaintiff's Motion For A Protective Order (Doc. No. 631) ("Government's Response").  In the Government's Response, the Government moves in this action, pursuant to Fed.R.Civ.P. 24(a) and 24(b), to intervene for the limited purpose of opposing Plaintiff's motion and requests this court hold Plaintiff's motion in abeyance pending a determination by Hon. Andrew L. Carter, the district judge assigned to Plaintiff's indictment, 12-CR-876(ALC), currently before the Southern District of New York, on the Government's motion to compel compliance by Paul A. Argentieri, Esq., one of Plaintiff's attorneys of record in this action, with a Grand Jury subpoena seeking production of the original purported contract in this action presently scheduled for a hearing on December 27, 2012 ("the contract document") ("Government's motion to intervene").

Based on the reasons and authorities stated in Defendants' Response, Plaintiff's motion should be denied.  Specifically, to warrant issuance of a protective order "a party must establish that the proposed discovery 'will result in a clearly defined, specific and serous injury.'" *Carlson v. Geneva City School District*, 277 F.R.D. 90, 94 (W.D.N.Y. 2011) (quoting *In re Sept. 11 Litig.,* 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (quoting *In re Terrorist Attacks on Sept. 11 Litig*., 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006))).  As revealed in Plaintiff's Reply, Judge Carter is fully aware of the need for a satisfactory means to provide safe and secure access by the parties to the contract document, and has directed the parties in the criminal case to attempt to effect a mutually satisfactory arrangement for that purpose (Transcript of Plaintiff's arraignment conducted November

28, 2012, Doc. No. 638-1 at 19-20).  Moreover, an accurate copy of the contract document was made as part of the testing protocol established by the parties, and approved by the court, in this action.  Defendants' Response at 1-2, n. 1 (citing to Doc. No. 624-2 at 2).  Plaintiff's counsel in this action may wish to consult Plaintiff's defense counsel(assuming this has not already occurred) to facilitate Plaintiff's need to preserve the integrity of the contract document while providing for the reasonable testing, to the extent necessary, of the contract document in connection with the criminal proceeding now pending against Plaintiff in the Southern District of New York.

     Additionally, while Plaintiff correctly notes that Judge Carter, in addressing at Plaintiff's arraignment, the question of the parties' need for secure access to the contract document, presumably in Plaintiff's or Plaintiff's attorneys' possession, and suggested the need for a "protective order" to govern such access, contrary to Plaintiff's representation of the colloquy, Plaintiff's Reply at 1-2, a full and fair reading of Judge Carter's comment strongly indicates the court was making reference to Plaintiff's criminal proceeding, not this action as Plaintiff appears to imply (Doc. No. 638-1 at 20) ("And then [after agreement on the proposed custody and inspection protocol for the] the parties can work out amongst themselves how the contract is returned to Mr. Ceglia's lawyer <u>in the civil case</u>.") (underlining added).  Finally, the court notes there is no order in this action governing the custody of the contract document.  Accordingly, Plaintiff has failed to establish that absent the requested protective order, Plaintiff will suffer "a clearly defined, specific and serious injury."  *Carlson*, 277 F.R.D. at 94 (internal quotation omitted).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 624) is DENIED; the Government's motion to intervene (Doc. No. 631) is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
      LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: December 17, 2012
       Buffalo, New York