# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

Client: 30993-00011

March 15, 2013

<u>VIA ELECTRONIC MAIL</u>

The Honorable Leslie G. Foschio
United States Magistrate Judge
United States District Court
Western District of New York
U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:   <u>Ceglia v. Zuckerberg and Facebook, Inc.</u>, No. 1:10-cv-569-RJA-LGF

Dear Judge Foschio:

We represent Defendants Facebook, Inc. and Mark Zuckerberg in the above-referenced action. Defendants respectfully write in response to a letter dated March 13, 2013, in which Plaintiff Paul Ceglia's lawyer Paul Argentieri stated that Ceglia no longer opposes the withdrawal motion submitted by Ceglia's other counsel of record, Dean Boland (Doc. No. 643).

As the Court is aware, on October 30, 2012, Mr. Boland moved to withdraw as Ceglia's counsel of record. Doc. No. 579. In support of his motion to withdraw, Mr. Boland submitted two documents: (1) a publicly filed memorandum and (2) an *in camera* communication" describing the "personal reasons" that purportedly justify Mr. Boland's request to withdraw. Neither Mr. Boland nor Mr. Argentieri informed Defendants and the Court that their client, Ceglia, opposed Mr. Boland's motion to withdraw. In response, based on incomplete information, Defendants stated that they did not oppose Mr. Boland's request to withdraw, provided that withdrawal would not delay dismissal of Ceglia's fraudulent lawsuit. Doc. No. 565 at 1-3. Defendants also requested disclosure of Mr. Boland's improper *in camera* communication, which violates the Local Rules of the Western District of New York and is contrary to Second Circuit authority. *Id.* at 3-4.

On November 27, 2012, the Court held a telephonic hearing on Mr. Boland's motion to withdraw. During that hearing, the Court asked the "obvious question" whether Ceglia consented to Mr. Boland's motion. Only at that point did Mr. Boland and Mr. Argentieri finally confess that their client opposed Mr. Boland's motion. Nov. 27, 2012 Tr. at 14:25-16:5. Although Mr. Argentieri represented to the Court that Ceglia had "said he didn't have

Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich • New York
Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

The Honorable Leslie G. Foschio
March 15, 2013
Page 2

enough time" to participate in the hearing, this Court, at Defendants' counsel's suggestion, directed Mr. Argentieri to call Ceglia, who was promptly located and added to the conference. *Id.* at 20:6-7. Ceglia then personally confirmed his opposition to Mr. Boland's motion. *Id.* at 24:2-4. At the same time, Ceglia voluntarily revealed the content of Mr. Boland's *in camera* communications. Specifically, Ceglia explained that the reason for Mr. Boland's attempted withdrawal was Mr. Boland's alleged "fear for his own safety" and the "threats that have been made against him." *Id.* at 25:4-5. In so doing, Ceglia—the holder of the attorney-client privilege—waived any privilege that arguably ever attached to those communications.

Given Ceglia's lawyers' attempt to conceal their client's opposition to Mr. Boland's motion, the Court allowed Defendants to withdraw their conditional consent to Mr. Boland's motion, held that motion in abeyance, and allowed the parties to submit additional briefing on Defendants' request for disclosure of Mr. Boland's two *in camera* communications. Doc. No. 613. Defendants' request for disclosure is *sub judice*. Doc. Nos. 622 (Plaintiff's Opposition to Disclosure), 628 (Defendants' Reply).

In his March 13, 2013 letter, Mr. Argentieri inquired whether Ceglia should provide a "written affirmation" regarding his rescinded opposition. Given the unusual circumstances surrounding Ceglia's opposition to Mr. Boland's motion—a critical fact that Ceglia's lawyers concealed and then belatedly disclosed only under direct questioning from this Court—Defendants respectfully submit that such an affirmation would be appropriate. Thus, Defendants ask the Court to order Ceglia to submit a written affirmation explaining his apparent changed position regarding Mr. Boland's motion. At that point, and after the Court decides Defendants' request to disclose Mr. Boland's improper *in camera* communications, Defendants will be able to determine their position on Mr. Boland's pending motion to withdraw that is currently being held in abeyance.

Respectfully submitted,

Orin Snyder

cc:   Terrance Flynn, Esq.
      Dean Boland, Esq.
      Paul A. Argentieri, Esq.