**PAUL A. ARGENTIERI**
ATTORNEY AT LAW
188 MAIN STREET
HORNELL, NEW YORK 14843

(607) 324-3232

FAX
324-6188
AREA CODE 607

VIA ELECTRONIC MAIL
The Honorable Leslie G. Foschio
United States Magistrate Judge
United States District Court
Western District of New York
U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

RE: Ceglia v. Zuckerberg and Facebook, Inc., No. 1:10-cv-569-RJA-LGF

Dear Judge Foschio,

    During the Nov 27 2012 hearing you had asked Mr. Ceglia certain questions regarding his ability to move forward in litigation without Mr. Boland.

The primary concern of the Court was the concerns expressed by Mr. Ceglia to have experienced counsel to continue with his litigation.

I can verily represent to the Court that I believe my competency is sufficient, as does Mr. Ceglia.

In addition, Mr. Ceglia has agreed to retain a highly respected, nationally recognized law firm to litigate the remainder of his lawsuit. Their Pro Hac Vice application will be filed this week.

In response to Mr. Zuckerberg's repeated request to see Mr. Boland's "in camera" letter to the Court, Mr. Ceglia, has no objection to that communication being made part of the public record.

Furthermore, it is unnecessary for the Court to entertain the precondition stated by Mr. Zuckerberg's lawyers to have Mr. Ceglia's affidavit submitted to this Court prior to the Defendants deciding their position to Mr. Boland's application.

As the aforementioned information in this letter clearly outlines the reasons for Mr. Ceglia's change of heart, the affidavit only serves to underscore the preposterous allegations made by defense counsel that we have attempted to conceal Mr. Ceglia's true position in the November hearing.

To complete the record, it is not Mr. Ceglia but Mr. Zuckerberg that has failed to produce an affidavit. That representation was made to this Court in the April 4 2012 hearing by Mr. Snyder. Mr. Snyder promised this Court an affidavit from Mr. Zuckerberg allegedly authenticating the image that is central to their fraudulent defense.

As of this letter, that affidavit has not been forthcoming and is a blatant attempt to mislead this Court into placing reliance on an imaginary factual argument that Zuckerberg himself will not swear to.

Thus, Mr. Ceglia has no remaining reservations about consenting to Mr. Boland's application to be removed from the case and his application should be granted forthwith.

Respectfully submitted,

Paul Argentieri

cc: Orin Snyder, Esq.
    Terrance Flynn, Esq.
    Dean Boland, Esq.