UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| PAUL D. CEGLIA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MARK ELLIOT ZUCKERBERG,<br>FACEBOOK, INC.,<br><br>　　　　　　　　　　Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>**10-CV-569A(F)** |

_____

APPEARANCES:　　　　　PAUL A. ARGENTIERI, ESQ.
　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　188 Main Street
　　　　　　　　　　　　　　Hornell, New York   14843

　　　　　　　　　　　　　　BOLAND LEGAL, LLC
　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　DEAN M. BOLAND, of Counsel
　　　　　　　　　　　　　　18123 Sloane Avenue
　　　　　　　　　　　　　　Lakewood, Ohio   44107

　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER, LLP
　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　ORIN S. SNYDER,
　　　　　　　　　　　　　　ALEXANDER H. SOUTHWELL,
　　　　　　　　　　　　　　THOMAS H. DUPREE, JR., of Counsel
　　　　　　　　　　　　　　200 Park Avenue, 47th Floor
　　　　　　　　　　　　　　New York, New York   10166-0193

　　　　　　　　　　　　　　HARRIS BEACH LLP
　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　TERRANCE P. FLYNN, of Counsel
　　　　　　　　　　　　　　Larkin at Exchange
　　　　　　　　　　　　　　726 Exchange Street, Suite 1000
　　　　　　　　　　　　　　Buffalo, New York   14210

　　　　In this case, Plaintiff claims Defendants are in breach of a contract granting

Plaintiff one-half interest in Facebook, Inc.  Defendants assert the alleged contract

constitutes a fraud on the court, and have moved to dismiss on that basis and on the

ground Plaintiff's claims are time-barred under the applicable statute of limitations and

for laches.  Defendants' motions are pending before the undersigned for a Report and Recommendation ("R&R") to District Judge Arcara.

By papers filed October 30, 2012, Dean Boland ("Boland"), Plaintiff's co-counsel moves to withdraw as counsel in this matter (Doc. No. 579) ("Boland's motion"). Boland's motion was filed together with a Memorandum In Support Of Motion To Withdraw As Counsel (Doc. No. 580) ("Boland's Memorandum"), and a letter to the court, dated October 30, 2012, from Boland submitted for *in camera* review ("the October 30, 2012 Boland Letter") in further support of the motion.  On November 14, 2012, Defendants filed Defendants' Response To The Motion To Withdraw By Ceglia's Counsel Dean Boland (Doc. No. 595) ("Defendants' Response").

On November 27, 2012, the court conducted a hearing on the Boland motion in which Plaintiff participated by telephone conference call, at the court's direction, arranged by his other attorney of record, Paul A. Argentieri ("Argentieri") (Doc. No. 613). On the same day, Boland sent a second letter to the court, also for *in camera* review, further explaining his reasons for withdrawal ("the November 27, 2012 Boland Letter") (the October 30, 2012 Boland Letter and the November 27, 2012 Boland Letter are collectively referred to as "the *In Camera* Letters").

After ascertaining, in response to questions by the court, that Plaintiff opposed Boland's motion, a fact not revealed in Boland's Memorandum, the court permitted Defendants to withdraw Defendants' Response which included a request to disclose the *In Camera* Letters.  On November 29, 2012, Boland filed the Declaration of Dean Boland confirming copies of the *In Camera* Letters had been served upon Plaintiff, as the court directed at the hearing, in accordance with Local Rule of Civil Procedure

83.2(d)(1). On December 4, 2012, Boland filed a Response In Opposition To Defendants' Request For Disclosure Of *In Camera* Submissions (Doc. No. 622) ("Boland's Response"). On December 7, 2012, Defendants filed a Reply Memorandum In Support Of Defendants' Request For Disclosures of *In Camera* Communications (Doc. No. 628) ("Defendants' Reply"). By affidavit filed March 19, 2013 by Argentieri, Plaintiff states that he no longer opposes Boland's request to withdraw. Affidavit of Paul D. Ceglia (Doc. No. 648) ("Ceglia Affidavit").[1]

