UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL D. CEGLIA,

                      Plaintiff,

        v.

MARK ELLIOT ZUCKERBERG, and
FACEBOOK, INC.,

                    Defendants.

**AMENDED
DECISION
and
ORDER**

**10-CV-00569A(F)**

---

APPEARANCES:       BOLAND LEGAL, LLC
                            Attorneys for Plaintiff
                            DEAN M.  BOLAND, of Counsel
                            18123 Sloane Avenue
                            Lakewood, Ohio  44107

                            PAUL A. ARGENTIERI, ESQ.
                            Attorney for Plaintiff
                            188 Main Street
                            Hornell, New York 14843

                            GIBSON, DUNN & CRUTCHER, LLP
                            Attorneys for Defendants
                            ORIN S.  SNYDER and
                            ALEXANDER H. SOUTHWELL, of Counsel
                            200 Park Avenue
                            47th Floor
                            New York, New York 10166-0193
                                  and
                            THOMAS H. DUPREE, JR., of Counsel
                            1050 Connecticut Avenue, N.W.
                            Washington, District of Columbia  20036

                            ORRICK, HERRINGTON & SUTCLIFFE LLP
                            Attorneys for Defendants
                            LISA T. SIMPSON, of Counsel
                            51 West 52nd Street
                            New York, New York 10019

HARRIS BEACH LLP
Attorneys for Defendants
TERRANCE P. FLYNN, of Counsel
Larkin at Exchange
726 Exchange Street
Suite 1000
Buffalo, New York 14210

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on May 27, 2011 for pretrial matters.  The action is presently before the court on Defendants' Fee Application filed November 19, 2012 (Doc. No. 600) for attorney's fees and costs awarded pursuant to this court's Decision and Order filed November 7, 2012 (Doc. No. 584).

## BACKGROUND and FACTS[1]

The parties to this action dispute the authenticity of a contract ("the contract")[2] allegedly executed between Plaintiff Paul D. Ceglia ("Plaintiff") and Defendant Mark Elliot Zuckerberg ("Zuckerberg"), on April 28, 2003, pursuant to which Plaintiff and Zuckerberg, then a student at Harvard University ("Harvard"), established an agreement for the development and commercialization of two separate Internet business ventures, including an on-line database developed by Plaintiff, and the social-networking website created and maintained by Zuckerberg, and now known as Defendant Facebook, Inc. ("Facebook").   In anticipation of Defendants' challenging the alleged contract's

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] A copy of the contract is attached as Exhibit A to the Amended Complaint (Doc. No. 39).

authenticity, the parties cross-moved for expedited discovery limited to determining whether the alleged contract was genuine.  In a Decision and Order filed July 1, 2011 (Doc. No. 83), the undersigned granted limited expedited discovery.  The parties then engaged in numerous discovery disputes requiring judicial intervention.  On March 26, 2012, Defendants moved to dismiss the action because the alleged contract on which Plaintiff relies in support of his claims against Defendants is a recently-created fabrication (Doc. No. 318) ("Defendants' Motion to Dismiss").[3]

On September 5, 2012, Defendants filed Defendants' Eighth Motion to Compel (Doc. No. 511) ("Eighth Motion to Compel"), seeking three documents referenced in another document Defendants have pursued through document production requests since February 2012, referred to as the "April 13 Kasowitz Letter," and to overrule as improper Plaintiff's designation of the April 13 Kasowitz Letter as confidential.  In the April 13 Kasowitz Letter, an attorney from the New York law firm of Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz"), advised attorneys from DLA Piper LLP ("DLA Piper") and Lippes Mathias Wexler Friedman LLP ("Lippes Mathias"), two law firms that formerly represented Plaintiff in this action, that Kasowitz was withdrawing from Plaintiff's case[4] based on a determination that the purported contract at issue is a fraud. Defendants did not learn until the April 13 Kasowitz Letter was finally produced to Defendants, and after additional motion practice by Plaintiff seeking to avoid such production, of the existence of the three additional communications, which were the

---

[3] In a Report and Recommendation filed March 26, 2013 (Doc. No. 651), the undersigned recommended granting Defendants' Motion to Dismiss.

[4] Kasowitz declined the representation before appearing in this action as Plaintiff's counsel.

subject of Defendants' Eighth Motion to Compel.