In Boland's Memorandum, Boland refers to the recent federal criminal charges for mail and wire fraud filed against Plaintiff in the Southern District of New York arising out of Plaintiff's actions in the instant civil case against Defendants, and indicates that his request to withdraw is not based on any belief that Plaintiff has perpetrated a fraud by bringing this case but, rather, for the reasons stated in the October 30, 2012 Boland Letter. Boland Memorandum at 2. In Defendants' Response, Defendants indicated Defendants did not oppose Boland's motion provided Plaintiff was, as a condition to permitting Boland's withdrawal, directed not to cause any unnecessary delay in the further conduct of the case. Defendants' Response at 2. In their response, Defendants also requested that the court order disclosure of the October 30, 2012 Boland Letter contending it was improperly lodged with the court in violation of Local Rule 83.2(d)(1). Defendants' Response at 3. More specifically, Defendants argue that the authorization in Local Rule 83.2(d)(1) for an *in camera* submission in support of a motion to withdraw as counsel presumes that the *in camera* submission is necessary to protect attorney-

---

[1] The court notes that an identical affidavit, Doc. No. 647, was also filed on March 19, 2012 by Robert Ross Fogg, Esq., who has not appeared in this action on behalf of Plaintiff.

client privileges, confidentiality, or work product, and that Boland's Memorandum fails to indicate that the existence of any of these factors is demonstrated in the October 30, 2012 Boland Letter, thus requiring its disclosure under the general rule that all court filings are public.  Defendants' Response at 3-4 (citing cases).

In Boland's Response, Boland contends that Defendants' lack of opposition to his request for leave to withdraw shows Defendants do not require disclosure of the *In Camera* Letters, and that any potential for future delay of this case based on Boland's withdrawal, if granted, is speculative.  Boland's Response at 2.  In support of Boland's motion, Boland refers to potential "ethical considerations," and a "risk of disciplinary proceedings or malpractice lawsuits" as bearing on his ability to effectively continue to represent Plaintiff in this case.  Boland's Memorandum at 3.

In Defendants' Reply, Defendants contend the *In Camera* Letters do not comply with Local Rule of Civil Procedure 5.3(a) ("Local Rule 5.3(a)") requiring a "substantial showing" that documents filed with the court should be sealed, Defendants' Reply at 2-3, and that Boland has failed to demonstrate that the *In Camera* Letters were necessary to preserve attorney-client privileges or other protected information.  *Id.*  Specifically, Defendants point out that during the November 27, 2012 hearing, Ceglia disclosed the substance of Boland's reasons for withdrawal, presumably based on conversations with Boland relating to his request to withdraw, as related to a "fear for his [Boland] own safety" and "threats that have been made against him" thereby waiving any attorney-client privilege in regard to communications between Plaintiff and Boland regarding Boland's reasons for seeking permission to withdraw.  *Id.*  Defendants also point out that Boland describes the reasons set forth in the *In Camera* Letters as "personal" in

nature and thus, by definition, outside the scope of any attorney-client privilege or work product. Defendants' Response at 3.

Local Rule 83.2(d)(1) provides in relevant part that

"An attorney who has appeared as attorney of record may withdraw only by Court order, or by stipulation, in accordance with the following:

(1) An attorney of record may file and serve a Motion to Withdraw as Attorney. If the attorney wishes to submit his or her reasons for withdrawal *in camera*, he or she must so state in the Notice of Motion. The moving attorney then must submit any *in camera* document(s) to the Judge, and must serve such documents on his or her client. The Court may grant the motion upon a finding of good cause."

Local R.Civ.P. 83.2(d)(1) (underlining added).

Requests to withdraw are subject to the sound discretion of the court. *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir. 1999) (reviewing district court's denial of attorney's motion to withdraw for abuse of discretion). Pursuant to Local R.Civ.P. 83.3 attorneys who practice before this court are subject to the New York Rules of Professional Conduct ("N.Y. Rules"). 22 N.Y.C.R.R. § 1200.0. *See Steele v. Bell*, 2012 WL 6641491, at *2, n. 1 (S.D.N.Y. Dec. 19, 2012) (N.Y. Rules govern conduct of attorney in federal courts sitting in New York). As relevant to the circumstances in this case, Rule 1.16(c) of the N.Y. Rules[2] provides that "a lawyer may withdraw from representing a client when:

---

[2] The N.Y. Rules also require attorney withdrawal where the lawyer knows or reasonably should know the representation will result in a violation of the N.Y. Rules or law, N.Y. Rules 1.16(b)(1), the lawyer's physical or mental condition materially impairs his or her ability to represent the client, N.Y. Rules 1.16(b)(2), the lawyer is discharged, N.Y. Rules 1.16(b)(3), or the lawyer knows or should know the client brings the action or asserts a defense or position or takes steps in order to harass or maliciously harm a person, N.Y. Rules 1.16(b)(4). *See Steele*, 2012 WL 6641491, at *3 (where grounds exist under N.Y. Rules 1.16(b), withdrawal is "mandatory").