In a Decision and Order filed November 7, 2012 (Doc. No. 584) ("D&O"), the undersigned granted in part and denied in part Defendants' Eighth Motion to Compel, ordering Plaintiff to produce one of the three documents sought, referred to as the March 30 Capsicum Communication, D&O at 11-15, holding Plaintiff had improperly designated the April 13 Kasowitz Letter as confidential and ordering such designation removed, D&O at 15-16, and directing Plaintiff to pay only those attorney's fees incurred in connection with that portion of Defendants' Eighth Motion to Compel requesting production of the March 30 Capsicum Communication.  D&O at 20-21. Defendants were also directed to file within ten days an affidavit of attorney's fees incurred.  D&O at 22.

As directed in the D&O, Defendants filed on November 19, 2012, Defendants' Fee Application in Connection With Their Eighth Motion to Compel (Doc. No. 599) ("Fee Application"), and the supporting Declaration of Alexander H. Southwell, Esq. (Doc. No. 600) ("Southwell Declaration"), with attached exhibit A (Doc. No. 600-1) ("Defendants' Exh. A").  On November 29, 2012, Plaintiff filed in opposition a Memorandum (Doc. No. 616) ("Plaintiff's Response").  Oral argument was deemed unnecessary.

Based on the following, Defendants' Fee Application is GRANTED; Defendants are awarded in connection with their Eighth Motion to Compel $ 3,747.68 in attorney's fees, and are also entitled to an award of costs, including attorney's fees, incurred preparing and defending the Fee Application.

## DISCUSSION

**1.    Attorney Fee Award as Rule 37 Sanction**

Defendants were awarded as a sanction pursuant to Fed.R.Civ.P. 37(a)(5)(A),

the costs, including attorney's fees, incurred in connection with preparing and defending

that portion of the Eighth Motion to Compel pertaining to the March 30 Capsicum

Communication.  D&O at 20-22.  Accordingly, Defendants' Fee Application seeks fees

for the legal services of four attorneys only for that portion of the Eighth Motion to

Compel requesting production of the March 30 Capsicum Communication, but not for

their request for production of the other two communications sought, but denied, or for

the request that Plaintiff be ordered to remove the "confidential" designation from the

April 13 Kasowitz Letter.  Defendants' Fee Application at 3-4.  Defendants explain that

to calculate the time and fees associated with only the legal services related to the

March 30 Capsicum Communication request, Defendants first considered their Eighth

Motion to Compel as requesting two forms of relief, including (1) compelling production

of three communications, and (2) seeking removal of the confidential designation from

the April 13 Kasowitz Letter.  *Id.* at 4.  Defendants then calculated the total amount of

time expended by each of the four attorneys on the Eighth Motion to Compel, and then

divided each attorney's time in half "to best reflect the amount of time dedicated to each

of the two issues."  *Id.*  Next, to determine how much time each attorney dedicated only

to the March 30 Capsicum Communication, each attorney's time was further divided by

three, thereby reflecting that only one of the three communications Plaintiff's sought

was ordered produced. *Id.*  Defendants also seek reimbursement for the time spent

preparing the Fee Application, as anticipated by the court, D&O at 22, asserting

information concerning such additional fees will be submitted after this motion is fully

briefed and oral argument, if any, occurs. *Id.* at 4.

The four Gibson Dunn attorneys for whose work Defendants seek payment from

Plaintiff include partner Thomas H. Dupree, Jr. ("Dupree"), partner Alexander H.

Southwell ("Southwell"), sixth-year associate Matthew Benjamin ("Benjamin"), and

second-year associate Amanda Aycock ("Aycock").  The following schedule sets forth

these attorneys' standard and claimed, *i.e.*, discounted, hourly billing rates, the hours

each attorney worked, and the total fees claimed by each attorney calculated using the

claimed rate:

| Attorney | Standard Rate | Claimed Rate | Hours | Total Fees |
|---|---|---|---|---|
| Dupree | $   900 | $   675.00 | 0.26 | $   174.38 |
| Southwell | 910 | 682.50 | 0.75 | 511.50 |
| Benjamin | 720 | 540.00 | 4.43 | 2,394.00 |
| Aycock | 560 | 420.00 | 1.59 | 667.80 |
| **Total:** | | | **7.03** | **$ 3,747.68**[5] |