> (1) withdrawal can be accomplished without material adverse effect on the interests on the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a fraud;
>
> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;
>
> (9) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;
>
> (10) the client knowingly and freely assents to termination of the employment; [or]
>
> (12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

N.Y. Rule 1.16(d) provides:

> If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission.  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Here, nothing in Boland's Memorandum, Boland's Response, the October 30, 2012 Boland Letter or the November 27, 2012 Boland Letter supports withdrawal.  More specifically, in these submissions, Boland states his continued belief that Plaintiff has, in bringing and prosecuting this action, not committed fraud, a factor which could justify withdrawal under N.Y. Rule 1.16(c)(2), (3).  *See* Boland Memorandum at 2.  Second, Boland does not assert any lack of cooperation of Plaintiff or that Plaintiff has rendered the representation unreasonably difficult that, if present, could also support withdrawal under N.Y. Rule 1.16(c)(7).  Third, Boland offers nothing to support a good faith belief

6

that the court will find "other good cause for withdrawal." N.Y. Rule 1.16(c)(12).

Several factors weigh against permitting Boland's withdrawal at this time. First, this case involves a voluminous record including numerous items of forensic analysis and testing, directed to the authenticity of the alleged contract, with which Boland has become intimately familiar over the past 16 months of representing Plaintiff, including several in-court oral arguments and conducting eight depositions of Defendants' experts and defending three depositions of Plaintiff's experts. Regardless of the findings and conclusion of the R&R on Defendants' motions and whether the undersigned schedules oral argument, at this point an unlikelihood, further proceedings before the District Judge will be required pursuant to 28 U.S.C. § 636(b)(1) (district court required to conduct *de novo* review of R&R), including the possibility of oral argument, regardless of which side prevails in the R&R in order to facilitate early review of the R&R by the District Judge and to complete the instant proceedings on Defendants' motions. Further, at the November 27, 2012 hearing, Plaintiff unambiguously stated his opposition to withdrawal because of Boland's greater familiarity with the factual and technical aspects of the case. N.Y. Rule 1.16(c)(10). As noted, Plaintiff has recently changed his position and now states he does not oppose Boland's request. ("I no longer oppose the request of [Boland] for leave to withdraw as Plaintiff's counsel" and expressing confidence in Argentieri's ability to handle further proceedings on Plaintiff's behalf). Ceglia Affidavit at 1. Despite the availability of Mr. Argentieri as continuing counsel, and without implying any disparagement of his capability to prosecute the matter on Plaintiffs' behalf, under the circumstances presented, the court finds that, notwithstanding Plaintiff's belated change of position

regarding Boland's request expressing confidence in Argentieri's capacity to proceed on Plaintiff's behalf, Boland's withdrawal at this time, given the unusual circumstances of this case, cannot "be accomplished without a material adverse effect on the interests" of Plaintiff.  N.Y. Rule 1.16(c)(1), (10).

Regarding Plaintiff's belated change of position on Boland's request, the court, of course, respects Plaintiff's right to change his mind on this issue, but the client's acquiescence with a proposed withdrawal by counsel is only one factor to be considered in weighing a request to withdraw as considerations of judicial economy and the public interest in prompt adjudication of dispute must also be considered.  For example, a request by counsel, unopposed by a client, to withdraw on the eve of trial absent compelling reasons would not justify withdrawal.  *See Ghesani v. Trico VIII Petroleum, Inc.*, 2005 WL 3117485, at *1 (S.D.N.Y. Nov. 22, 2005) (denying attorney's request, unopposed by client, made on eve of trial to withdraw as counsel where attorney failed to assert any reason why requested withdrawal was necessary) ("*Ghesani*").  To be sure, ordinarily a party's agreement with a request to withdraw would be persuasive as possibly indicative of some fundamental disruption in a working attorney-client relationship warranting, if not requiring, withdrawal.  But this is not an ordinary case, and Plaintiff does not state that he has discharged Boland, *see* N.Y. Rules 1.16(b)(3) (withdrawal mandatory where lawyer is discharged from representation by client), as his counsel or that his confidence in or his working relationship with Boland has otherwise been impaired.  Nor has Boland represented that this requested withdrawal is mandatory under N.Y. Rules 1.16(b).  *See Ghesani* at *1.  Rather, given Plaintiff's characterization of Boland's reasons for withdrawal as Plaintiff stated at the