Defendants maintain they are not seeking full reimbursement of the attorney's

fees incurred in connection with the Eighth Motion to Compel but, rather, to avoid any

dispute over the reasonableness of the fees requested, have excluded certain work,

declined to seek reimbursement for several timekeepers who worked on the Eighth

Motion to Compel, and have reduced by 25 % the hourly attorney rates for those

attorneys for whose work Defendants do seek reimbursement, asserting that because

they have already voluntarily and substantially reduced both the hours and hourly rates,

[5] Some slight discrepancies in the amount claimed for each attorney, totaling less than 31¢, is attributed to rounding.

their requested fees should not be further reduced.

      In opposing the Fee Application, Plaintiff does not challenge as unreasonable either Defendants' hourly attorney rates or the number of hours which Defendants maintain their attorney's spent in preparing and arguing the Eighth Motion to Compel. Plaintiff instead argues that any attorney's fees to be awarded Defendants in connection with the Eighth Motion to Compel should take into consideration that of the three communications Plaintiff withheld, the court found Plaintiff correctly withheld two of the communications, which were closely linked and related to the March 30 Capsicum Communication which the court ordered Plaintiff to produce.  Plaintiff's Response at 2-3.  Plaintiff further points to the fact that the March 30 Capsicum Communication was produced, in accordance with the D&O, in "heavily redacted" form. *id.* at 3-4.  Here, the undersigned found that the court must, upon granting Defendants' Eighth Motion to Compel, award attorney's fees under Rule 37(a)(5)(A), which requires payment of attorney's fees unless the disobedient party's nondisclosure was substantially justified, which Plaintiff had failed to establish.  D&O at 20-21.

      In the instant case, the form in which Defendants' Fee Application presents the fees Defendants seek establishes the fees were calculated according to the "lodestar method," multiplying the number of hours each attorney worked on the Eighth Motion to Compel by each attorney's hourly rate, then adding the amounts calculated for each attorney to calculate the total attorney's fee award sought.  The Second Circuit Court of Appeals has not opined as to how to calculate attorney's fees awarded as a sanction pursuant to Rule 37, yet has discussed an award of attorney's fees as a sanction for a violation of Fed.R.Civ.P. 11 ("Rule 11").  *See*, *e.g.*, *Eastway Construction Corp. v. City*

*of New York*, 821 F.2d 121, 122 (2d Cir.) (reviewing district court's award of attorney's fees as Rule 11 sanctions), *cert. denied*, 484 U.S. 918 (1987).  In determining a fee award, courts traditionally have utilized the lodestar approach, multiplying a reasonable number of hours required by the procedure by the attorneys' reasonable hourly rate. *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 167 (2d Cir. 2011) (("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hour required by the case – creates a 'presumptively reasonable fee.'" (citing *Perdue v. Kenny A.,* 559 U.S. 542, __, 130 S.Ct. 1662, 1672 (2010), and *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008))).  The Court has further explained there is a "strong presumption" that the lodestar figure is reasonable, but that such presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue*, 130 S.Ct. at 1673.  The court thus first applies the lodestar method to determine the amount of attorney's fees to award before adjusting, if necessary, the resulting lodestar figure to reflect consideration of any special circumstances.

        In calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed. *Healey v. Leavitt*, 485 F.2d 63, 69 (2d Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  This "lodestar" calculation should exclude fees for work that is "excessive, redundant or otherwise unnecessary," as well as hours dedicated to severable unsuccessful claims.  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir.

1999) (citing *Hensley*, 461 U.S. at 433-35).  Courts have permitted a percentage-based

reduction from the number of hours submitted as a means of trimming excess time from

the fee request.  *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450

F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a

percentage deduction as a practical means of trimming fat from a fee application.")

(internal quotation marks and citation omitted); *see Walker v. Coughlin*, 909 F.Supp.

872, 881 (W.D.N.Y. 1995) (reducing by 15 % the total hours requested).

   As stated, Discussion, *supra*, at 6, Defendants' Fee Application calculates the

fees for their lead counsel, Gibson Dunn, according to Gibson Dunn's hourly rates

charged at their New York City firm in the Southern District of New York, voluntarily

discounted by 25% to avoid any dispute over the reasonableness of such fees.  Fee

Application at 5.  Plaintiff does not challenge these hourly rates, even though such rates

exceed the prevailing marker rates for attorneys practicing in the Western District of

New York.