November 27, 2012 hearing – "fear for his safety," "threats . . . made against him" – Plaintiff's change of position appears more a reflection of empathetic feelings towards Boland rather than the result of a careful consideration of what is in Plaintiff's best interests given what is at stake in both this and the related criminal case against Plaintiff.  Thus, the court gives greater credence to Plaintiff's initial opposition to Boland's proposed withdrawal than to Plaintiff's later reversal of position on this matter.

Without disclosing the details of the *In Camera* Letters, the court finds the reasons stated in such letters in support of Boland's motion are, in any event, insufficient to warrant withdrawal.  For example, although Boland expresses fear about possible entanglement with the recent criminal charges pending against Plaintiff arising from this action, the court finds Boland's concerns to be wholly speculative as since such charges have been filed against Plaintiff in October 2012, Boland has not brought to the court's attention any information that his concerns are well-founded providing potential grounds for disqualification pursuant to N.Y. Rule 1.16(c)(9) or (12).  Nor is the court aware of any public actions taken by the United States Attorney for the Southern District suggesting that Boland has, or is likely to, become a target of the investigation directed to Plaintiff.  Further, Boland's statements, as discussed in the October 30, 2012 Boland Letter, regarding the potential adverse impact of this case on his law practice are too amorphous to justify withdrawal under the present circumstances, and Boland has not informed the court that he has withdrawn from law practice.  Moreover, Boland points to no specific disciplinary or other proceedings threatened or filed, which could interfere with his ability to continue to effectively represent Plaintiff in this action.  Additionally, even if Boland's withdrawal were permitted at this time, such withdrawal


would not obviate any difficulties Boland may have accrued based on his prior involvement in this case. In short, the court finds Boland's expression of personal adversity arising from his representation of Plaintiff to be unavailing.

Ultimately, the issue on Boland's motion is whether good cause for the requested withdrawal has, as Local Rule 83.2(d)(1) requires, been demonstrated. In addition to the factors relevant to attorney withdrawal from representation, as stated under N.Y. Rule 1.16(c), Plaintiff's claims in the instant case, pending in this court since July 2010, seek a 50% interest in a major public company based on a document the authenticity of which is before the court on Defendants' motion to dismiss. As noted, Defendants' motion involves a substantial amount of forensic evidence addressing numerous technical issues concerning the authenticity of the alleged contract at the center of this case with which Boland has special familiarity given his active involvement as lead attorney in this litigation and apparent expertise in developing this voluminous record. Allowing Boland to withdraw in these circumstances would, in the court's opinion, risk potential delay of the instant proceedings, contrary to the public's interest in an early conclusion of the present proceedings of this highly unusual case, while depriving the court of the benefit of Boland's continuity of representation on Plaintiff's behalf. Similar to *Ghesani*, where counsel's attempt to withdraw, without objection by the client-defendant, on the eve of trial was rejected, the instant case is on the cusp of a dispositive proceeding before the District Judge that could result in termination of the matter in this court. Thus, both considerations of judicial economy and the public interest in a reasonably early disposition also support requiring Boland's continued representation at this time. Accordingly, based on these factors, notwithstanding

Plaintiff's change of position and lack of Plaintiff's opposition at this time, the court finds Boland has failed to establish good cause for the requested withdrawal.

Defendants, as noted, request disclosure of the *In Camera* Letters.[3] (Doc. No. 628). However, given that such disclosure would be useful to Defendants primarily to oppose withdrawal, as the court has determined Boland's motion should be denied, the court finds Defendants' disclosure request to be moot. Moreover, even if Defendants had continued in their prior position not to oppose Boland's request, the court's decision would, for the reasons stated, be the same. Thus, Defendants' further response to Boland's motion is not required.

## CONCLUSION

Based on the foregoing, Boland's motion (Doc. No. 579) is DENIED; Defendants' request for disclosure (Doc. No. 595) is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 20, 2013
　　　　Buffalo, New York

---

[3] To preserve the potential for further judicial review, the court has directed the *In Camera* Letters be filed under seal.