   Although courts often apply the "forum rule" in determining a fee award pursuant

to a fee-shifting, calculating the fee award based on the prevailing attorney rates in the

district in which the reviewing court sits, the court has discretion to use "out-of-district"

rates when fixing the amount of an attorney's fee awarded as a sanction.  *See*, *e.g.*, *ON*

*Time Aviation, Inc. v. Bombadier Capital, Inc.*, 354 Fed.Appx. 448, 552 (2d Cir. 2009)

(holding district court may use out-of-district hourly rates in calculating attorney's fee

awarded as sanction pursuant to Fed.R.Civ.P. 11 to advance such rule's intended

purpose deferring baseless filings, rather than shifting fees); *see also Caisse Nationale*

*de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir.

9

1994) (recognizing sanction awarded under Fed.R.Civ.P. 11 is not meant to compensate victimized party, but to deter baseless filings and curb abusive litigation tactics).  The court, therefore, is not required to calculate the fee award for Defendants' New York attorneys based on the prevailing rate in the Buffalo, New York area located within this district.  Accordingly, Defendants attorney's fee award will be calculated based on the claimed hourly rates for the time expended by Defendants' lead counsel, Gibson Dunn, located in New York City (Southwell, Benjamin, and Aycock), and Washington, D.C. (Dupree).[6]

Defendants seek reimbursement for a total of 7.03 hours expended by four attorneys who worked on the Eighth Motion to Compel.  Fee Application at 5.  Entries for each attorney's work on the Eighth Motion to Compel are set forth in the Billing Narratives for Compel Work (Defendants' Exh. A) ("Billing Narratives").  The Billing Narratives' entries are consistent with the Fee Application, with the entries totaling 7.03 hours.  *Id.*

Plaintiff does not challenge a single entry in the Billing Schedule Defendants submit in support of these hours as excessive, redundant or unnecessary.  In the absence of specific objections to the number of hours claimed, the district judge cannot be expected to review, evaluate and rule on every entry in an attorney's fee application. *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).  Plaintiff, by failing to submit any evidence challenging the accuracy and reasonableness of the hours charged, has waived such objection.  *Blum v. Stenson*,

---

[6] The same analysis applies to the rates charged by Mr. Dupree, although located in Washington, D.C., whose rate is comparable to his New York City colleagues.

465 U.S. 886, 892 n. 5 (1984).

Nor does the court find any basis requiring a percentage-based reduction in the number of hours claimed by each attorney to "trim the fat" from the fee request. *McDonald*, 450 F.3d at 96; *Walker*, 909 F.Supp. at 881.  Accordingly, the court makes no reduction to the number of hours for which Defendants seek attorney's fees.

Defendants' Fee Application, seeking $ 3,747.68 in fees for work on Defendants' Eighth Motion to Compel is GRANTED.


2.      **Fees for Fee Application Preparation**

Defendants seek an award of attorney's fees for the time spend preparing the Fee Application.  Fee Application at 19-20.  Plaintiff has not responded in opposition to this request.

A party awarded attorney's fees is also entitled to compensation "for time reasonably spent in preparing and defending" the fee application.  *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir.1999).  That *Weyant* involved an award of attorney's fees pursuant to the civil rights fee-shifting statute, 42 U.S.C. § 1988, does not dissuade a similar award in connection with attorney's fees awarded as a sanction.  Accordingly, Defendants are entitled to recover attorney's fees and costs incurred in connection with the preparation and defense of their attorney's fee award.


## CONCLUSION

Based on the foregoing, in accordance with the November 10, 2012 Decision and Order (Doc. No. 584), Defendants Fee Application is GRANTED in part and

DENIED in part; Defendants are awarded in connection with their Eighth Motion to Compel **$ 3,747.68** in attorney's fees.  Defendants are further ORDERED to file **within ten (10) days**, affidavits of attorney's fees and costs incurred preparing and defending the Fee Application; Plaintiff's opposition shall be filed **within five (5) days** thereafter. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      June 10, 2013
             Buffalo, New York